UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CALEB L. MCGILLVARY,

    Plaintiff,

v.

RONALD RIEZ,

    Defendant.

Civil Action No. 22-6430 (MAS) (LHG)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Caleb L. McGillvary's application to proceed *in forma pauperis* (ECF No. 1-3) and the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Having reviewed the application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is therefore granted. Because Plaintiff has been granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips*

*v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that, in December 2021, Defendant, a dental worker at the prison in which he is detained, purposefully used excessive pressure in drilling a cavity in one of Plaintiff's teeth for the purpose of causing damage he would later be asked to fix, ensuring Defendant would receive more work and pay. (*See* ECF No. 1.) Based on these allegations of Defendant causing Plaintiff purposeful harm in order to secure more work, leading to significant pain and tooth damage on Plaintiff's part, Plaintiff seeks to raise a claim for deliberate indifference

to medical needs pursuant to 42 U.S.C. § 1983, and common law tort claims for intentional infliction of emotional distress, assault, and battery.

Having reviewed Plaintiff's complaint, the Court perceives no basis for the dismissal of Plaintiff's deliberate indifference, assault, and battery claims at this time. Those claims shall therefore be permitted to proceed. Plaintiff's intentional infliction of emotional distress claim, however, fails to state a plausible claim for relief. In order to make out such a claim under New Jersey law, a plaintiff must adequately allege that the defendant acted intentionally; the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"; the defendant's actions proximately caused the plaintiff emotional distress; and that distress was "so severe that no reasonable [person] could be expected to endure it." *Soliman v. Kushner Co.*, 433 N.J. Super. 153, 177 (App. Div. 2013) (quoting *Segal v. Lynch*, 413 N.J. Super. 171, 191 (App. Div. 2010)). Here, Plaintiff pleads that Defendant used excessive pressure in filling a tooth, which he alleges was targeted at creating future dental work. He does not allege that Defendant acted with any intention of causing him emotional distress, and indeed, his distress did not allegedly arise until much later after he broke a tooth and conferred with other inmates who suggested to Plaintiff that the damage may have been the result of intentional over-drilling rather than mere carelessness. Plaintiff thus has failed to plead several elements of his claim – truly outrageous rather than suspect conduct, an intent to cause emotional harm, and sufficiently severe distress. Plaintiff's intentional infliction of emotional distress claim is therefore dismissed without prejudice at this time.

**IT IS THEREFORE** on this 23rd day of November, 2022, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-3) is **GRANTED**;

2. Plaintiff's complaint (ECF No. 1) shall be **FILED**;

3. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of New Jersey and the warden of New Jersey State Prison;

4. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

5. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

6. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*,

until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited;

7. Plaintiff's deliberate indifference to medical needs, assault, and battery claims shall **PROCEED** against Defendant at this time;

8. Plaintiff's intentional infliction of emotional distress claim is **DISMISSED WITHOUT PREJUDICE**;

9. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendant;

10. Plaintiff shall complete the form and return it to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;

11. Upon Plaintiff's sending of the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

12. Defendant shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and

13. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**