EXHIBIT B

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

| | |
|---|---|
| CALEB L. MCGILLVARY, | UNITED STATES DISTRICT COURT |
| Plaintiff, | FOR THE DISTRICT OF NEW JERSEY |
| v. | CASE NO. 3:22-06430-MAS-JBD |
| RAHMO REIZ, et al., | DOCUMENT ELECTRONICALLY FILED |
| Defendant. | **DEFENDANT RAHMO REIZ'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** |

TO:   Caleb L. McGillvary
      SBI #000102317G
      New Jersey State Prison
      600 Cass Street
      Trenton, New Jersey 08611

SIR:

Pursuant to Rule 33, Defendant, Rahmo Reiz ("Defendant"), hereby responds to Plaintiff's First Set of Interrogatories as set forth below.

                              **NORRIS, McLAUGHLIN, PA**


                              By: */s/ Margaret Raymond-Flood*
Dated: January 11, 2024           Margaret Raymond-Flood

## **CONDITIONS**

These responses are made without waiver of and with preservation of:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3. The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4. The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5. Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived his privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## **GENERAL OBJECTIONS TO REQUESTS**

A.   Defendant objects to each request to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B.   Defendant objects to each request to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C.   Defendant objects to each request to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D.   Defendant objects to each request to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E. Defendant objects to each request to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which he has no control.

F. Defendant objects to each request to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Plaintiff to unreasonable burden and expense. To the extent the response to an request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G. Defendant objects to each request to the extent that it seeks a legal conclusion.

H. Defendant objects to each request to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I. Defendant objects to each request to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J. Defendant objects to each request to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K. Defendant objects to each request to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less burdensome or expensive source, or that the undue burden or expense of compiling the requested

information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Requests of Plaintiff. Defendant intends to abide by its obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify its position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## ANSWERS TO INTERROGATORIES

1. State the name and address of each person who may have information relative to the claims at issue in this action, specifying what information such person has and where, when, and how they obtained it.

**ANSWER:** Defendant objects to this interrogatory as overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiver of these or the General Objections, parties to this action; any and all persons named or otherwise identified in the Amended Complaint, Defendant's Answer, and all pleadings filed in this action; all persons identified in Plaintiff's medical records; all persons identified in discovery up to and including the time of trial, including but not limited to depositions, answers to interrogatories, and document productions of any party or documents obtained pursuant to subpoena or otherwise. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

2. State which of the persons whose names are contained in the answer to Interrogatory No. 1 above:
a. Made written statements to you or to your agents concerning this matter, and

b. The name, title, and address of the custodian of each written statement.

**ANSWER:** Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the term "written statement" as vague and undefined. Subject to and without waiving these or the general objections, Defendant is not aware of any written statements responsive to this request other than what may be included in Plaintiff's medical records, which are under the care, custody, and control of the New Jersey Department of Corrections. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

3. State the name and, if know, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses.

**ANSWER:** Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this interrogatory as duplicative of previous interrogatories. Subject to and without waiving these or the general objections, see Defendants response to Interrogatory No. 1.

4. State which of the persons whose names are contained in the answer to Interrogatory No. 1 above:
a. Made written statements to you or to your agents concerning this matter, and

b. The name, title, and address of the custodian of each written statement.

**ANSWER:** See Defendant's response to Interrogatory No. 2, which is identical to this interrogatory.

5. Do you, your attorneys, or any person employed by you or your attorneys have possession of, or know of the existence of, any: Books or other printed material; Records or reports made in the course of business; Photographs, moving or still or x-ray; Drawings, charts, maps, or diagrams; other documentary material; Models, specimens, or samples; Other tangible objects that contain information bearing on the issue of Plaintiff's dental diagnosis and treatment; Electronically stored information bearing on the issue of Plaintiff's dental diagnosis and treatment; or Other tangible objects that are relevant to Plaintiff's dental diagnosis and treatment, or that you intend to rely on to support the allegations of your Answer?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the terms "other printed material," "course of business," "models, specimens, or samples," "other tangible objects," and "Electronically stored information" as vague and undefined. Defendant further objects to this interrogatory to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege. Subject to and without waiving these or the General Objections, Defendant refers Plaintiff to Plaintiff's medical records, Bates Stamped MED000001 to MED000340, produced in response to Plaintiff's Request for production of documents. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

6. If so for each item, state its descriptions, which shall include

a. Its form, name, number or other means of general identification
b. Its size
c. The date on which it was made, prepared or taken
d. The name, or other means of identification, address, job title or capacity, and relationship to you of each person who made, prepared, or took it
e. The address or location of the place where it was made, prepared, or taken
f. The method by which it was made, prepared or taken
g. The purpose for which it was made prepared or taken
h. The name or other means of identification, address, job title or capacity, and relationship to you of each person who authorized, ordered or approved its making, preparation, or taking
i. The number copies or duplicates that were made
j. The cost of preparation or taking
k. The cost of reproducing a copy or duplicate, and the time such reproduction or duplication would take
l. Its present location, indicating the address and location within the address
m. The name, address and job title of each person who as custody of the original
n. The name, address and job title of each person who has possession of a copy of it
o. In what way is it relevant to the subject matter of this action.

p. The method and procedure of its storage and retrieval in records archives or information systems, with the make, model and serial number of each device so used in such methods and procedures.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case in light of Plaintiff's sole remaining claim following the Court's Order dismissing Plaintiff's claims. Defendant further objects to this interrogatory to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege. Subject to and without waiving these or the General Objections, see response to Interrogatory No. 5. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

7. Have any of the items mentioned above been altered in any manner since this action arose or after the item was initially made, taken, or prepared?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, none of the items identified above have been altered in any way, at any time. To the best of Defendant's understanding and knowledge, medical records cannot be altered or changed once they are entered in the electronic medical record. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

8. If so, for each item, state its description, which shall include:

a. Each date on which it was altered
b. A description of each alteration
c. The reason for each alteration
d. The name, address, and job title of each person who made the alteration.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, see Defendant's response to Interrogatory No. 7 (misnumbered in Plaintiff's demands as "No. 5"), above.**

9. Have any of the items referred to above been lost, destroyed, consumed, or otherwise ceased to exist?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, none of the items identified above have been lost, destroyed, consumed, nor otherwise ceased to exist. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

10. If so, for each item, state a description of the item, which shall include:

a. The date it was lost or ceased to exist
b. The circumstances of its loss or the reason it ceased to exist
c. The name, address, and job title of each person who has knowledge concerning the manner in which it was lost or ceased to exist
d. The name, address, and job title of each person who has knowledge concerning its nature or contents
e. Whether there has been any attempt to reproduce, duplicate, or find it, and, if so, a description of each attempt and its results.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, see Defendant's response to Interrogatory No. 9 (misnumbered in Plaintiff's demands as "No. 7"), above.**

## CERTIFICATION

I, Rahmo Reiz, certify as follows:

I have read the foregoing interrogatories and responses, which responses were prepared with the assistance of others and the advice of counsel and based on a review of documents produced in discovery, upon which I have relied. Accordingly, the responses set forth herein are based on information and belief and, subject to inadvertent and undiscovered error, are based upon and necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these responses. I reserve the right to make any changes in the responses if it appears at any time that errors or omissions have been made therein, or if more accurate information becomes available. Subject to the foregoing limitations, these responses are true to the best of my knowledge, information and belief.

_____
Rahmo Reiz

Dated: January 11, 2024