EXHIBIT C

CO-30 A          NEW JERSEY STATE PRISON          Rev. 3/1/21
                    POSTAGE REMIT

DATE: 1/18/24       LOCATION: 6R81

SBI NUMBER: 1023176

INMATE NAME: CALEB MCGILLVARY

INMATE SIGNATURE: _____

TO: BUSINESS MANAGER          DATE MAILED: _____

(✔) Check Appropriate Box (s)

| | | | $ |
|---|---|---|---|
| | Legal Postage | | $ |
| | Certified Cert. # | | |
| | Return Receipt Requested | | |
| ✔ | Postage Affixed;    **SEND DIRECT** Legal Postage Only  **TO MAILROOM** | | |
| | Regular Postage   or   UPS   Property | | |
| | Additional Insurance Amount $ | | |
| | No Postage Inter Office Mail | | |
| Weight of Mail/Property | | Total Postage and Fees | $ |

SENT TO: MARGARET RAYMOND-FLOOD

ADDRESS: PRINT 400 CROSSING BLVD, 8TH FLR
BRIDGEWATER, NJ 08807-5933 ENU ENFRM 7

WITNESS: _____          APPROVED BY: _____
SIGNATURE: PRINT _____

CHECK# _____          DATE: _____

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

JANUARY 18, 2024

Margaret Raymond-Flood
c/o Norris McLaughlin, P.A.
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

     RE: Caleb L. McGillvary v. Rahmo Reiz
     Civil Action No. 3:22-cv-06430-MAS-LHG
     Hon. Michael A. Shipp, U.S.D.J.
     Hon. Lois H. Goodman, U.S.M.J.

Dear Ms. Raymond-Flood;
    Pursuant to my call to your office yesterday, January 17, 2024; as
per the request of your colleague "Matt" which I reached at (908)252-4228
when I called for a pre-motion conference; I note the following
deficiencies in your responses to my interrogatories and requests to
produce in the above-captioned matter:
     1.)   The objections, answers, or other responses that were served
upon me by Defendant Rahmo Reiz on January 12, 2024 in response
to the request for production of documents were inadequate and
failed to produce the documents requested  in Requests 1 & 2,
namely:
a.) the documents bates stamped MED000096-96 indicate the
existence of a "dental chart" which was not provided;
b.) the documents bates stamped MED000097 indicate the existence
of an "xray" and a "dental chart" which were not provided;
c.) the documents bates stamped MED000099 indicate the existence
of a "last exam" on 06/26/19, any record of which was not
provided;
d.) the documents bates stamped MED000149 indicate the existence
of an "xray" which was not provided;
e.) the documents bates stamped MED000151 indicate the existence
of an "nv exam", any record of which was not provided;
f.) the documents bates stamped MED000238 indicate the existence
of a "dental chart" which was not provided, and a "last cleaning"
on 06/26/19 any record of which was not provided;
g.) the documents bates stamped MED000311 indicate the existence
of an "dental chart", any record of which was not provided;
h.) the documents bates stamped MED000312 indicate the existence
of a "panorex" which was not provided;
i.) the documents bates stamped MED000313 indicate the existence
of a "dental chart" which was not provided;
j.) the documents bates stamped MED000314 indicate the existence
of a "radiograph panorex" which was not provided;

     2.)   Rahmo Reiz failed to respond to the following Interrogatories
in a timely and meaningful manner, as specified as follows:

I.) "INTERROGATORY NO. 1. State the name and address of each

1

person who may have information relative to the claims at issue
in this action, specifying what information such person has
and where, when, and how they obtained it."
Defendant has failed to answer "specifying what information
such person has and where, when, and how they obtained it."

II.) "INTERROGATORY NO. 5. Do you, your attorneys, or any person
employed by you or your attorneys, have possession of, or know
of the existence of, any: Books or other printed material;
Records or reports made in the course of business; Photographs,
moving or still or x-ray; Drawings, charts, maps, or diagrams;
Other documentary material; Models, specimens, or samples; Other
tangible objects that contain information bearing on the issue
of Plaintiff's dental diagnosis and treatment; Electronically
Stored information bearing on the issue of Plaintiff's dental
diagnosis and treatment; or Other tangible objects that are
relevant to Plaintiff's dental diagnosis and treatment, or that
you intend to rely on to support the allegations of your answer?"
Defendant has failed to state or otherwise describe the following
documents or records, the existence of which are indicated by
the following Bates-stamped records:
a.) the documents bates stamped MED000096-96 indicate the
existence of a "dental chart" which was not provided;
b.) the documents bates stamped MED000097 indicate the existence
of an "xray" and a "dental chart" which were not provided;
c.) the documents bates stamped MED000099 indicate the existence
of a "last exam" on 06/26/19, any record of which was not
provided;
d.) the documents bates stamped MED000149 indicate the existence
of an "xray" which was not provided;
e.) the documents bates stamped MED000151 indicate the existence
of an "nv exam", any record of which was not provided;
f.) the documents bates stamped MED000238 indicate the existence
of a "dental chart" which was not provided, and a "last cleaning"
on 06/26/19 any record of which was not provided;
g.) the documents bates stamped MED000311 indicate the existence
of an "dental chart", any record of which was not provided;f.)
h.) the documents bates stamped MED000312 indicate the existence
of a "panorex" which was not provided;
i.) the documents bates stamped MED000313 indicate the existence
of a "dental chart" which was not provided;
j.) the documents bates stamped MED000314 indicate the existence
of a "radiograph panorex" which was not provided;

III.) "INTERROGATORY NO. 6. If so, for each item, state:
a.Its description, form, name, number, or other means of general
identification
b.Its size
c.The date on which it was made, prepared, or taken
d.The name, or other means of identification, address, job title
or capacity, and relationship to you of each person who made,
prepared or took it
e.The address or location of the place where it was made,
prepared or taken

f.The method by which it was made, prepared or taken
g.The purpose for which it was made, prepared or taken
h.The name, or other means of identification, address, job title
or capacity, and relationship to you of each person who
authorized, ordered or approved its making, preparation or taking
i.The number of copies or duplicates that were made
j.The cost of preparation or taking
k.The cost of reproducing a copy or duplicate, and the time
such reproduction or duplication would take
l.Its present location, indicating address and location within
the address
m.The name, address and job title of each person who has custody
of the original
n.The name, address and job title of each person who has
possession of a copy of it
o.In what way it is relevant to the subject matter of this action
p.The method and procedure of its storage and retrieval in
records archives or information systems"
The Defendant's answer was non-responsive to the question, and
was so deficient as to constitute no answer at all. The
Defendant's sparse argument that the requested information is
"disproportionate to the needs of the case in light of
Plaintiff's sole remaining claim following the Court's Order
dismissing Plaintiff's claims" is unsupported by fact or law,
and any argument therefor has been waived by failure to raise
in response. Such objection is unjustified and/or frivolous
in light of Plaintiff's need to prove causation, in light of
the Defendant's failure to produce records showing the
Defendant's causation of injury to Plaintiff's tooth #14.
Defendant should be required to produce electronically stored
information bearing upon the issue of Plaintiff's dental
diagnosis and treatment, because that information contains
metadata which will show every date and time at which the
original native files were accessed, altered, or modified; and
such metadata can show the existence of the records showing
causation, and lead to their discovery. That metadata exists
on machines that must be identified by Defendant so as to provide
for forensic examination thereof to support the element of
causation necessary to prove Plaintiff's 8th Amendment claim.

IV.) "INTERROGATORY NO. 7. Have any of the items mentioned above
been altered in any manner since this action arose or after
the item was initially made, taken, or prepared?"
Defendant's answer has failed to account for at least 2 entries
specifically marked "append"; both by Samual Lopez in relation
to actions either taken by or entries made by Defendant;
bates-stamped MED000151 and MED000311 in Defendant's Response
to Plaintiff's First Set of Requests for Production of Documents.

V.) "INTERROGATORY NO. 8. If so, for each item, state:
a.Its description
b.Each date on which it was altered
c.A description of each alteration
d.The reason for each alteration

3

e.The name, address, and job title of each person who made the alteration"
Defendant has failed to answer this question in light of the information given in "IV" above; and should be required to disclose the information requested by this Interrogatory.

VI.) "INTERROGATORY NO. 9. Have any of the items referred to above been lost, destroyed, consumed, or otherwise ceased to exist?"
Defendant's answer has failed to account for the records of the incident at issue in this lawsuit, to wit: his performance of a filling procedure on Plaintiff's tooth #14 during the period from 4/15/21-12/24/21. Defendant's answer has likewise failed to account for the record from the "Last Cleaning: 062619" referred to in the document Bates-stamped MED000238; as well as all of the records listed in "II" above as referred to in Bates-stamped documents but not provided as requested.

VII.) "INTERROGATORY NO. 10. If so, for each item, state:
a.A description of the item
b.The date it was lost or ceased to exist
c.The circumstances of its loss or the reason it ceased to exist
d.The name, address, and job title of each person who has knowledge concerning the manner in which it was lost or ceased to exist
e.The name, address, and job title of each person who has knowledge concerning its nature or contents
f.Whether there has been any attempt to reproduce, duplicate, or find it, and, if so, a description of each attempt and its results"
Defendant has failed to answer this question in light of the information given in "VI" above; and should be required to disclose the information requested by this Interrogatory.

    Please furnish your corrections to the aforementioned deficiencies within the time allowed for by the Federal Rules of Civil Procedure, or I will need to file a motion to compel pursuant to Rule 37.

1/18/24

Kind Regards,

Caleb L. McGillvary
In Propria Persona

CC: FILE

4