

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

Direct Dial: 908-252-4228
Email: mrflood@norris-law.com

February 29, 2024

**VIA FEDERAL EXPRESS**
Caleb L. McGillvary, SBI #000102317G
New Jersey State Prison
600 Cass St.
Trenton, New Jersey 08608

    Re:    **Caleb L. McGillvary v. Reiz, et al.**
           **Case No. 3:22-cv-6430-MAS-JBD**

Dear Mr. McGillvary:

    This office represents Defendant Rahmo Reiz ("Defendant") in the above-referenced matter. Pursuant to the Court's February 15, 2024 Order (ECF No. 42), and in response to your letter dated January 18, 2024 alleging various deficiencies in Defendant's discovery responses, please see Defendant's supplemental discovery responses below.

    We trust this resolves all issues raised in your January 18, 2024 correspondence, and in your February 9, 2024 motion to compel.

**Response to Alleged Deficiencies with Defendant's Response to Document Demands**

1.    Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, to the best of Defendant's knowledge, Plaintiff's entire medical record has been produced. Defendant is not aware of the existence of any medical records or other responsive documents other than those which have been produced. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial. Defendant states the following with respect to each subpart of this demand:

    a.    MED000096 does not indicate the existence of a "dental chart."
    b.    Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, this medical record was not created by Defendant. To the best of Defendant's knowledge, no information was entered on MED000097 to indicate that any such records exist. Likewise, to the best of Defendant's knowledge, the mention of an "Xray," as used in this medical record does not indicate that such Xray exists. To the best of Defendant's knowledge, and upon information and belief, Plaintiff's complete unaltered medical record has been produced.
    c.    The electronic medical record for the 6/26/19 dental cleaning was produced at MED000310-MED000311.

---



BRIDGEWATER, NJ  |  NEW YORK, NY  |  ALLENTOWN, PA
WWW.NORRISMCLAUGHLIN.COM

**Norris McLaughlin, P.A.**

February 29, 2023
Page 2

        d.    MED000149 states "routed to DA for biennial exam/xray," and does not indicate that an xray was completed. To the best of Defendant's knowledge and upon information and belief, Plaintiff's entire unaltered medical record has been produced.

        e.    Defendant did not create the referenced medical record entry, however to the best of Defendant's knowledge, "NV exam," as used in the referenced medical record means "next visit exam." To the best of Defendant's knowledge, and upon information and belief, the entry at MED000151 indicates that Dr. Lopez appended Defendant's chart entry from 4/15/21, which records were produced at MED000149 to MED000151, confirming that Plaintiff's biennial cleaning was completed on 4/15/21. To the best of Defendant's knowledge, Plaintiff was not seen on 4/23/21.

        f.    See response to subsection (b) with respect to the "dental chart." The electronic medical record for the 6/26/19 dental cleaning was produced at MED000310-MED000311.

        g.    See response to subsection (b).

        h.    This entry was not created by Defendant, and as such Defendant cannot speak to what was included on MED000312. However, this entry at MED000313 states that no panorex was available. To the best of Defendant's knowledge, and upon information and belief, Plaintiff's complete unaltered medical record has been produced.

        i.    See response to subsection (b).

        j.    See response to subsection (h).

**Response to Alleged Deficiencies with Defendants Response to Interrogatories**

I.    Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, Defendant has no information as what knowledge or information is possessed by others, except to identify, as set forth in response to Interrogatory No. 1, all persons named or otherwise identified in the Amended Complaint, Defendant's Answer, and all pleadings filed in this action; all persons identified in Plaintiff's medical records; and all persons identified in discovery up to and including the time of trial, including but not limited to depositions, answers to interrogatories, and document productions of any party or documents obtain pursuant to a subpoena or otherwise. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

II.    Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, Defendant is not aware of the existence of any documents responsive to this Interrogatory, other than Plaintiff's medical records, which to the best of Defendant's knowledge, and upon information and belief, have been produced in their entirety. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

III.    Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, see response to number II, above. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

IV. Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, to the best of Defendants knowledge, no documents responsive to Plaintiff's requests have been altered in any manner and to the best of Defendant's knowledge and upon information and belief, Plaintiff's entire unaltered medical record has been produced. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

V. Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, see response to number IV above. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

VI. Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, to the best of Defendant's knowledge and upon information and belief, Defendant is not aware of any documents responsive to Plaintiff's requests that have been lost, destroyed, consumed, or otherwise ceased to exist. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

VII. Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, see response to number VI above. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

**NORRIS McLAUGHLIN, P.A.**

*/s/ Margaret Raymond Flood*
Margaret Raymond-Flood