d.) the documents bates stamped MED000149 indicate the existence of an "xray" which was not provided;

e.) the documents bates stamped MED000151 indicate the existence of an "nv exam", any record of which was not provided;

f.) the documents bates stamped MED000238 indicate the existence of a "dental chart" which was not provided, and a "last cleaning" on 06/26/19 any record of which was not provided;

g.) the documents bates stamped MED000311 indicate the existence of an "dental chart", any record of which was not provided;f.)

h.) the documents bates stamped MED000312 indicate the existence of a "panorex" which was not provided;

i.) the documents bates stamped MED000313 indicate the existence of a "dental chart" which was not provided;

j.) the documents bates stamped MED000314 indicate the existence of a "radiograph panorex" which was not provided;

2. Finding that any and all potential objections to the production and use of documents listed in "1a-j" above from Plaintiff's First Request for Production of Documents have been waived by Rahmo Reiz;

3. Awarding Caleb L. McGillvary his reasonable expenses, including attorneys fees, in compelling Rahmo Reiz to produce the requested documents; and

4. Establishing further sanctions in the event that  Rahmo Reiz fails to comply with this Order.

2

e.The name, address, and job title of each person who made the
alteration"
Defendant has failed to answer this question in light of the
information given in "IV" above; and should be required to
disclose the information requested by this Interrogatory.

VI.) "INTERROGATORY NO. 9. Have any of the items referred to
above been lost, destroyed, consumed, or otherwise ceased to
exist?"
Defendant's answer has failed to account for the records of
the incident at issue in this lawsuit, to wit: his performance
of a filling procedure on Plaintiff's tooth #14 during the period
from 4/15/21-12/24/21. Defendant's answer has likewise failed
to account for the record from the "Last Cleaning: 062619"
referred to in the document Bates-stamped MED000238; as well
as all of the records listed in "II" above as referred to in
Bates-stamped documents but not provided as requested.

VII.) "INTERROGATORY NO. 10. If so, for each item, state:
a.A description of the item
b.The date it was lost or ceased to exist
c.The circumstances of its loss or the reason it ceased to exist
d.The name, address, and job title of each person who has
knowledge concerning the manner in which it was lost or ceased
to exist
e.The name, address, and job title of each person who has
knowledge concerning its nature or contents
f.Whether there has been any attempt to reproduce, duplicate,
or find it, and, if so, a description of each attempt and its
results"
Defendant has failed to answer this question in light of the
information given in "VI" above; and should be required to
disclose the information requested by this Interrogatory.

    Please furnish your corrections to the aforementioned deficiencies
within the time allowed for by the Federal Rules of Civil Procedure, or I
will need to file a motion to compel pursuant to Rule 37.

1/18/24

                                        Kind Regards,

                                    Caleb L. McGillvary
                                    In Propria Persona

CC: FILE

4

EXHIBIT C

In addition, Defendant objects to this request as duplicative of prior requests and objects to the extent it seeks information not within Defendant's care, custody, or control. Moreover, to the extent this request seeks the identification of expert witnesses Defendant intends to call at the time of trial, Defendant further objects to this request as premature, and states that Defendant has not retained an expert in connection with this matter. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession other than what may be included in Plaintiff's medical records produced herewith bearing Bates Stamps MED000001 to MED000340. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.

4.    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE: Defendant objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege. In addition, Defendant objects to this request to the extent it seeks documents or information not within Defendant's care, custody, or control. Subject to and without waiving the foregoing or General Objections, none other than Plaintiff's medical records produced herewith bearing Bates Stamps MED000001 to MED000340. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

5.    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control which relate to the dental care, diagnosis or treatment of Plaintiff for the period of May 31, 2019 until the present.

**RESPONSE: Defendant objects to this request as overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks documents or information not within Defendant's care, custody or control. Subject to and without waiving the foregoing or General Objections, Defendant refers Plaintiff to his medical records produced herewith bearing Bates Stamps MED000001 to MED000340. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

## DOCUMENT REQUESTS

1.      A complete and legible copy of the Plaintiff's dental records, including, but not limited to, admitting records, admitting history and physical, case records, discharge summary, medical record summaries, consultations, radiology reports, x-rays, reports concerning any diagnostic, pathological tests, laboratory tests, lab slips, requests for consultations, intake and output records, physicians orders and progress notes, nurses notes, therapy records, patient evaluation forms, and all other hospital notes, charts, documents, and memoranda pertaining to the dental treatment of Caleb L. McGillvary at New Jersey State Prison, and at any other inpatient medical care facility which Caleb L. McGillvary received treatment for the alleged injuries that are the subject matter of this action.

**RESPONSE: Defendant objects to this request as overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to the terms "admitting records," "admitting history and physical," "case records," and "lab slips," as vague and undefined.  Defendant further objects to this request to the extent it seeks documents or information not within Defendant's care, custody or control. Subject to and without waiving the foregoing or General Objections, Defendant refers Plaintiff to his medical records produced herewith bearing Bates Stamps MED000001 to MED000340. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

2.      Any and all medical reports, medical and office records, x-rays, consultations and transcripts, or hospital case histories of any doctor (including, but not limited to any dentist, physician, medical doctor, dental hygienist, or nurse) evaluating to treating Caleb L. McGillvary for the alleged injuries that are the subject matter of this action.

**RESPONSE: Defendant objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the term "hospital case histories" as vague and undefined. Defendant further objects to this request to the extent it seeks information not within Defendant's care, custody, or control. In addition, Defendant objects to this request as duplicative of prior requests. Subject to and without waiving the foregoing or General Objections, Defendant refers Plaintiff to his medical records produced herewith bearing Bates Stamps MED000001 to MED000340, to the extent they contain information responsive to this request. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

3.      Any written reports, notations, or documents received by, or in the possession, custody, or control of; you or your counsel from any physician or other health care professional who has evaluated the condition of Caleb. L. McGillvary or who has rendered an opinion regarding Caleb L. McGillvary's condition or the treatment Caleb L. McGillvary received from the defendant, Rahmo Reiz, and who may be expected to render an opinion regarding any issue raised by the complaint by way of testimony at the time of trial.

**RESPONSE: Defendant objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege.**

information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Requests of Plaintiff.  Defendant intends to abide by their obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify their position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

E.      Defendant objects to each request to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which she has no control.

F.      Defendant objects to each request to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Defendant to unreasonable burden and expense. To the extent the response to any request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G.      Defendant objects to each request to the extent that it seeks a legal conclusion.

H.      Defendant objects to each request to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I.      Defendant objects to each request to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J.      Defendant objects to each request to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K.      Defendant objects to each request to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less burdensome or expensive source, or that the undue burden or expense of compiling the requested

## GENERAL OBJECTIONS TO REQUESTS

A.      Defendant objects to each request to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B.      Defendant objects to each request to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C.      Defendant objects to each request to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D.      Defendant objects to each request to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

## CONDITIONS

These responses are made without waiver of and with preservation of:

1.      All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2.      The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3.      The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4.      The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5.      Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

| | |
|---|---|
| CALEB L. MCGILLVARY, | **UNITED STATES DISTRICT COURT** |
| Plaintiff, | **FOR THE DISTRICT OF NEW JERSEY** |
| v. | CASE NO. 3:22-06430-MAS-JBD |
| RAHMO REIZ, et al., | DOCUMENT ELECTRONICALLY FILED |
| Defendant. | **DEFENDANT RAHMO REIZ'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO:    Caleb L. McGillvary
        SBI #000102317G
        New Jersey State Prison
        600 Cass Street
        Trenton, New Jersey 08611

SIR:

Pursuant to Rule 34, Defendant, Rahmo Reiz ("Defendant"), hereby responds to Plaintiff's

First Request for Documents as set forth below.

**NORRIS, McLAUGHLIN, PA**


By: */s/ Margaret Raymond-Flood*

Dated: January 11, 2024             Margaret Raymond-Flood

EXHIBIT B

**CERTIFICATE OF SERVICE**

I declare pursuant to 28 U.S.C. 1746 that a true and correct copy of the attached Requests to Produce Documents, together with all attachments and exhibits, was sent by first-class U.S. mail in a properly addressed envelope with first class postage duly paid on _DECEMBER 11, 2023_ to the attorneys of record for all of the parties in this action at the addresses listed below:

1. Margaret Raymond Flood
Attorney for Rahmo Reiz
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

I declare under penalty of perjury that the foregoing statements are true and accurate

Dated: _12/11/23_

_____
Caleb L. McGillvary, Pro Se

4

CO-30 A  NEW JERSEY STATE PRISON  Rev. 3/1/21
**POSTAGE REMIT**

DATE: 12/11/23  LOCATION: 6R8T

SBI NUMBER: 1002517G

INMATE NAME: CALEB MCGILLVARY

INMATE SIGNATURE: [signature]

TO: BUSINESS MANAGER   DATE MAILED: _____

| (✓) | Check Appropriate Box (s) | |
|---|---|---|
| | Legal Postage | $ |
| ✓ | Certified Cert. # 70120470000211410931 | 4.35 |
| ✓ | Return Receipt Requested | 3.55 |
| ✓ | Postage Affixed;  **SEND DIRECT** Legal Postage Only  **TO MAILROOM** | 0 |
| | Regular Postage  or  UPS  Property | |
| | Additional Insurance Amount $ | |
| | No Postage Inter Office Mail | |
| Weight of Mail/Property | | Total Postage and Fees $ 7.40 |

SENT TO: MARGARET RAYMOND FLOOD
ADDRESS: PRINT 400 CROSSING BLVD., 8TH FLOOR
BRIDGEWATER, NJ 08807-5933

WITNESS: B.Vi---TA   APPROVED BY:
SIGNATURE: PRINT [signature]   [signature]

CHECK# _____   DATE: _____

THIS PAGE INTENTIONALLY LEFT BLANK

to render an opinion regarding any issue raised by the complaint
by way of testimony at the time of trial.
RESPONSE TO REQUEST NO. 3: _____

REQUEST NO. 4. A copy - or a description by category and location
- of all documents, electronically stored information, and
tangible things that the disclosing party has in its possession,
custody, or control and may use to support its claims or
defenses, unless the use would be solely for impeachment
RESPONSE TO REQUEST NO. 4: _____

REQUEST NO. 5. A copy - or a description by category and location
- of all documents, electronically stored information, and
tangible things that the disclosing party has in its possession,
custody, or control which relate to the dental care, diagnosis,
or treatement of Plaintiff for the period from May 31, 2019
until the present
RESPONSE TO REQUEST NO. 5: _____

### TIME, PLACE, AND MANNER FOR COMPLIANCE

The production of the documents will take place on
JANUARY 22, 2024 [date] at 8:30 AM [time] at
NJ State Prison West Compound 6 Right Wing 81 Cell, whose address
is 3rd and Federal Streets, Trenton, NJ 08625-0861

Dated: 12/11/23

By: _____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

5

or reproduced by any other mechanical process, or written or
produced by hand: agreements, communications, state and federal
governmental hearings and reports, correspondence, telegrams,
memoranda, summaries or records of telephone conversations,
summaries or records of personal conversations or interviews,
diaries, graphs, reports, notebooks, note charts, plans,
drawings, sketches, maps, summaries or records of meetings or
conferences, summaries or reports of investigations or
negotiations, opinions or reports of consultants, photographs,
motion picture film, brochures, pamphlets, advertisements,
circulars, press releases, drafts, letters, any marginal comments
appearing on any document, e-mails, computer files of any kind,
electronically stored information, and all other writings.

### DOCUMENTS AND ELECTRONICALLY STORED INFORMATION REQUESTED

You are requested to produce and permit the plaintiff to
inspect and copy and to test or sample the following documents,
including electronically stored information, and to make a list
of each and every such document you in fact provide, such that
an exclusion from the list will constitute an admission that
you did not provide it:

REQUEST NO. 1. A complete and legible copy of the Plaintiff's
dental records, including, but not limited to, admitting records,
admitting history and physical, case records, discharge summary,
medical record summaries, consultations, radiology reports,
X-rays, reports concerning any diagnostic, pathological tests,
laboratory tests, lab slips, requests for consultations, intake
and output records, physicians orders and progress notes, nurses
notes, therapy records, patient evaluation forms, and all other
hospital notes, charts, documents, and memoranda pertaining
to the dental treatment of Caleb L. McGillvary at New Jersey
State Prison, and at any other inpatient medical care facility
at which Caleb L. McGillvary received treatment for the alleged
injuries that are the subject matter of this action.
RESPONSE TO REQUEST NO. 1: _____

REQUEST NO. 2. Any and all medical reports, medical and office
records, X-rays, consultations and transcripts, or hospital
case histories of any doctor (including, but not limited to
any dentist, physician, medical doctor, dental hygenist, or
nurse) evaluating or treating Caleb L. McGillvary for the alleged
injuries that are the subject matter of this action.
RESPONSE TO REQUEST NO. 2: _____

REQUEST NO. 3. Any written reports, notations, or documents
received by, or in the possession, custody, or control of; you
or your counsel from any physician or other health care
professional who has evaluated the condition of Caleb L.
McGillvary or who has rendered an opinion regarding Caleb L.
McGillvarys condition or the treatment Caleb L. McGillvary
received from the defendant, Rahmo Reiz, and who may be expected

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 3:22-cv-06430-MAS-LHG |
| | ) Hon. Michael A. Shipp, U.S.D.J. |
| V. | ) Hon. Lois H. Goodman, U.S.M.J. |
| | ) |
| RAHMO REIZ | ) |
| DEFENDANT | ) |

## PLAINTIFFS FIRST SET OF REQUESTS PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY: Caleb L. McGillvary
RESPONDING PARTY: Rahmo Reiz
SET NO. 1

### Requests to Produce

Caleb L. McGillvary, plaintiff, requests that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, you produce for inspection and copying all documents described below. In addition to producing the documents described below, you must serve a written response to this request within 30 days of service of this request stating whether and to what extent you will comply with each request. If the request was delivered under Rule 26(d)(2), the party to whom the request is directed must respond in writing within 30 days after the parties first Rule 26(f) conference.

This request is intended to cover all documents in possession of Rahmo Reiz, or subject to your custody or control, within the meaning of those terms as used in Rule 34 of the Federal Rules of Civil Procedure. In particular, the request covers all documents in your possession, custody, or control, regardless of whether the documents are located in any of your district offices, division offices, or any other office maintained by you or your agents, servants, or employees or by your employer or its agents, servants, or employees.

As used in this request, the term document means, without limitation, the following items, whether printed or recorded

EXHIBIT A

b. On February 29, 2024 Defendant responded to my letter with a terse reiteration of his previous objections, failing to provide any of the requested answers or to produce any of the requested documents. A copy of Defendant's response is attached hereto as Exhibit D.

9. I declare under penalty of perjury that all of these facts are true and correct as of my own, personal knowledge.

Dated: _3/26/24_

By: _____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

4

g.) the documents bates stamped MED000311 indicate the existence of an "dental chart", any record of which was not provided;f.)

h.) the documents bates stamped MED000312 indicate the existence of a "panorex" which was not provided;

i.) the documents bates stamped MED000313 indicate the existence of a "dental chart" which was not provided;

j.) the documents bates stamped MED000314 indicate the existence of a "radiograph panorex" which was not provided; **a copy of this "response" is attached hereto as Exhibit B.**

7. I contacted Margaret Raymond-Flood, the attorney for Rahmo Reiz by telephone on ___1/17/24___ [date].

a. I asked Margaret Raymond-Flood to tell me whether Rahmo Reiz would seek relief from the consequences resulting from the failure to file a timely response, or whether Rahmo Reiz would comply with the Request after seeking a motion to extend time

b. Margaret Raymond-Flood promised to get back to me with a cure to the deficiencies but has not, choosing instead to give me the runaround.

8. On ___1/18/24___ [date], I sent Rahmo Reiz a letter reiterating the requests I made in the telephone conversation of ___1/17/24___ [date].

a. A true and correct copy of that letter and my postage remit evidencing sending it is attached to this Declaration as Exhibit C.

the Certificate of Service attached to the Requests served on

Rahmo Reiz and of the postage remit evidencing my mailing of

same and of the return receipt evidencing Rahmo Reiz's receipt

of same.


5. Rahmo Reiz failed to substantially respond to the Requests

for Production of Documents in a timely manner.


6. The objections, answers, or other responses that were served

upon me by Defendant Rahmo Reiz on January 12, 2024 in response

to the request for production of documents were inadequate and

failed to produce the documents requested in Requests 1 & 2,

namely:

a.) the documents bates stamped MED000096-96 indicate the

existence of a "dental chart" which was not provided;

b.) the documents bates stamped MED000097 indicate the existence

of an "xray" and a "dental chart" which were not provided;

c.) the documents bates stamped MED000099 indicate the existence

of a "last exam" on 06/26/19, any record of which was not

provided;

d.) the documents bates stamped MED000149 indicate the existence

of an "xray" which was not provided;

e.) the documents bates stamped MED000151 indicate the existence

of an "nv exam", any record of which was not provided;

f.) the documents bates stamped MED000238 indicate the existence

of a "dental chart" which was not provided, and a "last cleaning"

on 06/26/19 any record of which was not provided;

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 3:22-cv-06430-MAS-LHG |
| | ) Hon. Michael A. Shipp, U.S.D.J. |
| V. | ) Hon. Lois H. Goodman, U.S.M.J. |
| | ) |
| RAHMO REIZ | ) |
| DEFENDANT | ) |

DECLARATION IN SUPPORT OF MOTION FOR ORDER COMPELLING
RESPONSE TO REQUEST TO PRODUCE AND FOR SANCTIONS
(Fed. R. Civ. P. 37(d))

I, Caleb L. McGillvary, hereby declare pursuant to 28 U.S.C.
1746 the following:

1. I am the pro se plaintiff in the above-captioned matter.

2. On December 14, 2023, I caused to be served on the attorney
of record for Rahmo Reiz Requests for Production of Documents
pursuant to Rule 34 of the Federal Rules of Civil Procedure.

3. The Requests for Production attached to this Declaration
as Exhibit A is a true and correct copy of the Request served
on Rahmo Reiz.

4. The Certificate of Service and postage remit and return
receipt attached as Exhibit A is a true and correct copy of

1

PROOF OF SERVICE

    I, Caleb L. McGillvary, declare pursuant to 28 U.S.C. 1746 that on today's date, I placed in the institutional mailing system here where I'm incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; with First Class Postage prepaid to be sent via USPS Mail; the original and 3 copies of my motion, notice, declaration, and proposed order in support of my motion for an order Compelling Rahmo Reiz to produce all of the documents requested in Plaintiff's First Request for Production of Documents to the Clerk of the USDC-DNJ at 402 E. State St. Trenton, NJ 08608 for filing; and a copy of said document to Counsel for Defendants, Margaret Raymond-Flood at 400 Crossing Blvd, 8th Floor Bridgewater, NJ 08807-5933 for service.

I hereby invoke the prison mailbox rule.

I declare under penalty of perjury that the foregoing statements made by me are true and accurate.

Executed this 26 Day of MARCH , 20 24

                                     Caleb L. McGillvary, Pro Se
                                   #1222665/SBI#102317G NJSP
                                   PO Box 861 Trenton, NJ
                                         08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

MARCH 26 ,20 24

Clerk, US Dist. Ct. - DNJ
US Courthouse
402 E. State St.
Trenton, NJ 08608

    RE: Caleb L. McGIllvary v. Rahmo Reiz
    Civil Action No. 3:22-cv-06430-MAS-LHG
    Hon. Michael A. Shipp, U.S.D.J.
    Hon. Lois H. Goodman, U.S.M.J.

Dear Clerk;
    Please find  enclosed and file onto the docket the original
and  3  copies  of  my  motion, notice, declaration, and proposed
order  in  support  of  my  motion  for an order Compelling Rahmo
Reiz  to  produce  all  of the documents requested in Plaintiff's
First  Request  for Production of Documents; and proof of service
thereof; in the above-captioned matter.

                                Kind, Regards,

                           Caleb L. McGillvary
                           In Propria Persona

ENCL:
CC: FILE

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

MARCH 26, 20 24

Clerk, US Dist. Ct. - DNJ
US Courthouse
402 E. State St.
Trenton, NJ 08608

     RE: Caleb L. McGillvary v. Rahmo Reiz
     Civil Action No. 3:22-cv-06430-MAS-LHG
     Hon. Michael A. Shipp, U.S.D.J.
     Hon. Lois H. Goodman, U.S.M.J.

Dear Clerk;
     Please find enclosed and file onto the docket the original
and 3 copies of my motion, notice, declaration, and proposed
order in support of my motion to compel answers to my First
Set of Interrogatories; and proof of service thereof; in the
above-captioned matter.

                         Kind Regards,

                        Caleb L. McGillvary
                        In Propria Persona

ENCL:
CC: FILE

PROOF OF SERVICE

I, Caleb L. McGillvary, declare pursuant to 28 U.S.C. 1746 that on today's date, I placed in the institutional mailing system here where I'm incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; with First Class Postage prepaid to be sent via USPS Mail; the original and 3 copies of my motion, notice, declaration, and proposed order in support of my motion to compel answers to my First Set of Interrogatories to the Clerk of the USDC-DNJ at 402 E. State St. Trenton, NJ 08608 for filing; and a copy of said document to Counsel for Defendants, Margaret Raymond-Flood at 400 Crossing Blvd, 8th Floor Bridgewater, NJ 08807-5933 for service.

I hereby invoke the prison mailbox rule.

I declare under penalty of perjury that the foregoing statements made by me are true and accurate.

Executed this 26 Day of MARCH, 20 24

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 3:22-cv-06430-MAS-LHG |
| | ) Hon. Michael A. Shipp, U.S.D.J. |
| V. | ) Hon. Lois H. Goodman, U.S.M.J. |
| | ) |
| RAHMO REIZ | ) |
| DEFENDANT | ) |

NOTICE OF MOTION FOR ORDER COMPELLING ANSWERS TO INTERROGATORIES
AND FOR SANCTIONS (Fed. R. Civ. P. 37(d))

TO: CLERK, ALL CAPTIONED PARTIES
    Please take notice that, on a date and time to be determined
by the Court, Plaintiff Caleb L. McGillvary ("Plaintiff") hereby
moves the Court for an Order:

1. Compelling Rahmo Reiz to answer Interrogatories 1, 5, 6,
7, 8, 9, and 10 in a manner that cures the deficiencies raised
in this motion; in writing and under oath, fully and without
objection, no later than   5/4/24        [date];

2. Awarding Plaintiff its reasonable expenses, including
attorneys fees, in compelling Rahmo Reiz to answer these
Interrogatories; and

3. Establishing further sanctions in the event that Rahmo Reiz
fails to comply with this Order.

    As grounds for this motion, Plaintiff relies upon his
Declaration and Motion in support of this motion filed herewith.

    A proposed form of order is lodged herewith

Date: 3/26/24

                              Caleb L. McGillvary, Pro Se
                              #1222665/SBI#102317G NJSP
                              PO Box 861 Trenton, NJ
                              08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY | ) CIVIL ACTION NO. |
|      PLAINTIFF | ) 3:22-cv-06430-MAS-LHG |
| | ) Hon. Michael A. Shipp, U.S.D.J. |
|      V. | ) Hon. Lois H. Goodman, U.S.M.J. |
| | ) |
| RAHMO REIZ | ) |
|      DEFENDANT | ) |

MOTION FOR ORDER COMPELLING ANSWERS TO INTERROGATORIES
AND FOR SANCTIONS (Fed. R. Civ. P. 37(d))

Relief Sought


Plaintiff moves this Court for an Order:


1. Compelling Rahmo Reiz to answer Interrogatories 1, 5, 6,

7, 8, 9, and 10 in a manner that cures the deficiencies raised

in this motion; in writing and under oath, fully and without

objection, no later than _____5/4/24_____ [date];


2. Awarding Plaintiff its reasonable expenses, including

attorneys fees, in compelling Rahmo Reiz to answer these

Interrogatories; and


3. Establishing further sanctions in the event that Rahmo Reiz

fails to comply with this Order.


1

Factual Basis for Motion

The Supporting Declaration of Caleb L. McGillvary establishes
that:

1. On December 14, 2023, Plaintiff duly served Interrogatories
on counsel for Rahmo Reiz, requiring Rahmo Reiz to file written
answers, under oath, no later than January 14, 2024.

2. Rahmo Reiz failed to respond to the following Interrogatories
in a timely and meaningful manner, as specified as follows:
I.) "INTERROGATORY NO. 1. State the name and address of each
person who may have information relative to the claims at issue
in this action, specifying what information such person has
and where, when, and how they obtained it."
Defendant has failed to answer "specifying what information
such person has and where, when, and how they obtained it."

II.) "INTERROGATORY NO. 5. Do you, your attorneys, or any person
employed by you or your attorneys, have possession of, or know
of the existence of, any: Books or other printed material;
Records or reports made in the course of business; Photographs,
moving or still or x-ray; Drawings, charts, maps, or diagrams;
Other documentary material; Models, specimens, or samples; Other
tangible objects that contain information bearing on the issue
of Plaintiff's dental diagnosis and treatment; Electronically

2

Stored information bearing on the issue of Plaintiff's dental
diagnosis and treatment; or Other tangible objects that are
relevant to Plaintiff's dental diagnosis and treatment, or that
you intend to rely on to support the allegations of your answer?"
Defendant has failed to state or otherwise describe the following
documents or records, the existence of which are indicated by
the following Bates-stamped records:

a.) the documents bates stamped MED000096-96 indicate the
existence of a "dental chart" which was not provided;

b.) the documents bates stamped MED000097 indicate the existence
of an "xray" and a "dental chart" which were not provided;

c.) the documents bates stamped MED000099 indicate the existence
of a "last exam" on 06/26/19, any record of which was not
provided;

d.) the documents bates stamped MED000149 indicate the existence
of an "xray" which was not provided;

e.) the documents bates stamped MED000151 indicate the existence
of an "nv exam", any record of which was not provided;

f.) the documents bates stamped MED000238 indicate the existence
of a "dental chart" which was not provided, and a "last cleaning"
on 06/26/19 any record of which was not provided;

g.) the documents bates stamped MED000311 indicate the existence
of an "dental chart", any record of which was not provided;f.)

h.) the documents bates stamped MED000312 indicate the existence
of a "panorex" which was not provided;

i.) the documents bates stamped MED000313 indicate the existence
of a "dental chart" which was not provided;

j.) the documents bates stamped MED000314 indicate the existence of a "radiograph panorex" which was not provided;

III.) "INTERROGATORY NO. 6. If so, for each item, state:

a.Its description, form, name, number, or other means of general identification

b.Its size

c.The date on which it was made, prepared, or taken

d.The name, or other means of identification, address, job title or capacity, and relationship to you of each person who made, prepared or took it

e.The address or location of the place where it was made, prepared or taken

f.The method by which it was made, prepared or taken

g.The purpose for which it was made, prepared or taken

h.The name, or other means of identification, address, job title or capacity, and relationship to you of each person who authorized, ordered or approved its making, preparation or taking

i.The number of copies or duplicates that were made

j.The cost of preparation or taking

k.The cost of reproducing a copy or duplicate, and the time such reproduction or duplication would take

l.Its present location, indicating address and location within the address

m.The name, address and job title of each person who has custody of the original

n.The name, address and job title of each person who has

4

possession of a copy of it

o.In what way it is relevant to the subject matter of this action

p.The method and procedure of its storage and retrieval in

records archives or information systems"

The Defendant's answer was non-responsive to the question, and

was so deficient as to constitute no answer at all. The

Defendant's sparse argument that the requested information is

"disproportionate to the needs of the case in light of

Plaintiff's sole remaining claim following the Court's Order

dismissing Plaintiff's claims" is unsupported by fact or law,

and any argument therefor has been waived by failure to raise

in response. Such objection is unjustified and/or frivolous

in light of Plaintiff's need to prove causation, in light of

the Defendant's failure to produce records showing the

Defendant's causation of injury to Plaintiff's tooth #14.

Defendant should be required to produce electronically stored

information bearing upon the issue of Plaintiff's dental

diagnosis and treatment, because that information contains

metadata which will show every date and time at which the

original native files were accessed, altered, or modified; and

such metadata can show the existence of the records showing

causation, and lead to their discovery. That metadata exists

on machines that must be identified by Defendant so as to provide

for forensic examination thereof to support the element of

causation necessary to prove Plaintiff's 8th Amendment claim.


IV.) "INTERROGATORY NO. 7. Have any of the items mentioned above

been altered in any manner since this action arose or after

the item was initially made, taken, or prepared?"

Defendant's answer has failed to account for at least 2 entries

specifically marked "append"; both by Samual Lopez in relation

to actions either taken by or entries made by Defendant;

bates-stamped MED000151 and MED000311 in Defendant's Response

to Plaintiff's First Set of Requests for Production of Documents.


V.) "INTERROGATORY NO. 8. If so, for each item, state:

a.Its description

b.Each date on which it was altered

c.A description of each alteration

d.The reason for each alteration

e.The name, address, and job title of each person who made the

alteration"

Defendant has failed to answer this question in light of the

information given in "IV" above; and should be required to

disclose the information requested by this Interrogatory.


VI.) "INTERROGATORY NO. 9. Have any of the items referred to

above been lost, destroyed, consumed, or otherwise ceased to

exist?"

Defendant's answer has failed to account for the records of

the incident at issue in this lawsuit, to wit: his performance

of a filling procedure on Plaintiff's tooth #14 during the period

from 4/15/21-12/24/21. Defendant's answer has likewise failed

to account for the record from the "Last Cleaning: 062619"

6

referred to in the document Bates-stamped MED000238; as well
as all of the records listed in "II" above as referred to in
Bates-stamped documents but not provided as requested.


VII.) "INTERROGATORY NO. 10. If so, for each item, state:
a.A description of the item
b.The date it was lost or ceased to exist
c.The circumstances of its loss or the reason it ceased to exist
d.The name, address, and job title of each person who has
knowledge concerning the manner in which it was lost or ceased
to exist
e.The name, address, and job title of each person who has
knowledge concerning its nature or contents
f.Whether there has been any attempt to reproduce, duplicate,
or find it, and, if so, a description of each attempt and its
results"
Defendant has failed to answer this question in light of the
information given in "VI" above; and should be required to
disclose the information requested by this Interrogatory.


3. There is no justification for the objections, answers, or
other responses that were filed in response to the
Interrogatories, because there was no privilege log created
nor information regarding privilege provided therefor, and the
Interrogatories asked for relevant information to the issue of
causation which is material to Plaintiff's 8th Amendment claims
which were allowed to proceed. The requested information will

7

show that Plaintiff went to the North Compound Clinic at a date and time subsequent to 5/15/21 and 12/24/21, at which date and time he was operated on by Defendant in excess of Defendant's scope of practice and with the intention by Defendant of causing cruel and unusual suffering in the form of pain and physical injury in violation of the 8th Amendment. The production of MED000001-MED000340 by Defendants shows, in conjunction with his Answer to Interrogatory No, 2 that "Plaintiff's medical records ... are under the care custody, and control of the New Jersey Department of Corrections", that Defendant has access to records of the NJDOC, and as such any care, custody and control of NJDOC records is fairly imputed to Defendant.

4. Although the Court has previously ordered Defendant to respond to this letter no later than February 29, 2024, ECF 37, Phone calls and letters to counsel for Rahmo Reiz have not brought any written response to the aforementioned Interrogatories which would correct the stated deficiencies, The response Defendant sent me on February 29, 2024 contained even less responsive answers than before. For example, Defendant ignored my request for Interrogatory 1 and copied and pasted the exact same boilerplate I said was deficient. Likewise with Interrogatories 5-10, the Defendant states that "Plaintiff's entire unaltered medical record has been produced"; yet the Court and Plaintiff are expected to believe that there has been no dental chart nor x-rays made of Plaintiff's mouth the entire 4 years he's been in NJ State Prison: even though documents produced clearly

refer to x-rays and dental charts. Importantly, since Defendant
is trying to pretend that the incident at issue never happened,
causation is at issue and evidence of alteration of medical
records ex post facto is relevant to prove causation. Plaintiff
has requested the device information and other pertinent
information about the electronically stored records which will
facilitate forensic evidence of their metadata, which will show
every time they've been altered since their creation and by
whom. Defendant's belligerent stonewalling of this information
is wasting everyone's time and the Court's scarce judicial
resources. A copy of Defendant's February 29, 2024  supplemental
non-response is attached hereto as Exhibit D


5. The Interrogatories served on Rahmo Reiz were served in good
faith for the purposes of securing information that is important
to Plaintiff in the investigation and preparation of this trial.
The Interrogatories conform to the requirements of Rule 33 of
the Federal Rules of Civil Procedure, the Local Rules of this
Court, and this action is exempt from Rule 26(f) Discovery
Conference and Discovery Plan requirements under Rule 26(a)(1)(B)
because Plaintiff is a self-representing litigant in state
custody.


6. $ 1800 is the reasonable amount of expenses, including
attorneys fees, incurred by Plaintiff in attempting to secure
answers to the Interrogatories prior to making this Motion for
Sanctions and in researching, drafting, and arguing the Motion.

9

This sum represents __10__ attorney hours at the regular and reasonable hourly fee of $__150__ per hour, plus the court fees of $__175__ and duplication charges and postage fees of $__125__.


Legal Basis for Motion


A. The Relief Sought by the Motion Is Appropriate


Rule 37(d)(3) of the Federal Rules of Civil Procedure expressly authorizes a court to impose sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)(vi), when a party deliberately disobeys a court order regarding discovery. Furthermore, Rule 37(d) states that, instead of or in addition to ordering a response, the court must make an order requiring the party who failed to respond to a discovery request pay the moving partys reasonable expenses, including attorneys fees.


Requiring Rahmo Reiz to answer the Interrogatories by __5/4/24__ [date] not only establishes a definite date for measuring compliance, it provides Rahmo Reiz with a time to comply that is reasonable, given the time that has already passed.


Requiring Rahmo Reiz to answer Interrogatories 5-10 fully and without objection is proper because any objections to the records referred to in the Bates-stamped documents referred to in "5. I-VII" of the declaration in support of this motion: have been

10

waived by virtue of Rahmo Reizs failure to provide a written
response within the time allowed by Rule 33(b)(2). See Fed.
R. Civ. P. 33(b)(4) (Any ground not stated in a timely objection
is waived ).

The sanctions that should follow from disobedience should be
severe enough to motivate compliance and to assure that Rahmo
Reiz is sincere in its desire to defend this action. In this
particular case, the Interrogatories are seeking evidence to
substantiate the issue of causation. Therefore, an order deeming
the fact that Rahmo Reiz caused injury to Plaintiff's  Tooth
#14 as established or precluding Rahmo Reiz from introducing
any evidence on that issue would be appropriate. Unless the
court is prepared to impose the ultimate sanction now, striking
the answer and entering a default judgment, an order compelling
Rahmo Reiz to answer the Interrogatories by a definite date
on pain of further sanctions is completely appropriate. See,
e.g., Acme Printing Ink Co. v. Menard, Inc., 812 F. Supp. 1498,
1521 (E.D. Wis. 1992) (court ordered party to answer
interrogatories because they would help apportion liability
among defendants).

B. There Are No Excuses Available for Failing to Respond

As noted above, the Interrogatories in this case were served
in good faith for legitimate purposes. In any event, Rule
37(d)(2) expressly states that the failure to serve a sufficient

11

response is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

C. An Award of Expenses Is Justified

Because virtually no justification is conceivable or has been offered to date for the failure to file a complete and honest response to the Interrogatories, a response which includes the dental chart and x-ray records referred to in the produced records, the award of reasonable expenses is almost mandatory. See, e.g., Resolution Trust Co. v. Southern Union Co., 985 F.2d 196, 197 (5th Cir. 1993); see also 7 Moores Federal Practice, 37.97[1] (Matthew Bender, 3d ed.). The sanctions authorized by Rule 37(d) do not require any showing that the responding partys failure to comply with its discovery obligations was wilful. Unintentional and accidental failures are subject to the sanctions provided by Rule 37(d). See, e.g., Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group, 55 F.3d 463, 466 (9th Cir. 1995) (sanctions for failure to appear at deposition).

Supporting Documents

This motion is based on this document, on the Supporting Declaration of Caleb L. McGillvary served with this document, on the proof of service of these documents on Rahmo Reiz, on all of the papers and records already on file in this matter,

12

and on whatever argument and evidence may be heard at any hearing on this motion.

Dated: 3/26/24

By: _____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

13

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 3:22-cv-06430-MAS-LHG |
| | ) Hon. Michael A. Shipp, U.S.D.J. |
| V. | ) Hon. Lois H. Goodman, U.S.M.J. |
| | ) |
| RAHMO REIZ | ) |
| DEFENDANT | ) |

ORDER REQUIRING FURTHER ANSWERS TO INTERROGATORIES
(Fed. R. Civ. P. 37(a))

The Motion of Caleb L. McGillvary to compel Rahmo Reiz to provide

further answers to certain Interrogatories propounded to him

was submitted on _____[date]. The court has

reviewed the papers submitted and considered the arguments of

counsel as well as the authorities cited. Being so informed,

and for good cause shown:

IT IS ORDERED THAT:

1. The motion is GRANTED to the extent that:

   a. Rahmo Reiz must provide further verified answers to
Interrogatories 1, 5, 6, 7, 8, 9, and 10, without further
objection; and

   b. All objections previously made to these Interrogatories
are waived or overruled.

1

2. The further answers to these Interrogatories must be served on Caleb L. McGillvary no later than 14 days after service of this Order.

3. Rahmo Reiz and Margaret Raymon-Flood shall pay forthwith to Caleb L. McGillvary the reasonable expenses incurred in connection with the refusal to provide proper answers to these Interrogatories in the amount of $_____. The Court finds that the failure to fully and properly answer these Interrogatories was without substantial justification within the meaning of Rule 37(a)(5)(A)(ii) in that Rahmo Reiz made bad faith misrepresentations of completeness, proven false by the very documents he produced, in his responses and objections to them.

4. Counsel and the parties are admonished that the failure to comply with the terms of this order may result in severe sanctions, including striking of the answer and entry of a default judgment.

Dated:
                                    _____
                                    Hon. J. Brendan Day, U.S.M.J.