

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ  08807
T: 908-722-0700
F: 908-722-0755
Direct Dial: 908-252-4228
Email: mrflood@norris-law.com

April 22, 2024

**VIA ECF**
Hon. J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
Court Room: 7E
402 East State Street
Trenton, NJ 08608

   Re: **McGillvary v. Reiz et al.**
     **Civil Action No. 3:22-cv-06430-MAS-JBD**

     **Opposition to Plaintiff's Motion to Compel Discovery**

     **Returnable May 6, 2024**

Dear Judge Day:

  This office represents Defendant Rahmo Reiz ("Defendant") in the above-referenced matter. Please accept this letter brief, in lieu of a more formal memorandum of law, in opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") motion to compel discovery responses, which is currently returnable on May 6, 2024.

## PRELIMINARY STATEMENT

  For the second time, Plaintiff seeks to compel discovery responses which Defendant has either already provided or cannot provide because certain of the documents requested simply do not exist. Plaintiff's motion is based on nothing more than his own subjective, unsupported disagreement with the adequacy and completeness of Defendant's discovery responses. Moreover, as with Plaintiff's first motion to compel, which the Court properly denied as premature, Plaintiff once again failed to afford Defendant a reasonable opportunity to respond before filing the instant



**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 2

motion. As will be discussed at length below, Plaintiff filed this motion only four days after Defendant's receipt of Plaintiff's second deficiency letter. For that reason alone, this motion must be denied.

Worse yet, the instant motion seeks production of documents and information Defendant cannot provide, because they do not exist. As Defendant has made clear multiple times in response to Plaintiff's repeated discovery demands, Defendant has produced Plaintiff's entire medical record. The additional records sought by Plaintiff simply do not exist, and Plaintiff offers no support—other than his own subjective beliefs or general misunderstanding of the medical records—to suggest otherwise.

Moreover, Plaintiff seeks additional relief through the instant motion that is not proper in a motion to compel. For instance, Plaintiff seeks an order (a) deeming Defendant's discovery objections waived and/or "overruled," (b) awarding attorneys' fees against Defendant and his counsel personally, (c) deeming Defendant's alleged deliberate indifference "established," and (d) precluding Defendant from offering any evidence whatsoever. However, there is no factual or legal basis for any of the relief requested in Plaintiff's motion. While Defendant is sympathetic to the fact that Plaintiff is *pro se*, Plaintiff cannot be allowed to improperly weaponize the discovery rules to obtain substantive rulings on his claims, or as a means to seek improper sanctions.

As such, for the reasons discussed below, Plaintiff's motion must be denied.

## RELEVANT PROCEDURAL HISTORY

In light of Plaintiff's multiple demands, deficiency letters and motions to compel discovery, it is necessary to set forth the relevant procedural history for the Court. This office

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 3

received Plaintiff's First Set of Interrogatories and First Request for Production of Documents on December 14, 2023. See April 22, 2024 Declaration of Margaret Raymond-Flood, Esq. ("MRF Decl."), ¶ 3. Defendant timely served responses and objections on January 12, 2024. Id. at ¶ 4. On January 17, 2024, this office received a phone call from Plaintiff during which Plaintiff indicated that he had certain objections to Defendant's January 12, 2024 discovery responses. See April 22, 2024 Declaration of Matthew C. Wells, Esq. ("Wells Decl."), ¶ 3. Counsel suggested to Plaintiff that Plaintiff provide this office with a letter outlining the asserted deficiencies with Defendant's discovery responses, to which Defendant would respond accordingly. Id. at ¶ 4. Plaintiff thereafter served this office with correspondence outlining such asserted deficiencies (the "First Deficiency Letter").[1] Although the First Deficiency Letter was dated January 18, 2024, it was not received by this office until January 30, 2024. MRF Decl., ¶ 5; Wells Decl., ¶ 5. Plaintiff then filed his first motion to compel on February 9, 2024, before receiving a response from Defendant on the alleged deficiencies. (ECF No. 41.)

On February 15, 2024 the Court denied Plaintiff's motion as premature, finding Plaintiff failed to afford Defendant a reasonable opportunity to respond to the First Deficiency Letter, deeming the motion a supplemental discovery request, and ordering Defendant to serve objections and responses by February 29, 2024. (ECF No. 42.) Defendant timely responded to the request on February 29, 2024. MRF Decl., ¶ 6. Plaintiff then served this office with a second deficiency letter dated March 20, 2024 (the "Second Deficiency Letter"). Id., at ¶ 9, Exhibit A. Much like

---

[1] The claimed deficiencies are identical to those raised by Plaintiff in the instant motion, as well as Plaintiff's first motion to compel.

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 4

his first letter, although Plaintiff's Second Deficiency Letter was dated March 20, 2024, this office did not receive it until March 28, 2024. MRF Decl., ¶ 10. Four days later, on April 1, 2024, Plaintiff filed the instant motion without affording Defendant an opportunity to address the deficiencies. Id.

## LEGAL ARGUMENT

### I. Plaintiff Failed to Provide Defendant a Reasonable Amount of Time to Respond to Plaintiff's Asserted Discovery Deficiencies.

Plaintiff's motion suffers multiple legal and procedural deficiencies, all of which require denial of this motion. From a procedural perspective, Plaintiff failed to comply with the Federal Rules of Civil Procedure (see Fed. R. Civ. P. 37(a)(1)) and this Court's February 15, 2024 Order (see ECF No. 42) in that Plaintiff failed to afford Defendant a reasonable opportunity to respond to his Second Deficiency Letter, which Plaintiff has failed to disclose to the Court.

As set forth in the Court's February 15 Order denying Plaintiff's first motion to compel, Plaintiff was directed to "first write to Reiz's counsel directly, specifically describing any asserted deficiencies, and give Reiz's counsel a reasonable time to respond, before bringing it to the attention of the Court in a motion to compel." (ECF No. 42.) Plaintiff failed to comply with the Court's directive. Specifically, as discussed above, this office did not receive Plaintiff's Second Deficiency Letter until March 28, 2024, four days prior to Plaintiff filing the instant motion.[2] No reasonable argument can be made that four days is sufficient time for counsel to review Plaintiff's asserted deficiencies, confer with Defendant, and prepare and serve responses to Plaintiff.

---

[2] It also bears noting that although Plaintiff's motion was not filed until April 1, 2024, the motion is dated March 26, 2024, only 6 days after Plaintiff drafted the second deficiency letter.

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 5

Although Plaintiff's Second Deficiency Letter is dated March 20, 2024 (see MRF Decl., Exhibit A), it is apparent that Plaintiff failed to account for the delay in his correspondence being processed through the prison mail system, and additional time for the mailing and delivery to this office.

Moreover, Plaintiff argues that "phone calls and letters to counsel for Rahmo Reiz have not brought any written response to the Request nor the production of any documents." See ECF No. 43, Page 7 of 113, ¶ 3. This is a blatant mischaracterization of Plaintiff's attempts to confer with counsel for Defendant. First, this office received two phone calls from Plaintiff on March 1, 2024, at which time counsel was unavailable, so Plaintiff left a message indicating that he called and would try back on that same day. When counsel was still unavailable Plaintiff left a second message stating that he called, but he was unable to speak to counsel. MRF Decl., ¶ 7. Plaintiff made no further attempts to contact this office prior to serving the Second Deficiency Letter. Id. at ¶ 8. Notwithstanding Plaintiff's attempted phone calls, the Court specifically directed Plaintiff to address any asserted discovery deficiencies in writing. As explained to Plaintiff previously, counsel cannot meaningfully respond to discovery deficiencies without first receiving same in writing, specifically outlining the challenged responses and asserted deficiencies with such responses. Second, the only letter this office received from Plaintiff following the Court's denial of his first motion to compel, was the Second Deficiency Letter, received four days before Plaintiff filed the instant motion.

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 6

Accordingly, Plaintiff's motion should be denied for failing to afford Defendant a reasonable opportunity to respond to his asserted discovery deficiencies, as required by <u>Fed. R. Civ. P.</u> 37(a)(1), and this Court's February 15, 2024 Order.

## II. Defendant Adequately Responded to Plaintiff's Discovery Demands.

Notwithstanding Plaintiff's failure to provide Defendant a reasonable opportunity to respond to Plaintiff's asserted deficiencies, the motion should be denied because Defendant has adequately responded to Plaintiff's discovery demands.

### a. *Plaintiff's Request for Production of Documents*

Throughout his motion, Plaintiff offers a laundry list of additional medical records that he claims Defendant has failed to provide. For several reasons, Plaintiff's arguments lack merit. Perhaps the most critical reason is that the records Plaintiff asserts have not been produced simply do not exist. While Plaintiff may misunderstand various entries in his medical records which have led him to erroneously believe that additional records exist beyond those that have been produced by Defendant, Defendant has advised Plaintiff in Defendant's response to Plaintiff's supplemental request/First Deficiency Letter that Defendant produced Plaintiff's entire medical record. <u>See</u> Plaintiff's Exhibit D, ECF No. 43, Page 42 of 113. All medical records available have been produced, and none have been withheld. MRF Decl., ¶ 11. Plaintiff argues that "virtually no justification is conceivable or has been offered to date for the failure to respond...." ECF No. 43, pg. 10 of 113. To the contrary, Defendant has offered the most justifiable reason possible for not providing the documents Plaintiff is seeking: the documents do not exist.

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 7

      Plaintiff's argument that Defendant defied the Court's February 15 Order by failing to produce the subject documents is a transparent attempt to distort the facts and mislead the Court. Specifically, Plaintiff argues that "[t]he Court has previously ordered Reiz to produce the documents...and Reiz has failed to do so...." ECF No. 43, pg. 7 of 113, ¶ 3. Nothing in the Court's Order required Defendant to produce specific documents. Rather, the Court directed Defendant "to serve any objections and responses" to what the Court deemed a supplemental request for the production of documents by a date certain. ECF No. 42. This is precisely what Defendant did. Defendant's responses made clear to Plaintiff that the records sought by Plaintiff do not exist, in compliance with the Court's Order. In his February 29, 2024 supplemental responses, Defendant provided adequate, complete responses and appropriate objections to each of the listed deficiencies set forth by Plaintiff.  See ECF No. 43, pg. 42 of 113.

      Furthermore, Plaintiff has offered no explanation or support for his contention that Defendant has withheld documents. Plaintiff cites certain notes in his medical records purporting to "establish" that additional records exist, but this is incorrect. Defendant cannot produce what does not exist. Lastly, Plaintiff failed to attach the already-produced records which form the basis of his belief that additional records have been withheld. Accordingly, Plaintiff provides no basis for the Court to find that Defendant failed to produce certain documents or that such documents exist.

      Accordingly, Plaintiff's motion should be denied.

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 8

### b. *Plaintiff's Interrogatories*

Plaintiff's asserted deficiencies with Defendant's interrogatory responses share the same defects as those with respect to Defendant's document production, in that they seek information that simply does not exist. In addition, as outlined below, Plaintiff seeks information that is not within the care, custody, or control of Defendant, and is therefore not properly requested from Defendant.

For the convenience of the Court, Defendant addresses Plaintiff's asserted deficiencies, which begin on ECF No. 43, pg. 46 of 113, ¶ 5, as follows:

I) Interrogatory No. 1: As set forth in Defendant's response to Plaintiff's supplemental requests/first deficiency letter (see ECF No. 43, pg.83 of 113), Defendant does not have personal knowledge of what knowledge may or may not be possessed by others. As such, Defendant properly identified "all persons named or otherwise identified in the Amended Complaint, Defendant's Answer, all pleadings, all persons identified in Plaintiff's medical records, and all persons identified in discovery."

II) Interrogatory No. 5: As discussed at length above, Defendant identified and produced Plaintiff's entire medical record. Just as Defendant cannot produce documents that do not exist, Defendant likewise cannot describe documents that do not exist.

III) Interrogatory No. 6: The asserted deficiencies with respect to Defendant's response to this Interrogatory mirrors Interrogatory No. 5. Defendant cannot provide information with respect to documents that do not exist. To the extent this Interrogatory is intended to apply to the medical records which were produced, it is improperly directed at Defendant. Defendant is a dental

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 9

hygienist and does not have access to the technical information (such as the New Jersey Department of Corrections "NJDOC" metadata) sought through this Interrogatory. Requiring Defendant to obtain metadata for documents stored on the NJDOC system (Defendant is not employed by the NJDOC) is improper. Assuming for purposes of this motion that the information was related to Plaintiff's claims of record tampering and alteration claims, those claims have been dismissed, so such documents are no longer remotely relevant. Moreover, if this court disagrees, and finds that Plaintiff is entitled to seek such information, Plaintiff must request that information from the custodian of such information through a subpoena. Seeking production of highly technical metadata and related information for documents that is not in Defendant's care, custody, or control, is wholly improper, and the Court must reject Plaintiff's attempts to seek such information from Defendant.

     IV) **Interrogatory No. 7**: Plaintiff's arguments with respect to this Interrogatory also fail. First, Defendant has already responded that to his knowledge no records have been altered. Moreover, Plaintiff's attempt to base his dispute on the "append" entries is fundamentally incorrect as "append" entries in the electronic medical records denote an addition to the entry, not an alteration of an existing entry. Thus, there is no basis for Plaintiff's assertion that the referenced entries suggest the alteration of Plaintiff's medical records.

     V) **Interrogatory No. 8**: As discussed at length above, Defendant already provided his certified response that, to his knowledge, no records have been altered. As such, Defendant cannot provide the additional information sought through this Interrogatory.

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 10

VI) Interrogatory No. 9: Defendant responded to this interrogatory that to the best of his knowledge, information, and belief, no records have been lost, destroyed, consumed, or otherwise ceased to exist. Plaintiff's medical record has been produced, and Plaintiff's subjective, unsupported belief that additional records are being withheld is not grounds to compel Defendant to produce documents that do not exist. Moreover, Plaintiff continues to seek records relating to a "Last Cleaning: 06/26/19 identified in MED000238". Those records have been produced at MED000310, which Defendant already stated in his February 29, 2024 supplemental responses. See ECF No. 43, pg. 42 of 113, ¶ 1(c). Thus, Plaintiff already has the record.

VII) Interrogatory No. 10: As set forth above, the records Plaintiff is requesting do not exist, and Defendant is not aware of any records that have been lost, destroyed, or otherwise ceased to exist. As such, Defendant cannot provide additional information responsive to this Interrogatory.

Furthermore, Plaintiff asserts that "Defendant has access to records of the NJDOC, and as such, any care, custody and control of NJDOC records is fairly imputed to Defendant." ECF No. 43, pg. 52 of 113, ¶ 6. This assertion is both factually and legally meritless. First, Plaintiff offers no legal support for the contention that any additional documents are "imputed to" Defendant, simply by virtue of the fact that Defendant has access to, and produced, Plaintiff's medical records. Second, this argument falls victim to the same underlying flaw in Plaintiff's request discussed above. The records Plaintiff seeks to compel do not exist. And, as discussed above, if Plaintiff believes he is entitled to additional records, he has other avenues for seeking production of same, including the issuance of proper subpoenas.

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 11

Finally, Plaintiff argues that Defendant "expects the Court to believe" that no x-rays or dental charts have been made in the four years Plaintiff has been incarcerated at NJSP. See ECF No. 43, pg. 53 of 113. This argument ignores several things. First, as alleged in the Amended Complaint and reflected in Plaintiff's medical records, Defendant only treated Plaintiff approximately two times. Defendant has no personal knowledge of what treatment Plaintiff received from other providers, nor what records were or were not created during those other treatments. All Defendant is able to do—which he has done—is produce Plaintiff's entire medical record. The fact that Plaintiff "can't believe" that other records do not exist, is not grounds to accuse Defendant of improperly withholding documents.

Importantly, Defendant is not the custodian of Plaintiff's records. However, since he has access to Plaintiff's medical records, they were produced to Plaintiff. This does not mean that Defendant has access to other NJDOC records or the metadata and information that belongs to NJDOC or that he can produce records that simply do not exist.

### III. The Additional Relief Request by Plaintiff Should be Denied.

Plaintiff seeks additional relief, all of which should be denied. First, Plaintiff's proposed order requests that if Defendant "claims that it is has in its [sic] possession, custody or control no documents that respond to the Request," that Defendant be "precluded from offering any direct or rebuttal documentary evidence or any direct or rebuttal testimony in any way based on documents on the issue(s) of causation, liability, and damages." ECF No. 43, pg. 14 of 113, ¶ 5. This request is preposterous, as it essentially seeks to preclude Defendant from offering any evidence, of any

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 12

kind whatsoever, simply because Defendant does not have possession of certain documents requested by Plaintiff.

In addition, Plaintiff seeks an order deeming Defendant to have waived or otherwise have his objections "overruled." See ECF No. 43, pg. 102 of 113, ¶ 1(b). This request warrants little discussion. Plaintiff offers no authority (as none exists), for the proposition that Defendant's properly raised objections to Plaintiff's discovery demands must be overruled or waived, based on nothing more than Plaintiff's dissatisfaction with Defendant's discovery responses.

Plaintiff further seeks an Order "deeming the fact that Rahmo Reiz caused injury to Plaintiff's tooth #14 as established or precluding Rahmo Reiz from introducing any evidence on that issue." ECF No. 43, pg. 98 of 113. Thus, Plaintiff asks the Court to decide the ultimate issue of the case on a motion to compel against Defendant, simply because Plaintiff does not agree with Defendant's discovery responses.

Finally, Plaintiff seeks an Order awarding attorneys' fees and expenses from Defendant and Defendant's counsel. First, Plaintiff has not established any grounds for an award of fees, as Defendant through Defendant's counsel produced Plaintiff's medical file as well as attempted to supplement and explain the discovery responses multiple times, despite Plaintiff's failure to allow Defendant to properly respond to the deficiency issues raised. But more importantly, Plaintiff is appearing *pro se*, and as such is not entitled to attorneys' fees. See Kay v. Ehrler, 499 U.S. 432, 435 (1991); see also Steinhardt v. Bernardsville Police Department, 2019 WL 6135656 at *5 (D.N.J. November 19, 2019) ("[r]egardless of whether a plaintiff successfully states a § 1983 claim, a pro se litigant cannot recover attorney's fees under § 1988.").

**Norris McLaughlin, P.A.**

Hon. J. Brendan Day, U.S.M.J.
April 22, 2024
Page 13

## CONCLUSION

Accordingly, for all of the foregoing reasons, Plaintiff's motion should be denied.

Respectfully submitted,

**NORRIS McLAUGHLIN, PA**

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood

cc: The Honorable Michael A. Shipp, U.S.D.J. (via ECF)
Mr. Caleb L. McGillvary (via Federal Express)