**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
Matthew C. Wells, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Riez*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD RIEZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DECLARATION OF MARGARET RAYMOND-FLOOD, ESQ. IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

I, Margaret Raymond-Flood, Esq., declare under penalty of perjury pursuant to 20 U.S.C. §1746:

1. I am an attorney at law in the State of New Jersey and a Member with the law firm of Norris McLaughlin, P.A. ("NM"). NM has been retained by Rutgers, the State University of New Jersey to represent Defendant, Rahmo Riez ("Defendant") in the above-referenced matter. As such, I have knowledge of the facts set forth herein based on my personal knowledge and/or my review of NM's file for this matter, which is maintained in the ordinary course of business.

2. I make this Declaration in support of Defendant's opposition to Plaintiff's April 1, 2024 Motion to Compel Discovery. (ECF No. 43).

3. This office received Plaintiff's First Set of Interrogatories and First Request for Production of Documents on December 14, 2023.

4. Defendant timely served responses and objections on January 12, 2024.

5. Plaintiff served this office with correspondence outlining various asserted deficiencies with Defendant's discovery responses (the "First Deficiency Letter"). Although the First Deficiency Letter was dated January 18, 2024, it was not received by this office until January 30, 2024.

6. Defendant timely responded to Plaintiff's supplemental requests/First Deficiency Letter on February 29, 2024, pursuant to the Court's February 15, 2024 Order. (ECF No. 42).

7. This office received two phone calls from Plaintiff on March 1, 2024, at which time I was unavailable. Plaintiff left me a voicemail message indicating that he called and would try back on that same day, when I was also not available, he left a second message that he called, but he was unable to speak to counsel. We did not speak.

8. Plaintiff made no further attempts to contact this office prior to serving his second deficiency letter.

9. Plaintiff then served this office with a second deficiency letter dated March 20, 2024 (the "Second Deficiency Letter"). A true and correct copy of Plaintiff's Second Deficiency Letter is attached hereto as **Exhibit A**.

10. Although Plaintiff's Second Deficiency Letter was dated March 20, 2024, this office did not receive it until March 28, 2024. Plaintiff then filed the motion to compel four days later on April 1, 2024, before any conferral or before Defendant had an opportunity to respond to the Second Deficiency Letter.

11.    As confirmed after conferring with our client multiple times, all medical records available have been produced, and none have been withheld.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Margaret Raymond-Flood*
Margaret Raymond-Flood

Dated:  April 22, 2024

# EXHIBIT A

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

MARCH 20, 2024

Rahmo Reiz
c/o Margaret Raymond-Flood, Esq.
Norris McLaughlin, P.A.
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

    RE: Caleb L. McGillvary v. Rahmo Reiz
    Civil Action No. 3:22-cv-06430-MAS-JBD
    Hon. Michael A. Shipp, U.S.D.J.
    Hon. J. Brendan Day, U.S.M.J.

Dear Ms. Flood;

    I am in receipt of your February 29, 2024 supplemental response to my first set of interrogatories and requests to produce. It is not satisfactory for the same reasons given in my supplemental request, and will be the subject of a motion to compel. I do not for a minute believe, nor will the judge, that there were no dental charts nor x-rays made of my teeth during the course of my incarceration at NJ State Prison. Additionally, you've admitted in response to my first request for admissions that NJDOC is the custodian of my health records, and thereafter provided copies of my health records. Custody of the other records in the custody of NJDOC is constructively imputed to your client, through his conduct in doing so. in the above-captioned matter.

    Additionally, your responses to my second set of interrogatories is insufficient:

    1.) Your response to Interrogatory 11 does not include the "make, model, and serial number of any device" containing the electronic records, nor "the software used."

1

2.) You completely failed to provide the relevant information from the metadata requested in interrogatory 12. Whether he's a dental hygienist or not is irrelevant to his duty to provide the metadata requested, and you've already established that he has constructive custody of records in NJDOC custody.

3.) You did not list the information requested in Interrogatory 13, nor indicate if any individuals not identified in Plaintiff's medical records have access.

4.) You failed to describe "the procedure by which x-ray images ... are created, stored, and retrieved at the NJ State Prison" requested in Interrogatory 14. You also have not indicated whether NJ State Prison has ever in the past had a panorex machine.

5.) You state that NJ State Prison does not now have a panorex machine. You have not answered whether it has, during the relevant period, had a panorex machine. You have also failed to provide the information requested for the relevant period in Interrogatory 15.

6.) You have not described the procedure by which dental work and services is reimbursed; even though you've established constructive knowledge and custody of NJDOC records. You must describe the procedure as requested in Interrogatory 16.

7.) You have failed to answer Interrogatory 17, even though you have established constructive knowledge and custody of NJDOC records.

Additionally, your answers to my Second Set of Requests to Produce are deficient for the following reasons:

2

8.) You have admitted that the original electronic records corresponding to the printed documents attached as exhibits to the amended complaint exist, in your answers to my First Set of Requests for Admissions. You have also admitted that the documents you provided where in the custody of NJDOC, imputing to yourself constructive custody of all documents in NJDOC custody. You are judicially estopped by that admission from claiming you "have no documents responsive to this request" for you to provide the Original Native Files of each of these records, including the metadata intact. Kindly provide same in the format requested, so they can be forensically examined. Please provide the documents requested in Request No. 6.

9.) You have admitted that the original electronic records corresponding to the printed documents attached as exhibits to the amended complaint exist, in your answers to my First Set of Requests for Admissions. You have also admitted that the documents you provided where in the custody of NJDOC, imputing to yourself constructive custody of all documents in NJDOC custody. You are judicially estopped by that admission from claiming you "have no documents responsive to this request" for you to provide the printouts of the metadata requested in Request No. 7. Please provide this.

10.) The inventories requested in Request No. 8 do not have information "pertaining to other ... inmates"; and if they did, you can redact that information to comply with this request. Whether the information "pertains to other providers"; they are public employees and you would be required to provide the

3

information under relevant Open Public Records Act anyways. If you are asserting a privilege, you have not so specified nor provided information necessary to assess the merits of that claim. Please provide the lidocaine inventories requested.

11.) You have admitted in your response to my First Set of Requests for Admissions, that the documents you provided in response to my First Set of Requests to Produce were in the custody of NJDOC, imputing to yourself constructive custody of all documents in NJDOC custody. You are judicially estopped by that admission from claiming you "have no documents responsive to this request". Additionally, the NJ State Prison Inmate Travel Logs for 6 Right Wing West Compound are displayed to every inmate on 6 Right on a public bulletin board, so your claim that it seeks information pertaining to other inmates is estopped by conduct constructively imputed to you. Your claim that it is "irrelevant to this action" to discover all the times Plaintiff was scheduled to go to the North Compound Clinic during the relevant period, beggars belief. Few things are more relevant, as the judge will likely agree. Please provide the travel logs asked for in Request No. 9.

12.) You have admitted in your response to my First Set of Requests for Admissions, that the documents you provided in response to my First Set of Requests to Produce were in the custody of NJDOC, imputing to yourself constructive custody of all documents in NJDOC custody. You are judicially estopped by that admission from claiming you "have no documents responsive to this request". Please provide the billing information

4

requested in Request No. 10.

13.) You have admitted in your response to my First Set of Requests for Admissions, that the documents you provided in response to my First Set of Requests to Produce were in the custody of NJDOC, imputing to yourself constructive custody of all documents in NJDOC custody. You are judicially estopped by that admission from claiming you "have no documents responsive to this request". Please provide Reiz's timesheets as asked for in Request No. 11.

14.) You have admitted in your response to my First Set of Requests for Admissions, that the documents you provided in response to my First Set of Requests to Produce were in the custody of NJDOC, imputing to yourself constructive custody of all documents in NJDOC custody. You are judicially estopped by that admission from claiming you "have no documents responsive to this request". The inventories requested in Request No.12 do not have information "pertaining to other ... inmates"; and if they did, you can redact that information to comply with this request. Whether the information "pertains to other providers"; they are public employees and you would be required to provide the information under relevant Open Public Records Act anyways. If you are asserting a privilege, you have not so specified nor provided information necessary to assess the merits of that claim. Please provide the filling inventories requested.

15.) You have admitted in your response to my First Set of Requests for Admissions, that the documents you provided

5

in response to my First Set of Requests to Produce were in the custody of NJDOC, imputing to yourself constructive custody of all documents in NJDOC custody. You are judicially estopped by that admission from claiming you "have no documents responsive to this request". The inventories requested in Request No.13 do not have information "pertaining to other ... inmates"; and if they did, you can redact that information to comply with this request. Whether the information "pertains to other providers"; they are public employees and you would be required to provide the information under relevant Open Public Records Act anyways. If you are asserting a privilege, you have not so specified nor provided information necessary to assess the merits of that claim. Please provide the drill inventories requested.

  16.) You state that NJSP "does not have a panorex x-ray machine" at the present time. However, you have not indicated whether NJSP had a panorex x-ray machine at any point from 5/1/19 to the present. You must indicate this, and you must provide the records requested in Request No. 14.

3/20/24

Kind Regards,
Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE