Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


APRIL 26, 2024


Hon. J. Brendan Day, U.S.M.J.
US Dist. Ct. - DNJ
US Courthouse, Room 7E
402 E. State St.
Trenton, NJ 08608

RECEIVED

MAY - 2 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

          RE: Caleb L. McGIllvary v. Rahmo Reiz
          Civil Action No. 3:22-cv-06430-MAS-LHG

          Reply to Defendant's Opposition to Plaintiff's Motion
          for Subpoenas and Scheduling Order

Dear Judge Day;

     Plaintiff Caleb L. McGillvary ("Plaintiff") concedes that

D.N.J. L. Civ. R. 72.1(2)(C)(i) exempts this case from issuance

of the scheduling order, and one is not to be issued under the

local rules. However, Plaintiff's concern is that, without an

order from the Court finding the fact that this case is in the

Discovery phase, he will be unable to request extended access

at the law library with which to prepare his requests and

responses in Discovery. So although he agrees with Defendant

Rahmo Reiz ("Defendant") that a scheduling order should not

issue because the local rules forbid it, he respectfully asks

the Court to make a finding in its order denying the motion

as to that request, that this case is in discovery and will

proceed without a scheduling order in discovery.

     However, Plaintiff cannot agree with nor countenance the

second contention that Defendant makes, that "Plaintiff's January

24, 2024 request [didn't] include copies of the requested

subpoenas." Plaintiff included 4 subpoenas with the request

1

to the Clerk, one of which was prefilled with the person to be served, but the others were blank but for required fields. Plaintiff is not required to fill out all the information in advance. See Fed. R. Civ. P. 45(a)(3)("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."). If the Defendant wishes to oppose a given Subpoena, the proper avenue is a motion to quash. See Rule 45(d)(3). Plaintiff simply filed this mandamus-style motion under Rule 45(a) to request the Court to please direct the Clerk to issue the blank subpoenas as the Rules require.

The Defendant claims not to have received the subpoenas, but the request was filed on January 24, 2024 and it, with the attached subpoenas, was incorporated by reference into the declaration in support of this motion.

Plaintiff is considered by the prison mailbox rule to have filed a document with the Court on the date he places it in the institutional mailing system where he is incarcerated at NJ State Prison, 3rd & Federal Streets, Trenton, NJ 08625-0861. Defendant is represented by counsel, however, who is mandatorily participating in the Case Management/Electronic Court Filing system ("CM/ECF").

Each time the Clerk receives one of Plaintiff's paper filings via mail, the Clerk files Plaintiff's document into the CM/ECF system. See DNJ L.Civ.R. 5.2.2 ("All civil ... cases and documents filed in this Court, will be entered into the Court's ECF System in accordance with these Procedures."). Upon entry of a document in CM/ECF, notice of electronic filing

2

thereof ("NEF"); is automatically thereby sent to all CM/ECF-participating parties; entitling them to a free look at the document on PACER. See DNJ L.Civ.R. 5.2.1(d) ("NEF is a notice automatically generated by the Electronic Filing System at the time a document is filed with the system..."). This NEF constitutes service upon all such parties. See DNJ L.Civ.R. 5.2.14(b)(1) ("Transmission of the NEF constitutes service of the filed document on Filing Users").

Defendant was therefore served with the subpoenas by the Clerk electronically pursuant to DNJ L.Civ.R. 5.2.14(b)(1), effective on the date of filing of the January 24, 2024 request pursuant to prison mailbox rule. This result is required by the doctrine of stare decisis in the District of New Jersey; See McGillvary v. Scutari et al, Dkt. No. 1:23-cv-22605-JMY at ECF 12 (D.N.J. March 21, 2024)(Holding that the method of process heretofore described was "specifically authorized" by the local rules). Defendant is therefore presumed to have the subpoenas in his possession, and incorporation of them by reference in the declaration in support of this motion gave Defendant the notice and hearing that due process requires.

3

CONCLUSION

For all the foregoing reasons, the Court is respectfully urged to make findings in its order denying the request for scheduling order that this case is in Discovery, and to grant Plaintiff's mandamus-style motion for the Court to direct the Clerk to please issue the subpoenas requested on January 24, 2024.

Respectfully Submitted,

Date: 4/26/24

Caleb L. McGillvary
In Propria Persona

4