Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

RECEIVED

MAR 28 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| CALEB L. MCGILLVARY | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 3:22-cv-06430-MAS-JBD |
| | ) Hon. Michael A. Shipp, U.S.D.J. |
| V. | ) Hon. J. Brendan Day, U.S.M.J. |
| | ) Motion Date: |
| RAHMO REIZ | ) To be determined by the Court |
| DEFENDANT | ) |

NOTICE OF MOTION TO SUPPRESS THE TRANSCRIPT OF
THE DEPOSITION OF CALAEB L. MCGILLVARY
(Fed. R. Civ. P. 32(d)(4))

TO: CLERK, ALL CAPTIONED PARTIES

Please take notice that, on a date and time to be determined by the Court, Plaintiff Caleb L. McGillvary ("Plaintiff") hereby moves the Court for an order:

1. Pursuant to Rule 32(d)(4) suppressing the purported transcript of the deposition of Caleb L. McGillvary, and

2. Pursuant to Rule 30(f)(3) compelling deposition officer Lori N. Lewkowitz to produce the audio recording of the January 22, 2025 deposition to Plaintiff, so he can make a transcript of that deposition, or in the alternative

3. Pursuant to Rule 30(f)(3) compelling counsel for Defendant Rahmo Riez to produce the audio recording of the January 22, 2025

1

deposition to Plaintiff, so he can make a transcript of that deposition.

As grounds for this motion, Plaintiff relies upon his Declaration and Motion in support of this motion filed herewith.

A proposed form of order is lodged herewith

Date: 3/24/25

                                                                    _____
                                                                    Caleb L. McGillvary, Pro Se
                                                                    #1222665/SBI#102317G NJSP
                                                                    PO Box 861 Trenton, NJ
                                                                    08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>RAHMO REIZ<br>DEFENDANT | ) CIVIL ACTION NO.<br>) 3:22-cv-06430-MAS-JBD<br>) Hon. Michael A. Shipp, U.S.D.J.<br>) Hon. J. Brendan Day, U.S.M.J.<br>) Motion Date:<br>) To be determined by the Court<br>) |
|---|---|

**MOTION TO SUPPRESS TRANSCRIPT OF DEPOSITION**
**(Fed. R. Civ. P. 32(d)(4))**

Plaintiff Caleb L. McGillvary ("Plaintiff") hereby moves the Court for an order:

1. Pursuant to Rule 32(d)(4) suppressing the purported transcript of the deposition of Caleb L. McGillvary, and

2. Pursuant to Rule 30(f)(3) compelling deposition officer Lori N. Lewkowitz to produce the audio recording of the January 22, 2025 deposition to Plaintiff, so he can make a transcript of that deposition, or in the alternative

3. Pursuant to Rule 30(f)(3) compelling counsel for Defendant Rahmo Riez to produce the audio recording of the January 22, 2025 deposition to Plaintiff, so he can make a transcript of that deposition.

1

**IRREGULARITIES IN DEPOSITION**

This deposition is irregular within the meaning of Rule 32(d)(4) of the Federal Rules of Civil Procedure because:

1. The Declaration shows that, prior to the completion of the deposition, Plaintiff duly requested the opportunity to review the transcript and recording of the deposition and, if needed, sign a statement noting the changes to be made in the deposition. As the Court Reporter noted on Page 7 lines 5 to 8 of the purported deposition, Plaintiff asserted his right to review the transcript pursuant to Fed. R. Civ. P. 30(e) on the record prior to the end of the deposition. Contrary to the provisions of Rule 30(e), the deposition officer did not notify the deponent that the transcript was available for review, nor did the officer solicit review or corrections in any other manner.

2. Pursuant to the provisions of Rule 30(e) of the Federal Rules of Civil Procedure, the witness requested the opportunity to review the deposition, did review the deposition after counsel for defendant but not the deposition officer provided it, and signed a statement of corrections to the record of this deposition which was served upon the deposition officer and counsel within 30 days of counsel's provision of the transcript. Contrary to the provisions of Rule 30(e), the certificate of the deposition officer neither acknowledges these facts, nor states that Plaintiff requested an opporunity to review, nor appends the witness' corrections to the record of the deposition.

3. The transcript of the deposition is not an accurate record of the testimony of the witness. In particular, the Declaration of Caleb L. McGillvary attached hereto shows that the transcript clearly misrepresents the testimony of the witness in the particulars stated with detail in the errata sheet appended thereto as Exhibit C, which is incorporated by reference herein. The sheer number of errors that skew the record to prejudice Plaintiff and benefit Defendant are subject to the doctrine of objective chances, as evidence that the deposition officer was clearly biased against Plaintiff and engaged in extensive editing to prejudice him in his case.

4. The transcript is unreliable as evidence as shown by the fact there was an exchange between myself and the court reporter, wherein I said to her after noticing she was vigorously shaking her head in disagreement at any answer I gave which was detrimental to the Defendant's case or beneficial to mine, "Excuse me, Ms. Court Reporter, are you OK? Please let the record show that the court reporter has been vigorously shaking her head side to side in a negative fashion as I've been answering this question and throughout the deposition." Whereupon the court reporter began to explain that she had hay fever or some form of serious allergic reaction to the cleaning solutions used in the room in which the deposition was conducted, which is what caused her to incessantly sneeze and sniffle and cough, with an extremely runny nose, the entire duration of the deposition. At

3

this point, Ms. Flood asked her if she'd like to take a break. After the court reporter responded in the affirmative to Ms. Flood's question, the deposition was adjourned for approximately 20 minutes. This exchange showed that the court reporter was admittedly suffering from diminished capacity during the deposition. Additionally, there are so many erroneous substitutions by the court stengorapher during this deposition, with word salad garbling only testimony favorable to plaintiff and sound-alikes replacing phrases which would hurt defendant's case with others which would benefit the defendant, as to give rise to the doctrine of objective chances. The court reporter's fudging of the transcript in a way to favor the defendant and prejudice the plaintiff happened such an extraordinary amount of times during this deposition, as to indicate a likely bias of the court reporter which renders the transcript unworthy of confidence. Counsel for defendant represented that an audio recording of the deposition was to be created, both in their letter to the court, ECF 80, and in their contemporaneous representation to Plaintiff during the deposition, which audio recording has subsequently gone missing. Plaintiff has requested this recording pursuant to Fed. R. Civ. P. 30(f)(3) from the deposition officer, but was told the recording was unavailable. Counsel has claimed that the audio is "undeliverable", despite having represented to the Court in writing, and to Plaintiff orally at the deposition, that an audio recording would be

4

produced. See Exhibit A. The loss of the audio recording coupled with the extensive errata in the transcript, combine with the irregularities of the deposition to render the transcript unworthy of confidence.

5. The certificate from the deposition officer required by Rule 30(f) of the Federal Rules of Civil Procedure is defective because it fails to certify that the deponent Plaintiff requested his right to review the transcript pursuant to Rule 30(e), and it lacks a date of execution.

6. The original of the deposition was not filed or lodged with the court according to the requirements of Rule 30(f), in particular neither the original electronic record of the stenography notes recorded at the deposition, with their meta data indicating that audio was contemporaneously and concurrently made together with the notes, is believed to have been filed with the Clerk; nor was the audio recording of the deposition filed with the Clerk for a reproduction to be provided to Plaintiff upon his request.

## MOTION MADE PROMPTLY

This motion was made promptly within the meaning of Rule 32(d)(4) because Plaintiff had no reason to know that the deposition had even been transcribed prior to 10 days prior to the making of this motion. The deponent was never notified by the deposition officer that the transcript was available for review, despite a clear request on the record pursuant to Rule 30(e) of

5

the Federal Rules of Civil Procedure. The first indication that the deposition had been the subject of this highly suspect and unreliable transcription occurred when the purported transcript was delivered to Plaintiff by counsel for defendant, without prior notice by the deposition officer, on March 14, 2025. This motion was filed and served on March 24, 2025.

## SUPPORTING MATERIAL

This motion is made on this Motion and the attached Notice of Motion, a copy of what purports to be the transcript of the deposition in question, the Declaration of Caleb L. McGillvary, the Proof of Service of all of these materials on all other parties to the action, and on whatever argument and evidence might be presented at a hearing on this motion.

Date: 3/24/25

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY      ) | CIVIL ACTION NO. |
|     PLAINTIFF      ) | 3:22-cv-06430-MAS-JBD |
| ) | Hon. Michael A. Shipp, U.S.D.J. |
| V.      ) | Hon. J. Brendan Day, U.S.M.J. |
| ) | Motion Date: |
| RAHMO REIZ      ) | To be determined by the Court |
|     DEFENDANT      ) | |

PROPOSED ORDER

The Motion of Caleb L. McGillvary for an order:

1. Pursuant to Rule 32(d)(4) suppressing the purported transcript of the deposition of Caleb L. McGillvary, and

2. Pursuant to Rule 30(f)(3) compelling deposition officer Lori N. Lewkowitz to produce the audio recording of the January 22, 2025 deposition to Plaintiff, so he can make a transcript of that deposition, or in the alternative

3. Pursuant to Rule 30(f)(3) compelling counsel for Defendant Rahmo Riez to produce the audio recording of the January 22, 2025 deposition to Plaintiff, so he can make a transcript of that deposition;

was submitted for a decision on _____ [date]. The court has reviewed the papers submitted and considered the

1

arguments of counsel as well as the authorities cited. Being so informed, and for good cause shown:

IT IS on this ___ day of _____, 20___

ORDERED THAT Plaintiff's motion is GRANTED to the extent that:

1. Pursuant to Rule 32(d)(4) the Court finds that the purported transcript of the January 22, 2025 deposition of Caleb L. McGillvary by Lori N. Lewkowitz is inaccurate and unreliable and is therefore hereby SUPPRESSED and may not be used as evidence in any proceeding or on any motion in this action or another; and

(Alternative One: Compelling Deposition Officer)

2. Pursuant to Rule 30(f)(3) the Court hereby directs deposition officer Lori N. Lewkowitz to produce the audio recording of the January 22, 2025 deposition to Plaintiff, so he can make a transcript of that deposition; and it is further

(Alternative Two: Compelling Counsel for Defendant)

3. Pursuant to Rule 30(f)(3) the Court hereby directs counsel for Defendant Rahmo Riez to produce the audio recording of the January 22, 2025 deposition to Plaintiff, so he can make a transcript of that deposition; and it is further

4. The Court hereby provides notice that contempt sanctions will issue in the event that [Lori N. Lewkowitz]/[Counsel for Defendant Rahmo Riez] fails to comply with this Order; and it is further

2

ORDERED that a copy of this order be served by the Clerk upon all parties within 7 days of this order.

_____<br>Hon. J. Brendan Day, U.S.M.J.

Case 3:22-cv-06430-MAS-JBD    Document 97    Filed 03/28/25    Page 11 of 11 PageID: 1339