

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807

T: 908-722-0700
F: 908-722-0755
Direct: 908-252-4228
Email: mrflood@norris-law.com

April 21, 2025

**VIA ECF**
Hon. J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
Court Room: 7E
402 East State Street
Trenton, NJ 08608

> **Re:** **Caleb L. McGillvary v. Ronald Riez, et al.**
> **Case No. 3:22-6430 (MAS-JBD)**

Dear Judge Day:

This office represents Defendant Rahmo Riez ("Defendant") in the above-referenced matter. Please accept this correspondence in lieu of a formal brief, in opposition to Plaintiff's motion to suppress the transcript of his January 22, 2025 deposition.

As with almost every other motion filed by Plaintiff to date, the instant motion is based on nothing more than Plaintiff's own speculation, assumptions, and twisting of facts to create his own narrative. Plaintiff cites a laundry list of purported issues rendering his deposition transcript "irregular" within the meaning of the Federal Rules, none of which have merit. As a result, his motion should be denied.

First, Plaintiff claims to have served a signed statement of corrections to the record on both the court reporter and this office. However, as of the drafting of this opposition, the undersigned has not received same, and had no prior notice of Plaintiff's statement of corrections prior to Plaintiff filing this motion on March 28, 2025. (See Declaration of Margaret Raymond-Flood, Esq. ("MRF Decl."), ¶ 3). In fact, the purported statement of corrections, attached as Exhibit C to Plaintiff's Motion ("Plf. Mot."), is not addressed to this office, and Plaintiff has otherwise failed to submit any proof of service. Furthermore, it is entirely unclear from Plaintiff's motion whether his signed statement of corrections was actually served on the court reporter. While the court reporter is listed as the recipient, Plaintiff did not include the reporter's address, casting doubt on whether she actually received it. (See Plf. Mot., Exhibit C).

Service issues aside, Plaintiff's allegations that the transcript is replete with errors "that skew the record to prejudice Plaintiff and benefit Defendant" are entirely baseless. See Plf. Mot., pg. 3, ¶ 3. Plaintiff's statement of corrections consists of 79 paragraphs of purported errors, the majority of which—assuming any are correct—are not material to the matter and are, at most, typographical errors that are not prejudicial to Plaintiff or beneficial for Defendant. Further, despite Plaintiff's complaints that he did not receive an audio recording of his deposition, nearly

every paragraph of his statement of corrections is based on the impossible assumption that "the audio recording of this deposition shows that the latter phrase is what I actually said," (Plf. Mot., Ex. C, ¶¶1-79. As will be discussed below, Plaintiff cannot possibly know what the audio recording of his deposition shows, because—as we have been advised by the Court reporting service, no such recording is available or has been provided to either party by the court reporter service. Based on Plaintiff's motion, he expects this Court to believe that he recalls—more than two months after his deposition—*exactly* what he said in all 79 of the alleged errors, with sufficient accuracy to warrant the extreme result of suppressing his entire deposition. Defendant respectfully submits Defendant should not be prejudiced based on nothing more than Plaintiff's unsupported revisions to his deposition testimony.

Plaintiff also incorrectly claims that counsel for Defendant represented that an audio recording of the deposition would be created and provided to Plaintiff. At the deposition, Plaintiff requested an audio recording of the transcript, and defense counsel had no objection and advised Plaintiff that we would provide audio recording *if possible*.[1] (MRF Decl., ¶ 5.)  Following the deposition, this office contacted the court reporting service, Veritext, to inquire about the audio recording, and was told by Veritext that without video services, no audio is captured during the deposition that can be provided.[2] (MRF Decl., ¶ 5). The undersigned thereafter advised Plaintiff of same by letter dated March 12, 2025. (MRF Decl., ¶ 6, Exhibit A).  The undersigned represents to the Court that this office does not have any audio recording of the deposition, so we cannot provide it to Plaintiff. (MRF Decl., ¶ 7.)

Finally, Plaintiff's argument that the deposition should be suppressed because it was not "filed or lodged with the Court" (Plf. Mot., pg. 5, ¶ 6) is entirely misplaced. Fed. R. Civ. P 5(d)(1)(A) provides depositions "must not be filed until they are used in the proceeding or the court orders filing...." Rule 30(f)(4), cited by Plaintiff, merely provides that *when* a deposition transcript is filed, notice of the filing must be given to all parties. Since Defendant has not yet used Plaintiff's deposition transcript in this proceeding and has not been ordered by the Court to file it, Defendant is under no obligation to file Plaintiff's deposition transcript with the Court.

Accordingly, for all of the foregoing reasons, Plaintiff's motion should be denied.

Respectfully submitted,

**NORRIS McLAUGHLIN, P.A.**

---

[1] Plaintiff incorrectly asserts that counsel represented to the Court that an audio recording of the deposition would be created, citing Defendant's proposed Order for leave to take Plaintiff's deposition. ECF No. 80. Defendant's proposed order merely includes that audio recording equipment would be permitted in the prison in order to ensure that all potentially necessary equipment is permitted into the prison. The Order does not state that Defendant would in fact be audio recording the deposition.

[2] Our office did not video record Plaintiff's deposition. (MRF Decl., ¶ 5). To the extent Plaintiff will argue on reply that Defendant was required to audio and/or video record the deposition, that argument would be misplaced, as the Federal Rules allow the deposing party to choose the means of recording a deposition. See Fed. R. Civ. P. 30(b)(3)(A) ("Unless the court orders otherwise, testimony *may* be recorded by audio, audiovisual, *or* stenographic means.") (emphasis added).

*Attorneys for Defendant Rahmo Reiz*

*/s/ Margaret Raymond Flood*
Margaret Raymond-Flood, Esq.

cc:    Hon. Michael A. Shipp, U.S.D.J. (via ECF)
       Caleb McGillvary (via Regular Mail and FedEx)