**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
Matthew C. Wells, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Riez*

|  |  |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD RIEZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DECLARATION OF MARGARET RAYMOND-FLOOD, ESQ. IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPRESS PLAINTIFF'S DEPOSITION TRANSCRIPT** |

I, Margaret Raymond-Flood, Esq., declare under penalty of perjury pursuant to 20 U.S.C. §1746:

1. I am an attorney at law in the State of New Jersey and a Member with the law firm of Norris McLaughlin, P.A. ("NM"). NM has been retained by Rutgers, the State University of New Jersey ("Rutgers") to represent Defendant, Rahmo Riez ("Defendant") in the above-referenced matter. As such, I have knowledge of the facts set forth herein based on my personal knowledge and/or my review of NM's file for this matter, which is maintained in the ordinary course of business.

2. I make this Declaration in support of Rutgers' opposition to Plaintiff's March 28, 2025 motion to suppress his deposition transcript. (ECF No. 97).

3. As of the drafting of this Declaration, this office has not received Plaintiff's signed statement of corrections to his deposition transcript, or otherwise received notice of same prior to Plaintiff filing his motion.

4. At his deposition, Plaintiff requested an audio recording of the transcript, and I had no objection and advised Plaintiff that we would provide audio recording if possible.

5. Following the deposition, my office contacted the court reporting service, Veritext, to inquire about the audio recording, and was told by Veritext that without video services, no audio is captured during the deposition that can be provided. We had not requested that the deposition be video recorded.

6. I thereafter advised Plaintiff of same by letter dated March 12, 2025. Attached hereto as **Exhibit A** is a true and correct copy of my March 12, 2025 correspondence to Plaintiff.

7. As a result, this office does not have any audio recording of the deposition, so we cannot provide it to Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Margaret Raymond-Flood*
Margaret Raymond-Flood

Dated: April 21, 2025