

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ  08807

T: 908-722-0700
F: 908-722-0755
Direct: 908-252-4228
Email: mrflood@norris-law.com

April 28, 2025

**VIA ECF**
Hon. J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
Court Room: 7E
402 East State Street
Trenton, NJ 08608

      Re:     Caleb L. McGillvary v. Ronald Riez, et al.
              Case No. 3:22-6430 (MAS-JBD)

Dear Judge Day:

      This office represents Defendant Rahmo Riez ("Defendant") in the above-referenced matter. We write regarding Plaintiff's April 15, 2025 motion for leave to file a Second Amended Complaint, or in the alternative to file a Supplemental Complaint (ECF No. 101). We respectfully request a conference with Your Honor to address Plaintiff's repeated and ongoing filing of meritless and duplicative motions. In the alternative, to the extent Your Honor is not inclined to schedule a conference, we respectfully request that Plaintiff's motion to amend be adjourned to be returnable on June 2, 2025.

      We also write to apprise Your Honor of recent communications our clients have received from Plaintiff at their home addresses. As Your Honor may recall, in addition to Defendant Reiz, our office has represented defendants Samual Lopez, Joel Bernard, and Kelitta Mosely-Massenat, who were dismissed without prejudice on November 20, 2023 (ECF No. 37). On April 22, 2025, our office learned that Defendants Lopez and Bernhard received communications from Plaintiff at their home addresses. In addition to the obvious safety concerns, it is wholly improper for Plaintiff to communicate directly with persons he knows to be represented by our office. Specifically, the communications received by Lopez and Bernard consist of document demands seeking the x-rays and dental charts that have been (and currently are) the subject of several of Plaintiff's motions. Thus, even if, by virtue of his *pro se* status, Plaintiff could permissibly contact them directly, it is improper for Plaintiff to serve discovery demands on parties who have been dismissed and whom he knows to be represented by counsel.

      As such, we respectfully request that Plaintiff be ordered to refrain from having further direct communication with our clients, whether dismissed or not, and that he be required to direct all future communications to our office.

      With respect to Plaintiff's incessant motion practice, we are sympathetic to the fact that Plaintiff is *pro se*, and by no means seek to prevent Plaintiff from having access to the Court. However, we respectfully submit that this litigation has reached a point where Plaintiff's duplicative motions must be put to an end. Since the vast majority of his claims were dismissed in November 2023 (ECF No. 37), Plaintiff has proceeded to file several meritless motions, letters,

and requests, almost all of which been denied, and several of which have included inappropriate, personal attacks at defense counsel, including accusations of lying to and "gaslighting" the Court and deliberately delaying discovery. We have refrained from engaging with Plaintiff's accusations to date, but neither Defendant nor our office should be expected to continue defending against such meritless attacks. Further, it is Plaintiff's rampant motion filings that are delaying this case and preventing discovery from closing.

Accordingly, we respectfully request that the Court enter an Order requiring Plaintiff to seek leave of Court prior to filing additional motions. We further request that if the Court is inclined to entertain Plaintiff's pending motion to amend his Complaint, without a conference, we respectfully request that the motion be adjourned to the June 2, 2025 return date, to afford us sufficient time to consult with our client and submit proper opposition.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

*/s/ Margaret Raymond Flood*
Margaret Raymond-Flood

cc:   Caleb McGillvary (via Regular Mail and FedEx)