UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD RIEZ, *et al.*,<br><br>　　　　　Defendants. | Civ. No. 22-06430 (MAS)(JBD)<br><br>ORDER |

　　　This matter comes before the Court by way of plaintiff Caleb McGillvary's request for an order directing non-party New Jersey Department of Corrections ("NJDOC") to show cause why it should not be held in contempt for its alleged noncompliance with the Court's February 6, 2025 Order (the "Order"), and defense counsel's letter dated April 28, 2025 regarding plaintiff's motion practice and communication with current and former defendants in this action (the "April 28 Letter"). [Dkts. 94, 109.][1]

　　　In his request for an order to show cause, plaintiff contends that NJDOC failed to comply with the Order because it (NJDOC) did not provide plaintiff with relevant records and logbook entries within 21 days of January 31, 2025, when plaintiff supplied the requisite list of dates to NJDOC. [Dkt. 94-2] ¶¶ 2-3. As an initial matter, the Order required NJDOC to act "within 21 days of the date that it receive[d] . . . dates from plaintiff," not 21 days from the date plaintiff sent that information.

---

[1] 　　This Order addresses only the two requests identified above. The Court will address in due course the various other applications, motions, and requests that are pending in this case.

[Dkt. 87.]  Because NJDOC did not receive plaintiff's list of dates until February 27, 2025 and filed a status letter with the Court on March 20, 2025—exactly 21 days from the date of receipt—NJDOC did not violate the deadline in the Order. *See* [Dkt. 92].  Moreover, the Order directed NJDOC to "appris[e] the Court of the status of its review," not serve plaintiff with responses, by the 21-day deadline. [Dkt. 87.]  And NJDOC has since served plaintiff with responsive documents. [Dkt. 112.]  Because NJDOC has complied with the Order, plaintiff's request for an order to show cause is DENIED.

With respect to the April 28 Letter, counsel for defendant Ronald Riez requests (i) a conference to address plaintiff's alleged "filing of meritless and duplicative motions," or alternatively, a one-cycle adjournment of plaintiff's pending motion to amend; and (ii) an order directing plaintiff to refrain from communicating with counsel's clients in connection with this action and requiring plaintiff to direct all future communication to counsel.  [Dkt. 109.]  As to the first request, counsel invites the Court to enter an order requiring plaintiff to seek leave of Court before filing additional motions.  While it is true, as counsel suggests, that plaintiff has filed numerous applications, motions, and requests for relief in this case, many of which have been repetitious and ultimately without merit, the Court does not find that an order requiring plaintiff to seek leave to file additional motions is warranted or appropriate at this time.  Accordingly, the Court DENIES counsel's request for a conference to address plaintiff's motion practice.  However, the Court GRANTS

counsel's alternative request for a one-cycle adjournment of plaintiff's motion to amend; the motion shall now be returnable on June 2, 2025.

The Court also DENIES counsel's request for an order regarding plaintiff's communication with counsel and clients. While the Court does not condone plaintiff's direct outreach to defense counsel's clients at their home addresses—and strongly encourages plaintiff to direct any case-related correspondence to counsel—there is no indication before the Court that plaintiff's communications to date have been threatening or harassing. Further, counsel has not pointed to any authority prohibiting a non-attorney, *pro se* plaintiff from communicating with represented individuals in connection with a case. Accordingly, the Court does not see a basis to interject at this time. The Court cautions, however, that it reserves the right to revisit the issue, as needed, if plaintiff continues to direct communications to counsel's clients.

**IT IS SO ORDERED** this **2nd** day of **May**, **2025**.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE