Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

May 1, 2025

Hon. J. Brendan Day, U.S.M.J.
US Dist. Ct. - DNJ
US Courthouse, Ct. Rm. 7E
402 E. State St.
Trenton, NJ 08608

**RECEIVED**

**MAY 07 2025**

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

     RE: Caleb L. McGillvary v. Rahmo Reiz
     Civil Action No. 3:22-cv-06430-MAS-JBD
     Hon. Michael A. Shipp, U.S.D.J.
     Hon. J. Brendan Day, U.S.M.J.

Dear Judge Day;

     Please accept this letter in lieu of a more formal brief in response to the April 28, 2025 letter by counsel for Defendant Rahmo Reiz ("Defendant") and Rutgers, the State University of New Jersey - University Correctional Healthcare ("Rutgers"); ECF 109. As grounds for this response, Plaintiff Caleb L. McGillvary ("Plaintiff") incorporates by reference his declaration filed herewith, and sets forth same fully herein; and also urges the following:

     Defendant's opposition to the motion for leave to amend relies on conclusory statements and bald assertions, and fails to dispute any of the facts nor applications of law thereto in the motion. Indeed, the Order of Judge Shipp specifically indicates that Plaintiff has alleged a medical malpractice claim, so the law of the case dictates that such a claim may be added. See ECF 36, pg. 9 ("Plaintiff's claim arises out of alleged dental mistreatment, an action covered by several more specific torts

1

including dental malpractice"); Id. at pg. 9-10 ("his claim cannot proceed as a battery claim. Instead, the claim is viable only as either a malpractice or similar claim"). Judge Shipp also made clear that "Plaintiff's remaining claims are all dismissed without prejudice"; Id. at pg. 14; indicating in his opinion that Plaintiff might be able to amend to add facts ascertained during discovery. Plaintiff has done just that.

Counsel for Defendant's April 28, 2025 letter asks for a gatekeeper order without making any attempt at a requisite showing of fact or supporting law; and also asks for an Order restricting Plaintiff from sending a request to non-parties Joel Bernhard and Samual Lopez pursuant to N.J.A.C. 13:30-8.7(e)(1), knowing full well that Plaintiff is entitled to do so aside and apart from this litigation under the following New Jersey law:

> 1.) "A contemporaneous, permanent patient record shall be prepared and maintained by a licensee for each person seeking or receiving dental services [...] Such records shall include, at a minimum: [...] the dates of each patient visit and an accurate description of all treatment or services rendered and the materials used at each visit [and] radiographs, if any, of a diagnostic quality and description of all diagnostic models made, identified with the patient's name and the date. If the radiographs are sent out of the dental office, the dentist shall retain the originals or a diagnostic copy of the radiographs in the patient record." N.J.A.C. 13:30-8.7(a)(5), (6);
>
> 2.) "Patient records, including all radiographs, shall be maintained for at least seven years from the date of the last entry." N.J.A.C. 13:30-8.7(d);
>
> 3.) "Licensees shall provide patient records to the patient ... upon receipt of a written request from a patient ... and within 14 days thereof, legible copies of the patient record including, if requested,

2

duplicates of models and copies of radiographs, shall
be furnished to the patient." N.J.A.C. 13:30-8.7(e)(1).

Counsel for Defendant has represented Rutgers in enough
8th Amendment and Malpractice lawsuits to know all the foregoing,
and their request for the Court to order that Plaintiff be unable
to contact a dentist pursuant to the NJ Administrative Code must
therefore be in bad faith. Plaintiff has included his letters to
Drs. Bernhard and Lopez as Exhibits A and B to the Declaration in
support of this motion.

Defendant's brief in opposition to the initial motion to
enforce subpoenas against Rutgers represented that "Dental charts
and X-rays ... do not exist beyond what may be included in
Plaintiff's [electronic] medical records." ECF 72, Pg. 3. And
during the January 30, 2025 conference, counsel for Defendant
represented to the Court, "So dental charts -- everything that we
have in connection with a dental examination, what the dentist or
the hygienist is doing is input into the EMR, the electronic
medical record. There are not separate documents that are kept,
separate dental charts." Transcript of the January 30, 2025
Teleconference, ECF 100 ("Conf. Trans.") pg. T20:20-24.

But the declaration of Dr. Andrew Youngblood, D.M.D.
shows that the briefing and the representation were false: there
WERE separate documents that are kept, in the "medical reference
file"; ECF 88.1 at para. 5; and a "paper medical chart"; Id. at
para. 9. This is in keeping with the requirements of New Jersey
law regarding the practice of dentistry in penal institutions:

3

"A complete medical record shall be maintained for each inmate [and] shall contain ... each health encounter with health care staff [and] laboratory, x-ray, and diagnostic studies." N.J.A.C. 10A:16-2.18.

It beggars belief that counsel would say after 100 cases defending this very client, in any semblance of good faith, that she wasn't aware of the existence of "separate documents that are kept, separate dental charts." Conf. Trans. pg. 20:24. Indeed, counsel has offered to provide the records to the Court in camera; ECF 105, pg. 2 n.1; yet has not produced these paper dental charts to Plaintiff to date, even after almost a full year of rigmarole. But now, under Defendant's retelling of the past year, Plaintiff's motions chasing these dental charts and x-rays are "duplicative"; despite the fault for noncompliance being entirely and squarely on Defendant, Rutgers, and NJDOC.

As set forth above, counsel did indeed gaslight and lie to the Court about the existence of paper charts separate from the EMR. The generation and retention process of Rutgers should be known to counsel like the back of her hand, after representing Rutgers in over 100 cases. In light of this familiarity and the Youngblood declaration, counsel's following representations couldn't possibly be in good faith:

> 1.) "x-rays, for whatever reason, are not kept in the normal course like a regular dentist. They look at them and that's what they address. So they then insert into the [electronic] medical chart whatever it is they see, assuming they had an x-ray. If they had an x-ray, it is explained in the electronic medical record, and that is what we have. That is what we keep." Conf. Trans. pg. T21:20-22:1.

4

2.) "There are not hard copy documents of the x-rays. So if an x-ray is taken, and they visually look at it on the screen or wherever it is, that is what the doctors use. We have been over this multiple times. And while I cannot dispute that the medical records indicate that x-rays were taken, I can confirm that x-rays are not kept in what a normal dentist's office outside of the prison is. We do not have hard copy copies of the x-rays that the dentists look at when they're treating the patient." Conf. Trans. pg. T23:19-24:2.

3.) "Anything that is input into the [electronic] medical records, you can read, but we do not have copies of what was seen." Conf. Trans. pg. T24:12-14.

The Court confirmed their understanding was in line with Plaintiff's: "It sounds to me as if -- as though the x-rays, as in the normal course, are not kept." Conf. Trans. pg. 26:1-3. So counsel is not just calling Plaintiff's understanding "unfounded and inappropriate"; and if that's not gaslighting, then the term as it's commonly understood has lost its meaning.

Counsel further insists that Plaintiff has filed duplicative and needless motions, despite the fact Plaintiff is incarcerated and has to file documents via regular and certified mail to ensure it gets to the Court. Counsel knows from prior litigation that the prison mail is often held up for weeks at a time, and so Plaintiff could file (and has filed) a motion in good faith, thinking that a reasonable time has elapsed since his efforts to secure compliance, only to have the response delivered after the motion has been docketed, with a postmark of two months prior. And indeed, Plaintiff has dutifully contacted counsel for defendant and for non-Parties NJDOC and Rutgers prior to every

5

motion he's filed, and only filed the motions after attempting to conference with them.

What shows the bad faith on their part, is that they make this argument after engaging in dilatory tactics themselves: any time they have provided documents after a request, for example the employee time sheets for Rahmo Reiz, they have done so only after a motion to compel has already been filed and then argued after the fact that the motion was extraneous. This repeated conduct demonstrates a pattern by counsel, not by Plaintiff, that is designed to delay and cost Plaintiff needless expenses in filing motions instead of timely providing requested documents.

Plaintiff therefore avers that Counsel for Defendant and Rutgers has lied to the Court in violation of D.N.J. L. Civ. R. 103.1, repeatedly, which subjects her to sanctions under D.N.J. L. Civ. R. 104.1(d), and under Fed. R. Civ. P. 11. Her request for a gatekeeper order against Plaintiff is designed to harass him for his lawful exercise of his rights under N.J.A.C. 13:30-8.7, the First Amendment, and the Federal Rules; and is part of a pattern of conduct designed to cause Plaintiff undue delay and needless expenses; and as such is grounds for sanctions under Local Rule 104.1(d) and Rule 11. Plaintiff avers that if the Court issues any order in response to the letter filed as ECF 109, it should be to impose sanctions against Counsel for Defendant and Rutgers for their bad faith conduct in repeatedly lying to the Court and engaging in abusive and harassive conduct.

6

If the Court elects to impose sanctions against Rutgers or its counsel under Rule 11, it should be noted that this is not the first time counsel for Defendant and Rutgers has committed fraud upon the Court. See Morganroth & Morganroth v. Norris, McLaughlin, & Marcus, PC, 331 F.3d 406, 414 (CA3 2003) ("the defendants knowingly made false representations in court proceedings"). Considering the judicially noticeable, longstanding policy of Norris McLaughlin to deceitfully mislead and outright lie to the federal courts; severe sanctions may indeed be proper against them in this case. See F.R.E. 406 (Evidence of routine organizational practice competent to show that agent acted in conformity therewith on a given occaison).

## CONCLUSION

Even if the Court doesn't severely censure counsel for defendant, it's inescapable that she lied to the Court not once, not twice, but at least 5 times on the cold record. Instead of owning up to her misconduct in doing so, she's trying to get a gatekeeper order against Plaintiff for calling her out on it. And this is just the latest instance of a pattern of Norris McLaughlin's fraud upon the Court going back 20 years. If the Court allows this type of shameless behavior to go unchecked, it will act as an invitation for others to do the same. For this reason, a reprimand on the record is the very least that should issue under D.N.J. L. Civ. R. 104.1(d) and Fed. R. Civ. P. 11; but Plaintiff respectfully urges the Court to go beyond this and impose the fullest and most severe measure of sanctions available under Local Rule 104.1(d) and Rule 11 against counsel for Defendant and Rutgers, Norris McLaughlin.

Respectfully Submitted,

Dated: 5/1/25

By: _____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

RECEIVED

MAY 0 7 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - ::J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>     PLAINTIFF<br><br>V.<br><br>RAHMO REIZ<br>     DEFENDANT | ) CIVIL ACTION NO.<br>) 3:22-cv-06430-MAS-JBD<br>) Hon. Michael A. Shipp, U.S.D.J.<br>) Hon. J. Brendan Day, U.S.M.J.<br>)<br>)<br>) |

DECLARATION IN SUPPORT OF REPLY TO LETTER, ECF 109
(Fed. R. Civ. P. 11, D.N.J. L. Civ. R. 104.1(d))

I, Caleb L. McGillvary ("Plaintiff"), hereby declare pursuant to 28 U.S.C. 1746 the following:

1.  I am the pro se plaintiff in the above-captioned matter.

2. Attached hereto as Exhibit A is a true and accurate of Plaintiff's request to Samual Lopez, D.M.D. pursuant to N.J.A.C. 13:30-8.7(e)(1).

3. Attached hereto as Exhibit B is a true and accurate of Plaintiff's request to Joel Bernhard, D.M.D. pursuant to N.J.A.C. 13:30-8.7(e)(1).

4. N.J.A.C. 13:30-8.7 requires dentists licensed to practice dentistry in the State of New Jersey to maintain a permanent record which includes x-rays and dental charts. This requirement is aside, apart, and in addition to the requirements

1

of N.J.A.C. 10A:16-2.18 to generate and maintain a medical reference file for prisioners in the custody of the NJ Department of Corrections.

5.  N.J.A.C. 13:30-8.7(e)(1) requires me to contact the licensed dentist directly to request the documents they are required to keep under N.J.A.C. 13:30-8.7(b).

6. Rutgers, the State University of New Jersey  - University Correctional Healthcare has not produced any of the dental charts nor x-rays referred to in "2"-"4" above to Plaintiff at any time, and so I am uncertain whether they are in possession of same. They have clearly indicated that they have lost the records they are required to keep as part of Title 10A of the NJ Administrative Code.

7. My brief perusal of Margaret Raymond-Flood's name on LEXIS reveals that she has represented Rutgers and its employees in no less than 100 cases. Based on this information, I believe that she is familiar with the requirements of N.J.A.C. 13:30-8.7 and for that reason has filed her letter at ECF 109 in bad faith and for purpose of harassing me.

I declare under penalty of perjury that all documents attached hereto are true and accurate copies of the originals.

I declare under penalty of perjury that the foregoing statements are true and accurate.

Executed this 1st day of _____May_____, 20 25

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

2

# EXHIBIT A

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

April 9, 2025

Samual Lopez
144 Meadow Road
Rutherford, NJ
07070

RE:REQUEST PURSUANT TO N.J.A.C. 13:30-8.7(e)(1)
FOR USE IN PREPARING AFFIDAVIT OF MERIT

Dr. Lopez;

Pursuant to N.J.A.C. 13:30-8.7(e)(1), I hereby request you to please provide me with duplicates of models and copies of all x-rays and dental charts made of my mouth for the period from 5/31/19 to the present, including but not limited to x-rays and dental charts made on June 11, 2019, January 7, 2020, on any dates in 2021, and on February 1, 2022.

Your attention to this matter is appreciated.

Kind Regards,

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE

# EXHIBIT B

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

April 9, 2025

Joel Bernhard
621 Old Dutch Road
Bedminster, New Jersey
07921

     RE:REQUEST PURSUANT TO N.J.A.C. 13:30-8.7(e)(1)
       FOR USE IN PREPARING AFFIDAVIT OF MERIT
Dear Mr. Bernhard;

     Pursuant to N.J.A.C. 13:30-8.7(e)(1), I hereby request you to please provide me with duplicates of models and copies of all x-rays and dental charts made of my mouth for the period from 5/31/19 to the present, including but not limited to x-rays and dental charts made on June 11, 2019, January 7, 2020, on any dates in 2021, and on February 1, 2022.

     Your attention to this matter is appreciated.

                    Kind Regards,

                    Caleb L. McGillvary
                    In Propria Persona

ENCL:
CC: FILE