|  |  |
|---|---|
| CALEB L. MCGILLVARY, | **UNITED STATES DISTRICT COURT** |
| Plaintiff, | **FOR THE DISTRICT OF NEW JERSEY** |
| v. | CASE NO. 3:22-06430-MAS-JBD |
| RAHMO RIEZ, et al., | DOCUMENT ELECTRONICALLY FILED |
| Defendant. | **Returnable: June 2, 2025** |

**BRIEF OF DEFENDANTS RAHMO REIZ, RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, XIANGRONG ZHOU, JOEL BERNHARD, KELITTA MOSELY-MASSENAT, AND SAMUEL LOPEZ IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, A SUPPLEMENTAL COMPLAINT**

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendants*

On the Brief:
    Margaret Raymond-Flood, Esq.
    Matthew C. Wells, Esq.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL ARGUMENT ........................................................................................................... 3

    POINT 1 PLAINTIFF HAS NOT ESTABLISHED A BASIS TO AMEND THE COMPLAINT OR FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a) OR 15(d) ............................................. 3

        A.    Plaintiff's Motion Should be Denied for Failure to Satisfy Rule 15(a)(2) ..................................................................................................... 3

            i.    Futility ................................................................................................ 4

                a.    To the extent Plaintiff's proposed claims relating to the audio recording of his deposition are directed at Reiz, it would be futile to allow such amendment. ............. 5

                b.    Plaintiff's previously dismissed claims for Eighth Amendment delay, conspiracy, intentional infliction of emotion distress, intentional or malicious harm, offensive physical contact, computer tampering, concealment or destruction of evidence First Amendment, Fifth Amendment, Fourteenth Amendment, doctor's failure to aid patient's lawsuit, Federal Civil RICO, and punitive damages claims must be dismissed. ............................................................ 7

            ii.    Undue Delay ................................................................................. 8

            iii.    Prejudice ..................................................................................... 12

        B.    Plaintiff's Motion for Leave to File a Supplemental Complaint Should be Denied. ........................................................................................ 14

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

Adams v. Gould, Inc.,
  739 F.2d 858 (3d Cir.1984)...................................................................................................12

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).................................................................................................................4

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007).................................................................................................................4

Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.,
  573 F.2d 820 (3d Cir. 1978)...................................................................................................12

Cureton, National Collegiate Athletic Ass'n, 252 F.3d 267 273 (3d Cir. 2001) .......................12, 14

Digene Corp. v. Ventana Medical Systems, Inc.
  476 F. Supp. 2d 444 .............................................................................................................6, 7

Foman v. Davis,
  371 U.S. 178 (1962).................................................................................................................3

Fraser v. Nationwide Mut. Ins. Co.,
  352 F.3d 107 (3d Cir. 2003).....................................................................................................9

Hassoun v. Cimmino,
  126 F. Supp. 2d. 353 (D.N.J. 2000) .......................................................................................14

In re Burlington,
  114 F.3d 1410 (3d Cir. 1997)...................................................................................................4

Mickell v. Geroulo,
  2020 WL 13916761 (M.D. Pa. Jun. 5, 2020)...........................................................................6

Mullin v. Balicki,
  875 F.3d 140 (3d Cir. 2017).................................................................................................3, 8

Murse v. Murse
  2024 WL 1739295 (D.N.J. Apr. 23, 2024) ..............................................................................6

Rolo v. CityInvesting Co. Liquidating Trust,
  155 F.3d 644 (3d Cir. 1998)...................................................................................................12

Rouse v. Plantier,
  182 F.3d 192 (3d Cir. 1999).....................................................................................................8

## FEDERAL STATUTES

28 U.S.C. § 2017(b) .................................................................................................................. 6

28 U.S.C. § 2072(b) .................................................................................................................. 6

RICO ......................................................................................................................................... 7

## RULES

Fed. R. Civ. P. 5(d)(1)(A) ......................................................................................................... 5

FED. R. CIV. P. 15(a) .......................................................................................................... 3, 14

FRCP. 15(d) .............................................................................................................................. 3

FRCP. 30 ............................................................................................................................... 6, 7

FRCP 30(f)(3) ....................................................................................................................... 5, 6

Rule 12(b)(6) ............................................................................................................................ 4

Rule 15 ..................................................................................................................................... 3

Rule 15(a)(2) ............................................................................................................................ 3

## CONSTITUTIONAL PROVISIONS

First Amendment ...................................................................................................................... 7

Fifth Amendment ...................................................................................................................... 7

Eighth Amendment ................................................................................................................... 7

Fourteenth Amendment ............................................................................................................ 7

First, Fifth, and Fourteenth Amendments ................................................................................. 7

Defendant University Correctional Health Care, a constituent unit of Rutgers, the State University of New Jersey ("Rutgers"), Xiangrong Zhou, Joel Bernhard, Kelitta Mosely-Massenat, Samuel Lopez (the "Dismissed Defendants"), and Rahmo Reiz ("Reiz") (with Dismissed Defendants, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff, Caleb L. McGillvary's ("Plaintiff") motion for leave to file a Second Amended Complaint or, in the alternative, a Supplemental Complaint. For the reasons stated herein, Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

On November 20, 2023, the Court dismissed nearly all of the claims and parties raised in Plaintiff's First Amended Complaint ("FAC") except a claim for deliberate indifference against Defendant Reiz. The single remaining claim for deliberate indifference alleged that Reiz, a dental hygienist, intentionally broke Plaintiff's tooth for profit. Plaintiff and Reiz then engaged in discovery for a year and a half, which included written requests and responses, documents produced in response to non-party subpoenas, completion of Plaintiff's deposition, and a number of duplicative discovery motions filed by Plaintiff, some of which are still pending. Now, a year and a half after dismissal of all but one of his claims against one individual Defendant, Plaintiff belatedly seeks leave to amend and/or supplement his FAC, based on the fiction that he has obtained new information permitting him to do so. While unclear, it appears that Plaintiff attempts to reassert the same 11 causes of action that were previously raised against Reiz and the Dismissed Defendants, add as a new defendant a court reporter who transcribed Plaintiff's deposition in this case, and add an additional claim entitled "negligence, fraudulent concealment, and/or medical malpractice per se, based on destruction of x-rays."

1

As discussed further herein, Plaintiff's motion should be denied for a variety of reasons. First, Plaintiff's Proposed Second Amended Complaint ("Proposed SAC") seeks to revive all 11 of the causes of action dismissed by this Court in 2023, without the addition of any new facts to cure the deficiencies noted by the Court in its November 20, 2023, opinion. In fact, most of the Proposed SAC is simply a copy and paste of the FAC, and it still fails to state a claim for relief. Plaintiff should not be allowed to amend the complaint with the same allegations that were already dismissed by this Court. Allowing Plaintiff to bring those claims back in without new allegations would be futile because the Court has already dismissed those claims (other than the deliberate indifference claim against Reiz).

Plaintiff also seeks to add a claim against a new defendant, Lori N. Lewkowitz ("Lewkowitz"), the independent court reporter who transcribed Plaintiff's January 22, 2023 deposition relating to the alleged destruction of the audio recording of his deposition testimony.[1] Not only is this claim based solely on Plaintiff's imagination, but it is also predicated on an alleged violation of the Federal Rules of Civil Procedure, for which it is well-settled that private causes of action do not exist.

Moreover, Plaintiff's request to add a new claim alleging negligent, fraudulent concealment, and/or medical malpractice *per se* should be denied for undue delay. Plaintiff's supposed reliance on the February 19, 2025 Declaration of Andrew Youngblood, D.M.D. (the "Youngblood Decl."), setting forth the general policies and practices for generating and retaining x-rays at New Jersey State Prison ("NJSP"), is a red herring intended to confuse the Court into believing Plaintiff only recently obtained necessary information to be able to amend his FAC. As discussed below, none of Plaintiff's new claims reasonably arise from anything set forth in the

---

[1] It is unclear whether this claim is also directed at Reiz.

2

Youngblood Decl. In fact, the new allegations are not based on any factual support obtained in discovery, but solely on Plaintiff's beliefs that he has had since the inception of this lawsuit.

Finally, Plaintiff's motion should be denied on the grounds that allowing his proposed amendments would unduly delay this matter even further and prejudice Defendants. Not only is discovery nearly completed between Plaintiff and Reiz, but this case proceeded for a year and a half without the Dismissed Defendants as parties, so allowing Plaintiff to file the Proposed SAC would essentially restart discovery. Reiz, the only remaining Defendant, is entitled to closure, which Plaintiff should not be permitted to delay simply because he finally decided on a last-minute attempt to amend his long-dismissed claims.

## LEGAL ARGUMENT

## POINT 1

## PLAINTIFF HAS NOT ESTABLISHED A BASIS TO AMEND THE COMPLAINT OR FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a) OR 15(d)

### A.   Plaintiff's Motion Should be Denied for Failure to Satisfy Rule 15(a)(2)

Leave to amend is governed by Rule 15, "Amended and Supplemental Pleadings," which generally conditions amendment on the court's leave or the opposing party's written consent. Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017). In determining whether leave to amend might reasonably be denied, courts are guided by factors identified in Foman v. Davis, 371 U.S. 178, 83 (1962). Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility. Id. Defendants address the relevant factors below.

### *i.     Futility*

"Futility" means that the amended complaint would fail to state a claim upon which relief could be granted. In re Burlington, 114 F.3d 1410, 1434 (3d Cir. 1997). In determining "futility," the district court applies the standard under Rule 12(b)(6). Id.

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (citing Twombly, 550 U.S. at 556). The plausibility standard requires showing more than "a sheer possibility that a defendant has acted unlawfully." Id. Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "If the plaintiff 'ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Id. at 547. Plaintiff's attempts to reassert the same claims against the already Dismissed Defendants with no new allegations are clearly futile, since the Court has already ruled and dismissed them.

In addition, Plaintiff's fraudulent or negligent concealment claim, to the extent this claim is also directed at Reiz, does not meet this standard as set forth below.

>       a.  **To the extent Plaintiff's proposed claims relating to the audio recording of his deposition are directed at Reiz, it would be futile to allow such amendment.**

It is unclear whether Plaintiff's claim for negligent and/or fraudulent concealment of evidence relating to the alleged audio recording of Plaintiff's deposition transcript is directed at Reiz. To the extent it is, Plaintiff's motion for leave to assert this claim should be denied as futile.

These proposed claims are predicated on the pure fiction that Plaintiff's January 22, 2025 deposition was audio-recorded in the first place. Plaintiff erroneously suggests that Defendant's counsel represented that Plaintiff's deposition would be audio recorded, and that Plaintiff relied on such representation because the proposed Order to take Plaintiff's deposition—which was approved and entered by the Court (ECF No. 83)—did not state that the deposition would be audio recorded. To the contrary, the Proposed Order (ECF No. 80), merely included audio recording equipment, among other things, as devices that would be permitted into New Jersey State Prison ("NJSP"). The Order, which is required to take a deposition within New Jersey State Prison, a secured facility, did not state that the deposition would be audio recorded. Id.

As set forth in the April 21, 2025 Declaration of Margaret Raymond-Flood, Esq. (ECF No. 104-1) submitted in opposition to Plaintiff's motion to suppress his deposition transcript (ECF No. 97), counsel for Reiz advised Plaintiff during the deposition, that audio recording would be provided to Plaintiff *only if possible*. As we have not been able to obtain any such audio recording, it follows that we could not provide it to Plaintiff.[2]

---

[2] Plaintiff's argument and allegation that Reiz was required to file Plaintiff's deposition with the Court is entirely misplaced. See Proposed SAC, ¶ 112; Plaintiff's Brief, pp. 7-8. Fed. R. Civ. P. 30(f)(3) merely provides that *when* a party files a deposition they must promptly give notice to the other parties. However, Fed. R. Civ. P. 5(d)(1)(A) explicitly states that depositions "must not be filed until they are used in the proceeding or the court orders filing." As Reiz has not yet used Plaintiff's deposition in this proceeding, and the Court has not Ordered that the transcript be filed, Reiz is under no obligation to file it with the Court.

5

But even if the audio of Plaintiff's deposition were recorded, the Plaintiff's Proposed SAC fails to state a claim for either negligent or fraudulent concealment of evidence, and accordingly, Plaintiff's motion should be denied.

To the extent Plaintiff is somehow seeking to hold Reiz responsible for the alleged failure to retain audio of Plaintiff's deposition, Plaintiff has not established, because he cannot, that Reiz or Lewkowitz owed him any duty beyond what is required under the Federal Rules of Civil Procedure. In fact, Plaintiff specifically alleges that Lewkowitz's duty to retain the alleged audio recording "attached" under FRCP. 30. See Proposed SAC, ¶ 109. Even if, assuming the audio recording existed at all, and Lewkowitz's (or Reiz's) failure to retain it somehow constituted a violation of FRCP 30(f)(3), Plaintiff has no viable cause of action on this basis. Violations of the Federal Rules of Civil Procedure do not give rise to a private cause of action. See 28 U.S.C. § 2017(b) ("[rules of procedure] shall not abridge, enlarge or modify any substantive right...."); see also Murse v. Murse 2024 WL 1739295 at *1, n. 2 (D.N.J. Apr. 23, 2024) (finding that violation of the Federal Rules of Civil Procedure do not create a private cause of action); Mickell v. Geroulo, 2020 WL 13916761 at *4 (M.D. Pa. Jun. 5, 2020) ("it is well-established that there is no private cause of action for a violation of the Federal Rules of Civil Procedure."); Digene Corp. v. Ventana Medical Systems, Inc. 476 F. Supp. 2d 444, 451-52 (discussing 28 U.S.C. § 2072(b) and finding that "courts have uniformly interpreted this language to mean that a failure to comply with the Federal Rules cannot create a private right of action.").

In Digene, the plaintiff argued that its "conspiracy to evade discovery obligations" claim did not arise from a perceived private right of action under the Federal Rules of Civil Procedure, but was rather a part of the defendants' conspiracy to interfere with the plaintiff's business opportunities. Id. at 452. The Court rejected that argument finding that the plaintiff "has not

6

identified anything other than discovery obligations under the Federal Rules of Civil Procedure as the basis for its claim of conspiracy to evade ... discovery obligations. Because the Federal Rules of Civil Procedure do not create a private cause of action, Digene's claim of civil conspiracy to evade discovery obligations necessarily fails." Id.

Similarly here, Plaintiff has failed to identify anything other than FRCP 30 as the basis for the purported obligation to retain and/or provide him with any audio recording of his deposition, and as a result, his negligent and/or fraudulent concealment claim must fail.

   **b.** **Plaintiff's previously dismissed claims for Eighth Amendment delay, conspiracy, intentional infliction of emotion distress, intentional or malicious harm, offensive physical contact, computer tampering, concealment or destruction of evidence First Amendment, Fifth Amendment, Fourteenth Amendment, doctor's failure to aid patient's lawsuit, Federal Civil RICO, and punitive damages claims must be dismissed.**

Plaintiff's Proposed SAC purports to revive Plaintiff's claims for (1) delay in treatment in violation of the Eighth Amendment, (2) conspiracy, (3) intentional infliction of emotion distress, (4) intentional or malicious harm, (5) offensive physical contact, (6) computer tampering, (7) concealment or destruction of evidence, (8) violations of the First, Fifth, and Fourteenth Amendments, (9) doctor's failure to aid patient's lawsuit, (10) Federal Civil RICO, and (11) punitive damages. The Court dismissed each of these claims by way of Order and Opinion dated November 20, 2023 (ECF Nos. 36 and 37), finding that Plaintiff failed to state a claim for relief. Accordingly, that ruling precludes Plaintiff from realleging the same claims now under the guise of a motion to amend his complaint.

The Proposed SAC adds no additional facts in support of these dismissed claims, and Plaintiff has advanced no arguments to explain why he should be permitted to replead them here. Therefore, in the interest of judicial economy, Defendants will not rehash their prior arguments for

dismissal of these claims, and will instead rely on and incorporate herein the arguments raised in Defendants' motion to dismiss the First Amended Complaint ("FAC") (ECF Nos. 28 and 35) and the Court's findings set forth in its November 20, 2023 Opinion (ECF No. 36).

The only new fact added to the Proposed SAC is the allegation in support of Plaintiff's deliberate indifference delay claim, that the COVID-19 lockdown ended on January 25, 2025, one and a half months before Bernhard performed the filling on Plaintiff's tooth. But even with this additional fact, the Proposed SAC fails to allege deliberate indifference for delaying treatment.

Courts have held that delaying medical treatment can constitute deliberate indifference if such delays are based on non-medical reasons. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Here, Plaintiff has failed to allege that any such delay was motivated by non-medical reasons, or any other facts to establish that (assuming as true that the lockdown was lifted on January 25, 2022) the month and a half it took to perform Plaintiff's filling immediately following a prison-wide lockdown amounts to deliberate indifference. As this Court observed, Defendants Lopez and Bernhard monitored Plaintiff's issue, and repaired it once external circumstances—the COVID lockdowns—permitted them to do so. ECF No. 36, pg. 7. Accordingly, this supposed new fact does not change the basis for dismissing that claim.

### ii.     *Undue Delay*

"The 'undue delay' factor recognizes that a gap between when amendment becomes possible and when it is actually sought can be grounds to deny leave to amend." Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017) "While simple delay cannot justify denying leave to amend by itself, delay that is 'undue'—a delay that is protracted and unjustified—can place a burden on the court or counterparty or can indicate a lack of diligence sufficient to justify a discretionary denial of leave." Id. 'As there is 'no presumptive period in which ... delay becomes "undue,"' the

8

'question of undue delay requires that [Courts] focus on the movant's reasons for not amending sooner." "While this Rule also states that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that…the moving party has demonstrated undue delay." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003).

Plaintiff's request for leave to amend his pleading to assert claims relating to the alleged destruction of x-rays (Proposed SAC ¶¶ 86-104) should be denied for undue delay.[3] Despite Plaintiff's attempt to convince this Court that he could not have moved to amend his Complaint earlier, Plaintiff has had all the information necessary to do so in his possession since prior to the inception of this case. Indeed, Plaintiff alleged in his FAC that Defendants withheld and/or destroyed medical records. See FAC, ¶¶ 35; 68-70.

Plaintiff's reliance on the February 19, 2025 Declaration of Andrew Youngblood, D.M.D. (the "Youngblood Decl.") is a red herring to distract from the fact that Plaintiff could have moved to amend his pleading at any point after the Court's Order dismissing all but one claim in 2023. The majority of the Youngblood Decl. discusses, in *general terms*, Rutgers policy and procedure for the generation and retention of dental x-rays at NJSP. See ECF No. 88-1. The only paragraph therein that relates to Plaintiff specifically states that Rutgers was unable to locate any x-rays in Plaintiff's paper medical file. Id. at ¶ 9. This statement provides no new information, as Plaintiff already believed and alleged—at least as of the filing of this FAC—that his records had been tampered with. Plaintiff is using the general policy information set forth in the Youngblood Decl. to weave a tale of the destruction of x-rays, under the guise of being "new information" without

---

[3] Plaintiff also alleges the destruction of "dental charts." As previously explained to Plaintiff and to the Court, any "dental charts" are contained within Plaintiff's electronic medical record.

9

which he could not have amended his Complaint sooner. This is not new, since Plaintiff's FAC alleged that Plaintiff already believed that certain medical records relating to specific dental visits on specifically alleged dates were withheld and/or destroyed. As Plaintiff believed that Defendants destroyed or altered his medical records, he could have raised his "per se medical malpractice" claims in the FAC or moved for reconsideration of the November 20, 2023 dismissal or moved to amend far sooner than 18 months later, after the completion of discovery.

Moreover, the Court dismissed the first set of allegations of Plaintiff's concealment of evidence claim. Observing Plaintiff's allegation that his records were "altered or changed," the Court found that it allegedly "occurred before Plaintiff filed his complaint in this matter, and thus, before any legal obligation of discovery could be said to have arisen." ECF No. 36, pg. 10-11. To cure this deficiency, the Proposed SAC simply invents new "facts" suggesting the concealment of evidence occurred after the litigation was filed. Specifically, Plaintiff now alleges that on October 6, 2022, Lopez, Reiz, and Bernhard met and agreed to destroy Plaintiff's x-rays and dental charts. Proposed SAC ¶ 94. Nothing was produced in discovery to support this new allegation, and Plaintiff does not reference any information in discovery to support this new theory. Plaintiff also alleges, without referring to any new factual support or discovery, that "on a date between the filing of this action on November 2, 2022 and the provision of less than all of Plaintiff's medical records on November 11, 2022," either Lopez, Reiz, or Bernhard accessed Plaintiff's medical records to destroy Plaintiff's x-rays and dental charts. Id. ¶¶ 96-98.

In addition to his erroneous reliance on the Youngblood Decl., Plaintiff relies on nebulous "facts personally known to [him], the facts reasonably implied" from the "totality of the circumstances," and the "facts adduced during discovery thus far." See ECF No. 101-1, Plaintiff's April 9, 2025 Declaration, ¶ 12. Plaintiff fails to explain what either the facts "personally known

10

to him" or those implied from "totality of the circumstances" even are, nor does he identify what facts were adduced from what discovery. Again, nothing was produced in discovery to support these new allegations, and nothing in the Youngblood Decl. provided Plaintiff with "newly discovered information" to support these untimely new allegations. The Proposed SAC is simply a bad faith attempt to untimely revive his dismissed claims. Plaintiff's suggestion that "newly discovered information" finally allowed him to do so is a pure fabrication, and he has provided no citation or reference to any such information, since it simply does not exist.

Even if Plaintiff lacked some necessary information as of filing his FAC, Reiz served discovery responses that provided Plaintiff with his medical records more than a year ago on or about January 11, 2024. See May 19, 2025 Declaration of Margaret Raymond-Flood, Esq. ("MRF Decl."), ¶. 3, Exhibit A. These records were provided shortly after the Court dismissed most of Plaintiff's FAC, and included all the information necessary for Plaintiff to assert claims relating to any records he believes are missing and/or were withheld. Plaintiff thereafter served Reiz a discovery deficiency letter dated January 18, 2024, again requesting the subject x-rays. MRF Decl., ¶ 4, Exhibit B. Reiz responded that no medical records existed beyond what was already produced to Plaintiff. MRF Decl., ¶ 5, Exhibit C. Plaintiff then served a subpoena on Rutgers seeking, *inter alia*, the subject x-rays, to which Rutgers similarly responded on or about Oct. 4, 2024, that it was not in possession thereof. MRF Decl., ¶ 6, Exhibit D.

Rather than seek leave to amend his Complaint, Plaintiff chose to delay this matter by subjecting both Defendant and Rutgers to various motions seeking to compel production of documents Plaintiff was repeatedly told do not exist. (See ECF Nos. 41, 43, 66, and 93). Plaintiff's various discovery demands and related motions demonstrate that Plaintiff was in possession of the relevant medical information at least 7 months ago, when Rutgers confirmed in response to

11

Plaintiff's subpoena that it was not in possession the subject x-rays. Plaintiff should not be allowed now, after discovery is nearly complete, to add new claims or reallege the already dismissed claims.

Plaintiff also seeks to amend his Complaint to replead his deliberate indifference claims against Lopez and/or Bernhard relating to the alleged delay of treatment to his tooth. Plaintiff has offered no additional facts to support this claim, except to allege that the COVID-19 lockdown in the prison ended on January 25, 2022, approximately oneandahalf months before Bernhard performed a filling on Plaintiff's tooth. See Proposed SAC, ¶ 106. However, no additional facts related to the lifting of the COVID-19 lockdown have been revealed in discovery, and Plaintiff offers no other explanation as to why the Court should reinstate claims against two of the Dismissed Defendants that were dismissed nearly two years ago.

Accordingly, Plaintiff's motion should be denied for undue delay.

### iii.   *Prejudice*

The courts recognize that at some point, the delay in amending a complaint "will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.1984). The issue of prejudice requires the court to focus on what hardship falls to the non-moving party if the amendments were permitted. Id.  The courts have considered whether allowing the amendments would result in additional discovery, cost, and preparation to defend against new facts and or theories. Cureton, National Collegiate Athletic Ass'n, 252 F.3d 267 273 (3d Cir. 2001); see also Rolo v. CityInvesting Co. Liquidating Trust, 155 F.3d 644, 655 (3d Cir. 1998) (finding duration of case and substantial effort and expense in resolving underlying motion to dismiss could constitute prejudice to defendants); Cornell & Co., Inc. v. Occupational Safety & Health Review

12

Comm'n., 573 F.2d 820, 823-24 (3d Cir. 1978) (finding prejudice because proposed amendment changed legal and factual basis of claim).

The matter here has been pending since November 2, 2022 (ECF No. 1). On November 20, 2023, the Court dismissed all but one claim, and all defendants except for Reiz. (ECF Nos. 36 and 37). Plaintiff thereafter undertook no efforts to cure the deficiencies identified by the Court in Plaintiff's FAC. The parties thereafter proceeded with written discovery. Now, with written discovery nearly complete (but for Plaintiff's relentless motion practice), Plaintiff's deposition complete, and after Reiz (and dismissed Rutgers) have been forced to defend against Plaintiff's yearandahalf long campaign of meritless discovery motions, Plaintiff seeks to essentially re-start this litigation, not only by reviving old claims and Dismissed Defendants, but also by adding new claims and defendants without good cause to do so.

First, Plaintiff seeks to add Lewkowitz, the court reporter who transcribed Plaintiff's deposition, based on alleged conduct relating to Plaintiff's deposition that is wholly unrelated to Plaintiff's underlying claims. If Plaintiff's motion is granted, the addition of Lewkowitz will necessitate an entirely new line of discovery—discovery that has no bearing either on Plaintiff's underlying claims nor Defendant's defense thereof, and would serve only to unnecessarily prolong his case.

Moreover, Defendants Lopez, Bernhard, Zhou, Mosely-Massenat, and Rutgers have been dismissed from this case for nearly two years. Following their dismissal on Nov. 20, 2023, discovery proceeded, without them as parties and with no focus on the claims against them. Nevertheless, despite this 2022 case nearing the close of discovery pending the Court's issuance of a revised scheduling order, Plaintiff now seeks to drag these long-Dismissed Defendants back into this case based on the same allegations the Court has already determined are insufficient to

13

state a claim for relief. Additionally, discovery will essentially have to "start over," and Plaintiff will no doubt seek to serve new written discovery demands on the Dismissed Defendants.

"[T]he obligation of the district court in its disposition of the motion is to articulate the prejudice caused by the delay and to balance those concerns against the reasons for the delay." Cureton, 252 F.3d at 276. Here, Reiz (as well as the Dismissed Defendants) will be prejudiced by yet additional discovery and costs associated with additional motion practice and subsequent deposition.

### B.     Plaintiff's Motion for Leave to File a Supplemental Complaint Should be Denied.

Plaintiff seeks, in the alternative, leave to file a supplemental complaint. Similarly to motions to amend pursuant to FRCP 15(a), motions for leave to file a supplemental complaint should be denied upon a showing of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility. Hassoun v. Cimmino, 126 F. Supp. 2d. 353, 361 (D.N.J. 2000). Therefore, Plaintiff's request for leave to file a supplemental complaint should be denied for the same reasons, set forth above, for which his request to file a Second Amended Complaint should be denied.

Further, Courts may also deny leave to file a supplemental complaint when the supplemental facts do not relate to the original pleading. Id. Here, because Plaintiff's new claims relating to the audio recording of his deposition are wholly unrelated to his underlying claims set forth in either his original or First Amended Complaints, and Plaintiff already possessed the information that he now incorrectly asserts to be "new," Plaintiff should not be permitted to supplement his FAC with these claims.

## CONCLUSION

Accordingly, for all the foregoing reasons, Plaintiff's motion for leave to file an amended complaint or, in the alternative, to file a supplemental complaint, should be denied.

Dated: May 19, 2025

                                          **NORRIS McLAUGHLIN, P.A.**
                                          *Attorneys for Defendants*

                                          By: */s/ Margaret Raymond-Flood*
                                          Margaret Raymond-Flood
                                          400 Crossing Blvd., 8th Floor
                                          Bridgewater, NJ 08807
                                          t: (908) 252-4228
                                          e: mrflood@norris-law.com