**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
Matthew C. Wells, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendants*

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, | : | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:22-06430-MAS-JBD |
| | : | DOCUMENT ELECTRONICALLY FILED |
| RAHMO RIEZ, et al., | : | |
| Defendant. | : | **DECLARATION OF MARGARET RAYMOND-FLOOD, ESQ. IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, A SUPPLEMENTAL COMPLAINT** |

I, Margaret Raymond-Flood, Esq., declare under penalty of perjury pursuant to 20 U.S.C. §1746:

1.      I am an attorney at law in the State of New Jersey and a Member with the law firm of Norris McLaughlin, P.A. ("NM"). NM has been retained by Rutgers, the State University of New Jersey ("Rutgers") to represent Rutgers, Xiangrong Zhou, Joel Bernhard, Kelitta Mosely-Massenat, Samuel Lopez (the "Dismissed Defendants"), and Rahmo Reiz ("Reiz") (with Dismissed Defendants, "Defendants"). As such, I have knowledge of the facts set forth herein based on my personal knowledge and/or my review of NM's file for this matter, which is maintained in the ordinary course of business.

2.      I make this Declaration in support of Defendants' opposition to Plaintiff, Caleb L. McGillvary's ("Plaintiff") motion for leave to file a Second Amended Complaint or, in the alternative, a Supplemental Complaint. (ECF No. 101).

3.      Reiz served discovery responses that provided Plaintiff with his medical records more a year ago on or about January 11, 2024. Attached hereto as **Exhibit A** is a true and correct copy of Reiz's January 11, 2024 Responses to Plaintiff's First Request for Documents.

4.      Plaintiff thereafter served Defendant a discovery deficiency letter dated January 18, 2024, again requesting the subject x-rays. Attached hereto at **Exhibit B** is a true and correct copy of Plaintiff's January 18, 2024 Deficiency Letter

5.      Reiz responded that no medical records existed beyond what was already produced to Plaintiff. Attached hereto at **Exhibit C** is a true and correct copy of Reiz's February 29, 2024 Response to Plaintiff's Deficiency Letter.

6.      Plaintiff then served a subpoena on Rutgers seeking, *inter alia*, the subject x-rays, to which Rutgers similarly responded on or about October 4, 2024, that it was not in possession thereof. Attached hereto as **Exhibit D** is a true and correct copy of Rutgers' October 4, 2024 Responses to Plaintiff's Subpoena.

I declare under penalty of perjury that the foregoing is true and correct.


                                                    */s/ Margaret Raymond-Flood*
                                                    Margaret Raymond-Flood

Dated: May 19, 2025

# EXHIBIT A

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, | : | **UNITED STATES DISTRICT COURT** |
| Plaintiff, | : | **FOR THE DISTRICT OF NEW JERSEY** |
| v. | : | CASE NO. 3:22-06430-MAS-JBD |
| RAHMO REIZ, et al., | : | DOCUMENT ELECTRONICALLY FILED |
| Defendant. | : | **DEFENDANT RAHMO REIZ'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO:    Caleb L. McGillvary
       SBI #000102317G
       New Jersey State Prison
       600 Cass Street
       Trenton, New Jersey 08611

SIR:

     Pursuant to Rule 34, Defendant, Rahmo Reiz ("Defendant"), hereby responds to Plaintiff's

First Request for Documents as set forth below.

                    **NORRIS, McLAUGHLIN, PA**

                    By: */s/ Margaret Raymond-Flood*

Dated: January 11, 2024          Margaret Raymond-Flood

## <u>CONDITIONS</u>

These responses are made without waiver of and with preservation of:

1.      All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2.      The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3.      The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4.      The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5.      Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS TO REQUESTS

A.     Defendant objects to each request to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B.     Defendant objects to each request to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C.     Defendant objects to each request to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D.     Defendant objects to each request to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E.      Defendant objects to each request to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which she has no control.

F.      Defendant objects to each request to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Defendant to unreasonable burden and expense. To the extent the response to any request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G.      Defendant objects to each request to the extent that it seeks a legal conclusion.

H.      Defendant objects to each request to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I.      Defendant objects to each request to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J.      Defendant objects to each request to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K.      Defendant objects to each request to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less burdensome or expensive source, or that the undue burden or expense of compiling the requested

information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Requests of Plaintiff. Defendant intends to abide by their obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify their position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## DOCUMENT REQUESTS

1.      A complete and legible copy of the Plaintiff's dental records, including, but not limited to, admitting records, admitting history and physical, case records, discharge summary, medical record summaries, consultations, radiology reports, x-rays, reports concerning any diagnostic, pathological tests, laboratory tests, lab slips, requests for consultations, intake and output records, physicians orders and progress notes, nurses notes, therapy records, patient evaluation forms, and all other hospital notes, charts, documents, and memoranda pertaining to the dental treatment of Caleb L. McGillvary at New Jersey State Prison, and at any other inpatient medical care facility which Caleb L. McGillvary received treatment for the alleged injuries that are the subject matter of this action.

**RESPONSE:  Defendant objects to this request as overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to the terms "admitting records," "admitting history and physical," "case records," and "lab slips," as vague and undefined.  Defendant further objects to this request to the extent it seeks documents or information not within Defendant's care, custody or control. Subject to and without waiving the foregoing or General Objections, Defendant refers Plaintiff to his medical records produced herewith bearing Bates Stamps MED000001 to MED000340. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

2.      Any and all medical reports, medical and office records, x-rays, consultations and transcripts, or hospital case histories of any doctor (including, but not limited to any dentist, physician, medical doctor, dental hygienist, or nurse) evaluating to treating Caleb L. McGillvary for the alleged injuries that are the subject matter of this action.

**RESPONSE:  Defendant objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the term "hospital case histories" as vague and undefined. Defendant further objects to this request to the extent it seeks information not within Defendant's care, custody, or control. In addition, Defendant objects to this request as duplicative of prior requests. Subject to and without waiving the foregoing or General Objections, Defendant refers Plaintiff to his medical records produced herewith bearing Bates Stamps MED000001 to MED000340, to the extent they contain information responsive to this request. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

3.      Any written reports, notations, or documents received by, or in the possession, custody, or control of; you or your counsel from any physician or other health care professional who has evaluated the condition of Caleb. L. McGillvary or who has rendered an opinion regarding Caleb L. McGillvary's condition or the treatment Caleb L. McGillvary received from the defendant, Rahmo Reiz, and who may be expected to render an opinion regarding any issue raised by the complaint by way of testimony at the time of trial.

**RESPONSE:  Defendant objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege.**

**In addition, Defendant objects to this request as duplicative of prior requests and objects to the extent it seeks information not within Defendant's care, custody, or control. Moreover, to the extent this request seeks the identification of expert witnesses Defendant intends to call at the time of trial, Defendant objects to this request as premature, and states that Defendant has not retained an expert in connection with this matter. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession other than what may be included in Plaintiff's medical records produced herewith bearing Bates Stamps MED000001 to MED000340. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

4.    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:  Defendant objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege. In addition, Defendant objects to this request to the extent it seeks documents or information not within Defendant's care, custody, or control. Subject to and without waiving the foregoing or General Objections, none other than Plaintiff's medical records produced herewith bearing Bates Stamps MED000001 to MED000340. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

5.    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control which relate to the dental care, diagnosis or treatment of Plaintiff for the period of May 31, 2019 until the present.

**RESPONSE: Defendant objects to this request as overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks documents or information not within Defendant's care, custody or control. Subject to and without waiving the foregoing or General Objections, Defendant refers Plaintiff to his medical records produced herewith bearing Bates Stamps MED000001 to MED000340. Defendant reserves the right to supplement this response as discovery continues up to and including the time of trial.**

EXHIBIT B

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

JANUARY 18, 2024

Margaret Raymond-Flood
c/o Norris McLaughlin, P.A.
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

  RE: Caleb L. McGillvary v. Rahmo Reiz
  Civil Action No. 3:22-cv-06430-MAS-LHG
  Hon. Michael A. Shipp, U.S.D.J.
  Hon. Lois H. Goodman, U.S.M.J.

Dear Ms. Raymond-Flood;
  Pursuant to my call to your office yesterday, January 17, 2024; as
per the request of your colleague "Matt" which I reached at (908)252-4228
when I called for a pre-motion conference; I note the following
deficiencies in your responses to my interrogatories and requests to
produce in the above-captioned matter:
  1.) The objections, answers, or other responses that were served
upon me by Defendant Rahmo Reiz on January 12, 2024 in response
to the request for production of documents were inadequate and
failed to produce the documents requested in Requests 1 & 2,
namely:
a.) the documents bates stamped MED000096-96 indicate the
existence of a "dental chart" which was not provided;
b.) the documents bates stamped MED000097 indicate the existence
of an "xray" and a "dental chart" which were not provided;
c.) the documents bates stamped MED000099 indicate the existence
of a "last exam" on 06/26/19, any record of which was not
provided;
d.) the documents bates stamped MED000149 indicate the existence
of an "xray" which was not provided;
e.) the documents bates stamped MED000151 indicate the existence
of an "nv exam", any record of which was not provided;
f.) the documents bates stamped MED000238 indicate the existence
of a "dental chart" which was not provided, and a "last cleaning"
on 06/26/19 any record of which was not provided;
g.) the documents bates stamped MED000311 indicate the existence
of an "dental chart", any record of which was not provided;
h.) the documents bates stamped MED000312 indicate the existence
of a "panorex" which was not provided;
i.) the documents bates stamped MED000313 indicate the existence
of a "dental chart" which was not provided;
j.) the documents bates stamped MED000314 indicate the existence
of a "radiograph panorex" which was not provided;

  2.) Rahmo Reiz failed to respond to the following Interrogatories
in a timely and meaningful manner, as specified as follows:

I.) "INTERROGATORY NO. 1. State the name and address of each

1

person who may have information relative to the claims at issue
in this action, specifying what information such person has
and where, when, and how they obtained it."
Defendant has failed to answer "specifying what information
such person has and where, when, and how they obtained it."

II.) "INTERROGATORY NO. 5. Do you, your attorneys, or any person
employed by you or your attorneys, have possession of, or know
of the existence of, any: Books or other printed material;
Records or reports made in the course of business; Photographs,
moving or still or x-ray; Drawings, charts, maps, or diagrams;
Other documentary material; Models, specimens, or samples; Other
tangible objects that contain information bearing on the issue
of Plaintiff's dental diagnosis and treatment; Electronically
Stored information bearing on the issue of Plaintiff's dental
diagnosis and treatment; or Other tangible objects that are
relevant to Plaintiff's dental diagnosis and treatment, or that
you intend to rely on to support the allegations of your answer?"
Defendant has failed to state or otherwise describe the following
documents or records, the existence of which are indicated by
the following Bates-stamped records:
a.) the documents bates stamped MED000096-96 indicate the
existence of a "dental chart" which was not provided;
b.) the documents bates stamped MED000097 indicate the existence
of an "xray" and a "dental chart" which were not provided;
c.) the documents bates stamped MED000099 indicate the existence
of a "last exam" on 06/26/19, any record of which was not
provided;
d.) the documents bates stamped MED000149 indicate the existence
of an "xray" which was not provided;
e.) the documents bates stamped MED000151 indicate the existence
of an "nv exam", any record of which was not provided;
f.) the documents bates stamped MED000238 indicate the existence
of a "dental chart" which was not provided, and a "last cleaning"
on 06/26/19 any record of which was not provided;
g.) the documents bates stamped MED000311 indicate the existence
of an "dental chart", any record of which was not provided;f.)
h.) the documents bates stamped MED000312 indicate the existence
of a "panorex" which was not provided;
i.) the documents bates stamped MED000313 indicate the existence
of a "dental chart" which was not provided;
j.) the documents bates stamped MED000314 indicate the existence
of a "radiograph panorex" which was not provided;

III.) "INTERROGATORY NO. 6. If so, for each item, state:
a.Its description, form, name, number, or other means of general
identification
b.Its size
c.The date on which it was made, prepared, or taken
d.The name, or other means of identification, address, job title
or capacity, and relationship to you of each person who made,
prepared or took it
e.The address or location of the place where it was made,
prepared or taken

f.The method by which it was made, prepared or taken
g.The purpose for which it was made, prepared or taken
h.The name, or other means of identification, address, job title
or capacity, and relationship to you of each person who
authorized, ordered or approved its making, preparation or taking
i.The number of copies or duplicates that were made
j.The cost of preparation or taking
k.The cost of reproducing a copy or duplicate, and the time
such reproduction or duplication would take
l.Its present location, indicating address and location within
the address
m.The name, address and job title of each person who has custody
of the original
n.The name, address and job title of each person who has
possession of a copy of it
o.In what way it is relevant to the subject matter of this action
p.The method and procedure of its storage and retrieval in
records archives or information systems"
The Defendant's answer was non-responsive to the question, and
was so deficient as to constitute no answer at all. The
Defendant's sparse argument that the requested information is
"disproportionate to the needs of the case in light of
Plaintiff's sole remaining claim following the Court's Order
dismissing Plaintiff's claims" is unsupported by fact or law,
and any argument therefor has been waived by failure to raise
in response. Such objection is unjustified and/or frivolous
in light of Plaintiff's need to prove causation, in light of
the Defendant's failure to produce records showing the
Defendant's causation of injury to Plaintiff's tooth #14.
Defendant should be required to produce electronically stored
information bearing upon the issue of Plaintiff's dental
diagnosis and treatment, because that information contains
metadata which will show every date and time at which the
original native files were accessed, altered, or modified; and
such metadata can show the existence of the records showing
causation, and lead to their discovery. That metadata exists
on machines that must be identified by Defendant so as to provide
for forensic examination thereof to support the element of
causation necessary to prove Plaintiff's 8th Amendment claim.

IV.) "INTERROGATORY NO. 7. Have any of the items mentioned above
been altered in any manner since this action arose or after
the item was initially made, taken, or prepared?"
Defendant's answer has failed to account for at least 2 entries
specifically marked "append"; both by Samual Lopez in relation
to actions either taken by or entries made by Defendant;
bates-stamped MED000151 and MED000311 in Defendant's Response
to Plaintiff's First Set of Requests for Production of Documents.

V.) "INTERROGATORY NO. 8. If so, for each item, state:
a.Its description
b.Each date on which it was altered
c.A description of each alteration
d.The reason for each alteration

3

e.The name, address, and job title of each person who made the
alteration"
Defendant has failed to answer this question in light of the
information given in "IV" above; and should be required to
disclose the information requested by this Interrogatory.

VI.) "INTERROGATORY NO. 9. Have any of the items referred to
above been lost, destroyed, consumed, or otherwise ceased to
exist?"
Defendant's answer has failed to account for the records of
the incident at issue in this lawsuit, to wit: his performance
of a filling procedure on Plaintiff's tooth #14 during the period
from 4/15/21-12/24/21. Defendant's answer has likewise failed
to account for the record from the "Last Cleaning: 062619"
referred to in the document Bates-stamped MED000238; as well
as all of the records listed in "II" above as referred to in
Bates-stamped documents but not provided as requested.

VII.) "INTERROGATORY NO. 10. If so, for each item, state:
a.A description of the item
b.The date it was lost or ceased to exist
c.The circumstances of its loss or the reason it ceased to exist
d.The name, address, and job title of each person who has
knowledge concerning the manner in which it was lost or ceased
to exist
e.The name, address, and job title of each person who has
knowledge concerning its nature or contents
f.Whether there has been any attempt to reproduce, duplicate,
or find it, and, if so, a description of each attempt and its
results"
Defendant has failed to answer this question in light of the
information given in "VI" above; and should be required to
disclose the information requested by this Interrogatory.

        Please furnish your corrections to the aforementioned deficiencies
within the time allowed for by the Federal Rules of Civil Procedure, or I
will need to file a motion to compel pursuant to Rule 37.

1/18/24

                                        Kind Regards,

                                    Caleb L. McGillvary
                                     In Propria Persona

CC: FILE

4

# EXHIBIT C



NORRIS
MCLAUGHLIN | P.A.
ATTORNEYS AT LAW

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807

T: 908-722-0700
F: 908-722-0755

Direct Dial: 908-252-4228
Email: mrflood@norris-law.com

February 29, 2024

**VIA FEDERAL EXPRESS**
Caleb L. McGillvary, SBI #000102317G
New Jersey State Prison
600 Cass St.
Trenton, New Jersey 08608

> **Re:    Caleb L. McGillvary v.Reiz, et al.**
> **Case No. 3:22-cv-6430-MAS-JBD**

Dear Mr. McGillvary:

This office represents Defendant Rahmo Reiz ("Defendant") in the above-referenced matter. Pursuant to the Court's February 15, 2024 Order (ECF No. 42), and in response to your letter dated January 18, 2024 alleging various deficiencies in Defendant's discovery responses, please see Defendant's supplemental discovery responses below.

We trust this resolves all issues raised in your January 18, 2024 correspondence, and in your February 9, 2024 motion to compel.

**Response to Alleged Deficiencies with Defendant's Response to Document Demands**

1.     Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, to the best of Defendant's knowledge, Plaintiff's entire medical record has been produced. Defendant is not aware of the existence of any medical records or other responsive documents other than those which have been produced. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial. Defendant states the following with respect to each subpart of this demand:

a.     MED000096 does not indicate the existence of a "dental chart.

b.     Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, this medical record was not created by Defendant. To the best of Defendant's knowledge, no information was entered on MED000097 to indicate that any such records exist. Likewise, to the best of Defendant's knowledge, the mention of an "Xray," as used in this medical record does not indicate that such Xray exists. To the best of Defendant's knowledge, and upon information and belief, Plaintiff's complete unaltered medical record has been produced.

c.     The electronic medical record for the 6/26/19 dental cleaning was produced at MED000310-MED000311.



BRIDGEWATER, NJ | NEW YORK, NY | ALLENTOWN, PA
WWW.NORRISMCLAUGHLIN.COM

Norris McLaughlin, P.A.

February 29, 2023
Page 2

      d.      MED000149 states "routed to DA for biennial exam/xray," and does not indicate that an xray was completed. To the best of Defendant's knowledge and upon information and belief, Plaintiff's entire unaltered medical record has been produced.

      e.      Defendant did not create the referenced medical record entry, however to the best of Defendant's knowledge, "NV exam," as used in the referenced medical record means "next visit exam." To the best of Defendant's knowledge, and upon information and belief, the entry at MED000151 indicates that Dr. Lopez appended Defendant's chart entry from 4/15/21, which records were produced at MED000149 to MED000151, confirming that Plaintiff's biennial cleaning was completed on 4/15/21. To the best of Defendant's knowledge, Plaintiff was not seen on 4/23/21.

      f.      See response to subsection (b) with respect to the "dental chart." The electronic medical record for the 6/26/19 dental cleaning was produced at MED000310-MED000311.

      g.      See response to subsection (b).

      h.      This entry was not created by Defendant, and as such Defendant cannot speak to what was included on MED000312. However, this entry at MED000313 states that no panorex was available. To the best of Defendant's knowledge, and upon information and belief, Plaintiff's complete unaltered medical record has been produced.

      i.      See response to subsection (b).

      j.      See response to subsection (h).

## **Response to Alleged Deficiencies with Defendants Response to Interrogatories**

I.      Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, Defendant has no information as what knowledge or information is possessed by others, except to identify, as set forth in response to Interrogatory No. 1, all persons named or otherwise identified in the Amended Complaint, Defendant's Answer, and all pleadings filed in this action; all persons identified in Plaintiff's medical records; and all persons identified in discovery up to and including the time of trial, including but not limited to depositions, answers to interrogatories, and document productions of any party or documents obtain pursuant to a subpoena or otherwise. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

II.      Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, Defendant is not aware of the existence of any documents responsive to this Interrogatory, other than Plaintiff's medical records, which to the best of Defendant's knowledge, and upon information and belief, have been produced in their entirety. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

III.      Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, see response to number II, above. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

Norris McLaughlin, P.A.

February 29, 2023
Page 3

IV.     Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, to the best of Defendants knowledge, no documents responsive to Plaintiff's requests have been altered in any manner and to the best of Defendant's knowledge and upon information and belief, Plaintiff's entire unaltered medical record has been produced. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

V.      Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, see response to number IV above. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

VI.     Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, to the best of Defendant's knowledge and upon information and belief, Defendant is not aware of any documents responsive to Plaintiff's requests that have been lost, destroyed, consumed, or otherwise ceased to exist. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

VII.    Defendant stands by and incorporates his original objections. Subject to and without waiving said objections, see response to number VI above. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

**NORRIS McLAUGHLIN, P.A.**

*/s/ Margaret Raymond Flood*
Margaret Raymond-Flood

**Patti Freda**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Friday, March 1, 2024 10:22 AM |
| **To:** | Patti Freda |
| **Subject:** | FedEx Shipment 775368036389: Your package has been delivered |



# Hi. Your package was delivered Fri, 03/01/2024 at 10:14am.



Delivered to 600 CASS ST, TRENTON, NJ 08611
Received by M.WRIGHT

**OBTAIN PROOF OF DELIVERY**

## How was your delivery ?

    

**TRACKING NUMBER**    775368036389

| | |
|---|---|
| **FROM** | NORRIS MCLAUGHLIN |
| | 400 Crossing Boulevard |
| | 8th Floor |
| | Bridgewater, NJ, US, 08807 |
| **TO** | SBI #000102317G |
| | Caleb L. McGillvary |
| | NJ State Prison |
| | 600 Cass Street |
| | TRENTON, NJ, US, 08611 |
| **REFERENCE** | 950768-771 |
| **SHIPPER REFERENCE** | 950768-771 |
| **SHIP DATE** | Thu 2/29/2024 04:47 PM |
| **DELIVERED TO** | Residence |
| **PACKAGING TYPE** | FedEx Envelope |
| **ORIGIN** | Bridgewater, NJ, US, 08807 |
| **DESTINATION** | TRENTON, NJ, US, 08611 |
| **SPECIAL HANDLING** | Deliver Weekday |
| **NUMBER OF PIECES** | 1 |
| **TOTAL SHIPMENT WEIGHT** | 0.50 LB |
| **SERVICE TYPE** | FedEx Priority Overnight® |



## FedEx Delivery Manager® puts you in control

Enroll for free and get more visibility and control for your deliveries from start to finish. And if you need to make a return, our network of [10,000+ locations](#) makes drop off easy.

**ENROLL NOW**

---

**FOLLOW FEDEX**

      

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 9:21 AM CST 03/01/2024.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2024 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our [privacy policy](#). All rights reserved.

Thank you for your business.

EXHIBIT D

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for non-party Rutgers, The State University*
*of New Jersey (for purposes of responding to subpoena)*

|  |  |  |
|---|---|---|
| | : | |
| CALEB L. MCGILLVARY, | : | **UNITED STATES DISTRICT COURT** |
| | | **FOR THE DISTRICT OF NEW JERSEY** |
| | : | |
| Plaintiff, | : | CASE NO. 3:22-06430-MAS-JBD |
| | : | |
| v. | : | DOCUMENT ELECTRONICALLY FILED |
| | : | |
| RAHMO REIZ, et al., | : | **NON-PARTY RUTGERS, THE STATE UNIVERSITY** |
| | : | **OF NEW JERSEY'S RESPONSES AND** |
| Defendant. | : | **OBJECTIONS TO PLAINTIFF'S SUBPOENA TO** |
| | : | **PRODUCE DOCUMENTS** |
| | : | |

TO:    Caleb L. McGillvary
        SBI #000102317G
        New Jersey State Prison
        600 Cass Street
        Trenton, New Jersey 08611

SIR:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, nonparty Rutgers, The State

University of New Jersey ("Rutgers"), by and through its undersigned counsel, hereby assert the

following responses and objections to the subpoena to produce documents served upon it by

Plaintiff, Caleb McGillvary, as set forth below

                                        **NORRIS McLAUGHLIN, PA**

                                        By: */s/ Margaret Raymond-Flood*
Dated: October 4, 2024                      Margaret Raymond-Flood

## PRELIMINARY STATEMENT

1.     Rutgers' objections to Plaintiff's requests are made solely for the purposes of, and in relation to, the above-captioned action.

2.     Rutgers asserts its objections to Plaintiff's requests subject to all objections ordinarily available if such statements were offered into evidence in a judicial proceeding. All such objections, including, but not limited to all objections concerning attorney-client privilege, the attorney work product doctrine, competency, relevancy, materiality, propriety, authenticity, and admissibility, are hereby expressly reserved and preserved and any be interposed at the time of trial or at any other time. No objection to any request herein is intended to be, nor shall any objection be construed as, a waiver by Rutgers of all or any part of any objection to any request, an admission of the existence of any facts set forth in or assumed by any request, or an admission that such objection constitutes admissible evidence.

3.     Rutgers' objections to Plaintiff's requests are prepared based on Plaintiff's good-faith interpretation and understanding of each request, and are subject to correction for inadvertent errors, if any.

## GENERAL OBJECTIONS

1.      Rutgers objects to Plaintiff's Requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or exemption. Nothing contained in these responses, in any future or supplemental response, or in any documents produced in response to these or future Requests, is intended or may be construed as any waiver of the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule.

2.      Rutgers objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant evidence, and/or seek to impose burdens and obligations beyond what is permitted.

3.      Rutgers objects to the Requests to the extent that the information sought is not relevant to the claim or defense or any party, not relevant to the subject matter of the lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Rutgers further objects to the production of "All Documents" insofar as that definition is not limited to documents within its possession, custody, or control.

5.      Rutgers objects to any document request to the extent that it seeks to impose obligations upon Rutgers beyond those imposed by the Federal Rules of Civil Procedure.

6.      Rutgers objects to any document request to the extent that the discovery sought is unreasonably cumulative and duplicative.

7.      Rutgers reserves the right to object, either now or at some future time, to any and all of the document requests propounded upon it on the basis of any and all of the following objections in response to said individual document requests herein.  Rutgers does not waive its right to object to any demand as improper by responding to it.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Produce true copies of all the original, unaltered Dental Charts created of Plaintiff's mouth from June 1, 2019 onwards.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and not limited in scope. Subject to and without waiving the foregoing or General Objections, none in Rutgers' possession, other than what is included in Plaintiff's electronic medical records.**

2.      Produce True copies of all the original, unaltered X-rays created of Plaintiff's mouth from June 1, 2019 onwards.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and not limited in scope. Subject to and without waiving the foregoing or General Objections, none in Rutgers' possession.**

3.      Produce true copies of all the original, unaltered inventories of all lidocaine ordered and used at NJ State Prison for the period from 4/14/21-3/10/22, specifying upon which dates each unit was used and by whom.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly and overly burdensome, and not limited in scope. Rutgers further objects to the term "inventories" as it is not defined.  Subject to those objections, Rutgers purchases lidocaine in bulk as needed and does not maintain "inventories" thereof, nor does Rutgers maintain records of the specific use of Lidocaine. Administration of Lidocaine is noted in the individual inmate's medical record.**

4.      Produce true copies of the original, unaltered inventories of all dental drill tips ordered and used at NJ State Prison for the period from 4/14/21-3/10/22, specifying upon which dates each drill tip was used and by whom.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly and overly burdensome, and not limited in scope. Rutgers further objects to the term "inventories" as it is not defined.  Subject to those objections, Rutgers purchases dental drill tips in bulk as needed and does not maintain "inventories" thereof, nor does Rutgers maintain records of the specific use of such drill tips.**

5.      Produce true copies of the original, unaltered billing information for any dental services provided to Plaintiff for the period from 5/31/19-1/17/24; including the transaction amounts, dates, times, and descriptions thereof and any other information associated therewith.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly and overly burdensome, and not limited in scope. Rutgers further objects to this Request to the extent it seeks documents that are not within Rutgers' care, custody or control. Subject to and without waiving the foregoing or General Objections, Rutgers has no**

documents in its care, custody or control, other than co-pays which, if any, are noted in the electronic medical records for an individual inmate.

6.     Produce true copies of the original, unaltered employee timesheet filed for Rahmo Reiz for each pay period from 4/14/21 to 3/10/22 showing every day which he worked, the location where he worked, and the hours which he worked for each day during that period.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, and seeks confidential, private information. Rutgers further objects to the term "employee timesheet" as it is vague and undefined.**

7.     Produce true copies of the original, unaltered inventories of all filling supplies ordered and used at the NJ State Prison, including but not limited to CaOH, amalgam, and (ol) resin, for the period from 4/14/21-3/10/22, specifying upon each dates each unit was used and by whom.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly and overly burdensome, and not limited in scope. Rutgers further objects to the term "inventories" as undefined, vague and ambiguous. Rutgers further objects to the term "filling supplies" as vague and undefined beyond the specific items listed in this Request, requiring Rutgers to speculate as to the scope of its intended meaning. Subject to those objections, Rutgers purchases filling supplies in bulk as needed and does not maintain "inventories" thereof, nor does Rutgers maintain records of the specific use of such supplies.**

8.     Produce true copies of the original, unaltered inventories of all dental drill supplies ordered and used at NJ State Prison for the period from 8/1/22-3/10/22, specifying upon which dates each unit was used and by whom.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly and overly burdensome, and not limited in scope. Rutgers further objects to the term "inventories" as undefined, vague, and ambiguous. Rutgers further objects to the term "dental drill supplies" as vague and undefined requiring Rutgers to speculate as to its intended meaning. Subject to those objections, Rutgers purchases supplies in bulk as needed and does not maintain "inventories" thereof, nor does Rutgers maintain records of the specific use of such supplies.**

9.     Produce true copies of the original, unaltered maintenance records for the panorex machine located in the North Compound clinic at NJ State Prison for the period from 5/1/19-5/1/20.

**RESPONSE: Rutgers objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing or General Objections, none as NJ State Prison did not have a panorex machine during the time period set forth in this Request.**