Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

RECEIVED
JUN 2 2025
AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>       PLAINTIFF<br><br>V.<br><br>RAHMO REIZ<br>       DEFENDANT | ) CIVIL ACTION NO.<br>) 3:22-cv-06430-MAS-JBD<br>) Hon. Michael A. Shipp, U.S.D.J.<br>) Hon. J. Brendan Day, U.S.M.J.<br>) Motion Date: June 16, 2025<br>)<br>)<br>) |

DECLARATION IN SUPPORT OF REPLY IN FURTHER SUPPORT OF MOTION FOR
CONTEMPT AGAINST NJDOC
(Fed. R. Civ. P. 45(g))

I, Caleb L. McGillvary ("Plaintiff"), hereby declare pursuant to 28 U.S.C. 1746 the following:

1. I am the pro se plaintiff in the above-captioned matter.

2. Attached hereto as Exhibit A is a true and accurate copy of the envelope I received on Sunday, May 4, 2025 at NJ State Prison, 3rd & Federal Streets, Trenton, NJ; together with the legal mail receipt I signed in the presence of a NJ Department of Corrections (NJDOC) officer, who also signed as a witness in front of me. The legal mail indicates the postmark of the envelope, which contained the documents described in "3" and "4" below, was May 3, 2025.

3. Attached hereto as Exhibit B is a true and accurate copy of the letter from counsel for NJDOC Michael B. McNeill I

1

received in the envelope described in "2." In this letter, NJDOC purports to have made productions responsive to the Court's February 6, 2025 order regarding my subpoena, and citing my correspondence dated January 31, 2025. Specifically, it purports to respond to my request for "All of the entries in which I am mentioned or otherwise appear from the 6 Right NJSP Travel Log, the NJSP Traffic Control Log, The North Compound Clinic NJSP Travel Log, the 6 Right NJSP Officer Log Book, and the North Compound Clinic Officer Logbook from 6:30am to 5:00pm on the following dates in 2021: November 1, 2, 3, 9, 10, 15, 16, 17, 23, 30, and December 1, 2, 6, 7, 8, 9, 13, 14, 15, 16, 17, 20, 22."

4. Attached hereto as Exhibit C is a true and accurate copy of the purported responses appended to the letter described in "3" as "DOC.McGillvary.logbook.001-.008". There are no labels to indicate which logbook these are from, nor which location is represented thereby, nor is the custodian of records who could authenticate it named or certified. The documents ".005" and ".006" are identical, as are ".007" and ".007", so there are only in fact 6 pages of purported responses. None of the 4 entries from 2021 mention my name whatsoever, and so these are nonresponsive. There are no entries showing my name from December 6, 2021 on any of these documents. There are no travel logs which have been produced, nor is the traffic control log produced in any part.

5. Attached hereto as Exhibit D is a true and accurate copy of the correspondence which I sent to NJDOC on January 31,

2

2025 pursuant to the Court's verbal direction to do so given in open court on January 30, 2025.

6. Attached hereto as Exhibit E is a true and accurate copy of my medical record from December 6, 2021 showing that I was physically present at the North Compound Clinic on that date, including my weight and height as measured at the clinic, and a detailed description of my physical examination at the clinic on that date.

7. Attached hereto as Exhibit F is a true and accurate copy of an excerpt of the traffic control log from NJ State Prison for the date of April 8, 2025. This copy is identical to the form entered by hand during the period of time at issue in this subpoena, which forms were stored in the public records of NJDOC pursuant to their routine organizational practice. See N.J.A.C. 10A:22-1 et seq. These forms are filled in by officers at the Traffic Control Booth, and also at the North Compound Clinic. The traffic control logs have a list of "badges", which are plastic cards clipped to the lapel of inmates as they move throughout the facility. Each time a badge is handed out or returned, the officer at the traffic control booth in the West Compound Rotunda marks the time of badge start and finish with a pen in this spreadsheet known as the "traffic control log." In the column showing the badge number, the badge worn by the inmate is recorded. The time of arrival and departure is written by the NJDOC officer in the column indicated for each. There is also a similar traffic control log at the North Compound Clinic, in which the officer writes down the names, badge numbers, and times

of entry and exit of each inmate. Plaintiff has personally witnessed NJDOC officers writing the times of entry and exit in both of these types of traffic control logs. NJDOC has not produced any traffic control logs to date.

8. Attached hereto as Exhibit G is a blank G-86 "Wing Officers Travel Log" Form ("Travel Log") issued by NJDOC to their officers working at NJSP. Travel Log forms were entered by hand on G-86 forms during the period of time at issue in this subpoena, which duplicate forms were stored in the public records of NJDOC pursuant to their routine organizational practice. See N.J.A.C. 10A:22-1 et seq. These travel logs were, and the more current computer printed variety still are, posted on a cork bulletin board in a prominent location on the housing unit, where every inmate on the housing unit can see them, and so NJDOC's objection that producing them would "provide incarcerated persons access to information about prison procedures" cannot be in good faith, since every inmate on the housing unit is regularly provided by the NJDOC with this information. Plaintiff has personally witnessed NJDOC officers writing the information in these these types of travel logs. NJDOC has not produced any travel logs to date.

9. The NJDOC has promulgated a regulation defining "government record" as "any paper, written or printed book, document ... or any copy thereof, that has been made, maintained, or kept on file in the course of official business by any officer, commission, agency, or authority of the State or of any political subdivision thereof..." N.J.A.C. 10A:22-13. The

4

requested logbooks, travel logs, and traffic control logs are therefore government records, which term is synonymous with "public record."

10. New Jersey law states that "no official responsible for maintaining public records or the custodian thereof shall destroy, obliterate, or dispose of any paper, document, instrument, or index which shall have been recorded, filed, registered, or indexed except as specifically permitted by law." N.J.S.A. 47:1-14. The law mandates that prison records must be kept and not destroyed for 5 years after the date of their recordation. See N.J.S.A. 47:3-9(gg). Even after 5 years, anyone who intends to destroy public records must provide written notice before doing so. See N.J.S.A. 47:3-11.

11. Taken together, the facts in paragraphs "7" through "10" above show that the requested records are required by law to be maintained, and must therefore exist.

I declare under penalty of perjury that all documents attached hereto are true and accurate copies of the originals.

I declare under penalty of perjury that the foregoing statements are true and accurate.

Executed this 23rd day of MAY, 2025

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625