# EXHIBIT A



*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY

| PHILIP D. MURPHY | DIVISION OF LAW | MATTHEW J. PLATKIN |
|---|---|---|
| *Governor* | 25 MARKET STREET | *Attorney General* |
| | PO BOX 112 | |
| TAHESHA L. WAY | TRENTON, NJ 08625-0112 | MICHAEL WALTERS |
| *Lt. Governor* | | *Acting Director* |

December 23, 2024

<u>VIA REGULAR AND CERTIFIED MAIL</u>
Caleb L. McGillvary (SBI#102317G)
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

    RE:    Caleb L. McGillvary v. Ronald Reiz, et al.
             Civil Dkt. No. 3:22-cv-6430-MAS-JBD
             Subpoena Duces Tecum to New Jersey Department of Corrections

Dear Mr. McGillvary:

    This office represents non-party New Jersey Department of Corrections ("NJDOC"). Below please find NJDOC's responses to the Subpoena Duces Tecum dated June 25, 2024. Please note that NJDOC did not receive this Subpoena until or about December 2, 2024. Additionally, NJDOC's document production is enclosed herewith (DOC.McGillvary.2SDT.001-045).

    To avoid unnecessary motion practice, I ask that you kindly confer with me about any perceived deficiencies in NJDOC's response.

    Should you have any other questions or require additional information, please contact me immediately.

                Very truly yours,

                MATTHEW J. PLATKIN
                ATTORNEY GENERAL OF NEW JERSEY

    By:    /s/Michael B. McNeil
             Michael B. McNeil
             Deputy Attorney General

Encls.




HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2440 • FAX: (609) 777-3607
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 2

<u>NJDOC'S RESPONSE TO SUBPOENA DUCES TECUM</u>

1.      Provide a list of the NJDOC employees who had access to special functions on JPay whereby they can access NJSP inmates' mail, inboxes and outboxes, tablets, reprogram tablets to delete messages, bar messages from being sent or received, restrict the ability to sync, restrict the ability to access the Email application, and/or do other technological alterations to the user experience of JPay users, both inmates and the public; during the period for October 1, 2024 to November 30, 2024.

<u>OBJECTION</u>:

NJDOC objects to Plaintiff's request as the documents and/or information sought is not relevant to any of the claims and/or defenses of the parties to this litigation. Further, NJDOC objects that disclosure of this information to someone presently incarcerated in the prison is disproportionate to the needs of this litigation.

2.      Provide the metadata associated with changes made to the JPay experience of Caleb McGillvary and members of the public who communicate with him through JPay, including removing, deleting, or otherwise manipulating messages at either the tablet, syncing, kiosk, or network phases of sending and receiving; during the period for October 1, 2024 to November 30, 2024. The metadata requested includes the data log and registry files from the device used to make the changes and the network server showing the date, time, and identity of who made the changes, as well as the nature of the changes made. The metadata requested must be provided in a form accessible by Plaintiff in a Microsoft Word or Adobe Acrobat file accessible on the NJSP law library computer.

<u>OBJECTION</u>:

NJDOC objects to Plaintiff's request as the documents and/or information sought is not relevant to any of the claims and/or defenses of the parties to this litigation. Further, NJDOC objects that disclosure of this information to someone presently incarcerated in the prison is disproportionate to the needs of this litigation.

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 3

RESPONSE:

**NJDOC is not presently in possession of any documents and/or information that is responsive to this request.**

3.      Provide video surveillance of the officer's desk on 6 Wing Right Side, West Compound, NJ State Prison, for the period from 8:00 pm-9:00 pm on October 7, 2024. This video surveillance is to be provided digitally in a form that is accessible on the NJSP law library computers, compatible with Windows Media Player.

OBJECTION:

NJDOC objects to Plaintiff's request as the video surveillance footage sought is not relevant to any of the claims and/or defenses of the parties to this litigation.

NJDOC further objects to Plaintiff's request for video surveillance footage as overly burdensome and disproportionate to the needs of this litigation. Plaintiff is currently incarcerated in state prison, and his request for video surveillance footage would risk disclosing confidential procedures and movements within the secure environment. Courts have routinely recognized the concerns with providing incarcerated persons access to information about prison procedures. *See, e.g., Kearney v. Bayside State Prison Admin.*, 2023 WL 2207392, at *2 (D.N.J. Feb. 23, 2023) (granting motion to seal prison video surveillance footage introduced at trial finding: "[I]f made public, the information [on these videos] could be used by individuals to engage in unlawful and dangerous conduct against guards, prison staff, and other inmates[,]" which "would compromise the ability of [the prison] to successfully achieve its purpose of providing a safe and secur[e] location in which to house inmates."); *Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion in limine to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns; *Grant v. Fisher*, No. 07-1870, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (permitting modifications to prison surveillance video before evidence was shown at trial).

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 4

4.    Provide video and audio from the badge cameras required to be worn by NJDOC Correctional Officer Ramos-Ordonez and his correctional officer partner, who were stationed at NJSP 6 Right Wing, for the period from 8:00 pm-9:00 pm on October 7, 2024. This video and audio is to be provided digitally in a form that is accessible on the NJSP law library computers, compatible with Windows Media Player.

OBJECTION:

NJDOC objects to Plaintiff's request as the body worn camera audio and video footage sought is not relevant to any of the claims and/or defenses of the parties to this litigation.

NJDOC further objects to Plaintiff's request for body worn camera audio and video footage as overly burdensome and disproportionate to the needs of this litigation. Plaintiff is currently incarcerated in state prison, and his request for body worn camera audio and video footage would risk disclosing confidential procedures and movements within the secure environment. Courts have routinely recognized the concerns with providing incarcerated persons access to information about prison procedures. *See, e.g., Kearney v. Bayside State Prison Admin.*, 2023 WL 2207392, at *2 (D.N.J. Feb. 23, 2023) (granting motion to seal prison video surveillance footage introduced at trial finding: "[I]f made public, the information [on these videos] could be used by individuals to engage in unlawful and dangerous conduct against guards, prison staff, and other inmates[,]" which "would compromise the ability of [the prison] to successfully achieve its purpose of providing a safe and secur[e] location in which to house inmates."); *Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion in limine to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns; *Grant v. Fisher*, No. 07-1870, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (permitting modifications to prison surveillance video before evidence was shown at trial).

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 5

5.      Provide all video surveillance of the Rotunda, West Compound, NJ State Prison, for the period from 7:30 am-8:00 am on October 11, 2024. This video surveillance is to be provided digitally in a form that is accessible on the NJSP law library computers, compatible with Windows Media Player.

OBJECTION:

NJDOC objects to Plaintiff's request as the video surveillance footage sought is not relevant to any of the claims and/or defenses of the parties to this litigation.

NJDOC further objects to Plaintiff's request for video surveillance footage as overly burdensome and disproportionate to the needs of this litigation. Plaintiff is currently incarcerated in state prison, and his request for video surveillance footage would risk disclosing confidential procedures and movements within the secure environment. Courts have routinely recognized the concerns with providing incarcerated persons access to information about prison procedures. *See, e.g., Kearney v. Bayside State Prison Admin.*, 2023 WL 2207392, at *2 (D.N.J. Feb. 23, 2023) (granting motion to seal prison video surveillance footage introduced at trial finding: "[I]f made public, the information [on these videos] could be used by individuals to engage in unlawful and dangerous conduct against guards, prison staff, and other inmates[,]" which "would compromise the ability of [the prison] to successfully achieve its purpose of providing a safe and secur[e] location in which to house inmates."); *Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion in limine to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns; *Grant v. Fisher*, No. 07-1870, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (permitting modifications to prison surveillance video before evidence was shown at trial).

6.      Provide video and audio from the badge cameras required to be worn by all NJDOC Correctional Officers, who were stationed at the Rotunda, West Compound, NJ State Prison, for the period from 7:30 am-8:00 am on October 11, 2024. This video and audio is to be provided digitally in a form that is accessible on the NJSP law library computers, compatible with Windows Media Player.

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 6

OBJECTION:

NJDOC objects to Plaintiff's request as the body worn camera audio and video footage sought is not relevant to any of the claims and/or defenses of the parties to this litigation.

NJDOC further objects to Plaintiff's request for body worn camera audio and video footage as overly burdensome and disproportionate to the needs of this litigation. Plaintiff is currently incarcerated in state prison, and his request for body worn camera audio and video footage would risk disclosing confidential procedures and movements within the secure environment. Courts have routinely recognized the concerns with providing incarcerated persons access to information about prison procedures. *See, e.g., Kearney v. Bayside State Prison Admin.*, 2023 WL 2207392, at *2 (D.N.J. Feb. 23, 2023) (granting motion to seal prison video surveillance footage introduced at trial finding: "[I]f made public, the information [on these videos] could be used by individuals to engage in unlawful and dangerous conduct against guards, prison staff, and other inmates[,]" which "would compromise the ability of [the prison] to successfully achieve its purpose of providing a safe and secur[e] location in which to house inmates."); *Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion in limine to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns; *Grant v. Fisher*, No. 07-1870, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (permitting modifications to prison surveillance video before evidence was shown at trial).

7.    Provide video surveillance of the Donald Bourne School main floor, West Compound, NJ State Prison, for the period from 12:30 pm-2:00 pm on October 23, 2024. This video surveillance is to be provided digitally in a form that is accessible on the NJSP law library computers, compatible with Windows Media Player.

OBJECTION:

NJDOC objects to Plaintiff's request as the video surveillance footage sought is not relevant to any of the claims and/or defenses of the parties to this litigation.

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 7

NJDOC further objects to Plaintiff's request for video surveillance footage as overly burdensome and disproportionate to the needs of this litigation. Plaintiff is currently incarcerated in state prison, and his request for video surveillance footage would risk disclosing confidential procedures and movements within the secure environment. Courts have routinely recognized the concerns with providing incarcerated persons access to information about prison procedures. *See, e.g., Kearney v. Bayside State Prison Admin.*, 2023 WL 2207392, at *2 (D.N.J. Feb. 23, 2023) (granting motion to seal prison video surveillance footage introduced at trial finding: "[I]f made public, the information [on these videos] could be used by individuals to engage in unlawful and dangerous conduct against guards, prison staff, and other inmates[,]" which "would compromise the ability of [the prison] to successfully achieve its purpose of providing a safe and secur[e] location in which to house inmates."); *Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion in limine to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns; *Grant v. Fisher*, No. 07-1870, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (permitting modifications to prison surveillance video before evidence was shown at trial).

8.      Provide video and audio from the badge camera required to be worn by NJDOC Correctional Officer Collins, who was stationed at Donald Bourne School main floor, West Compound, NJ State Prison, for the period from 12:30 pm-2:00 pm on October 23, 2024. This video and audio is to be provided digitally in a form that is accessible on the NJSP law library computers, compatible with Windows Media Player.

OBJECTION:

NJDOC objects to Plaintiff's request as the body worn camera audio and video footage sought is not relevant to any of the claims and/or defenses of the parties to this litigation.

NJDOC further objects to Plaintiff's request for body worn camera audio and video footage as overly burdensome and disproportionate to the needs of this litigation. Plaintiff is currently incarcerated

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 8

in state prison, and his request for body worn camera audio and video footage would risk disclosing confidential procedures and movements within the secure environment. Courts have routinely recognized the concerns with providing incarcerated persons access to information about prison procedures. *See, e.g., Kearney v. Bayside State Prison Admin.*, 2023 WL 2207392, at *2 (D.N.J. Feb. 23, 2023) (granting motion to seal prison video surveillance footage introduced at trial finding: "[I]f made public, the information [on these videos] could be used by individuals to engage in unlawful and dangerous conduct against guards, prison staff, and other inmates[,]" which "would compromise the ability of [the prison] to successfully achieve its purpose of providing a safe and secur[e] location in which to house inmates."); *Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion in limine to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns; *Grant v. Fisher*, No. 07-1870, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (permitting modifications to prison surveillance video before evidence was shown at trial).

9.    Provide the inquiries and grievances from JPay with the numbers NJSP23037575, NJSP24014351, NJSP24014704, NJSP24020661, NJSP24022109, NJSP24023226, NJSP24024419, NJSP24025891, NJSP24029262, NJSP24029805, NJSP24030548, NJSP24031305, NJSP24031866, NJSP24032033, NJSP24032446, NJSP24032575, NJSP24032868, NJSP24032931, NJSP24033335, NJSP24033889, NJSP24034250, NJSP24034251, NJSP24034437, NJSP24035143, NJSP24035248, NJSP24035332, and NJSP24036133. These inquiries and grievances are to be provided in paper form, printed.

OBJECTION:

NJDOC objects to Plaintiff's request as the inquiries and grievances sought are not relevant to any of the claims and/or defenses of the parties to this litigation.

RESPONSE:

Notwithstanding and without waiving said objections, please see the following:

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 9

- DOC.McGillvary.2SDT.001-045

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 10

## CERTIFICATION

### Caleb L. McGillvary v. Ronald Reiz, et al.
### Civil Dkt. No. 3:22-cv-06430-MAS-JBD

1.      I am an Attorney at Law of the State of New Jersey. My State of New Jersey Attorney Identification Number is 02801-2001.

2.      I was sworn in and admitted as an Attorney at Law of the State of New Jersey and the United States District Court for the District of New Jersey on July 5, 2002. Additionally, I was sworn in and admitted to practice before the United States Court of Appeals for the Third Circuit on January 20, 2004.

3.      I am employed by the State of New Jersey Department of Corrections (DOC) as a Legal Specialist in its Division of Diversity and Legal Affairs. My duties include assisting in the coordination, preparation, and handling of DOC's processing of inmate and employee generated litigation; providing support and direction to the litigation liaisons in each correctional facility; and updating and advising the Commissioner on the status and potential impact of pending litigation. It is in this capacity that I am familiar with the instant case.

4.      I hereby certify on behalf of the New Jersey Department of Corrections, that I have reviewed the Responses to Plaintiff's Subpoena Duces Tecum dated June 25, 2024, and received by NJDOC on or about December 2, 2024, with counsel and that I am aware that a good faith search for documents responsive to the request has been made by the New Jersey Department of Corrections.

5.      I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based upon information maintained by Defendant, New Jersey Department of Corrections.

Caleb L. McGillvary – Subpoena Duces Tecum
December 23, 2024
Page 11

6.    The following is a list of the identity and source of knowledge of those who provided information in this matter:

| No. | Bates No. | Source | Summary |
|---|---|---|---|
| 1 | DOC.McGillvary.2SDT.001-045 | New Jersey Department of Corrections | Plaintiff's JPay Inquiries and Grievances |

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:    _Edward H. Haas_
       Edward H. Haas, Esq., M.S.W.
       Legal Specialist and Department ADA Coordinator
       Department of Corrections
       Division of Diversity and Legal Affairs

Dated:    December 23, 2024