Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

RECEIVED

MAY 12 2026

AT 8:30

CLERK, U.S. DISTRICT COURT - DNJ

M

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>　　　PLAINTIFF<br><br>V.<br><br>RAHMO REIZ<br>　　　DEFENDANT | ) CIVIL ACTION NO.<br>) 3:22-cv-06430-MAS-JBD<br>) Hon. Michael A. Shipp, U.S.D.J.<br>) Hon. J. Brendan Day, U.S.M.J.<br>)<br>)<br>) |

### WRITTEN OBJECTION TO MAGISTRATE'S ORDERS, ECF 173

Plaintiff Caleb L. McGillvary ("Plaintiff") hereby objects in writing to the Magistrate's Order denying leave to amend his complaint, ECF 173. Plaintiff makes this objection pursuant to D.N.J. L. Civ. R. 72.1, Fed. R. Civ. P. 72, and the Magistrate's Act, 28 U.S.C. 636. Plaintiff incorporates by reference his papers in support of his motions at issue in the October 17, 2025 and November 21, 2025 orders, and sets forth fully herein in support of this objection. Additionally, Plaintiff objects to the portions of the order which he believes are clearly erroneous and contrary to law as follows:

### Grounds for Objections

Plaintiff avers that, for all the following reasons, it was clear error for the Magistrate to deny leave for him to amend for

1

medical malpractice, offensive physical contact, and conspiracy claims, or in the alternative that it would result in a manifest and fundamental injustice to deprive Plaintiff of his day in Court to prosecute these claims despite his diligent efforts:

## 1.) Medical Malpractice

The Court held that Plaintiff has alleged a claim for malpractice gainst Defendants Rahmo Reiz ("Defendant"), Samual Lopez ("Lopez") and Joel Bernard ("Bernhard") (Collectively, "Defendants") who don't dispute that has alleged facts which state claims for relief under the standards he cited. But the Magistrate held that the proposed amendmet was unduly delayed and would cause undue prejudice. Yet the Magistrate didn't addres Plaintiff's contentions that the delay is attributable solely to Defendants and Rutgers' stonewalling and motions for extension of time at every juncture. Although Plaintff had pleaded destruction of electronic records in his FAC, the declaration of Andrew Youngblood has shown that film packets and paper charts, apart from the electronic records, are required to be kept: yet were somehow lost or destroyed. This is new evidence, concerning destruction of **non**-electronic records; which Defendants has repeatedly said didn't exist, and without which he couldn't have amended his complaint prior to when he did so. It results in a manifest injustice to deny Plaintiff leave to amend for undue delay, when it was the Defendant and his privies that caused the delay.

2

The Magistrate indicated that, in regards to his negligence and spoliation claims regarding the missing x-rays and dental charts, that "Fact discovery is still open, and McGillvary could not reasonably have confirmed the factual bases for his proposed claims until he received additional discovery regarding the non-existence and whereabouts of the allegedly destroyed x-rays and dental charts - discovery that McGillvary made consistent efforts to pursue throughout this litigation." ECF 173 at P.29. This applies with equal force to the claims for medical malpractice, because without the finding of negligence on the destruction of said documents, Plaintiff would be without recourse to evidence with which to cure the deficiencies cited by Judge Shipp in amending the 8th Amendment/Malpractice claim. The undue delay was therefore due to the Defendants, and non-parties in privity with them's, tardiness and Plaintiff should not have to suffer the dismissal of a meritorious claim because of delay unattributable to him.

Likewise, "Both McGillvary and counsel for ... Defendants indicate that additional discovery would be needed, including supplemental discovery requests, additional depositions, and potentially expert discovery." Id. at P.30. The Magistrate indicated that, notwithstanding this, "allowing McGillvary's negligence and fraudulent concealment claims to proceed against the proposed defendants would not be unduly prejeudicial because the amendment does not place an unfair burden on Riez or the

3

Court." Id. at P.29-30. The Magistrate held this is because "The scope of McGIllvary's proposed claims has already been significantly narrowed by etensive discovery regading destroyed x-rays and medical records at issue." Id. at P.30. This applies equally to the claims for medical malpractice, which rely on precisely the same medical records at issue in the other claims. Just as much as expert testimony or other discovery not being sufficient prejudice or burden for the negligence or spoliation claim, it cannot thereafter be the exact opposite with the malpractivce claim. To hold so would be clear error, and even if not it would most certainly result in the manifest injustice of prohibiting Plaintiff from pursuing a meritorious medical malpractice claim because of delays and stonewalling attributable solely to his adversary and non-parties in privity with them.

In light of this, the Magistrate erred by not applying the same standard of prejudice from the negligence claim to the malpractice claim, to wit: "the fact that some additional discovery may result from a praty's amendment is not enough to establish the sort of prejudice necessary to deny that party's motion, particularly where, as here, fact discovery is still open, no trial date has been set, and there is still much to be accomplished in discovery." ECF 173 at P.30; quoting Johnson & Johnson Health Care Sys., Inc. v. Save on SP, LLC, Civ No. 22-2632 (FLW), 2024 WL 4366859 at *10-11 (D.N.J. Sept. 5, 2024).

4

The Magistrate didn't address the Plaintiff's contention that Defendants Bernhard and Lopez committed malpractice by allowing the unlicensed Defendant Riez to perform dental surgery on Plaintiff under their supervision.

The Magistrate indicates that the facts underlying the malpractice for undue delay were presented in the FAC filed in December 2022 - over two years before he filed the instant motion to amend," and that this two year delay was a basis for denial. Yet Judge Shipp didn't rule upon the Rule 12(b) motion concerning the FAC until November, 2023, after which Plaintiff's amendment was delayed solely due to the Defendants' lying about whether x-rays and dental charts necessary to the claim ever existed. Plaintiff moved to amend within a very short time after non-parties in privity with Defendants filed a declaration indicating the x-rays were spoliated, and the very short amount of time is all that Plaintiff should be held to account for. He should not lose his ability to litigate a meritorious claim because of undue delay solely attributable to Defendants' and his privies' dilatory tactics.

The Magistrate held that Plaintiff's argument he had to wait for the records to substantiate an affidavit of merit in order to amend his medical malpractice claim was insufficient because "even assuming that he made the request for his medical records on August 31, 2022 as he pleads, McGillvary could have invoked this section of the statute as early as November 11, 2022, when

5

he allegedly received less than all of his medical records." ECF 173 at P.35 n.17. But this is inaccurate, because as the Magistrate noted, "the Court did not authorize a malpractice claim or make any finding regarding the viability of such a claim, because McGillvary did not assert one." Id. at P.35. Rather, Plaintiff could not have known to amend for the medical malpractice claim until November of 2023, and even then could not have done so until February of 2025 because up until that point he didn't have written confirmation that all of his medical records weren't provided. The Magistrate's holding, that Plaintiff could've amended in Novemeber of 2022, is clearly erroneous for this reason. It would also create a manifest injustice, because up until February of 2025 the Magistrate and Defendant had both indicated that Plaintiff's contentions that not all medical records being provided was based "on speculation." Up until February of 2025, Plaintiff wasn't provided with hard proof of the existence of other records, and Defendants argued vociferously, vehemently, and falsely that all the records had been provided. So because this hard proof was delayed by Defendants and their privies from December of 2023 when Plaintiff served interrogatories and requests to produce, until February 2025; the only delay attributable to Plaintiff was from November to December of 2023, and February to April of 2025. This mere 3 month delay is grossly insufficient to merit Plaintiff's meritorious malpractice claims being so cruelly

6

dismissed without a hearing, and doing so amounts to a manifest injustice.

Defendants do not dispute that a cause of action for malpractice exists under N.J.S.A. 14A:17-8; and that those cases apply to the facts as alleged. Defendants concede that Monmouth County Corr. Inst'l Inmates v. Lanzaro, 834 F.2d 326, 347-347 (CA3 1987) and Farmer v. Brennan, 511 U.S. 825, 837 (1994) provide the correct standard, and that under this standard Plaintiff has stated a claim under Rule 8(a). Defendants also concede that whether or not a defendant's conduct amounts to "deliberate indifference has been described as a classic issue for the fact finder." A.M. ex. rel. J.M.K. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 588 (CA3 2004).

Defendants do not dispute that, if accepted as true and liberally construed, the allegations in the SC state an 8th Amendment Claim; and/or in the alternative a medical malpractice per se claim because of the destruction of x-rays by Lopez and Bernhard diagnostic of the condition complained of therein: against Bernhard and Lopez for unnecessary delay and failure to provide medical treatment within a reasonable time, thereby evincing deliberate indifference and wanton infliction of pain.

Judge Shipp's Order held that Plaintiff hadn't alleged any delay between the end of lockdown and treatment. As Defendants admit, Plaintiff cured this deficiency by adding (1) that the lockdown ended on January 25, 2022, (2) the seriousness

7

of the condition, (3) the availability of facilities and personnel for treatment, (4) failure to treat an exposed tooth nerve for the period from January 25, 2022 until March 9, 2022, and (5) resulting damages. The new allegations show that the delay was for a non-medical reason: contrary to Defendants' contention that they "Repaired it once ... the CoVID lockdown lifted"; the CoVID lockdown lifted on January 25, 2022, Lopez could have performed the surgery on February 1, 2022; but defendants waited an additional 43 days after lockdown lifted to fix an exposed tooth nerve, which a reasonable juror could find is deliberate indifference. Judge Shipp has already held that the facts in the FAC would support a malpractice claim, these new facts when added to those must more than support such a claim.

## 2.) Conspiracy

Plaintiff has alleged new facts about the conspiracy to commit torts, giving the place, date, identities of parties, and tenor of agreement. These facts arise from records which can prove the circumstances of these agreements; but the allegations must be accepted as true for this motion, without requiring proffers of evidentiary support, under the relevant standards of review.

## 3.) Offensive Physical Contact

Judge Shipp's original order held that Plaintiff had stated a claim under this tort, See ECF 2, pg. 3. But upon a finding that Plaintiff seemed to have consented to the procedure,

8

Judge Shipp struck the claim. However, the Admissions by Defendant attached to the Declaration in support of this reply, which were not available when the initial moving papers were filed, show that Defendant knew he was not authorized to perform dental surgeries such as fillings. This removes the possibility of the consent which Judge Shipp was misled by Defendant into believing was present; because Defendant committed per se offensive physical contact by holding himself out to Plaintiff as being authorized to provide such fillings. While he may deny the allegations and the Sun rising in the East, the allegations state a claim.

**4.) Any Delay is Attributable Solely to Defendants and Non-Parties in Privity With Them**

Plaintiff had intended to add additional 8th Amendment and Malpractice allegations in August of 2024: when Rutgers was supposed to provide X-Rays, and NJDOC was supposed to provide travel logs and internal memoranda, pursuant to subpoena. Defendants, in privity with NJDOC and Rutgers, now claim that delay should prohibit Plaintiff from adding these claims, despite the delay being NJDOC and Rutgers fault for their numerous extensions of time, stonewalling, and lying to the Court by saying X-rays are not kept in the normal course, paper charts don't exist, and traffic control logs don't exist.

Without these X-Rays and charts, Plaintiff could not prepare his affidavit of merit. He has been trying since November

9

2022 to obtain records necessary to produce an affidavit of merit. But he has very recently, on February 19, 2025, discovered that since the medical records were lost or destroyed, he doesn't **need** an affidavit of merit.

The Court even acknowledged Defendant's misrepresentation in the January 30, 2025 hearing was that only **electronic** records exist. But Plaintiff did not have confirmation of **non-electronic** x-rays and paper charts, which have apparently gone missing, until February 19, 2025.

Plaintiff's motions have each been meritorious enough to be fruitful, and it is Defendants' gamesmanship that has necessitated motion practice and caused delay. Plaintiff filed a motion to compel, at the hearing of which Defendant finally revealed who the custodian of certain records were. The Court issued subpoenas as a result of that motion, and Plaintiff made haste to serve them upon NJDOC and Rutgers. Both non-parties asked for as many extensions as they could get away with, then served non-responsive documents. Plaintiff moved to enforce subpoenas, and the two were then tasked with what they should've done in August of 2024. All of that dilatory rigmarole is on Defendant for delaying provision of simple information requested until a motion to compel hearing, and non-parties in privity with Defendants thereafter stonewalling and getting numerous extensions with which they provided nothing responsive.

10

Defendant attempted to hide in a spurious footnote that he "previously explained ... any dental charts are in Plaintiff's electronic medical record." But Dr. Youngblood's declaration in fact referred to a non-electronic "paper medical chart." See ECF 88-1. So Defendant's explanation was false, no matter how many times he repeats it to the Court.

The irony of Defendant's claim that newly discovered evidence is "pure fabrication"; is that counsel had lied to the Court up to and including January 30, 2025 by saying that only electronic records exist. It is bad faith of Defendants to claim that newly discovered evidence doesn't change the nature of the claim of destruction of evidence significantly enought to warrant amendment; when the evidence shows that hard copy **non-electronic** film packets and paper charts, which they had previously convinced the Court didn't exist, do in fact exist.

The Court expressed its understanding was that Defendant had represented that x-rays and paper charts are not kept in the normal course, and there's no grounds to amend for destruction of records that aren't kept in the normal course. But once Counsel's fabrication of "no X-Rays kept in the normal course" and "no paper dental charts" was exposed as fraud upon the Court on February 19, 2025; Plaintiff wasted no time amending his complaint. See ECF 88-1.

Defendant admits in the Admissions attached to the reply, that he had access to the medical records room where these

11

records were kept. Plaintiff didn't invent the facts that discovery showed the routine organizational practice of generation and retention of X-rays and dental charts; that records supposed to be kept had gone missing; or that Defendant knew the illegality of performing dental fillings at the time he performed one on Plaintiff. Although Plaintiff is not required to proffer "factual support" or "discovery" under Rule 8(a) or Rule 15(a), (d); just as he got Defendant's employee timesheet, so will he get Lopez and Bernhard's to show they were at the NJSP clinic on or about October 6, 2022, and this will be one more piece of circumstantial evidence showing the conspiracy to cover up Defendant's illegal performance of dental surgery.

**5.) Any Prejudice Would Be Entirely of Defendants' Doing, and Could not Be Enough to Outweigh the Prejudice to Plaintiff of not Being Able to Litigate His Claims**

Defendants, Rutgers, and NJDOC have filed for extensions of time at every juncture, receiving a combined total of over a year in extensions since the motion to dismiss was resolved. None of Plaintiff's motions have been without good cause, Defendant didn't indicate who had custody and control of x-rays until the hearing of the motion to compel. Subpoenas were issued after that hearing, because of that motion. Plaintiff served them as quickly as possible. Rutgers would never have provided Defendant's timesheet if it weren't for a motion to enforce the subpoenas, much less Youngblood's declaration. Plaintiff currently seeks a

12

similar declaration about paper dental charts. Likewise, the NJDOC asked for numerous extensions **but didn't even look for the requested documents.** This came out at the hearing for the motion to enforce, and Plaintiff filed a motion for contempt when he had proof that **the NJDOC is persistently refusing to even look for the requested documents.** None of these motions were without cause, regardless of their disposition being denied, and the dilatory tactics were solely those of NJDOC, Rutgers, and Defendant.

Lopez and Bernhard will not require any additional discovery beyond what is being conducted with Defendant. There's no need to "start over", Defendants can simply stop stonewalling to make Plaintiff move to compel prior to providing simple things like employee timesheets or Youngblood's declaration. Defendants' purported prejudice for costs of motion practice they themselves make necessary can't outweigh the interest of justice. And there can't be a second deposition of Plaintiff under the Rules, so if they claim further deposition of their cross-defendants is necessary, that's not Plaintiff's fault for prejudice. They could have done that a long time ago, and should have indicated before now that it might be relevant.

Plaintiff did not possess Youngblood's declaration about the policy of Rutgers generating and maintaining film packets and paper dental charts until 2/19/25, so his previous claims about *electronic* records being destroyed have no bearing on these

13

**\*non-electronic\*** records being destroyed. This declaration indicated the X-Rays and Charts he was seeking have been lost or destroyed, so he could not have known an affidavit of merit wouldn't be necessary to his malpractice claim until 2/19/25.

### Conclusion

For all the foregoing reasons, Plaintiff respectfully requests the District Judge to correct the Magistrate's Order and allow the medical malpractice, offensive physical contact, and conspiracy claims to proceed.

DATE: 5/6/26

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

14