RECEIVED

MAY 15 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>　　　PLAINTIFF<br><br>　　　V.<br><br>RAHMO REIZ, SAMUAL LOPEZ, JOEL BERNHARD, JOHN DOE 1, JOHN DOE 2, RUTGERS,THE STATE UNIVERSITY OF NEW JERSEY – UNIVERSITY CORRECTIONAL HEALTHCARE<br>　　　DEFENDANTS | CIVIL ACTION NO.<br>3:22-cv-06430-MAS-JBD<br>Hon. Michael A. Shipp, U.S.D.J.<br>Hon. J. Brendan Day, U.S.M.J. |

### SUPPLEMENTAL COMPLAINT

### I. PARTIES IN THIS COMPLAINT

**A. PLAINTIFF (\*PLAINTIFF IS INCARCERATED\*)**
Name: Caleb L. McGillvary
Street Address: #1222665/SBI#102317G NJSP PO Box 861
County, City: Mercer, Trenton
State & Zip Code: New Jersey 08625
Telephone Number: N/A

**B. DEFENDANTS**

Defendant No. 1
Name: Rahmo Reiz, Individually & in Official Capacity
Street Adress: 1307 Cinnaminson Avenue
County, City: Burlington, Cinnaminson
State & Zip Code: New Jersey 08077
Telephone Number: N/A

Defendant No. 2
Name: Samual Lopez, Individually & in Official Capacity
Street Adress: 144 Meadow Road
County, City: Bergen, Rutherford
State & Zip Code:New Jersey 07070
Telephone Number: (201)531-1617

1

Defendant No. 3
Name: Joel Bernhard, Individually & in Official Capacity
Street Adress: 621 Old Dutch Road
County, City: Somerset, Bedminster
State & Zip Code: New Jersey 07921

Defendant No. 4
Name: John Doe 1, Rutgers Employee who Accessed Plaintiff's Records on the Dates indicated in the Supplemental Complaint
Street Adress: Third & Federal Street
County, City: Mercer, Trenton
State & Zip Code: New Jersey 08625-0863
Telephone Number: N/A

Defendant No. 5
Name: John Doe 2, NJDOC Employee who Accessed Plaintiff's Records on the Dates indicated in the Supplemental Complaint
Street Adress: Third & Federal Street
County, City: Mercer, Trenton
State & Zip Code: New Jersey 08625-0863
Telephone Number: N/A

Defendant No. 6
Name: Rutgers, the State University of New Jersey - University Correctional Healthcare
Street Adress: Colpitts Modular Unit, Whittlesey Road
County, City: Mercer, Trenton
State & Zip Code: New Jersey 08625-0863

## II. BASIS FOR JURSIDICTION

This Court has jurisdiction under 28 U.S.C. 1331 over Plaintiff's claims under 42 U.S.C. 1983 & 18 U.S.C. 1964. This Court has jurisdiction under 1367 over Plaintiff's state law claims.

## III. STATEMENT OF CLAIM

A. The events giving rise to these claims occured at the New Jersey State Prison Medical Clinic, North Compound, Third & Federal Street, Trenton, New Jersey

B. These claims accrued in part on August 23, 2022; and in part on November 11, 2022; under equitable tolling pursuant to the New Jersey "Discovery Rule" doctrine.

2

C. The facts giving rise to Plaintiff's claims are as follows:

**FACTS OF THE CASE**

1. Plaintiff incorporates by reference all of the allegations of the First Amended Complaint in this matter, and sets forth same herein.

**COUNT I: DESTRUCTION OF THE X-RAYS OF PLAINTIFF'S MOUTH AND MEDICAL RECORDS, GIVING RISE TO CAUSES OF ACTION FOR NEGLIGENCE, FRAUDULENT CONCEALMENT, AND/OR MEDICAL MALPRACTICE PER SE**

2. The policy and procedure of Rutgers, the State University of New Jersey - University Correctional Healthcare (hereinafter, "Rutgers") for the creation and retention of dental X-rays is as follows: after a dentist examines a patient and determines x-rays are needed, dental x-rays are taken by a member of the Dental Staff, typically a Dental Assistant (however, a Dentist or Dental Hygeienist may also take them). A film packet is placed in the patient's mouth and appropriately lined up to capture the necessary tooth or teeth. The individual will then exit the exam room, manually press a button to take the x-ray, and therafter place it in a film developer. Once the x-ray has been examined by the dentist and the dental visit is complete, the x-ray is placed in a small envelope. The patient's name and SBI number and/or booking number are written on the envelope, and the envelope is placed in a basket to be filed by the medical records clerk in the patient's medical reference file. It is the usual practice for dentists to centemporaneously enter their notes based on

3

their examination of the x-ray in the patient's electronic medical record.

3. The policy and procedure of Rutgers outlined in "2" above indicates that as part of their employment, employees voluntarily undertake to preserve film packets of x-rays performed on inmate patients.

4. An affirmative duty of Rutgers, Riez, Lopez, Bernhard, John Doe 1, and John Doe 2 exists to maintain records of x-rays and models of Plaintiff's mouth, and is created by N.J.S.A. 26:8-5, N.J.A.C. 10A:16-2.18, and N.J.A.C. 13:30-8.7(a)(6), (d). An affirmative duty of these Defendants to provide records of x-rays and models of Plaintiff's mouth to Plaintiff upon Plaintiff's request exists and is created by N.J.S.A. 30:1B-6.2(1)(1), and N.J.A.C. 13:35-6.5. These affirmative duties were known to these Defendants at all relevant times to this action.

5. A film packet was created on June 11, 2019 by Lopez, and was placed in an envelope with Plaintiff's name and SBI number, which was thereafter placed in Plaintiff's medical reference file as part of Rutgers' policy and procedure outlined in "2" above. This film packet showed that, on June 11, 2019, Plaintiff's Tooth #14 had no fillings or other procedures ever performed on it up to that point, and was therefore material to Plaintiff's 8th Amendment Claim in this action.

6. A film packet was created on January 7, 2020 by Lopez and was placed in an envelope with Plaintiff's name and SBI number, which

4

was thereafter placed in Plaintiff's medical reference file as part of Rutgers' policy and procedure outlined in "2" above. This film packet showed that Plaintiff's Tooth #14 had no fillings or other procedures ever performed on it up to that point, and was therefore material to Plaintiff's 8th Amendment Claim in this action.

7. A film packet was created on the date referred to in "14" of the First Amended Complaint in this matter, by Lopez and was placed in an envelope with Plaintiff's name and SBI number, which was thereafter placed in Plaintiff's medical reference file as part of Rutgers' policy and procedure outlined in "2" above. This film packet showed that Plaintiff's Tooth #14 had a cavity, but had no fillings or other procedures ever performed on it up to that point, and was therefore material to Plaintiff's 8th Amendment Claim in this action.

8. A film packet was created on February 1, 2022 by Lopez and was placed in an envelope with Plaintiff's name and SBI number, which was thereafter placed in Plaintiff's medical reference file as part of Rutgers' policy and procedure outlined in "2" above. This film packet showed that there was a recent filling which had been performed on Plaintiff's Tooth #14, and that the filling was still in place but the cusp of the tooth and fractured and fallen out due to the excessive force applied to the inside of the tooth by a dental drill. The x-ray showed characteristics of the filling and surrounding area indicating it was new, and showed

characteristics of Tooth #14 indicating both that the fracture was caused by dental drilling, and that the drilling was done with excessive force. The x-ray also showed that the nerve of Tooth #14 was exposed, and was exposed for the period from January 11, 2022 to March 9, 2022. The film packet was therefore material to Plaintiff's 8th Amendment Claim in this action.

9. On or about August 23, 2022, Defendants Rahmo Riez, Samual Lopez, Joel Bernhard, John Doe 1 the Officer of NJDOC who had access to Plaintiff's Records (hereinafter, "John Doe 1"), and John Doe 2 the Officer of Rutgers, the State University of New Jersey - University Correctional Health Care who accessed Plaintiff's health records (hereinafter, "John Doe 2"), became aware of or foresaw Plaintiff's intention to file this lawsuit, because each were present in the North Compound Clinic when Plaintiff signed his refusal form for treatment. On August 25, 2022, Each of these Defendants became aware of the pendency of this lawsuit by Plaintiff's grievance invoking administrative remedies to exhaust same prior to filing this lawsuit. On November 2, 2022, each of these Defendants were aware of Plaintiff's filing of the initial complaint in the above-captioned matter.

10. Subsequent to Plaintiff's August 31, 2022 request for his entire medical record, on October 6, 2022 Samual Lopez met with Rahmo Riez, Joel Bernhard, John Doe 1, and John Doe 2 at the North Compound clinic. These Defendants conferred with each other

during this meeting and agreed that they would aid and abet each other, or act in concert, to destroy or conceal evidence such as X-rays or Dental Charts which would establish liability for any of these Defendants for claims contemplated by Plaintiff in the instant lawsuit.

11. Pursuant to this agreement, Samual Lopez agreed to falsify a medical record in order to conceal the fact that Rahmo Riez performed a filling procedure on Plaintiff's Tooth #14, and did indeed act to do so on October 6, 2022

12. Pursuant to this agreement, on a date between the filing of this action on November 2, 2022 and the provision of less than all of Plaintiff's medical records on November 11, 2022; Samual Lopez did intentionally access Plaintiff's medical reference file to remove and destroy the x-rays that were kept there, with purpose and intention to disrupt this litigation by depriving Plaintiff of the evidence embodied by those x-rays.

13. In the alternative to "12", Pursuant to this agreement, on a date between the filing of this action on November 2, 2022 and the provision of less than all of Plaintiff's medical records on November 11, 2022; Joel Bernhard did intentionally access Plaintiff's medical reference file to remove and destroy the x-rays that were kept there, with purpose and intention to disrupt this litigation by depriving Plaintiff of the evidence embodied by those x-rays.

7

14. In the alternative to "12", Pursuant to this agreement, on a date between the filing of this action on November 2, 2022 and the provision of less than all of Plaintiff's medical records on November 11, 2022; Rahmo Riez did intentionally access Plaintiff's medical reference file to remove and destroy the x-rays that were kept there, with purpose and intention to disrupt this litigation by depriving Plaintiff of the evidence embodied by those x-rays.

15. In the alternative to "12", Pursuant to this agreement, on a date between the filing of this action on November 2, 2022 and the provision of less than all of Plaintiff's medical records on November 11, 2022; John Doe 1 did intentionally access Plaintiff's medical reference file to remove and destroy the x-rays that were kept there, with purpose and intention to disrupt this litigation by depriving Plaintiff of the evidence embodied by those x-rays.

16. In the alternative to "12", Pursuant to this agreement, on a date between the filing of this action on November 2, 2022 and the provision of less than all of Plaintiff's medical records on November 11, 2022; John Doe 2 did intentionally access Plaintiff's medical reference file to remove and destroy the x-rays that were kept there, with purpose and intention to disrupt this litigation by depriving Plaintiff of the evidence embodied by those x-rays.

17. Pursuant to this agreement, on a date between the filing of this action on November 2, 2022 and the provision of less than all of Plaintiff's medical records on November 11, 2022; Joel Bernhard did intentionally destroy the x-rays and backups of the x-rays of Plaintiff's mouth which he was required to keep pursuant to N.J.A.C. 13:30-8.7(a)(6), (c)(5), and (d), with purpose and intention to disrupt this litigation by depriving Plaintiff of the evidence embodied by those x-rays.

18. Pursuant to this agreement, on a date between the filing of this action on November 2, 2022 and the provision of less than all of Plaintiff's medical records on November 11, 2022; Samual Lopez did intentionally destroy the x-rays and backups of the x-rays of Plaintiff's mouth which he was required to keep pursuant to N.J.A.C. 13:30-8.7(a)(6), (c)(5), and (d), with purpose and intention to disrupt this litigation by depriving Plaintiff of the evidence embodied by those x-rays.

19. The x-rays referred to in "5"-"8" could not be obtained by Plaintiff from any other source, but through requests to the healthcare providers who are required to maintain those x-rays and produce them upon request.

20. Plaintiff has been damaged by having to rely on an evidentiary record which doesn't include x-rays which would graphically depict to a jury the injury to his Tooth #14. Such a graphic depiction would be crucial to their determination of witness credibility, of deliberate indifference and wanton

9

infliction of pain, and to their assessment of damages awards for pain and suffering, physical injury, emotional distress and mental anguish. The graphic depiction of the injury would have provided more persuasive evidence for the imposition of punitive damages than any other evidence available to Plaintiff, by showing the jury the exact contours of the injury and exposed nerve in such a way that they could determine that the injury was caused by actual malice or wanton disregard, and that the delay in treatment was caused by actual malice or wanton disregard. The facts above show that a cause of action for fraudulent concealment, or in the alternative for negligence in the destruction of material evidence, exists agaist Reiz, Lopez, Bernhard, John Doe 1, and John Doe 2. The aforementioned Defendants' destruction of the x-rays in "5"-"8" has therefore caused Plaintiff to be damaged in the amount of discrepancy between the amount he would otherwise be entitled to if the factfinder could see the x-rays favorable to Plaintiff, and what the factfinder awards him in the absence of those x-rays. Plaintiff avers that this amount is punitive damages five times that of compensatory damages, with compensatory damages not less than $50,000 per day for each day his tooth nerve was exposed between January 11, 2022 and March 9, 2022, or $2,850,000 compensatory damages and $14,250,000 punitive damages.

## IV. PRAYER FOR RELIEF

WHEREFOR Plaintiff respectfully prays this Court enter judgment:

37.) Granting Plaintiff a declaration that the acts and omissions of Defendants described herein are wrongful and violate Plaintiff's rights under the Constitution and law of the United States.

38.) A preliminary and permanent injunction ordering Defendants to stay at least 500 feet from Plaintiff at all times; and forbidding Defendants from accessing the computer database upon which Plaintiff's medical records are stored.

39.) Granting Plaintiff compensatory damages not less than $50,000 per day for each day his tooth nerve was exposed between January 11, 2022 and March 9, 2022, or $2,850,000 compensatory damages  against Defendants, joint and severally

40.) Plaintiff also seeks nominal damages of $1 and punitive damages in the amount of $350,000 or 5 times compensatory damages, whichever is greater.

41.) Plaintiff also seeks attorney fees and costs

42.) Plaintiff also asks for any other relief this Court deems just, proper, and equitable.

43.) All Defendants are sued in their official and also in their individual capacities.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing statements are true and accurate to the best of my knowledge and belief.

Executed this 12 day of _____ MAY _____, 20 26

Respectfully Submitted,

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
NJSP PO Box 861
Trenton, NJ 08625-0861

12