UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CALEB L. MCGILLVARY, | Civ. No. 22-06430 (MAS)(JBD) |
| Plaintiff, | ORDER |
| v. | |
| RONALD RIEZ, *et al.*, | |
| Defendants. | |

Before the Court is an unopposed motion to seal filed by plaintiff Caleb L. McGillvary pursuant to Local Civil Rule 5.3(c).  [Dkt. 150.]  McGillvary seeks to seal Exhibits A through K to his motion for the appointment of *pro bono* counsel [Dkt. 147] and Exhibits A through O to his motion for spoliation remedies [Dkt. 149]. *See* [Dkt. 150-1].  McGillvary states that these exhibits disclose his HIPAA-protected medical records and must be sealed in their entirety.  [Dkt. 150] at 2-4.  The Court has carefully considered McGillvary's submission, the factors set forth in Local Civil Rule 5.3(c)(3), and other applicable law.  For the reasons set forth below, McGillvary's motion to seal is granted in part and denied in part.

*

It is well settled that there is "a common law public right of access to judicial proceedings and records."  *In re Cendant Corp.,* 260 F.3d 183, 192 (3d Cir. 2001) (citations omitted) (quotation omitted).  To overcome the presumptive right of public access, a litigant seeking to seal judicial records must demonstrate "good cause." *Securimetrics, Inc. v. Iridian Techs., Inc.,* C.A. No. 03-4394 (RBK), 2006 WL 827889, at

*2 (D.N.J. Mar. 30, 2006).  Good cause exists when a party makes a "particularized showing that disclosure will cause a clearly defined and serious injury to the party seeking closure."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (quotation omitted).

This standard for sealing has been incorporated into Local Civil Rule 5.3(c), which requires motions to seal to explain (a) the nature of the materials at issue; (b) the legitimate private or public interest that warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative is not available; and (e) any prior order sealing the same materials in the pending action.  L. Civ. R. 5.3(c)(3).

*

McGillvary moves to seal the exhibits because they disclose his personal medical history and records.  The Court is satisfied that Exhibits A through F to his motion for the appointment of *pro bono* counsel and Exhibits A through F and Exhibit L to his motion for spoliation remedies contain HIPAA-protected medical records and must be sealed in their entirety.  *See United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980) ("medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection."); *see also Thompson v. Sears*, Civ. No. 18-13231 (ZNQ), 2021 WL 3115869, at *1 (D.N.J. July 22, 2021) ("Courts have recognized the legitimate privacy interest in a prisoner's medical records") (citation omitted).  Indeed, the Court finds that (i) McGillvary has a legitimate privacy interest in the contents of the aforementioned

2

exhibits that warrants sealing of the documents; (ii) that disclosure of McGillvary's medical records would irreparably violate his privacy rights, resulting in serious injury to him; and (iii) that any less restrictive alternative to sealing would result in disclosure that would harm McGillvary's privacy interest in his medical history. Accordingly, the Court finds that sealing Exhibits A through E to his motion for the appointment of *pro bono* counsel and Exhibits A through E and Exhibit L to his motion for spoliation remedies is necessary to protect McGillvary's confidential information. The Court will grant McGillvary's motion to seal with respect to these exhibits.

As to Exhibits G through K to his motion for the appointment of *pro bono* counsel and Exhibits G through K and Exhibits M through O to his motion for spoliation remedies, the Court determines that sealing is not warranted.  The Court notes initially that Exhibits G through J to McGillvary's motion for the appointment of *pro bono* counsel and Exhibits G through J of his motion for spoliation remedies are identical.  Those exhibits consist of the following:

- Exhibit G:  Riez's Responses and Objections to McGillvary's Second Set of Requests for Admission ("RFAs").

- Exhibit H:  Declaration of Non-Party Andrew Youngblood, D.M.D., dated February 18, 2025.

- Exhibit I:  Declaration of Non-Party Andrew Youngblood, D.M.D., dated November 11, 2025.

- Exhibit J:  Declaration of Non-Party Ryan Piccone dated November 10, 2025.

Additionally, Exhibit K to McGillvary's motion for the appointment of *pro bono* counsel is Riez's Responses and Objections to McGillvary's First Set of Interrogatories.

3

The remaining exhibits filed in support of McGillvary's motion for spoliation remedies include:

- Exhibit K:  Non-Party New Jersey Department of Corrections' ("NJDOC") Supplemental Responses and Objections to McGillvary's Subpoenas.

- Exhibit M:  Declaration of Edward H. Haas, Esq. dated December 3, 2025.

- Exhibit N:  Declaration of Kimberly Flood dated December 3, 2025.

- Exhibit O:  Blank Wing Officers Travel Log.

With respect to Exhibits G through J of McGillvary's motion for the appointment of *pro bono* counsel and Exhibits G through J and Exhibits M through O of his motion for spoliation remedies, all of these materials have already been filed on the public docket with no objection from any party or non-party.  *See* [Dkt. 88-1] (Youngblood Declaration dated February 18, 2025); [Dkt. 129-2] (Wing Officers Travel Log); [Dkt. 132] at Ex. A (Riez's Responses and Objections to McGillvary's Second Set of RFAs); [Dkt. 139-1] (Youngblood Declaration dated November 11, 2025); [Dkt. 139-2] (Piccone Declaration dated November 10, 2025); [Dkt. 145-1] (Haas Declaration dated December 3, 2025); [Dkt. 145-2] (Flood Declaration dated December 3, 2025).  Because it is well established that once information has been publicly disseminated, it cannot be sealed, s*ee, e.g., C.G.B. v. Lucia*, No. 15-3401 (LDW), 2018 WL 6705684, at *2 (D.N.J. Dec. 19, 2018); *Janssen Prods., L.P. v. Lupin Ltd.*, Civ. No. 10-05954 (WHW), 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014), the Court concludes that sealing Exhibits G through J to McGillvary's motion for the appointment of *pro*

4

*bono* counsel and Exhibits G through J of his motion for spoliation remedies is not warranted.

The Court also declines to seal Exhibit K to McGillvary's motion for the appointment of *pro bono* counsel and Exhibit K his motion for spoliation remedies. Although it does not appear that either of these documents has been filed on the public docket, neither reveals the substance of McGillvary's medical records. The Court cannot discern any other reason that these records should be kept under seal, and McGillvary provides none. The Court therefore denies McGillvary's request to seal Exhibit K to his motion for the appointment of *pro bono* counsel and Exhibit K his motion for spoliation remedies.

*

For the reasons set forth above and for good cause shown,

IT IS on this 21st day of May, 2026,

**ORDERED** that plaintiff's motion to seal [Dkt. 150] is GRANTED in part with respect to Exhibits A through F to his motion for the appointment of *pro bono* counsel and Exhibits A through F and Exhibit L to his motion for spoliation remedies; and it is further

**ORDERED** that the Clerk shall permanently SEAL Exhibits A through F to plaintiff's motion for the appointment of *pro bono* counsel and Exhibits A through F and Exhibit L to his motion for spoliation remedies, *see* [Dkt. 150-1]; and it is further

**ORDERED** that plaintiff's motion to seal [Dkt. 150] is DENIED in part as to Exhibits G through K to his motion for the appointment of *pro bono* counsel and

Exhibits G through K and Exhibits M through O to his motion for spoliation remedies; and it is further

**ORDERED** that the Clerk shall UNSEAL Exhibits G through K to plaintiff's motion for the appointment of *pro bono* counsel and Exhibits G through K and Exhibits M through O to his motion for spoliation remedies, *see* [Dkt. 150-1]; and it is further

**ORDERED** that nothing herein shall constitute a ruling concerning future requests to seal.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

6