# EXHIBIT G

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

---

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, | : | **UNITED STATES DISTRICT COURT** |
| | : | **FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:22-06430-MAS-JBD |
| | : | |
| RAHMO REIZ, et al., | : | DOCUMENT ELECTRONICALLY FILED |
| | : | |
| Defendant. | : | **DEFENDANT RAHMO REIZ'S RESPONSES** |
| | : | **TO PLAINTIFF'S SECOND SET OF** |
| | : | **REQUESTS FOR ADMISSIONS** |
| | : | |

TO:    Caleb L. McGillvary
       SBI #000102317G
       New Jersey State Prison
       600 Cass Street
       Trenton, New Jersey 08608

SIR:

Pursuant to Fed. R. Civ. P. 36, Defendant Rahmo Reiz ("Defendant") hereby responds to

Plaintiff's Second Set of Requests for Admission as set forth below.

By providing responses to Plaintiff's requests, Defendant is not waiving his right to seek

a determination by the Court that Plaintiff is not permitted to use the information set forth herein

at trial and Defendant expressly reserves his right to make any such application in accordance

with the Court Rules and/or applicable Court Order.

Defendant reserves the right to amend or supplement these responses in accordance with

the Court Rules and/or applicable Court Order.

1

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendant Rahmo Reiz*


By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Dated: May 21, 2025

2

## <u>GENERAL OBJECTIONS</u>

All of the general objections made by Defendant are applicable to and are incorporated in each response to these requests.

Failure to specifically refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1. Defendant objects to these requests to the extent they seek to impose upon Defendant a greater or broader obligation than the one(s) imposed by the Federal Rules of Civil Procedure.

2. Defendant objects to these requests to the extent that they are overbroad, vague, unduly burdensome or otherwise lack sufficient precision or particularity to permit formulation of a meaningful response and/or otherwise purport to seek information beyond the scope of permissible discovery.

3. Defendant objects to each request which seeks a response whose disclosure would violate the attorney-client privilege, self-critical analysis privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended or shall be construed it as waiver of any such confidential, privilege or doctrine.

4. Defendant objects to each request to the extent is seeks information that is not within Defendant's knowledge or control.

5. Defendant objects to each request to the extent it seeks a legal conclusion.

3

## REQUESTS FOR ADMISSIONS

REQUEST No. 66: Defendant was a licensed Dental Hygienist in New Jersey for the period from May of 2019 through April of 2022.

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits this request.**

REQUEST No. 67: The scope of practice for Dental Hygienists is set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation.**

REQUEST No. 68: The scope of practice for Dental Hygienists set forth in N.J.A.C. 13:30-1A et seq. constitutes a standard of care.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation.**

REQUEST No. 69: As part of his licensing examination to be a Dental Hygienist, Defendant must show that he is familiar with the scope of practice set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of practice." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except to admit that Defendant is generally familiar with his professional responsibilities as a dental hygienist.**

REQUEST No. 70: Performing dental surgery is not within the scope of a dental hygienist as set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of a dental hygienist." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except to deny this request insofar as it is intended to imply that Defendant performed dental**

4

surgery on Plaintiff as he did not, and to admit that dental hygienists are not permitted to perform dental surgery.

REQUEST No. 71: Performing dental fillings is dental surgery within the scope of practice for licensed dentists in New Jersey.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of practice" and "dental fillings." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request except to state that dental fillings are performed by licensed dentists. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 72: Performing dental fillings without a license to practice dentistry is prohibited in New Jersey under N.J.S.A. 45:6-73(b).

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it calls for a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except Defendant admits that to his knowledge dentists must be licensed to practice dentistry. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 73: At all times relevant to this action, Defendant knew that performing dental surgery without a license to practice dentistry is illegal in the State of New Jersey.

**RESPONSE: Subject to and without waiving the General Objections, Defendant can neither admit nor deny this request insofar as it calls for a legal conclusion. Defendant admits that to his knowledge dentists must be licensed to perform dental surgery. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 74: Defendant has had access to Plaintiff's Medical Reference File during the period from November 2, 2022 to November 11, 2022.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "access." Subject to and without waiving the General Objections, Defendant admits that he has access to the room in which inmate's Medical Reference Files are stored, but denies that he is permitted to personally and directly retrieve documents from the Medical References files. To obtain information from an inmate's Medical Reference File, if needed, Defendant requests such documents from the medical records department. To the extent it is implied that Defendant retrieved documents from Plaintiff's Medical Reference File, Defendant denies this request.**

5

REQUEST No. 75: Defendant reviews and understands all parts of the electronic medical records he signs prior to signing them.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "all parts of the electronic medical record." Subject to and without waiving the foregoing or General Objections, Defendant reviews and understands the parts of the electronic medical record which are relevant to the dental services Defendant provides a particular inmate prior to signing that record but denies that he reviews all parts of the medical records for an inmate that is unrelated to the dental services that he is performing.**

REQUEST No. 76: Defendant's profession as a dental hygienist is that of a healthcare provider.

**RESPONSE: Defendant objects to this request to the extent it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant understands that dental hygienists are dental providers.**

REQUEST No. 77: N.J.A.C. 13:30-8.7 requires dentists to create and maintain medical records listed in that regulation.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have.**

REQUEST No. 78: N.J.A.C. 13:30-8.7(d) requires dentists to maintain copies of x-rays for 7 years after the date of the last entry.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have.**

REQUEST No. 79: It is illegal to destroy medical records in New Jersey, under the provisions of N.J.S.A. 2C:21-4.1.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have. Defendant understands that it is illegal to destroy medical records, except under certain circumstances permitted under applicable law, but denies this request to the extent it is intended to imply that Defendant destroyed Plaintiff's medical or dental records.**

6

REQUEST No. 80: At all relevant times to this action, Defendant knew that it was illegal in New Jersey to destroy medical records.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to provide a legal conclusion that he is not qualified to provide. Defendant understands that it is illegal to destroy medical records, except under certain circumstances permitted under applicable law. Defendant denies this request to the extent it is intended to imply that Defendant destroyed Plaintiff's medical records.**

REQUEST No. 81: At all relevant times to this action, Defendant knew that Rutgers, the State University of New Jersey ¬University Correctional Healthcare has the policy of generation and retention of x-rays of patients which was described in the declaration of Dr. Andrew Youngblood, D.D.S. in the document filed as ECF 88.1 in this matter.

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits that it is his understanding that Rutgers maintains policies for the generation and retention of dental x-rays, but does not have personal knowledge as to the specifics of such policies.**

REQUEST No. 82: At all relevant times to this action, Defendant knew that it would be misconduct to remove x-rays from Plaintiff's medical reference file and fail to return them.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant objects to the term "misconduct" as vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to provide a legal conclusion which he is not qualified to provide, except Defendant admits that it is he understands he is not permitted to remove records from an inmate's medical reference file and fail to return them. Defendant denies this request to the extent it is intended to imply that Defendant removed any records from Plaintiff's medical reference file.**

REQUEST No. 83: None of the claims in this action involve causes of action for damages resulting from custody determinations such as admissions, receiving, keeping, detaining, transferring, or discharging of Plaintiff.

**RESPONSE:  Defendant objects to this request to the extent is calls for a legal conclusion. Defendant objects to the extent this request seeks information protected by attorney client privilege or work product doctrine. Subject to the foregoing and the General Objections, Defendant can neither admit nor deny this request as it is unintelligible, except to state that Plaintiff's claims, which are set forth in the Amended Complaint, speak for themselves.**

Dated: May 21, 2025

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendant Rahmo Reiz*

7

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

# EXHIBIT H

Case 3:22-cv-06430-MAS-JBD   Document 185   Filed 05/21/26   Page 11 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD   Document 88-3056Filed 02/19/25   Page 1 of 3 PageID:
1246

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for non-Party Rutgers, The State University of New Jersey*

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, | : | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | : | |
| | : | CASE NO. 3:22-06430-MAS-JBD |
| v. | : | |
| | : | DOCUMENT ELECTRONICALLY FILED |
| RONALD RIEZ, et al., | : | |
| | : | **DECLARATION OF NON-PARTY ANDREW YOUNGBLOOD, DMD** |
| Defendant. | : | |
| | : | |
| | : | |

I, Andrew Youngblood, DMD, of full age, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am employed by Rutgers, The State University of New Jersey—University Correctional Healthcare ("Rutgers") as the Director of Dentistry. As such, I have personal knowledge of policies and procedures regarding the generation and retention of dental x-rays taken of inmates incarcerated at New Jersey State Prison.

2.      I submit this Declaration pursuant to the Court's February 6, 2025 Order, in further support of non-party Rutgers' opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") motion to enforce a subpoena served upon non-party Rutgers.

3.      For purposes of dental x-rays, Rutgers utilizes film x-rays. Rutgers is not equipped for, and therefore does not use, digital x-rays.

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 12 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 88-3057Filed 02/19/25    Page 2 of 3 PageID:
1247

4.    The process for taking dental x-rays is as follows: after a dentist examines a patient and determines x-rays are needed, dental x-rays are taken by a member of the Dental Staff, typically a Dental Assistant (however a Dentist or Dental Hygienist may also take them). A film packet is placed in the patient's mouth and appropriately lined up to capture the necessary tooth or teeth. The individual will then exit the exam room, manually press a button to take the x-ray, and thereafter place it in a film developer.

5.    Once the x-ray has been examined by the dentist and the dental visit is complete, the x-ray is placed in a small envelope. The patient's, name and SBI number and/or booking number are written on the envelope, and the envelope is placed in a basket to be filed by the medical records clerk in the patient's medical reference file.

6.    It is the usual practice for dentists to contemporaneously enter their notes based on their examination of the x-ray in the patient's electronic medical record.

7.    Due to the manual nature of the filing system for hard-copy x-rays, it is possible for x-rays to be inadvertently misplaced or be misfiled.

8.    However, it is not Rutgers' practice or procedure to intentionally destroy x-rays.

9.    On October 28, 2024, I inquired with my staff whether Plaintiff's paper medical chart contained any x-rays. On October 29, 2024, my staff confirmed that there are no x-rays in Plaintiff's paper medical chart. However, I have reviewed Plaintiff's electronic medical records and have confirmed that the dental providers included notes relating to results of the x-rays taken.

I declare under penalty of perjury that the foregoing is true and correct.

Case 3:22-cv-06430-MAS-JBD   Document 185   Filed 05/21/26   Page 13 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD   Document 88-3058Filed 02/19/25   Page 3 of 3 PageID:
1248

Andrew Youngblood, DMD

2/19/2025

Dated:

# EXHIBIT I

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 15 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 1393060Filed 11/11/25    Page 1 of 8 PageID:
2211

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Ronald Riez and non-party Rutgers, the State University of New Jersey*

|  |  |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD RIEZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DECLARATION OF NON-PARTY ANDREW YOUNGBLOOD, DMD** |

I, Andrew Youngblood, DMD, of full age, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am employed by Rutgers, The State University of New Jersey—University Correctional Healthcare ("Rutgers") as the Director of Dentistry. As such, I have personal knowledge of policies and procedures regarding the generation and retention of dental x-rays taken of inmates incarcerated at New Jersey State Prison.

2.      I submit this Declaration pursuant to the Court's October 17, 2025 Order, in further support of non-party Rutgers' opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") motion to enforce a subpoena served upon non-party Rutgers.

3.      Medical and dental providers generally input information pertaining to their treatment of an inmate into the electronic medical record ("EMR") either (1) during the

Case 3:22-cv-06430-MAS-JBD   Document 185   Filed 05/21/26   Page 16 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD   Document 139-3061Filed 11/11/25   Page 2 of 8 PageID:
2212

examination, or (2) if they are scheduled to see several patients in a given day, later in the same day as their patient schedule allows.

4.    The medical and dental health providers then electronically sign the EMR entries. Once a record is electronically signed, it cannot be modified, altered or deleted. If a provider needs to update or amend a medical entry, same is entered separately as an "append" entry, which will appear in the EMR along with the original entry.

5.    As set forth in my February 18, 2025 Declaration, intraoral dental x-rays are taken as film x-rays. Rutgers is not equipped for, and therefore does not use, digital x-rays. These physical images cannot be stored electronically in the EMR and need to be stored in the medical reference file ("MRF"). The prison Intake Facilities now have panoramic (panorex) x-rays which are stored electronically in the EMR, however Plaintiff was not processed through an Intake Facility. He was admitted directly to New Jersey State Prison ("NJSP"), which does not now, nor during the relevant time, have a panorex x-ray machine.

6.    The process for taking dental x-rays is as follows: after a dentist examines a patient and determines x-rays are needed, dental x-rays are taken by a member of the Dental Staff, typically a Dental Assistant (however a Dentist or Dental Hygienist may also take them). A film packet is placed in the patient's mouth and appropriately lined up to capture the necessary tooth or teeth. The individual will then exit the exam room, manually press a button to take the x-ray, and thereafter place it in a film developer.

7.    Once the x-ray has been examined by the dentist and the dental visit is complete, the x-ray is placed in a small envelope. The patient's, name and SBI number and/or booking number are written on the envelope, and the envelope is either handed to medical records staff directly, or placed in a basket to be filed by the medical records clerk in the patient's MRF and

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 17 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 1393062 Filed 11/11/25    Page 3 of 8 PageID:
2213

stored in the medical records office which is located in the same area/unit as dental. However, if an inmate is scheduled to return for a follow-up examination relating to the x-ray, the x-ray will be kept in the medical clinic until such appointment, and thereafter filed in the inmate's MRF.

8.    Due to the manual nature of the filing system for hard-copy x-rays, it is possible for x-rays to be inadvertently misplaced or be misfiled.

9.    However, it is not Rutgers' practice or procedure to intentionally destroy x-rays.

10.    On August 29, 2024, I asked my Dental Assistant to search Plaintiff's MRF for any x-rays from the date of his intake into the prison system to the present. On September 3, 2024, my dental assistant advised that no x-rays were present in either Plaintiff's MRF nor the clinic.

11.    On October 28, 2024, I asked my dental assistant once again to confirm whether Plaintiff's MRF contained any x-rays. On October 29, 2024, my dental assistant again confirmed that there were no x-rays in Plaintiff's MRF. Attached hereto as **Exhibit A** is a true and correct copy of my email correspondence with my dental assistant regarding the search for x-rays in Plaintiff's MRF.

12.    As discussed above, it is the usual practice for dentists to contemporaneously enter their notes based on their examination of the x-ray in the patient's electronic medical record.

13.    I reviewed the relevant records in Plaintiff's EMR and note that an entry dated February 1, 2022 includes discussion of an x-ray. However, as discussed above, we were unable to locate such x-ray in Plaintiff's MRF.

14.    Furthermore, I noted that the EMR entry dated June 11, 2019 states "panorex: yes." However, the "yes" is a drop-down selection in the EMR, and it was likely clicked in error, as NJSP does not have a Panorex x-ray machine, and did not have one at any time relevant to this

Case 3:22-cv-06430-MAS-JBD   Document 185   Filed 05/21/26   Page 18 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD   Document 139-3063Filed 11/11/25   Page 4 of 8 PageID:
2214

action. In fact, the June 11, 2019 EMR entry also reflects that the provider manually entered that no Panorex was available.

15.     I have furthered reviewed the dental entries in Plaintiff's EMR for the entirety of Plaintiff's time at NJSP—from May 31, 2019 to January 6, 2025), and did not see any references or indication that Plaintiff had any x-rays, other than the June 11, 2019 entry that erroneously states "panorex: yes" and the February 1, 2022 physical x-ray that we cannot locate.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Andrew Youngblood, DMD

Dated:

Case 3:22-cv-06430-MAS-JBD   Document 185   Filed 05/21/26   Page 19 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD   Document 139-3064Filed 11/11/25   Page 5 of 8 PageID:
2215

# EXHIBIT A

**Andrew Youngblood**

| | |
|---|---|
| **From:** | Harlene Zelaya |
| **Sent:** | Tuesday, October 29, 2024 1:56 PM |
| **To:** | Andrew Youngblood; Cullen, Marie J [DOC] |
| **Subject:** | Re: McGillvary #1222665 |

*Good day,*

*Reviewed his paper chart, No x-rays present in chart.*

*Harlene Zelaya*
**Dental Assistant, CDA**
**Rutgers/University Correctional Healthcare**
**New Jersey State Prison**
**Trenton, NJ 08611**



**From:** Andrew Youngblood <███████████>
**Sent:** Monday, October 28, 2024 2:35 PM
**To:** Cullen, Marie J [DOC] <█████████████>; Harlene Zelaya <█████████████>
**Subject:** RE: McGillvary #1222665

Good afternoon Harlene –
Can you please check this pt's paper chart again to see if there are <u>any</u> x-rays at all?

There is documentation that he had a panorex taken at NJSP on 6/11/2019.
It would be a film x-ray (not digital).

Thanks very much,
-andrew

Andrew Youngblood, DMD

1

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 21 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3066Filed 11/11/25    Page 7 of 8 PageID:
2217

## Andrew Youngblood

| | |
|---|---|
| **From:** | Harlene Zelaya |
| **Sent:** | Tuesday, September 3, 2024 12:41 PM |
| **To:** | Andrew Youngblood |
| **Subject:** | Re: McGillvary #1222665 |

*Good day Dr.,*

*There are no x-ray/s in his chart nor the clinic.*

*H*

Harlene Zelaya
**Dental Assistant, CDA**
**Rutgers/University Correctional Healthcare**
**New Jersey State Prison**
**Trenton, NJ 08611**



**From:** Andrew Youngblood <█████████████████>
**Sent:** Thursday, August 29, 2024 2:56 PM
**To:** Harlene Zelaya <█████████████>
**Subject:** McGillvary #1222665

Hi Harlene, good afternoon –

Can you check to see if you have ANY x-rays for McGillvary #1222665 from the date of his Intake in June 2019 to present?
Check his paper chart, and any coin envelopes stored in the dental clinic please.

Thanks very much, and I hope you have a good weekend!
-andrew

1

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 22 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3067 Filed 11/11/25    Page 8 of 8 PageID:
2218

Andrew Youngblood, DMD
Director of Dentistry
Rutgers-University Correctional Health Care
PO Box 863
Trenton, NJ 08026
p: █████████████
f: █████████████
Email: ███████████████████

# EXHIBIT J

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 24 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3069Filed 11/11/25    Page 1 of 3 PageID:
2219

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Ronald Riez and non-party Rutgers, the State University of New Jersey*

|  |  |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD RIEZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DECLARATION OF NON-PARTY RYAN PICCONE** |

I, Ryan Piccone, MSW, LCSW, LCADC, CCHP, of full age, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.    I am employed by Rutgers, The State University of New Jersey—University Correctional Healthcare ("Rutgers") as the Assistant Director of Clinical Operations. As such, I have personal knowledge of the facts set forth herein

2.    I submit this Declaration pursuant to the Court's October 17, 2025 Order, in further support of non-party Rutgers' opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") motion to enforce a subpoena served upon non-party Rutgers.

3.    The New Jersey Department of Corrections is the custodian of inmate medical, dental, and mental health records into which providers input information. Dental records throughout the New Jersey Prison System, including at New Jersey State Prison ("NJSP"), are

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 25 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3070Filed 11/11/25    Page 2 of 3 PageID:
2220

maintained together with medical and mental health records. Dental records are not kept separate and apart from inmates' medical and mental health records.

4. The health records (which includes medical, dental, and mental health) for each inmate are only maintained in two formats: either the electronic medical records ("EMR") or the Medical Reference File ("MRF"). The MRF consists of hard copy paper records. To the extent there is any confusion regarding "paper medical charts," that term is colloquially used to refer to the MRF. In other words, the "paper medical chart" is the MRF.

5. The MRFs are stored in the medical records department. However, at NJSP, certain inmates who have been incarcerated for a long period of time have MRFs that consist of multiple volumes, and need to be stored in an auxiliary medical record storage room. Plaintiff's MRF consists of only one volume and is stored in the main medical records room.

6. The MRF includes hard copies of (1) x-ray films; (2) consultation reports from outside specialists; (3) medical records that pre-date the EMR[1]; (4) discharge summaries from outside specialists; (5) consent and refusal forms; and, until approximately eight (8) months ago, Medication Administration Records ("MAR")[2]. To the extent an inmate's medical records contain hard copy documents relating to dental care, such records are maintained in the MRF, along with the documents relating to medical and mental health care. Rutgers does not maintain a separate paper dental chart.

7. Other than the MRF, all other medical and dental records are maintained in the EMR.

---

[1] Plaintiff was not incarcerated prior to the implementation of the EMR, so all of his medical records (which includes dental and mental health records) are maintained in either the EMR or the MRF.

[2] As of earlier this year, the MAR is now part of the EMR.

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 26 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3071Filed 11/11/25    Page 3 of 3 PageID:
2221

8.    It is Rutgers' policy to maintain all medical records for a period of ten (10) years following an inmate leaving the prison system, with the exception of inmates designated as sex offenders, in which case the records are maintained for life. If a non-sex-offender-inmate leaves the prison system and does not return for a period of ten years, the inmate's medical records are either destroyed, or provided to the inmate upon request.  In this case, Plaintiff remains in prison, so his medical records are currently maintained.

9.    Finally, all of Plaintiff's relevant medical records, from both the EMR and the MRF, have been produced to Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.


_____
Ryan Piccone

Dated: 11/10/2025

# EXHIBIT K

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

---

|  |  |
|---|---|
| CALEB L. MCGILLVARY, | **UNITED STATES DISTRICT COURT** |
| Plaintiff, | **FOR THE DISTRICT OF NEW JERSEY** |
| v. | CASE NO. 3:22-06430-MAS-JBD |
| RAHMO REIZ, et al., | DOCUMENT ELECTRONICALLY FILED |
| Defendant. | **DEFENDANT RAHMO REIZ'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** |

TO:    Caleb L. McGillvary
       SBI #000102317G
       New Jersey State Prison
       600 Cass Street
       Trenton, New Jersey 08611

SIR:

Pursuant to Rule 33, Defendant, Rahmo Reiz ("Defendant"), hereby responds to Plaintiff's

First Set of Interrogatories as set forth below.

NORRIS, McLAUGHLIN, PA

By: */s/ Margaret Raymond-Flood*
Dated: January 11, 2024        Margaret Raymond-Flood

## CONDITIONS

These responses are made without waiver of and with preservation of:

1.    All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2.    The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3.    The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4.    The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5.    Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived his privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS TO REQUESTS

A.       Defendant objects to each request to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B.       Defendant objects to each request to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C.       Defendant objects to each request to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D.       Defendant objects to each request to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E.    Defendant objects to each request to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which he has no control.

F.    Defendant objects to each request to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Plaintiff to unreasonable burden and expense. To the extent the response to an request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G.    Defendant objects to each request to the extent that it seeks a legal conclusion.

H.    Defendant objects to each request to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I.    Defendant objects to each request to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J.    Defendant objects to each request to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K.    Defendant objects to each request to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less burdensome or expensive source, or that the undue burden or expense of compiling the requested

information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Requests of Plaintiff. Defendant intends to abide by its obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify its position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## ANSWERS TO INTERROGATORIES

1.    State the name and address of each person who may have information relative to the claims at issue in this action, specifying what information such person has and where, when, and how they obtained it.

**ANSWER:** Defendant objects to this interrogatory as overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiver of these or the General Objections, parties to this action; any and all persons named or otherwise identified in the Amended Complaint, Defendant's Answer, and all pleadings filed in this action; all persons identified in Plaintiff's medical records; all persons identified in discovery up to and including the time of trial, including but not limited to depositions, answers to interrogatories, and document productions of any party or documents obtained pursuant to subpoena or otherwise. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

2.    State which of the persons whose names are contained in the answer to Interrogatory No. 1 above:
a. Made written statements to you or to your agents concerning this matter, and

b. The name, title, and address of the custodian of each written statement.

**ANSWER:** Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the term "written statement" as vague and undefined. Subject to and without waiving these or the general objections, Defendant is not aware of any written statements responsive to this request other than what may be included in Plaintiff's medical records, which are under the care, custody, and control of the New Jersey Department of Corrections. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.

3.    State the name and, if know, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses.

**ANSWER:** Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this interrogatory as duplicative of previous interrogatories. Subject to and without waiving these or the general objections, see Defendants response to Interrogatory No. 1.

4.    State which of the persons whose names are contained in the answer to Interrogatory No. 1 above:
a. Made written statements to you or to your agents concerning this matter, and

b. The name, title, and address of the custodian of each written statement.

**ANSWER: See Defendant's response to Interrogatory No. 2, which is identical to this interrogatory.**

5.    Do you, your attorneys, or any person employed by you or your attorneys have possession of, or know of the existence of, any: Books or other printed material; Records or reports made in the course of business; Photographs, moving or still or x-ray; Drawings, charts, maps, or diagrams; other documentary material; Models, specimens, or samples; Other tangible objects that contain information bearing on the issue of Plaintiff's dental diagnosis and treatment; Electronically stored information bearing on the issue of Plaintiff's dental diagnosis and treatment; or Other tangible objects that are relevant to Plaintiff's dental diagnosis and treatment, or that you intend to rely on to support the allegations of your Answer?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the terms "other printed material," "course of business," "models, specimens, or samples," "other tangible objects," and "Electronically stored information" as vague and undefined. Defendant further objects to this interrogatory to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege. Subject to and without waiving these or the General Objections, Defendant refers Plaintiff to Plaintiff's medical records, Bates Stamped MED000001 to MED000340, produced in response to Plaintiff's Request for production of documents. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

6.    If so for each item, state its descriptions, which shall include

a. Its form, name, number or other means of general identification
b. Its size
c. The date on which it was made, prepared or taken
d. The name, or other means of identification, address, job title or capacity, and relationship to you of each person who made, prepared, or took it
e. The address or location of the place where it was made, prepared, or taken
f. The method by which it was made, prepared or taken
g. The purpose for which it was made prepared or taken
h. The name or other means of identification, address, job title or capacity, and relationship to you of each person who authorized, ordered or approved its making, preparation, or taking
i. The number copies or duplicates that were made
j. The cost of preparation or taking
k. The cost of reproducing a copy or duplicate, and the time such reproduction or duplication would take
l. Its present location, indicating the address and location within the address
m. The name, address and job title of each person who as custody of the original
n. The name, address and job title of each person who has possession of a copy of it
o. In what way is it relevant to the subject matter of this action.

p. The method and procedure of its storage and retrieval in records archives or information systems, with the make, model and serial number of each device so used in such methods and procedures.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case in light of Plaintiff's sole remaining claim following the Court's Order dismissing Plaintiff's claims. Defendant further objects to this interrogatory to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege. Subject to and without waiving these or the General Objections, see response to Interrogatory No. 5. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

7.    Have any of the items mentioned above been altered in any manner since this action arose or after the item was initially made, taken, or prepared?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, none of the items identified above have been altered in any way, at any time. To the best of Defendant's understanding and knowledge, medical records cannot be altered or changed once they are entered in the electronic medical record. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

8.    If so, for each item, state its description, which shall include:

a. Each date on which it was altered
b. A description of each alteration
c. The reason for each alteration
d. The name, address, and job title of each person who made the alteration.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, see Defendant's response to Interrogatory No. 7 (misnumbered in Plaintiff's demands as "No. 5"), above.**

9.    Have any of the items referred to above been lost, destroyed, consumed, or otherwise ceased to exist?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, none of the items identified above have been lost, destroyed, consumed, nor otherwise ceased to exist. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

10.    If so, for each item, state a description of the item, which shall include:

a. The date it was lost or ceased to exist

b. The circumstances of its loss or the reason it ceased to exist

c. The name, address, and job title of each person who has knowledge concerning the manner in which it was lost or ceased to exist

d. The name, address, and job title of each person who has knowledge concerning its nature or contents

e. Whether there has been any attempt to reproduce, duplicate, or find it, and, if so, a description of each attempt and its results.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, see Defendant's response to Interrogatory No. 9 (misnumbered in Plaintiff's demands as "No. 7"), above.**

## CERTIFICATION

I, Rahmo Reiz, certify as follows:

I have read the foregoing interrogatories and responses, which responses were prepared with the assistance of others and the advice of counsel and based on a review of documents produced in discovery, upon which I have relied. Accordingly, the responses set forth herein are based on information and belief and, subject to inadvertent and undiscovered error, are based upon and necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these responses. I reserve the right to make any changes in the responses if it appears at any time that errors or omissions have been made therein, or if more accurate information becomes available. Subject to the foregoing limitations, these responses are true to the best of my knowledge, information and belief.

Rahmo Reiz

Dated: January 11, 2024

EXHIBIT G

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, | : | **UNITED STATES DISTRICT COURT** |
| | : | **FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:22-06430-MAS-JBD |
| | : | |
| RAHMO REIZ, et al., | : | DOCUMENT ELECTRONICALLY FILED |
| | : | |
| Defendant. | : | **DEFENDANT RAHMO REIZ'S RESPONSES** |
| | : | **TO PLAINTIFF'S SECOND SET OF** |
| | : | **REQUESTS FOR ADMISSIONS** |
| | : | |

TO:     Caleb L. McGillvary
        SBI #000102317G
        New Jersey State Prison
        600 Cass Street
        Trenton, New Jersey 08608

SIR:

Pursuant to Fed. R. Civ. P. 36, Defendant Rahmo Reiz ("Defendant") hereby responds to

Plaintiff's Second Set of Requests for Admission as set forth below.

By providing responses to Plaintiff's requests, Defendant is not waiving his right to seek

a determination by the Court that Plaintiff is not permitted to use the information set forth herein

at trial and Defendant expressly reserves his right to make any such application in accordance

with the Court Rules and/or applicable Court Order.

Defendant reserves the right to amend or supplement these responses in accordance with

the Court Rules and/or applicable Court Order.

1

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendant Rahmo Reiz*


By: */s/ Margaret Raymond-Flood*
      Margaret Raymond-Flood, Esq.

Dated: May 21, 2025

2

## <u>GENERAL OBJECTIONS</u>

All of the general objections made by Defendant are applicable to and are incorporated in each response to these requests.

Failure to specifically refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1.      Defendant objects to these requests to the extent they seek to impose upon Defendant a greater or broader obligation than the one(s) imposed by the Federal Rules of Civil Procedure.

2.      Defendant objects to these requests to the extent that they are overbroad, vague, unduly burdensome or otherwise lack sufficient precision or particularity to permit formulation of a meaningful response and/or otherwise purport to seek information beyond the scope of permissible discovery.

3.      Defendant objects to each request which seeks a response whose disclosure would violate the attorney-client privilege, self-critical analysis privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended or shall be construed it as waiver of any such confidential, privilege or doctrine.

4.      Defendant objects to each request to the extent is seeks information that is not within Defendant's knowledge or control.

5.      Defendant objects to each request to the extent it seeks a legal conclusion.

3

## REQUESTS FOR ADMISSIONS

REQUEST No. 66: Defendant was a licensed Dental Hygienist in New Jersey for the period from May of 2019 through April of 2022.

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits this request.**

REQUEST No. 67: The scope of practice for Dental Hygienists is set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation.**

REQUEST No. 68: The scope of practice for Dental Hygienists set forth in N.J.A.C. 13:30-1A et seq. constitutes a standard of care.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation.**

REQUEST No. 69: As part of his licensing examination to be a Dental Hygienist, Defendant must show that he is familiar with the scope of practice set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of practice." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except to admit that Defendant is generally familiar with his professional responsibilities as a dental hygienist.**

REQUEST No. 70: Performing dental surgery is not within the scope of a dental hygienist as set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of a dental hygienist." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except to deny this request insofar as it is intended to imply that Defendant performed dental**

4

surgery on Plaintiff as he did not, and to admit that dental hygienists are not permitted to perform dental surgery.

REQUEST No. 71: Performing dental fillings is dental surgery within the scope of practice for licensed dentists in New Jersey.

RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of practice" and "dental fillings." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request except to state that dental fillings are performed by licensed dentists. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.

REQUEST No. 72: Performing dental fillings without a license to practice dentistry is prohibited in New Jersey under N.J.S.A. 45:6-73(b).

RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it calls for a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except Defendant admits that to his knowledge dentists must be licensed to practice dentistry. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.

REQUEST No. 73: At all times relevant to this action, Defendant knew that performing dental surgery without a license to practice dentistry is illegal in the State of New Jersey.

RESPONSE: Subject to and without waiving the General Objections, Defendant can neither admit nor deny this request insofar as it calls for a legal conclusion. Defendant admits that to his knowledge dentists must be licensed to perform dental surgery. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.

REQUEST No. 74: Defendant has had access to Plaintiff's Medical Reference File during the period from November 2, 2022 to November 11, 2022.

RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "access." Subject to and without waiving the General Objections, Defendant admits that he has access to the room in which inmate's Medical Reference Files are stored, but denies that he is permitted to personally and directly retrieve documents from the Medical References files. To obtain information from an inmate's Medical Reference File, if needed, Defendant requests such documents from the medical records department. To the extent it is implied that Defendant retrieved documents from Plaintiff's Medical Reference File, Defendant denies this request.

5

REQUEST No. 75: Defendant reviews and understands all parts of the electronic medical records he signs prior to signing them.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "all parts of the electronic medical record." Subject to and without waiving the foregoing or General Objections, Defendant reviews and understands the parts of the electronic medical record which are relevant to the dental services Defendant provides a particular inmate prior to signing that record but denies that he reviews all parts of the medical records for an inmate that is unrelated to the dental services that he is performing.**

REQUEST No. 76: Defendant's profession as a dental hygienist is that of a healthcare provider.

**RESPONSE: Defendant objects to this request to the extent it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant understands that dental hygienists are dental providers.**

REQUEST No. 77: N.J.A.C. 13:30-8.7 requires dentists to create and maintain medical records listed in that regulation.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have.**

REQUEST No. 78: N.J.A.C. 13:30-8.7(d) requires dentists to maintain copies of x-rays for 7 years after the date of the last entry.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have.**

REQUEST No. 79: It is illegal to destroy medical records in New Jersey, under the provisions of N.J.S.A. 2C:21-4.1.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have. Defendant understands that it is illegal to destroy medical records, except under certain circumstances permitted under applicable law, but denies this request to the extent it is intended to imply that Defendant destroyed Plaintiff's medical or dental records.**

6

REQUEST No. 80: At all relevant times to this action, Defendant knew that it was illegal in New Jersey to destroy medical records.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to provide a legal conclusion that he is not qualified to provide. Defendant understands that it is illegal to destroy medical records, except under certain circumstances permitted under applicable law. Defendant denies this request to the extent it is intended to imply that Defendant destroyed Plaintiff's medical records.**

REQUEST No. 81: At all relevant times to this action, Defendant knew that Rutgers, the State University of New Jersey ¬University Correctional Healthcare has the policy of generation and retention of x-rays of patients which was described in the declaration of Dr. Andrew Youngblood, D.D.S. in the document filed as ECF 88.1 in this matter.

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits that it is his understanding that Rutgers maintains policies for the generation and retention of dental x-rays, but does not have personal knowledge as to the specifics of such policies.**

REQUEST No. 82: At all relevant times to this action, Defendant knew that it would be misconduct to remove x-rays from Plaintiff's medical reference file and fail to return them.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant objects to the term "misconduct" as vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to provide a legal conclusion which he is not qualified to provide, except Defendant admits that it is he understands he is not permitted to remove records from an inmate's medical reference file and fail to return them. Defendant denies this request to the extent it is intended to imply that Defendant removed any records from Plaintiff's medical reference file.**

REQUEST No. 83: None of the claims in this action involve causes of action for damages resulting from custody determinations such as admissions, receiving, keeping, detaining, transferring, or discharging of Plaintiff.

**RESPONSE:  Defendant objects to this request to the extent is calls for a legal conclusion. Defendant objects to the extent this request seeks information protected by attorney client privilege or work product doctrine. Subject to the foregoing and the General Objections, Defendant can neither admit nor deny this request as it is unintelligible, except to state that Plaintiff's claims, which are set forth in the Amended Complaint, speak for themselves.**

Dated: May 21, 2025

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendant Rahmo Reiz*

7

By: */s/ Margaret Raynond-Flood*
Margaret Raymond-Flood, Esq.

# EXHIBIT H

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 48 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 88-3093 Filed 02/19/25    Page 1 of 3 PageID:
1246

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for non-Party Rutgers, The State University of New Jersey*

|  |  |
|---|---|
| CALEB L. MCGILLVARY, <br><br> Plaintiff, <br><br> v. <br><br> RONALD RIEZ, et al., <br><br> Defendant. | UNITED STATES DISTRICT COURT <br> FOR THE DISTRICT OF NEW JERSEY <br><br> CASE NO. 3:22-06430-MAS-JBD <br><br> DOCUMENT ELECTRONICALLY FILED <br><br> **DECLARATION OF NON-PARTY ANDREW** <br> **YOUNGBLOOD, DMD** |

I, Andrew Youngblood, DMD, of full age, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am employed by Rutgers, The State University of New Jersey—University Correctional Healthcare ("Rutgers") as the Director of Dentistry. As such, I have personal knowledge of policies and procedures regarding the generation and retention of dental x-rays taken of inmates incarcerated at New Jersey State Prison.

2.      I submit this Declaration pursuant to the Court's February 6, 2025 Order, in further support of non-party Rutgers' opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") motion to enforce a subpoena served upon non-party Rutgers.

3.      For purposes of dental x-rays, Rutgers utilizes film x-rays. Rutgers is not equipped for, and therefore does not use, digital x-rays.

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 49 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 88-3094 Filed 02/19/25    Page 2 of 3 PageID:
1247

4.      The process for taking dental x-rays is as follows: after a dentist examines a patient and determines x-rays are needed, dental x-rays are taken by a member of the Dental Staff, typically a Dental Assistant (however a Dentist or Dental Hygienist may also take them). A film packet is placed in the patient's mouth and appropriately lined up to capture the necessary tooth or teeth. The individual will then exit the exam room, manually press a button to take the x-ray, and thereafter place it in a film developer.

5.      Once the x-ray has been examined by the dentist and the dental visit is complete, the x-ray is placed in a small envelope. The patient's, name and SBI number and/or booking number are written on the envelope, and the envelope is placed in a basket to be filed by the medical records clerk in the patient's medical reference file.

6.      It is the usual practice for dentists to contemporaneously enter their notes based on their examination of the x-ray in the patient's electronic medical record.

7.      Due to the manual nature of the filing system for hard-copy x-rays, it is possible for x-rays to be inadvertently misplaced or be misfiled.

8.      However, it is not Rutgers' practice or procedure to intentionally destroy x-rays.

9.      On October 28, 2024, I inquired with my staff whether Plaintiff's paper medical chart contained any x-rays. On October 29, 2024, my staff confirmed that there are no x-rays in Plaintiff's paper medical chart. However, I have reviewed Plaintiff's electronic medical records and have confirmed that the dental providers included notes relating to results of the x-rays taken.

I declare under penalty of perjury that the foregoing is true and correct.

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 50 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 88-3095 Filed 02/19/25    Page 3 of 3 PageID:
1248

Andrew Youngblood, DMD

2/15/2025

Dated:

EXHIBIT I

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 52 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3097Filed 11/11/25    Page 1 of 8 PageID:
2211

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Ronald Riez and non-party Rutgers, the State University of New Jersey*

| | |
|---|---|
| CALEB L. MCGILLVARY, | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | |
| | CASE NO. 3:22-06430-MAS-JBD |
| v. | |
| | DOCUMENT ELECTRONICALLY FILED |
| RONALD RIEZ, et al., | |
| | **DECLARATION OF NON-PARTY ANDREW** |
| Defendant. | **YOUNGBLOOD, DMD** |

I, Andrew Youngblood, DMD, of full age, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.    I am employed by Rutgers, The State University of New Jersey—University Correctional Healthcare ("Rutgers") as the Director of Dentistry. As such, I have personal knowledge of policies and procedures regarding the generation and retention of dental x-rays taken of inmates incarcerated at New Jersey State Prison.

2.    I submit this Declaration pursuant to the Court's October 17, 2025 Order, in further support of non-party Rutgers' opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") motion to enforce a subpoena served upon non-party Rutgers.

3.    Medical and dental providers generally input information pertaining to their treatment of an inmate into the electronic medical record ("EMR") either (1) during the

examination, or (2) if they are scheduled to see several patients in a given day, later in the same day as their patient schedule allows.

4.      The medical and dental health providers then electronically sign the EMR entries. Once a record is electronically signed, it cannot be modified, altered or deleted. If a provider needs to update or amend a medical entry, same is entered separately as an "append" entry, which will appear in the EMR along with the original entry.

5.      As set forth in my February 18, 2025 Declaration, intraoral dental x-rays are taken as film x-rays. Rutgers is not equipped for, and therefore does not use, digital x-rays. These physical images cannot be stored electronically in the EMR and need to be stored in the medical reference file ("MRF"). The prison Intake Facilities now have panoramic (panorex) x-rays which are stored electronically in the EMR, however Plaintiff was not processed through an Intake Facility. He was admitted directly to New Jersey State Prison ("NJSP"), which does not now, nor during the relevant time, have a panorex x-ray machine.

6.      The process for taking dental x-rays is as follows: after a dentist examines a patient and determines x-rays are needed, dental x-rays are taken by a member of the Dental Staff, typically a Dental Assistant (however a Dentist or Dental Hygienist may also take them). A film packet is placed in the patient's mouth and appropriately lined up to capture the necessary tooth or teeth. The individual will then exit the exam room, manually press a button to take the x-ray, and thereafter place it in a film developer.

7.      Once the x-ray has been examined by the dentist and the dental visit is complete, the x-ray is placed in a small envelope. The patient's, name and SBI number and/or booking number are written on the envelope, and the envelope is either handed to medical records staff directly, or placed in a basket to be filed by the medical records clerk in the patient's MRF and

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 54 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3099Filed 11/11/25    Page 3 of 8 PageID:
2213

stored in the medical records office which is located in the same area/unit as dental. However, if an inmate is scheduled to return for a follow-up examination relating to the x-ray, the x-ray will be kept in the medical clinic until such appointment, and thereafter filed in the inmate's MRF.

8.    Due to the manual nature of the filing system for hard-copy x-rays, it is possible for x-rays to be inadvertently misplaced or be misfiled.

9.    However, it is not Rutgers' practice or procedure to intentionally destroy x-rays.

10.    On August 29, 2024, I asked my Dental Assistant to search Plaintiff's MRF for any x-rays from the date of his intake into the prison system to the present. On September 3, 2024, my dental assistant advised that no x-rays were present in either Plaintiff's MRF nor the clinic.

11.    On October 28, 2024, I asked my dental assistant once again to confirm whether Plaintiff's MRF contained any x-rays. On October 29, 2024, my dental assistant again confirmed that there were no x-rays in Plaintiff's MRF. Attached hereto as **Exhibit A** is a true and correct copy of my email correspondence with my dental assistant regarding the search for x-rays in Plaintiff's MRF.

12.    As discussed above, it is the usual practice for dentists to contemporaneously enter their notes based on their examination of the x-ray in the patient's electronic medical record.

13.    I reviewed the relevant records in Plaintiff's EMR and note that an entry dated February 1, 2022 includes discussion of an x-ray. However, as discussed above, we were unable to locate such x-ray in Plaintiff's MRF.

14.    Furthermore, I noted that the EMR entry dated June 11, 2019 states "panorex: yes." However, the "yes" is a drop-down selection in the EMR, and it was likely clicked in error, as NJSP does not have a Panorex x-ray machine, and did not have one at any time relevant to this

Case 3:22-cv-06430-MAS-JBD   Document 185   Filed 05/21/26   Page 55 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD   Document 139-3   Filed 11/11/25   Page 4 of 8 PageID: 3100
2214

action. In fact, the June 11, 2019 EMR entry also reflects that the provider manually entered that no Panorex was available.

15.    I have furthered reviewed the dental entries in Plaintiff's EMR for the entirety of Plaintiff's time at NJSP—from May 31, 2019 to January 6, 2025), and did not see any references or indication that Plaintiff had any x-rays, other than the June 11, 2019 entry that erroneously states "panorex: yes" and the February 1, 2022 physical x-ray that we cannot locate.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Andrew Youngblood, DMD

Dated:

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 56 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 13931101Filed 11/11/25    Page 5 of 8 PageID:
2215

# EXHIBIT A

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 57 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3102Filed 11/11/25    Page 6 of 8 PageID:
2216

**Andrew Youngblood**

| | |
|---|---|
| From: | Harlene Zelaya |
| Sent: | Tuesday, October 29, 2024 1:56 PM |
| To: | Andrew Youngblood; Cullen, Marie J [DOC] |
| Subject: | Re: McGillvary #1222665 |

*Good day,*

*Reviewed his paper chart, No x-rays present in chart.*

Harlene Zelaya
**Dental Assistant, CDA**
**Rutgers/University Correctional Healthcare**
**New Jersey State Prison**
**Trenton, NJ 08611**



RUTGERS HEALT
**University**

**From:** Andrew Youngblood <█████████████████>
**Sent:** Monday, October 28, 2024 2:35 PM
**To:** Cullen, Marie J [DOC] <███████████████>; Harlene Zelaya <███████████████>
**Subject:** RE: McGillvary #1222665

Good afternoon Harlene –
Can you please check this pt's paper chart again to see if there are any x-rays at all?

There is documentation that he had a panorex taken at NJSP on 6/11/2019.
It would be a film x-ray (not digital).

Thanks very much,
-andrew

Andrew Youngblood, DMD

1

**Andrew Youngblood**

| | |
|---|---|
| **From:** | Harlene Zelaya |
| **Sent:** | Tuesday, September 3, 2024 12:41 PM |
| **To:** | Andrew Youngblood |
| **Subject:** | Re: McGillvary #1222665 |

*Good day Dr.,*

*There are no x-ray/s in his chart nor the clinic.*

*H*

Harlene Zelaya
**Dental Assistant, CDA**
**Rutgers/University Correctional Healthcare**
**New Jersey State Prison**
**Trenton, NJ 08611**



**From:** Andrew Youngblood <████████████>
**Sent:** Thursday, August 29, 2024 2:56 PM
**To:** Harlene Zelaya <████████████>
**Subject:** McGillvary #1222665

Hi Harlene, good afternoon –

Can you check to see if you have ANY x-rays for McGillvary #1222665 from the date of his Intake in June 2019 to present?
Check his paper chart, and any coin envelopes stored in the dental clinic please.

Thanks very much, and I hope you have a good weekend!
-andrew

1

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 59 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3104Filed 11/11/25    Page 8 of 8 PageID:
2218

Andrew Youngblood, DMD
Director of Dentistry
Rutgers-University Correctional Health Care
PO Box 863
Trenton, NJ 08026
p: ███████████
f: ███████████
Email: ████████████████

# EXHIBIT J

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 61 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-106 Filed 11/11/25    Page 1 of 3 PageID:
2219

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Ronald Riez and non-party Rutgers, the State University of New Jersey*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD RIEZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DECLARATION OF NON-PARTY RYAN PICCONE** |

I, Ryan Piccone, MSW, LCSW, LCADC, CCHP, of full age, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.     I am employed by Rutgers, The State University of New Jersey—University Correctional Healthcare ("Rutgers") as the Assistant Director of Clinical Operations. As such, I have personal knowledge of the facts set forth herein

2.     I submit this Declaration pursuant to the Court's October 17, 2025 Order, in further support of non-party Rutgers' opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") motion to enforce a subpoena served upon non-party Rutgers.

3.     The New Jersey Department of Corrections is the custodian of inmate medical, dental, and mental health records into which providers input information. Dental records throughout the New Jersey Prison System, including at New Jersey State Prison ("NJSP"), are

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 62 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3107 Filed 11/11/25    Page 2 of 3 PageID:
2220

maintained together with medical and mental health records. Dental records are not kept separate and apart from inmates' medical and mental health records.

4.      The health records (which includes medical, dental, and mental health) for each inmate are only maintained in two formats: either the electronic medical records ("EMR") or the Medical Reference File ("MRF"). The MRF consists of hard copy paper records. To the extent there is any confusion regarding "paper medical charts," that term is colloquially used to refer to the MRF. In other words, the "paper medical chart" is the MRF.

5.      The MRFs are stored in the medical records department. However, at NJSP, certain inmates who have been incarcerated for a long period of time have MRFs that consist of multiple volumes, and need to be stored in an auxiliary medical record storage room. Plaintiff's MRF consists of only one volume and is stored in the main medical records room.

6.      The MRF includes hard copies of (1) x-ray films; (2) consultation reports from outside specialists; (3) medical records that pre-date the EMR[1]; (4) discharge summaries from outside specialists; (5) consent and refusal forms; and, until approximately eight (8) months ago, Medication Administration Records ("MAR")[2]. To the extent an inmate's medical records contain hard copy documents relating to dental care, such records are maintained in the MRF, along with the documents relating to medical and mental health care. Rutgers does not maintain a separate paper dental chart.

7.      Other than the MRF, all other medical and dental records are maintained in the EMR.

---

[1] Plaintiff was not incarcerated prior to the implementation of the EMR, so all of his medical records (which includes dental and mental health records) are maintained in either the EMR or the MRF.

[2] As of earlier this year, the MAR is now part of the EMR.

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 63 of 84 PageID:
Case 3:22-cv-06430-MAS-JBD    Document 139-3108 Filed 11/11/25    Page 3 of 3 PageID:
2221

8.      It is Rutgers' policy to maintain all medical records for a period of ten (10) years following an inmate leaving the prison system, with the exception of inmates designated as sex offenders, in which case the records are maintained for life. If a non-sex-offender-inmate leaves the prison system and does not return for a period of ten years, the inmate's medical records are either destroyed, or provided to the inmate upon request.  In this case, Plaintiff remains in prison, so his medical records are currently maintained.

9.      Finally, all of Plaintiff's relevant medical records, from both the EMR and the MRF, have been produced to Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Ryan Piccone

Dated: 11/10/2025

# EXHIBIT K



**State of New Jersey**
DEPARTMENT OF LAW AND PUBLIC SAFETY

| | DIVISION OF LAW | |
|---|---|---|
| PHILIP D. MURPHY | 25 MARKET STREET | MATTHEW J. PLATKIN |
| Governor | P.O. Box 112 | Attorney General |
| | Trenton, NJ 08625-0112 | |
| TAHESHA L. WAY | | MICHAEL C. WALTERS |
| Lt. Governor | | Director |

December 3, 2025

**VIA REGULAR & CERTIFIED MAIL**
Caleb L. McGillvary (SBI#102317G)
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
**\*\*LEGAL MAIL\*\***

> Re:    **Caleb L. McGillvary v. Ronald Reiz, et al.**
> **Civil Action No. 3:22-cv-6430-MAS-JBD**
> **Subpoena Duces Tecum to non-party New Jersey Department of Corrections**

Dear Mr. McGillvary:

The undersigned represents non-party New Jersey Department of Corrections ("DOC"). Pursuant to Judge Day's October 17, 2025 Order (ECF No. 135), DOC was directed to "re-review the relevant records and logbook entries for the dates" you provided "and produce all relevant entries, with appropriate redactions as needed." Below please find DOC's supplemental response to your supplemental requests for logbook entries. Additionally, DOC's supplemental document production is enclosed herewith (DOC.McGillvary.Travel_Log.001-002).

To avoid unnecessary motion practice, I ask that you kindly confer with me about any perceived deficiencies in DOC's supplemental response. Should you have any other questions or require additional information, please contact me immediately.

> Very truly yours,
>
> MATTHEW J. PLATKIN
> ATTORNEY GENERAL OF NEW JERSEY
>
> By:    /s/Michael B. McNeil_____
> Michael B. McNeil
> Deputy Attorney General

Encls.




HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2440 • FAX: (609) 777-3007
New Jersey is an Equal Opportunity Employer • Printed on Recycled Paper and Recyclable

Caleb L. McGillvary – Subpoena Duces Tecum
December 3, 2025
Page 2

## DOC'S SUPPLEMENTAL RESPONSE TO SUBPOENA DUCES TECUM

1.      In your January 31, 2025 letter, you requested the following: "[A]ll of the entries in which I am mentioned or otherwise appear; from the 6 Right NJSP Travel Log, the NJSP Traffic Control Log, the North Compound Clinic NJSP Travel Log, the 6 Right NJSP Officer Log Book, and the North Compound Clinic Officer Log Book" from 6:30 am to 5:00 pm on the following dates in 2021: November 1, 2, 3, 9, 10, 15, 16, 17, 23, 30; and December 1, 2, 6, 7, 8, 9, 13, 14, 15, 16, 17, 20, 22.

OBJECTION:

DOC objects to Plaintiff's request for travel logs, log books, and traffic control logs as overly burdensome and disproportionate to the needs of this litigation. Plaintiff is currently incarcerated in state prison, and his request for travel logs, logbooks, and traffic control logs would risk disclosing confidential procedures and movements within the secure environment. Courts have routinely recognized the concerns with providing incarcerated persons access to information about prison procedures. *See, e.g., Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion *in limine* to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns); *Grant v. Fisher*, No. 07-1870, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (permitting modifications to prison surveillance video before evidence was shown at trial). Beyond the security concerns, it is unlikely that the travel logs, logbooks, and traffic control logs would have relevance to Plaintiff's case, which concerns medical treatment provided by DOC's medical provider. *See Rega v. Beard*, No. 08-156, 2010 WL 1253531 at *6 (W.D. Pa. Mar. 24, 2010) (denying production of logbooks to plaintiff

Caleb L. McGillvary – Subpoena Duces Tecum
December 3, 2025
Page 3

finding that the logs, even if they provided the names and times personnel visited a unit, would not

provide proof that they witnessed any particular activity that Plaintiff believes occurred).

Additionally, DOC objects to the disclosure of the travel logs, log books, and traffic control

logs for this period because it would provide information to Plaintiff about other incarcerated

persons. New Jersey law recognizes restrictions on the provision of information to one inmate

about other inmates. *See* N.J.A.C. 10A:22-2.3(b) ("[a]n inmate shall not be permitted to inspect,

examine, or obtain copies of documents concerning any other inmate.").

**RESPONSE:**

**Notwithstanding and without waiving said objections, please see the following:**

- **Potentially relevant entries in the New Jersey State Prison Clinic Officer Log Book (DOC.McGillvary.Logbook.001-008). These records were provided to Plaintiff on April 29, 2025. No additional responsive records have been located.**

- **Report of Plaintiff's appointments logged in the DOC's iTAG system (DOC.McGillvary.Travel_Log.001-002). These records are enclosed herewith.**

2.     In your January 31, 2025 letter, you also requested the following: "[A]ll of the

entries in which Defendant Rahmo Reiz is mentioned or otherwise appears; from the 6 Right NJSP

Officer Log Book, and the North Compound Clinic Officer Log Book" from 6:30 am to 5:00 pm

on the following dates in 2022: January 10, 11, 12, 13, 14.

DOC objects to Plaintiff's request for logbooks as overly burdensome and disproportionate

to the needs of this litigation. Plaintiff is currently incarcerated in state prison, and his request for

Caleb L. McGillvary – Subpoena Duces Tecum
December 3, 2025
Page 4

logbooks would risk disclosing confidential procedures and movements within the secure environment. Courts have routinely recognized the concerns with providing incarcerated persons access to information about prison procedures. *See, e.g.*, *Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion *in limine* to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns; *Grant v. Fisher*, No. 07-1870, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (permitting modifications to prison surveillance video before evidence was shown at trial). Beyond the security concerns, it is unlikely that the travel logs, logbooks, and traffic control logs would have relevance to Plaintiff's case, which concerns medical treatment provided by DOC's medical provider. *See Rega v. Beard*, No. 08-156, 2010 WL 1253531 at *6 (W.D. Pa. Mar. 24, 2010) (denying production of logbooks to plaintiff finding that the logs, even if they provided the names and times personnel visited a unit, would not provide proof that they witnessed any particular activity that Plaintiff believes occurred).

Additionally, DOC objects to the disclosure of the logbooks for this period because it would provide information to Plaintiff information about other incarcerated persons. New Jersey law recognizes restrictions on the provision of information to one inmate about other inmates. *See* N.J.A.C. 10A:22-2.3(b) ("[a]n inmate shall not be permitted to inspect, examine, or obtain copies of documents concerning any other inmate.").

**RESPONSE:**

**Notwithstanding and without waiving said objections, please see the following:**

- **Potentially relevant entries in the New Jersey State Prison Clinic Officer Log Book (DOC.McGillvary.Logbook.001-008). These records were**

Caleb L. McGillvary – Subpoena Duces Tecum
December 3, 2025
Page 5

provided to Plaintiff on April 29, 2025. No additional responsive records

have been located.

Caleb L. McGillvary – Subpoena Duces Tecum
December 3, 2025
Page 6

## CERTIFICATION

### Caleb L. McGillvary v. Ronald Reiz, et al.
### Civil Action No. 3:22-cv-06430-MAS-JBD

1.  I am an Attorney at Law of the State of New Jersey. My State of New Jersey Attorney Identification Number is 02801-2001.

2.  I was sworn in and admitted as an Attorney at Law of the State of New Jersey and the United States District Court for the District of New Jersey on July 5, 2002. Additionally, I was sworn in and admitted to practice before the United States Court of Appeals for the Third Circuit on January 20, 2004.

3.  I am employed by the State of New Jersey Department of Corrections (DOC) as a Legal Specialist in its Divisions of Human Resources and Diversity and Legal Affairs. My duties include assisting in the coordination, preparation, and handling of DOC's processing of inmate and employee generated litigation; providing support and direction to the litigation liaisons in each correctional facility; and updating and advising the Commissioner on the status and potential impact of pending litigation. It is in this capacity that I am familiar with the instant case.

4.  I hereby certify on behalf of the New Jersey Department of Corrections, that I have reviewed the Supplemental Responses to Plaintiff's supplemental subpoena requests contained in his correspondence dated January 31, 2025, with counsel and that I am aware that a good faith search for documents responsive to the request has been made by the New Jersey Department of Corrections.

5.  I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based upon information maintained by Defendant, New Jersey Department of Corrections.

Caleb L. McGillvary – Subpoena Duces Tecum
December 3, 2025
Page 7

6.    The following is a list of the identity and source of knowledge of those who

provided information in this matter:

| No. | Bates No. | Source | Summary |
|---|---|---|---|
| 1 | DOC.McGillvary.Travel_Log.001-002 | New Jersey Department of Corrections | Report of Plaintiff's appointments logged in the DOC's iTAG system |

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

By:    _Edward H. Haas_

Edward H. Haas, Esq., M.S.W.
Legal Specialist and Department ADA Coordinator
Department of Corrections
Divisions of Human Resources and Diversity & Legal
Affairs

Dated: December 3, 2025

# EXHIBIT M

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 73 of 84 PageID:
3118
Case 3:22-cv-06430-MAS-JBD    Document 145-1    Filed 12/03/25    Page 1 of 5 PageID:
2231

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625-0112
Attorney for non-party New Jersey Department of Corrections

By:    Michael B. McNeil
       Deputy Attorney General
       (609) 376-2440
       michael.mcneil@law.njoag.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| CALEB L. MCGILLVARY, <br><br> Plaintiff, <br><br> v. <br><br> RONALD REIZ, ET AL., <br><br> Defendants | Hon. Michael A. Shipp, U.S.D.J. <br> Hon. J. Brendan Day, U.S.M.J. <br><br> Civil Action No. 3:22-cv-6430 <br><br> DECLARATION OF EDWARD H. HAAS, ESQ., M.S.W. |

I, Edward H. Haas, of full age, declare under penalty of perjury pursuant to 25 U.S.C. § 1746 as follows:

1.     I am an Attorney at Law of the State of New Jersey. My State of New Jersey Attorney Identification Number is 02801-2001.

2.    I was sworn in and admitted as an Attorney at Law of the State of New Jersey and the United States District Court for the District of New Jersey on July 5, 2002. Additionally, I was sworn in and admitted to practice before the United States Court of Appeals for the Third Circuit on January 20, 2004.

3.    I am employed by the State of New Jersey Department of Corrections ("DOC") as a Legal Specialist in its Divisions of Human Resources and Diversity and Legal Affairs. My duties include assisting in the coordination, preparation, and handling of DOC's processing of inmate and employee generated litigation; providing support and direction to the litigation liaisons in each correctional facility; and updating and advising the Commissioner on the status and potential impact of pending litigation. It is in this capacity that I am familiar with the instant case.

4.    I submit this Declaration pursuant to the Court's October 17, 2025 Order (ECF No. 135) in further support of non-party DOC's opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") Motion (ECF No. 115) for an order holding DOC in contempt and compelling DOC to produce documents requested in a subpoena directed to it.

5.    In my position as Legal Specialist, I assisted counsel with preparing a response to Plaintiff's subpoena on the DOC's behalf.

2

6.      On April 29, 2025, the DOC supplemented its response to Plaintiff's subpoena – as clarified by Plaintiff's January 31, 2025 letter – requesting the following records kept and maintained by the DOC:

      a.      All entries in which Plaintiff is mentioned or otherwise appears in (1) the 6 Right NJSP Travel Log, (2) the NJSP Traffic Control Log, (3) the North Compound Clinic NJSP Travel Log, (4) the 6 Right NJSP Officer Logbook, and (5) the North Compound Clinic Officer Logbook from 6:30 am to 5:00 pm on the following dates in 2021: November 1, 2, 3, 9, 10, 15, 16, 17, 23, 30 and December 1, 2, 6, 7, 8, 9, 13, 14, 15, 16, 17, 20, 22.

      b.      All entries in which Defendant Rahmo Reiz ("Reiz") is mentioned or otherwise appears in (1) the 6 Right NJSP Officer Logbook and (2) the North Compound Clinic Officer Logbook from 6:30 am to 5:00 pm on the following dates in 2022: January 10, 11, 12, 13, 14.

7.      In preparing the DOC's response to Plaintiff's subpoena, I, along with counsel, reviewed the entries made in the (1) 6 Right NJSP Officer Logbook and (2) the North Compound Clinic Officer Logbook on the dates and times specified by Plaintiff for references to Plaintiff and Reiz. In total, there were 134 pages of logbook entries for the dates and times specified by Plaintiff.

8.      Of the 134 pages reviewed, only 8 pages contained information responsive to Plaintiff's subpoena – specifically, logbook entries pertaining to, or

3

believed to pertain to, Reiz. There were no entries in the logbooks reviewed pertaining to Plaintiff.

9.    In addition to containing entries pertaining to, or believed to pertain to, Reiz, the 8 logbook pages also contained entries and information pertaining to incarcerated persons and DOC staff other than Plaintiff and Reiz. Such entries and information were not requested by Plaintiff, and in any event were not relevant to any of the claims and/or defenses asserted in this matter, and were therefore redacted prior to production by DOC. None of the redacted entries and information pertains to Plaintiff or Reiz.

10.    On April 29, 2025, the 8 pages of redacted logbook entries were produced by DOC as part of its supplemental response to Plaintiff's subpoena.

11.    In accordance with the Court's October 17, 2025 Order, I, along with counsel, have re-reviewed the 134 pages of logbook entries from the (1) 6 Right NJSP Officer Logbook and (2) the North Compound Clinic Officer Logbook and have confirmed that there are no additional entries responsive to Plaintiff's subpoena requests contained therein.

12.    Also, in accordance with the Court's October 17, 2025 Order, I have once again made inquiry to determine whether DOC has in its custody, possession, or control any travel log entries pertaining to Plaintiff on the dates and times specified in Plaintiff's January 31, 2025 letter.

13.    Through this inquiry I have confirmed with DOC's Office of Information Technology ("OIT") that appointment entries pertaining to Plaintiff over the specified period have been archived and are currently in the DOC's custody, possession, and control. OIT has advised that there are a total of 23 appointment entries pertaining to Plaintiff over the specified period.

14.    The 23 appointment entries pertaining to Plaintiff will be produced by DOC as part of a supplemental response to Plaintiff's subpoena and in accordance with the Court's October 17, 2025 Order.

I declare under penalty of perjury that the foregoing is true and correct.

*Edward H. Haas*

Edward H. Haas, Esq., M.S.W.
Legal Specialist and Department ADA Coordinator
Department of Corrections
Divisions of Human Resources and Diversity &
Legal Affairs

Date:   December 3, 2025

5

# EXHIBIT N

Case 3:22-cv-06430-MAS-JBD    Document 145-2    Filed 12/03/25    Page 1 of 4 PageID: 2236

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625-0112
Attorney for non-party New Jersey Department of Corrections

By:    Michael B. McNeil
       Deputy Attorney General
       (609) 376-2440
       michael.mcneil@law.njoag.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD REIZ, ET AL.,<br><br>Defendants | Hon. Michael A. Shipp, U.S.D.J.<br>Hon. J. Brendan Day, U.S.M.J.<br><br>Civil Action No. 3:22-cv-6430<br><br>DECLARATION OF KIMBERLY FLOOD |

I, Kimberly Flood, of full age, declare under penalty of perjury pursuant to 25 U.S.C. § 1746 as follows:

1.    I am employed by the State of New Jersey Department of Corrections ("DOC") as a Manager 1 Information Processing in its Office of Information Technology ("OIT"). My duties include the following: Oversee the design,

Case 3:22-cv-06430-MAS-JBD    Document 185    Filed 05/21/26    Page 80 of 84 PageID:
3125
Case 3:22-cv-06430-MAS-JBD    Document 145-2    Filed 12/03/25    Page 2 of 4 PageID:
2237

development, testing, deployment, and support of custom applications and enterprise software solutions. It is in this capacity that I am familiar with the computer systems and applications used to track the activity of incarcerated persons while in DOC custody, including the DOC's iTAG system discussed below.

2.     I submit this Declaration pursuant to the Court's October 17, 2025 Order (ECF No. 135) in further support of non-party DOC's opposition to Plaintiff Caleb L. McGillvary's ("Plaintiff") Motion (ECF No. 115) for an order holding DOC in contempt and compelling DOC to produce documents requested in a subpoena directed to it.

3.     In my position with OIT, I was contacted by Edward H. Haas, Esq., M.S.W. with the DOC's Division of Diversity and Legal Affairs to search DOC's iTAG system for the following: Run the appointment roster for all entries in which Plaintiff is mentioned or otherwise appears in (1) the 6 Right NJSP Travel Log, (2) the NJSP Traffic Control Log, and (3) the North Compound Clinic NJSP Travel Log from 6:30 am to 5:00 pm on the following dates in 2021: November 1, 2, 3, 9, 10, 15, 16, 17, 23, 30 and December 1, 2, 6, 7, 8, 9, 13, 14, 15, 16, 17, 20, 22.

4.     iTAG is the DOC's computerized database used to track events of an incarcerated person's incarceration. iTAG contains the incarcerated person's sentencing information, alerts, and chronological history. iTAG may also include

2

information on an incarcerated person's daily appointments within the secured facility.

5.    The appointment roster is a report within the iTAG application that users can run using predefined parameters. The report does not include a parameter for a specific incarcerated individual; instead, it generates a report of all appointments for all incarcerated persons at the selected facility on a specified date. Additionally, although the report provides an option to filter by housing level, the locations requested do not necessarily correspond to the housing levels used by that facility. By way of example, and as relevant to the instant matter, there is no option to search the iTAG application for appointments for "6 Right" or for "Traffic Control" at New Jersey State Prison.

6.    Instead, OIT staff have the ability to query the iTAG database via Oracle SQL code to search for appointments by incarcerated person, which would capture all appointments logged for the specified incarcerated person. However, the iTAG database does not archive and maintain all historical appointment information. In other words, the report generated will only reflect the appointments contained in the iTAG database as of the date and time the query was executed, and thus, the report may not include any appointments that have been altered or deleted in the interim.

3

7.    To fulfill Mr. Haas' request, I wrote a query (code) of iTAG for Plaintiff's appointments over the specified period, which returned a report containing 23 separate entries. This report was provided to DAG McNeil as counsel for DOC.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Kimberly Flood
Manager 1 Information Processing
Department of Corrections
Office of Information Technology

Date:  December 3, 2025

# EXHIBIT O

-86

# WING OFFICERS TRAVEL LOG

Rev. 11/19/12

WING _____                    DATE _____

| Inmate Name | Number | Officers Name | Destination | Time Called | Time Left | Time Returned |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

* This completed sheet must be turned into Traffic Control Desk at the end of the day.