Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

RECEIVED

JUN - 2 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CALEB L. MCGILLVARY          ) CIVIL ACTION NO.
    PLAINTIFF               ) 3:22-cv-06430-MAS-JBD
                            ) Hon. Michael A. Shipp, USDJ
    V.                      ) Hon. J. Brendan Day, USMJ
                            ) Motion Date:
RAHMO REIZ                   ) July 20, 2026
    DEFENDANT               )

### NOTICE OF MOTION REQUEST FOR JUDICIAL NOTICE
### (Fed. R. Evid. 201(b))

TO: CLERK, ALL CAPTIONED PARTIES

    Please take notice that, on a date and time to be determined by the Court, Plaintiff Caleb L. McGillvary ("Plaintiff") hereby moves the Court for an order taking judicial notice of the facts and records contained in the declaration in support of this motion, pursuant to Fed. R. Evid. 201(b).

    As grounds for this motion, Plaintiff relies upon his attached memorandum brief and declaration, with Exhibits A to N attached thereto.

    A proposed form of order is lodged herewith

Date: 5/28/26

_____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

1

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CALEB L. MCGILLVARY<br>    PLAINTIFF<br><br>    V.<br><br>RAHMO REIZ<br>    DEFENDANT | ) CIVIL ACTION NO.<br>) 3:22-cv-06430-MAS-JBD<br>) Hon. Michael A. Shipp, USDJ<br>) Hon. J. Brendan Day, USMJ<br>) Motion Date:<br>) July 20, 2026<br>) |

**MEMORANDUM BRIEF IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**
**(Fed. R. Evid. 201(b)**

## TABLE OF CONTENTS

REQUEST FOR JUDICIAL NOTICE ...1

FACTS WHICH ARE REQUESTED TO BE JUDICIALLY NOTICED ...1

LEGAL ARGUMENT ...12

POINT I: THE FACTS WITHIN THE DECLARATION AND ATTACHED PUBLIC RECORDS, JUDICIAL OPINIONS, AND LEGISLATIVE FACTS; ARE EACH GENERALLY KNOWN OR ACCURATELY AND READILY DETERMINED, AS THOSE TERMS ARE USED IN FED. R. EVID. 201(b), OR OTHERWISE JUDICIALLY NOTICEABLE AS LEGISLATIVE FACTS OR LAW; AND THE PROVISIONS OF FED. R. EVID. 201(c) REQUIRE JUDICIAL NOTICE TO BE TAKEN OF THESE FACTS ...12

A. Standard of Review ...12

B. Analysis ...14

CONCLUSION ...15

ii

## TABLE OF AUTHORITIES RELIED UPON

**CASELAW**

Betterson v. Strunck, 2024 U.S. Dist. LEXIS 214972 (D.N.J. Nov. 25, 2024)
...12

County of Suffolk v. First Am. Real Estate Solutions, 261 F.3d 179 (2d Cir. 2001)
...15

Doe v. New Jersey State Prison, 2025 U.S. Dist. LEXIS 120430 (D.N.J. June 25, 2025)
...13

Estelle v. Gamble, 429 U.S. 97, 106 (1976)
...14

Fitch v. Berenhard, 2023 U.S. Dist. LEXIS 10962 (D.N.J. Jan. 23, 2023)
...10

Kucel v. Walter E. Heller & Co., 813 F.2d 67 (5th Cir. 1987)
...15

Monmouth County v. Lanzaro, 834 F.2d 326 (3d Cir. 1987)
...14

Northern Heel Corp. v. Compo Indus., 851 F.2d 456 (1st Cir. 1988)
...15

Physician Hosps. of Am. v. Sebelius, 781 F. Supp. 2d 431 (E.D.Tex. 2011)
...15

Robinson v. Liberty Mut. Ins. Co., 958 F.3d 1137 (11th Cir. 2020)
...15

United States v. Courtland, 642 F.3d 545 (7th Cir. 2011)
...15

United States v. Kindred Healthcare, Inc., 469 F. Supp. 3d 431 (E.D.Pa. 2020)
...16

**STATUTES & REGULATIONS**

N.J.A.C. 10A:16-2.18
...3

N.J.A.C. 13:30-8.7
...2

N.J.A.C. 13:30-1A.3
...3

N.J.S.A. 1:2-5
...4, 5, 6, 7, 8, 9, 10

iii

N.J.S.A. 2C:21-4.1

...4

N.J.S.A. 2C:21-30

...5

N.J.S.A. 26:8-5

...5

N.J.S.A. 45:6-16.1 et seq.

...6

N.J.S.A. 45:6-19

...6

N.J.S.A. 45:6-20

...6

N.J.S.A. 45:6-73

...6

N.J.S.A. 47:1-14

...8

N.J.S.A. 47:3-9

...9

N.J.S.A. 47:3-11

...10

N.J.S.A. 47:1A-1.1

...7

N.J.S.A. 52:14B-4

...2, 3, 4

N.J.S.A. 52:14B-5

...3, 4

**COURT RULES**
Fed. R. Evid. 201(a)

...14, 15

Fed. R. Evid. 201(b)

...1, 14, 15, 16

Fed. R. Evid. 201(c)

...14, 16, 17

Fed. R. Evid. 406

...16

Fed. R. Evid. 803(8)

...16

## REQUEST FOR JUDICICAL NOTICE

Caleb L. McGillvary ("Plaintiff"), hereby moves the Court for an order taking judicial notice of the facts and records contained in the declaration in support of this motion, pursuant to Fed. R. Evid. 201(b).

## FACTS WHICH ARE REQUESTED TO BE JUDICIALLY NOTICED

As grounds for this request, Plaintiff incorporates by reference and relies upon his Declaration in support of this motion, and avers that it shows the following:

1.) I am the pro se plaintiff in the above-captioned matter.

2.) There exists a database of legal precedents, statutes, and regulations, amongst other legal materials, known as "LEXIS."

3.) LEXIS is generally known in the relevant jurisdiction of the District of New Jersey as being a reliable and accurate source of legal precedents, statutes, and regulations, amongst other legal materials. LEXIS keeps verbatim copies of the legal precedents, statutes, and regulations, amongst other legal materials, as they are published in the New Jersey Administrative Code, New Jersey Statutes, and both Federal and New Jersey Digests and Court Reporters.

4.) The New Jersey Department of Corrections has licensed the use of LEXIS for their law library computers, in the form of "LEXIS CD CLIENT". This LEXIS CD CLIENT is accessible to inmates who visit the law library computers at the NJ State Prison, and

1

enables individuals to directly access and printout verbatim copies of the legal precedents, statutes, and regulations, amongst other legal materials, as they are published in the New Jersey Administrative Code, New Jersey Statutes, and both Federal and New Jersey Digests and Court Reporters.

5.) On May 18, 2026 at or around 12:50pm, I visited the law library at the NJ State Prison, and used the computer there to access the LEXIS CD CLIENT and peruse the LEXIS database.

6.) When I perused the LEXIS database, I found certain information located there, and printed it out, as set forth below.

7.) Attached as Exhibit A is a true and accurate copy of the printout of New Jersey Administrative Code provision 13:30-8.7, which I found when I perused the LEXIS database. This record is a regulation created by public officials of the New Jersey Department of Law & Public Safety's Board of Dentistry in the usual course of their rulemaking procedures, who had a duty to record the fact of this regulation, and is both a law and a legislative fact. This record shows the judicially noticeable fact of regulations which are promulgated by the New Jersey Department of Law & Public Safety's Board of Dentistry for the creation and maintenance of patient records by dentists in the State of New Jersey pursuant to N.J.S.A. 52:14B-4. The original of this record is in the custody of the custodian of public

2

records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 52:14B-5.

8.) Attached as Exhibit B is a true and accurate copy of New Jersey Administrative Code provision 10A:16-2.18, which I found when I perused the LEXIS database. This record is a regulation created by public officials of the New Jersey Department of Law & Public Safety's Board of Dentistry in the usual course of their rulemaking procedures, who had a duty to record the fact of this regulation, and is both a law and a legislative fact. This record shows the judicially noticeable fact of regulations directing that "A complete medical record shall be maintained for each inmate [and] shall contain ... each health encounter with health care staff [and] laboratory, x-ray, and diagnostic studies"; which regulations are promulgated by the New Jersey Department of Corrections for the creation and maintenance of patient records by employees of the State of New Jersey pursuant to N.J.S.A. 52:14B-4. The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 52:14B-5.

9.) Attached as Exhibit C is a true and accurate copy of the printout of New Jersey Administrative Code provision 13:30-1A.3, which I found when I perused the LEXIS database. This record is a regulation created by public officials of the New Jersey Department of Law & Public Safety's Board of Dentistry in the usual course of their rulemaking procedures, who had a duty to

3

record the fact of this regulation, and is both a law and a legislative fact. This record shows the judicially noticeable fact of regulations which are promulgated by the New Jersey Department of Law & Public Safety's Board of Dentistry for the scope of practice of Dental Hygienists in the State of New Jersey pursuant to N.J.S.A. 52:14B-4. The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 52:14B-5.

10.) Attached as Exhibit D is a true and accurate copy of New Jersey Statutes provision N.J.S.A. 2C:21-4.1, which I found when I perused the LEXIS database. This record is a statute created by public officials of the New Jersey Legislature in the usual course of their legislative procedures, who had a duty to record the fact of this statute, and is both a law and a legislative fact. This record shows the judicially noticeable fact of a law which is promulgated by the New Jersey Legislature which prohibits any act which "destroys, alters or falsifies any record relating to the care of a medical or surgical or podiatric patient in order to deceive or mislead any person as to information, including, but not limited to, a diagnosis, test, medication, treatment or medical or psychological history, concerning the patient." The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 1:2-5.

4

11.) Attached as Exhibit E is a true and accurate copy of New Jersey Statutes provision N.J.S.A. 2C:21-30, which I found when I perused the LEXIS database. This record is a statute created by public officials of the New Jersey Legislature in the usual course of their legislative procedures, who had a duty to record the fact of this statute, and is both a law and a legislative fact. This record shows the judicially noticeable fact of a law which is promulgated by the New Jersey Legislature which prohibits any person from "if he knowingly does not possess a license to practice dentistry or knowingly has had the license suspended, revoked or otherwise limited by an order entered by the New Jersey State Board of Dentistry, and he: a. engages in that practice; b. exceeds the scope of practice permitted by a board order; [...] d. engages in any activity for which such license is a necessary prerequisite." The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 1:2-5.

12.) Attached as Exhibit F is a true and accurate copy of New Jersey Statutes provision N.J.S.A. 26:8-5, which I found when I perused the LEXIS database. This record is a statute created by public officials of the New Jersey Legislature in the usual course of their legislative procedures, who had a duty to record the fact of this statute, and is both a law and a legislative fact. This record shows the judicially noticeable fact of a law which is promulgated by the New Jersey Legislature which directs

5

that, "The person in charge of a ... penal ... institution, public or private, to which any person resorts for treatment of disease or for confinement, or is committed by process of law ... shall make a complete medical record covering the period of such person's confinement in such institution ... Any X-ray films related to such confinement, or any size reproductions thereof which maintain the clarity of the original shall be retained by such custodian of records for a period of 5 years." The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 1:2-5.

13.) Attached as Exhibit G is a true and accurate copy of New Jersey Statutes provision N.J.S.A. 45:6-73, which I found when I perused the LEXIS database. This record is a statute created by public officials of the New Jersey Legislature in the usual course of their legislative procedures, who had a duty to record the fact of this statute, and is both a law and a legislative fact. This record shows the judicially noticeable fact of a law which is promulgated by the New Jersey Legislature which directs that, "Except as otherwise provided in P.L.1964, c.186 (C.45:6-16.1 et seq.), R.S.45:6-19 and R.S.45:6-20, no person other than a person duly licensed to practice dentistry in this State shall: [...] b. perform any surgical or irreversible procedure, including, but not limited to, the cutting of hard or soft tissue or the extraction of any tooth on any living person

6

in this State." The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 1:2-5.

14.) Attached as Exhibit H is a true and accurate copy of New Jersey Statutes provision N.J.S.A. 47:1A-1.1, which I found when I perused the LEXIS database. This record is a statute created by public officials of the New Jersey Legislature in the usual course of their legislative procedures, who had a duty to record the fact of this statute, and is both a law and a legislative fact. This record shows the judicially noticeable fact of a law which is promulgated by the New Jersey Legislature which defines the term "government record" and "record" as "any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, that has been made, maintained or kept on file in the course of his or its official business by any officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof, or that has been received in the course of his or its official business by any such officer, commission, agency, or authority of the State or of any political subdivision thereof, including subordinate boards thereof. The terms shall not include inter-agency or intra-agency advisory, consultative, or deliberative material." It further

7

defines "public agency" as "any of the principal departments in the Executive Branch of State Government, and any division, board, bureau, office, commission or other instrumentality within or created by such department; the Legislature of the State and any office, board, bureau or commission within or created by the Legislative Branch; and any independent State authority, commission, instrumentality or agency. The terms also mean any political subdivision of the State or combination of political subdivisions, and any division, board, bureau, office, commission or other instrumentality within or created by a political subdivision of the State or combination of political subdivisions, and any independent authority, commission, instrumentality or agency created by a political subdivision or combination of political subdivisions.." The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 1:2-5.

15.) Attached as Exhibit I is a true and accurate copy of New Jersey Statutes provision N.J.S.A. 47:1-14, which I found when I perused the LEXIS database. This record is a statute created by public officials of the New Jersey Legislature in the usual course of their legislative procedures, who had a duty to record the fact of this statute, and is both a law and a legislative fact. This record shows the judicially noticeable fact of a law which is promulgated by the New Jersey Legislature

8

which directs that, "No official responsible for maintaining public records or the custodian thereof shall destroy, obliterate or dispose of any paper, document, instrument, or index which shall have been recorded, filed, registered or indexed except as specifically permitted by law. No law, statute or regulation shall be construed to permit the destruction, obliteration or disposal of any such records by implication." The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 1:2-5.

16.) Attached as Exhibit J is a true and accurate copy of New Jersey Statutes provision N.J.S.A. 47:3-9, which I found when I perused the LEXIS database. This record is a statute created by public officials of the New Jersey Legislature in the usual course of their legislative procedures, who had a duty to record the fact of this statute, and is both a law and a legislative fact. This record shows the judicially noticeable fact of a law which is promulgated by the New Jersey Legislature which directs that, " The following may be removed and destroyed pursuant to the provisions of this act: ... (gg) Prison records and reports and papers relating thereto, after five years;" The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 1:2-5.

9

17.) Attached as Exhibit K is a true and accurate copy of New Jersey Statutes provision N.J.S.A. 47:3-11, which I found when I perused the LEXIS database. This record is a statute created by public officials of the New Jersey Legislature in the usual course of their legislative procedures, who had a duty to record the fact of this statute, and is both a law and a legislative fact. This record shows the judicially noticeable fact of a law which is promulgated by the New Jersey Legislature which directs that, " None of the papers described in this act shall be removed and destroyed, or the records therein effectively obliterated, as provided herein, except on sixty days written notice to the Superior Court Assignment Judge, and to the Division of State Library, Archives and History, in the Department of Education, and said division may acquire any of said papers for inclusion in the material bearing upon the history of the Government and the people of this State in the custody of the said division." The original of this record is in the custody of the custodian of public records via the New Jersey Office of Administrative Law pursuant to N.J.S.A. 1:2-5.

18.) Attached as Exhibit L is a true and accurate copy of the United States District Court for the District of New Jersey case LAWSHAWN D. FITCH, Plaintiff, v. JOEL BERNHARD, et al., which was filed at citation 2023 U.S. Dist. LEXIS 10962 (D.N.J. Jan. 23, 2023), which I found when I perused the LEXIS database. This record is a judicial opinion created by a Judge of the U.S.

10

District Court in the usual course of their judicial duties, who had a duty to record the fact of this decision, and is black-letter law which is subject to judicial notice. This record shows at page *12 the judicially noticeable fact that a District Judge has held that "Plaintiff alleges he had a serious medical need; specifically, that he suffered from severe tooth pain, an exposed nerve in a fractured tooth, and multiple infections, all of which were diagnosed by prison dentists as requiring treatment. Additionally, Plaintiff alleges the Defendants' delay in performing a root canal caused his tooth to be 'completely dead.' The Court finds Plaintiff has alleged sufficient facts to show a serious medical need as required by the first prong of the *Estelle* inquiry. Additionally, the Amended Complaint alleges sufficient facts to state a claim that Defendant Bernhard was deliberately indifferent to Plaintiff's serious medical need. The Amended Complaint alleges that as early as November 28, 2018, Defendant Bernhard was aware of Plaintiff's severe pain and exposed nerve, which was causing infection." It further shows at page *14 the judicially noticeable fact that a District Judge has held that "the Amended Complaint alleges that Defendant Bernhard was aware of Plaintiff's pain from his fractured tooth and exposed nerve." It is judicially noticeable that the "Defendants" referred to in this opinion are Samual Lopez and Joel Bernhard who are defendants in the instant case; and that Defendant

11

"Bernhard" referred to in this opinion is the same individual as Joel Bernhard, who is a defendant in the instant case.

19.) Attached as Exhibit M is a true and accurate copy of the United States District Court for the District of New Jersey case EARL BETTERSON, JR., Plaintiff, v. LORI STRUNCK, et al., which was filed at citation 2024 U.S. Dist. LEXIS 214972 (D.N.J. Nov. 25, 2024), which I found when I perused the LEXIS database. This record is a judicial opinion created by a Judge of the U.S. District Court in the usual course of their judicial duties, who had a duty to record the fact of this decision, and is black-letter law which is subject to judicial notice. This record shows at page *14 the judicially noticeable fact that a District Judge has held that "Betterson has also plausibly alleged a medical indifference claim against the following defendants listed on the Medications Report annexed to his Complaint: Mahmood (ECF No. 1-3 at 11), Narvaez (*id.* at 16), and Lopez (*id.* at 20). Specifically, Betterson has sufficiently alleged the personal involvement of these medical professionals, as each appears to be a dentist who treated him during the yearslong period in which he complained of his infected tooth. ECF No. 1-3. He has also sufficiently alleged deliberate indifference, because, accepting the allegations as true, Drs. Mahmood, Narvaez, and Lopez refused to extract the infected tooth 'at a much earlier date,' causing him pain, swelling, leaking pus and blood, and an inability to eat properly during the relevant years." It is judicially noticeable that the

12

Defendant "Dr. Lopez" referred to in this opinion is the same individual as Samual Lopez, who is a defendant in the instant case.

20.) Attached as Exhibit N is a true and accurate copy of the United States District Court for the District of New Jersey case JOHN DOE, Plaintiff, v. NEW JERSEY STATE PRISON, et al., which was filed at citation 2025 U.S. Dist. LEXIS 120430 (D.N.J. June 25, 2025), which I found when I perused the LEXIS database. This record is a judicial opinion created by a Judge of the U.S. District Court in the usual course of their judicial duties, who had a duty to record the fact of this decision, and is black-letter law which is subject to judicial notice. This record shows at page *14 the judicially noticeable fact that a District Judge has held that "Plaintiff alleges that he suffered multiple head lacerations, swelling, and neck and back injuries after the July assault. (ECF No. 1, at page 6). According to Plaintiff, Dr. Nwachukwu denied him a neck brace, refused follow-up care, and ultimately minimized his injuries as 'bruises' despite medical records from a trauma unit. (ECF No. 1, at page 7). Plaintiff claims that he lacked access to pain relief for over nine days in the infirmary. (*Id.*). Nurses Amazon and Bass allegedly ignored his condition. Follow-up medical and dental requests in the months after the injury were met with delay or non-response. (*Id.*). Requests for privacy during medical interviews were ignored, contributing to harassment by other inmates. (*Id.*).

13

These facts adequately allege repeated conscious disregard of medical needs and denial of minimally adequate care, in violation of *Estelle* and *Monmouth County v. Lanzaro*, <u>834 F.2d 326</u> (3d Cir. 1987). The failure to act on serious injuries over an extended period, at this juncture, warrants permitting the claim of deliberate indifference to proceed against Doctors Nwachukwu, Haggad, Lopez, and Diaz, as well as Nurses Amazon and Bass." It is judicially noticeable that the Defendant "Dr. Lopez" referred to in this opinion is the same individual as Samual Lopez, who is a defendant in the instant case.

This motion requesting judicial notice of the foregoing facts is now before the Court.

## LEGAL ARGUMENT

**POINT I: THE FACTS WITHIN THE DECLARATION AND ATTACHED PUBLIC RECORDS, JUDICIAL OPINIONS, AND LEGISLATIVE FACTS; ARE EACH GENERALLY KNOWN OR ACCURATELY AND READILY DETERMINED, AS THOSE TERMS ARE USED IN FED. R. EVID. 201(b), OR OTHERWISE JUDICIALLY NOTICEABLE AS LEGISLATIVE FACTS OR LAW; AND THE PROVISIONS OF FED. R. EVID. 201(c) REQUIRE JUDICIAL NOTICE TO BE TAKEN OF THESE FACTS**

### A. Standard of Review

Rule 201 of the Federal Rules of Evidence recognizes that certain facts do not need to be proved by the introduction of evidence at trial, and that by taking judicial notice, the court affirmatively establishes those facts. <u>Fed. R. Evid.</u> 201(a). A court may take judicial notice of adjudicative facts, legislative facts, and the law.

14

An adjudicative fact is a controlling or operative fact that concerns the parties to an action. See, e.g. Robinson v. Liberty Mut. Ins. Co., 958 F.3d 1137, 1142 (11th Cir. 2020). Rule 201 specifies precise requirements for the court to take judicial notice of adjudicative facts:

> "The court may judicially notice an adjudicative fact that is not subject to reasonable dispute because either:
> (1) It is generally known within the trial court's territorial jurisdiction; or
> (2) It can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)

Rule 201 explicitly applies only for judicial notice of adjudicative facts. See Fed. R. Evid. 201(a); See also, e.g. United States v. Courtland, 642 F.3d 545, 551-552 (7th Cir. 2011). Federal courts may take judicial notice of legislative facts even when such matters are neither indisputable nor easily verifiable. See, e.g. Physician Hosps. of Am. v. Sebelius, 781 F. Supp. 2d 431, 444 (E.D.Tex. 2011).

Likewise, a federal court may take judicial notice of the content of virtually all types of law, including not only federal statutes and rules, but also state law, and even bills that have been introduced before a state legislature. See, e.g. Northern Heel Corp. v. Compo Indus., 851 F.2d 456, 458 (1st Cir. 1988) (Federal rules); Kucel v. Walter E. Heller & Co., 813 F.2d 67, 74 (5th Cir. 1987) (State law); County of Suffolk v. First Am. Real Estate Solutions, 261 F.3d 179, 190 (2d Cir. 2001) (Bills introduced before legislature).

15

A court must take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(c).

## B. Analysis

Courts may take judicial notice of public records such as public filings on the docket of a district court. United States v. Kindred Healthcare, Inc., 469 F. Supp. 3d 431, 438 n.3 (E.D.Pa. 2020).

Attached to the declaration in support of this motion are statutes and administrative regulations promulgated by public agencies; as well as filings on this court's docket; none of which are required to be "not subject to reasonable dispute." Fed. R. Evid. 201(b).

Each of these judicial opinions, regulations, and statutes were accessed on LEXIS, and their printouts were properly authenticated. True and accurate copies have been provided, and the hearsay exception exists for these official records. Fed. R. Evid. 803(8).

Whether or not the judicial opinions are interpreted by the factfinder to be a showing of habit evidence or routine organizational practice under Fed. R. Evid. 406 is not at issue at this juncture. Rather, the fact of their existence and what they say is all that judicial notice is requested of. Likewise with the statutes and regulations: This motion isn't to adjudicate whether the statutes and regulations were violated,

16

that's a determination for the factfinder to make at a later juncture. For now, all that judicial notice is requested of in regards to these is that they exist and what they say.

## CONCLUSION

For all the foregoing reasons, Plaintiff has made the requisite showing that the adjudicative facts set forth in this motion are not subject to reasonable dispute; and that the judicially noticeable facts are legislative or law. The Court should therefore take judicial notice of the facts pursuant to Fed. R. Evid. 201(c).

Date: 5/28/26

Respectfully submitted,

_____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

17

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY | ) CIVIL ACTION NO. |
|     PLAINTIFF | ) 3:22-cv-06430-MAS-JBD |
| | ) Hon. Michael A. Shipp, USDJ |
|     V. | ) Hon. J. Brendan Day, USMJ |
| | ) Motion Date: |
| RAHMO REIZ | ) July 20, 2026 |
|     DEFENDANT | ) |

### ORDER

THIS MATTER having been opened to the Court on motion by Plaintiff Caleb L. McGillvary for an order taking judicial notice of the facts and records contained in the declaration in support of this motion, pursuant to Fed. R. Evid. 201(b); in this proceeding, and the Court having considered the papers submitted and the arguments therein, and FOR GOOD CAUSE SHOWN

It is on this ___ Day of _____, 20___

ORDERED that Plaintiff's motion is hereby GRANTED; and it is further

ORDERED that the Court hereby judicial notice of the facts and records contained in the declaration in support of this motion, incorporated by reference in this order, pursuant to Fed. R. Evid. 201(c); and it is further

ORDERED that a copy of this order be served upon all parties appearing in this matter within 7 days of this order

_____
Hon. Michael A. Shipp, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.