NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO RIEZ, *et al.*,<br><br>Defendants. | Civil Action No. 22-6430 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Caleb L. McGillvary's ("Plaintiff") Motion for Reconsideration and Written Objection to the Magistrate Judge's Orders (Mot. for Recons. ("Mot."), ECF No. 148) and Supplemental Written Objection to and Motion for Reconsideration of the Magistrate Judge's Orders (Suppl. Mot., ECF No. 153-1)[1] which the Court considers together and construes as an appeal of United States Magistrate Judge J. Brendan Day's ("Judge Day") Orders. *See Konias v. Walker*, No. 25-963, 2025 WL 2855024, at *1 (W.D. Pa. Oct. 8, 2025) (construing petitioner's motion for reconsideration as an appeal of the magistrate judge's order).

Specifically, Plaintiff appeals Judge Day's October 17, 2025, Memorandum Order addressing several discovery and pleading related motions filed by Plaintiff, such as: (1) a motion to enforce a subpoena directed to Rutgers, or in the alternative, for designated facts to be taken as established as a discovery sanction for Rutgers's alleged spoliation (Subpoena Mot., ECF No. 93);

---

[1] Plaintiff filed a motion seeking an extension of time to file the supplemental objections. (Mot. for Extension, ECF No. 153.) Because the Court considers Plaintiff's supplemental filing, it terminates Plaintiff's motion requesting an extension of time.

(2) a motion to suppress the transcript of his deposition and to compel the production of the audio recording of the deposition (Suppression Mot., ECF No. 97); (3) a motion for leave to file a second amended complaint, or alternatively, to file a supplemental complaint (Mot. for Leave, ECF No. 101); and (4) a motion for an order holding the New Jersey Department of Corrections (the "NJDOC") in contempt and compelling NJDOC to produce the documents requested in the subpoena directed to it (Contempt Mot., ECF No. 115). (Oct. Mem. Order., ECF No. 135.) Thereafter, on November 21, 2025, Judge Day issued another Order further addressing, among other things, discovery disputes between the parties. (Nov. Order, ECF No. 142.)

Here, Plaintiff appeals the following findings and determinations of Judge Day's Orders: (1) that the "Medical Reference File" has been produced; (2) that all paper files have been produced; (3) "the denial of remedy for spoliation on [his dental] charts" and "of [his] request for an order compelling Rutgers to provide a declaration from a dentist comprehensively listing and describing the types of paper documents Rutgers['] dentists produce in the normal course[]"; (4) that the spoliation standard was the correct standard to apply; (5) that the Orders do not address records required to be kept by Defendants Samual Lopez and Joel Bernhard; (6) that the errors in Plaintiff's deposition transcript were merely typographical; (7) the denial of Plaintiff's requests for the electronic files from the stenography machine; (8) that the NJDOC was ordered only to produce officer logbooks and not "Traffic Control Logs" ("TCL") and "Wing Officer Travel Logs" ("WOTL"); and (9) that the NJDOC was not ordered to provide a declaration describing the production and retention procedures of NJDOC for the TCL and WOTL. (Mot. ¶¶ 1-14; Suppl. Mot. ¶¶ 1-3.) Plaintiff also generally challenges the veracity of the fact that the stenography machine failed, and "objects" to the NJDOC's production of non-responsive records. (Mot. ¶¶ 13, 15; Suppl. Mot. ¶¶ 1-3.)

2

A magistrate judge's resolution of a matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (internal quotation marks omitted) (citations omitted); Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995)). For a magistrate judge's decision to be contrary to law, the Court must find the magistrate judge misapplied or misinterpreted the applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. The Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992). Further, when, "as here, the magistrate judge has ruled on a non-dispositive matter such as a discovery motion, his . . . ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. County of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citation modified) (citations omitted); *see also Marina Grp. LLC v. Shirley May Int'l US Inc.*, No. 21-18733, 2024 WL 3594352, at *2 (D.N.J. July 31, 2024) (explaining that it is "well-settled that [m]agistrate [j]udges have broad discretion to manage their docket[s] and . . . decide discovery issues[]" and noting that because they "have full authority to manage the civil case[] and to determine all such matters of discovery and case management[]" their orders on discovery motions are "entitled to great deference" (citations omitted)).

3

Here, Plaintiff has failed to meet his burden, and the Court is satisfied that Judge Day's discovery Orders are not clearly erroneous or contrary to law. Plaintiff has failed to even set forth an argument for how the Orders are clearly erroneous or contrary to law. (*See generally* Mot.; *see generally* Suppl. Mot.) Judge Day's Orders are thoughtful and well-reasoned, and the Court finds that Judge Day correctly applied the law. The Orders also granted some of the relief that Plaintiff sought. Specifically, the Orders granted in part two of Plaintiff's discovery related motions and permitted Plaintiff to file a subsequent motion for a finding of spoliation. (*See generally* Oct. Mem. Order; Nov. Order.) Judge Day thereafter granted in part Plaintiff's Motion for Leave to File an Amended Complaint. (*See* April Mem. Order, ECF No. 173.) Plaintiff has, accordingly, not met his burden of demonstrating that the Orders were clearly erroneous or contrary to law. *See Plante v. Rosane*, No. 04-74, 2008 WL 2064632, at *3 (D.V.I. May 13, 2008); *see also Marina Grp. LLC*, 2024 WL 3594352, at *3 (affirming a magistrate judge's order, finding that the appealing party failed to show that the order was clearly erroneous or contrary to law, and noting that "magistrate judges have broad discretion to . . . decide discovery issues" (citation modified)). Accordingly,

IT IS, on this 9th day of July 2026, **ORDERED** as follows:

1. Plaintiff's Motion for Reconsideration and Written Objection to the Magistrate Judge's Orders (ECF No. 148) is **DENIED**.

2. The Court, having considered Plaintiff's Supplemental Objections in this decision, **TERMINATES** Plaintiff's Motion for Extension to file Supplemental Written Objection to and Motion for Reconsideration of the Magistrate Judge's Orders (ECF No. 153) as moot.

3. Judge Day's October 17, 2025, Memorandum Order (ECF No. 135) and November 21, 2025, Order (ECF No. 142) are **AFFIRMED**.

4. The Clerk shall mail a copy of this Memorandum Order to Plaintiff by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4