Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

July 14, 2026

Hon. Michael A. Shipp, U.S.D.J.
US Dist. Ct. - DNJ
US Courthouse, Ct. Rm. 4W
402 E. State St.
Trenton, NJ 08608



RE: Caleb L. McGillvary v. Rahmo Reiz
Civil Action No. 3:22-cv-06430-MAS-JBD
Hon. Michael A. Shipp, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.

Dear Judge Shipp;

Please accept this letter in lieu of a more formal brief in reply to non-party NJDOC's opposition to Plaintiff's objections to the magistrate's order, ECF 191.

NJDOC does not deny that evidence may be discoverable for impeachment purposes, even if it is not **directly** relevant to the claims themselves. In the subpoenas at issue, a routine organzational practice of the NJDOC in obstructing Plaintiff's ability to litigate will be useful to impeach the custodian of wing officer travel logs (WOTLs) and traffic control logs (TCLs) which have gone missing. These WOTLs and TCLs would be **directly relevant** evidence to show the exact times at which Plaintiff arrived at and left the North Compound Clinic on the date upon which the injuries which are subject of his 8th Amendment Claim occured. Neither the magistrate judge nor NJDOC has addressed this, nor made any analysis of the impeachment value of routine organizational practice evidence under Fed. R. Evid. 406 against the custodian of said missing records. Considering the undeniable

1

relevance of these records to the claims at issue in this lawsuit, it was an abuse of discretion for the magistrate not to allow impeachment of their custodian with **at least some** of the requested organizational practice evidence.

And contrary to the NJDOC's tarring of **all** the requested evidence with the brush of "fishing expedition," there are **very specifically requested** video evidence showing **very clearly described instances** of retaliation for and obstruction of federal litigation. Plaintiff posits that if a jury sees this video of NJDOC officers dumping urine on the kiosks, threatening rape, tearing open outgoing legal mail and refusing to process it, and threatening to revoke Plaintiff's law library access in retaliation for petitioning for redress, the jury may reasonably infer that the NJDOC custodian in charge of the WOTLs and TCLs was biased against Plaintiff and in fact destroyed the WOTLs and TCLs to disrupt his litigation. This pattern evidence, although occuring after the claims were filed, is nonetheless relevant for impeachment purposes because it speaks to a practice which extends far before the events at issue in this action.

Considering that this application of the evidence to the impeachment of the NJDOC custodian was not addressed by the magistrate, the magistrate's holding was in clear error. It would result in a manifest injustice for Plaintiff to be deprived of this impeachment evidence, during his examination of an adverse NJDOC witness. The NJDOC does not include this "clearly erroneous" standard of review in their opposition, but the district court is required to reverse magsitrate orders made in

2

clear error or which would result in a manifest injustice. Plaintiff avers that the objections meet this standard and should leave the reviewing Court "with the definite and firm conviction that a mistake has been committed." See <u>Kounelis v. Sherrer</u>, 529 F.Supp.2d 503, 518 (D.N.J. 2008).

**CONCLUSION**

For all the foregoing reasons, it would result in a manifest injustice to deprive the Plaintiff of impeachment evidence against the NJDOC custodian in charge of the WOTL and TCL, and the magistrate's order mistakenly omitted consideration of the value of this evidence in showing the WOTL and TCL could be reasonably inferred to have been suppressed by NJDOC in keeping with their routine organizational practice of disrupting Plaintiff's litigation against the Defendants in this case concerning the claims at issue in this case.

Dated: ___7/14/26___

Respectfully Submitted,

By: _____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

3