Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

July 14, 2026

Hon. J. Brendan Day, U.S.M.J.
US Dist. Ct. - DNJ
US Courthouse, Ct. Rm. 7E
402 E. State St.
Trenton, NJ 08608

RECEIVED
AT 8:30
JUL 20 2026
CLERK, U.S. DISTRICT COURT - DNJ
M

      RE: Caleb L. McGillvary v. Rahmo Reiz
      Civil Action No. 3:22-cv-06430-MAS-JBD
      Hon. Michael A. Shipp, U.S.D.J.
      Hon. J. Brendan Day, U.S.M.J.

Dear Judge Day;

Please accept this letter in lieu of a more formal brief in opposition to Defendants' motion to dismiss under Rule 12(b) and to strike under Rule 12(f)

Defendants make a mountain out of a molehill with a scribner's error. Plaintiff diligently removed all allegations regarding medical malpractice from the complaint, and overlooked half a line of text in the count heading. As is their custom, Defendants have seized upon a technicality at the expense of all truth and justice, and have twisted words to try to make a pretzel of the law. What they have **not** done though, is raise any cogent argument against the negligence or fraudulent concealment claims which are actually alleged.

Plaintiff avers that all which is necessary to be stricken is the scribner's error comprised of the text "and/or medical malpractice per se" in the count heading. This text was simply an oversight during editing, not the egregious sacking of

1

Rome which Defendants make it out to be. God forbid the Court would strike what's already been held to be a meritorious claim of negligence, vetted through extensive motion practice made necessary by Defendants lying to the Court about X-rays "not being kept in the normal course," all because a pro se litigant made a typo.

In fact, the Defendant noted twice in their brief that the actual factual allegations within the Supplemental Complaint comply with the Court's order "to be directed at a negligent and/or fraudulent concealment of evidence claim." But Defendants leave out of their Procedural History their intentionally dilatory tactics at every juncture of discovery, as well as their lying to the Court through counsel about X-rays "not being kept in the normal course." And this is in keeping with a certain pattern of Defendants: Their attempt to have the Supplemental Complaint is in bad faith. It is frivolous, in fact, and premised on a deliberate twisting of a typo into an act of offense against all things right and just. Something so ridiculous cannot possibly have been done in good faith: even if Plaintiff had been admitted to the bar, another lawyer would recognize a scribner's error and not seize upon a typo like a drowning man upon flotsam.

Yet by seizing upon this scribner's error, Defendants attempt to project their own osbtinacy and deceit to the Court (as demonstrated by their repeated lying to the Court about x-rays, shown on the record at numerous hearings and in briefs) onto Plaintiff. However, they admit that the factual allegations

2

have been purged of any reference to medical malpractice, so it is quite evident that Plaintiff has complied substantially with the Court's order. Plaintiff's reference to damages being calculated by the day is not incompatible with the underlying claim which has been allowed to proceed, which was damaged in its evidentiary proofs by the negligent or fraudulent destruction of the x-rays (which Defendant's counsel repeatedly lied to the Court about). And the statutes and regulations cited by Plaintiff cut to the core of the negligence claim, by establising the duty Defendant had, which was breached to cause damage.

In sum, the draconian remedy sought by Defendant, of striking the entire Supplemental Complaint over a typo, is absurd. It would be a manifest injustice to do so. If anything, all that should be struck is the scribner's error in the count heading comprised of the text "and/or medical malpractice per se." This was merely an oversight during editing. Defendants have not raised any arguments against the merit of the negligence and fraudulent concealment claims themselves, and are barred from doing so  hereafter by Rule 12(g)(2). These claims should therefore be permitted to proceed.

Respectfully Submitted,

Dated: 7/14/26

By: _____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

3

C MCGILLVARY
#1222665/SBIH 1023174
NJSP PO Box 861
TRENTON, NJ
08625



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7022 2410 0003 3325 8787



US POSTAGE
$013.05⁰
First-Class - IMI
ZIP 08625
07/16/2026
036B 0011837735

**RECEIVED**

JUL 2 0 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

This item has been
mailed from a NJDOC
Correctional Facility

CLERK.
U.S. DIST. CT. - DNJ
402 E. STATE ST.
TRENTON, NJ
08608