**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

| | |
|---|---|
| CALEB L. MCGILLVARY, | **UNITED STATES DISTRICT COURT** |
| Plaintiff, | **FOR THE DISTRICT OF NEW JERSEY** |
| v. | CASE NO. 3:22-06430-MAS-JBD |
| RAHMO REIZ, et al., | DOCUMENT ELECTRONICALLY FILED |
| Defendant. | **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT ON BEHALF OF DEFENDANTS RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, SAMUEL LOPEZ, JOEL BERNHARD, AND RAHMO REIZ** |

Defendants Rutgers, The State University of New Jersey ("Rutgers"), Samuel Lopez ("Lopez"), Joel Bernhard ("Bernhard"), and Rahmo Reiz ("Reiz") (collectively "Defendants"), by way of Answer to the Supplemental Complaint of Plaintiff, Caleb L. McGillvary ("Plaintiff") (ECF No. 180), state as follows:

## AS TO PARTIES IN THIS COMPLAINT

A. Defendants admit that Caleb L. McGillvary is the plaintiff in this complaint.

B. Defendants admit that Rahmo Reiz, Samuel Lopez, Joel Bernhard and Rutgers, The State University of New Jersey are named Defendants in this Supplemental Complaint, but deny any allegations as to each. Defendants do not admit or deny the remaining allegations contained

in this paragraph of the Supplemental Complaint to the extent they name John Does and Defendants do not have information sufficient to admit or deny such allegations.

## AS TO BASIS FOR JURISDICTION

Defendants do not admit or deny the allegations contained in this paragraph of the Supplemental Complaint as they set forth legal conclusions to which no response is required.

## AS TO STATEMENT OF CLAIM

A.     Defendants do not admit nor deny the allegations in this Paragraph of the Supplemental Complaint insofar as the "events" alleged therein speak for themselves, except to admit that Plaintiff was incarcerated at New Jersey State Prison at all times relevant to the Supplemental Complaint.

B.     Defendants do not admit nor deny the allegations in this Paragraph of the Supplemental Complaint insofar as they set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

C.     To the extent this Paragraph sets forth allegations requiring a response, Defendants do not admit nor deny the allegations in this Paragraph insofar as the Supplemental Complaint speaks for itself. To the extent a response is required, Defendants admit that the Supplemental Complaint contains Plaintiff's allegations but respond to such allegations as set forth below.

## AS TO FACTS OF THE CASE

1.     Defendants repeat the responses to each of the Paragraphs of the First Amended Complaint and incorporate them as if set forth fully herein.

2

## AS TO COUNT I[1]

2.       Defendants admit the allegations in Paragraph 2 of the Supplemental Complaint except to deny these allegations to the extent they imply any liability on the part of Defendants.

3.       Defendants deny the allegations in Paragraph 3 of the Supplemental Complaint.

4.       Defendants do not admit nor deny the allegations in Paragraph 4 of the Supplemental Complaint as they set forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information to form a belief as to the truth of these allegations (which constitute legal conclusions).

5.       Defendants deny the allegations in Paragraph 5 of the Supplemental Complaint.

6.       Defendants deny the allegations in Paragraph 6 of the Supplemental Complaint.

7.       Defendants deny the allegations in Paragraph 7 of the Supplemental Complaint.

8.       Defendants admit that an x-ray of Plaintiff's mouth was taken on February 1, 2022, but deny the remaining allegations in Paragraph 8 of the Supplemental Complaint.

9.       Defendants deny the allegations in Paragraph 9 of the Supplemental Complaint.

10.      Defendants deny the allegations in Paragraph 10 of the Supplemental Complaint.

11.      Defendants deny the allegations in Paragraph 11 of the Supplemental Complaint.

12.      Defendants deny the allegations in Paragraph 12 of the Supplemental Complaint.

13.      Defendants deny the allegations in Paragraph 13 of the Supplemental Complaint.

14.      Defendants deny the allegations in Paragraph 14 of the Supplemental Complaint.

15.      Defendants deny the allegations in Paragraph 15 of the Supplemental Complaint.

---

[1] The reference to "medical malpractice per se" was stricken by the Court. See ECF No. 202.

16.    Defendants do not admit nor deny the allegations in Paragraph 16 of the Amended Complaint as they are not directed at Defendants. To the extent a response is required, Defendants deny these allegations.

17.    Defendants do not admit nor deny the allegations in Paragraph 17 of the Amended Complaint as they are not directed at Defendants. To the extent a response is required, Defendants deny these allegations.

18.    Defendants deny the allegations in Paragraph 18 of the Supplemental Complaint.

19.    Defendants deny the allegations in Paragraph 19 of the Supplemental Complaint to the extent they imply the existence of any x-rays other than the one taken on February 1, 2022. Defendants further admit that Plaintiff must make an appropriate request to obtain his medical and dental records.

20.    Defendants deny the allegations in Paragraph 20 of the Supplemental Complaint.

**WHEREFORE**, Defendants demand judgments in their favor dismissing Plaintiff's Supplemental Complaint with prejudice, together with attorneys' fees, costs, and such other and further relief as this Court deems equitable and just.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

At all times relevant hereto, Defendants acted in good faith and without fraud or malice.

### SECOND SEPARATE DEFENSE

Defendants did not deprive Plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the State of New Jersey.

4

## THIRD SEPARATE DEFENSE

The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(A).

## FOURTH SEPARATE DEFENSE

Plaintiff's Supplemental Complaint fails to state a cause of action against Defendants upon which relief can be granted, and Defendants hereby reserve the right to move at or before the time of trial to dismiss said Complaint.

## FIFTH SEPARATE DEFENSE

Defendants are protected pursuant to N.J.S.A. 2A:53A-7 (New Jersey Charitable Immunity Act) for the claims asserted herein.

## SIXTH SEPARATE DEFENSE

Plaintiff has failed to set forth in the Supplemental Complaint any provision of the New Jersey Tort Claims Act which provides for liability of the public entity, and, therefore, Plaintiff's action is barred pursuant to N.J.S.A. 59:2-1.

## SEVENTH SEPARATE DEFENSE

Plaintiff has failed to demonstrate that any public entity employee(s) was negligent and is, therefore, barred from recovery against the public entity pursuant to N.J.S.A. 59:2-2(a) and (b).

## EIGHTH SEPARATE DEFENSE

To the extent the Supplemental Complaint charges Defendants with liability for Plaintiff's injuries, based upon discretionary acts performed or omitted by Defendants, recovery thereunder is barred under N.J.S.A. 59:2-3 and 59:3-2.

## NINTH SEPARATE DEFENSE

Defendants are not liable for acts taken in good faith.

5

## TENTH SEPARATE DEFENSE

Defendants are not liable for acts taken in good faith in the enforcement of any law pursuant to <u>N.J.S.A.</u> 59:3-3.

## ELEVENTH SEPARATE DEFENSE

To the extent it is alleged, Defendants did not act with willful misconduct.

## TWELFTH SEPARATE DEFENSE

Plaintiff's sundry failures to comply with the requirements of <u>N.J.S.A.</u> 59:8-3 bars this action.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's action is barred by his failure to comply with <u>N.J.S.A.</u> 59:8-4.

## FOURTEENTH SEPARATE DEFENSE

This action is barred by Plaintiff's failure to comply with the applicable Statute of Limitations.

## FIFTEENTH SEPARATE DEFENSE

Any recovery due to Plaintiff is subject to the limitation of damages contained in <u>N.J.S.A.</u> 59:9-2 and, therefore, any award must be reduced in accordance therewith.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to interest on any monetary award.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive or exemplary damages against Defendants.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff was contributorily and comparatively negligent and his claim for recovery must be reduced to the extent of his own negligence pursuant to N.J.S.A. 2A:15-1, *et seq.* and N.J.S.A. 59:9-4.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's allegations are barred by the doctrine of waiver.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of laches.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of collateral estoppel and/or equitable estoppel.

### TWENTY-SECOND SEPARATE DEFENSE

Defendants breached no duty to any party to this action and, therefore, are not liable directly or vicariously to any party in this action.

### TWENTY-THIRD SEPARATE DEFENSE

Any and all damages suffered by Plaintiff were due to Plaintiff's own negligence or that of third parties over whom Defendants had no control.

### TWENTY-FOURTH SEPARATE DEFENSE

No act or omission of Defendants was the proximate cause of Plaintiff's injuries, and Plaintiff's own conduct constituted an intervening and superseding cause.

### TWENTY-FIFTH SEPARATE DEFENSE

Defendants acted as reasonably prudent persons at all relevant times.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendants acted in good faith at all relevant times.

## TWENTY-SEVENTH SEPARATE DEFENSE

Defendants are immune from civil liability for any damages sought by Plaintiff pursuant to <u>N.J.S.A.</u> 30:4-16 *et seq.*

## TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff's action is subject to all affirmative defenses available pursuant to the Prison Litigation Reform Act of 1995.

## TWENTY-NINTH SEPARATE DEFENSE

Plaintiff has failed to allege any facts which support a claim(s) under the federal or state constitutions, or under any federal, state, or local statutes or regulations.

## THIRTIETH SEPARATE DEFENSE

Plaintiff has not demonstrated deliberate indifference to a serious medical need.

## THIRTY-FIRST SEPARATE DEFENSE

Plaintiff has failed to demonstrate any basis for supervisory liability as to Defendants.

## THIRTY-SECOND SEPARATE DEFENSE

To the extent Plaintiff asserts a claim(s) based on allegations of medical malpractice, Defendants assert any and all defenses under the Affidavit of Merit Statute, <u>N.J.S.A.</u> 2A:53-27.

## THIRTY-THIRD SEPARATE DEFENSE

Any recovery due to Plaintiff is subject to the limitation of damages pursuant to the New Jersey Punitive Damages Act, <u>N.J.S.A.</u> 2A:15-5.9.

## THIRTY-FOURTH SEPARATE DEFENSE

Plaintiff's Supplemental Complaint contains insufficient information to permit Defendants to raise all appropriate defenses, and, therefore, Defendants reserve the right to amend and/or supplement this Answer with additional affirmative defenses.

## THIRTY-FIFTH SEPARATE DEFENSE

Defendants are entitled to good faith and/or qualified immunity.

**WHEREFORE**, Defendants demand judgment in their favor dismissing Plaintiff's Supplemental Complaint with prejudice, together with attorneys' fees, costs, and such other and further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Please take notice that demand is hereby made for a trial by a jury on all issues raised in the Amended Complaint.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, Defendants hereby demand that Plaintiff furnish, within ten (10) days after service of this Answer, a written statement of the amount of damages claimed.

## CERTIFICATION PURSUANT TO RULE 11.2

Pursuant to L. Civ. R. 11.2, the undersigned counsel for Defendants Rutgers, The State University of New Jersey, Samuel Lopez, Joel Bernhard, and Rahmo Reiz hereby certifies that to the best of their knowledge, this matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding contemplated, nor are any other parties required to be joined in this action.

## CERTIFICATION

It is hereby certified that the within Answer was filed within the time period allowed by Local Civil Practice Rule 12 or any extension thereto.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendant, Rahmo Reiz*


By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood

Dated: July 30, 2026

9