Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

August 4, 2026

Hon. J. Brendan Day, U.S.M.J.
US Dist. Ct. - DNJ
US Courthouse, Ct. Rm. 7E
402 E. State St.
Trenton, NJ 08608

RECEIVED

AUG -7 2026

AT 8:30
CLERK, U.S. DISTRICT COURT-DNJ

      RE: Caleb L. McGillvary v. Rahmo Reiz
      Civil Action No. 3:22-cv-06430-MAS-JBD
      Hon. Michael A. Shipp, U.S.D.J.
      Hon. J. Brendan Day, U.S.M.J.

Dear Judge Day;

      Please accept this letter in lieu of a more formal brief in support of Plaintiff's motion to dismiss Defendants' counterclaim under Rule 12(b) and to strike Defenses under Rule 12(f)

## Standard of Review

**Fed. R. Civ. P. 12(f)**

Rule 12(f) provides that a motion to strike may be used to defeat any insufficient defense. Fed. R. Civ. P. 12(f). In making a determination of whether a motion to strike should be granted, the Court should consider whether the defense is so clearly legally insufficient that it is unworthy of the Court's consideration. Kelly v. Kosuga, 358 U.S. 516 (1959); see also, e.g. Cipollone v. Liggett Group, Inc., 789 F.2d 181, 186 (3d Cir. 1986).

**Fed. R. Civ. P. 12(b)**

1

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In evaluating such a motion, a district court first should separate the legal and factual elements of the plaintiff's claims. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570).

**Legal Argument**
**POINT I: THE DEFENDANT'S CLAIM FOR ATTORNEY'S FEES HAS NO STATUTORY OR LEGAL BASIS, AND MUST BE DISMISSED UNDER RULE 12(b)**

When a federal court is considering the award of attorneys fees, it begins its analysis with the American Rule, which provides that each litigant generally pays its own attorneys fees, win or lose, unless a statute or contract explicitly provides otherwise. Hardt v. Reliance Std. Life Ins. Co., 560

2

U.S. 242, 253, 130 S. Ct. 2149, 176 L. Ed. 2d 998 (2010). The Supreme Court has recognized departures from the American Rule only in specific and explicit provisions for the allowance of attorneys fees under particular statutes. Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 199200, 136 S. Ct. 1979, 195 L. Ed. 2d 368 (2016).

The Defendants have asked for attorney's fees in their answer, yet have provided no statutory basis by which to do so. This renders their request without legal basis, and the spurious request is therefore frivolous and must be dismissed.

**POINT II: NUMEROUS OF DEFENDANT'S DEFENSES ARE SO LEGALLY INSUFFICIENT ON THEIR FACE, THAT THEY SHOULD BE STRICKEN SO AS NOT TO BOG DOWN THE COURT ON MOTION FOR SUMMARY JUDGMENT**

As will be shown, each of the following defenses is legally insufficient on the face of the Answer, and must be stricken.

**1. Acted in good faith and without fraud or malice**

**LAW:**

" A health care entity, or any employee designated by the entity, which, pursuant to this section, provides information in good faith and without malice to another health care entity concerning a health care professional, including information about a current or former employees job performance as it relates to patient care, is not liable for civil damages in any cause of action arising out of the provision or reporting of the information." N.J.S.A. 26:2H-12.2c(c)

**FACTS:** Defendants did not provide x-rays nor dental charts from medical reference file upon request. They are therefore not entitled to immunity under this statute.

## 2. Amended Complaint fails to state cause of action against Defendant upon which relief can be granted

**LAW:**

The law of the case doctrine generally "prevents reconsideration of legal issues already decided in earlier stages of a case." Bedrosian v. United States, 42 F.4th 174, 181 (3d Cir. 2022). "As a prudential principle, law of the case holds that a rule of law announced in a case should be applied to 'the same issues in subsequent stages in the litigation.'"

 Saint-Jean v. Palisades Interstate Park Comm'n, 49 F.4th 830, 835 (3d Cir. 2022) (quoting In re Resyn Corp., 945 F.2d 1279, 1281 (3d Cir. 1991))

**FACTS:**

The Court has previously held that Plaintiff has stated meritorious claims.

## 3. Defendant protected pursuant to N.J.S.A. 2A:53A-7 (New Jersey Charitable Immunity Act)

**LAW:**

"Nothing in this subsection shall be deemed to grant immunity to any health care provider, in the practice of his profession, who is a compensated employee, agent or servant of any nonprofit corporation, society or association organized exclusively for

4

religious, charitable or educational purposes." **N.J.S.A.  2A:53A-7(a)**

**FACTS:**

Defendant has admitted to the Court in his filings to being employed by healthcare company as healthcare worker He is judicially estopped from claiming otherwise, and therefore not entitled to this immunity.

**4. Plaintiff has failed to set forth in the Amended COmplaint any provision of the NJ Tort Claims Act which provides for liability of the public entity, and therefore, Plaintiff's action is barred pursuant to NJSA 59:2-1**

**LAW:**

"The Third Circuit, under the incorporation by reference doctrine, has allowed a "document integral to or explicitly relied upon in the complaint" to be considered "without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., **114 F.3d 1410**, **1426 (3d Cir. 1997)**

**FACTS:**

The Notices of Claim incorporated by reference into Amended and Supplmental Complaints has explicit reference to relevant provisions of the Tort Claims Act. Pro se complaints are to be liberally construed. Also, the Sandy Grove/Erie doctrine dictates that federal procedure doesn't require pleading of statutes if the substantive elements are alleged.

**5. Defendant not liable for acts taken in good faith in the enforcement of any law pursuant to NJSA 59:3-3**

**LAW:**

"Nothing in this act shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:3-14(a)

" Nothing in this act shall exonerate a public employee from the full measure of recovery applicable to a person in the private sector if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:3-14(b)

**FACTS:**

There is no execution or enforcement of any law in controversy. In fact, Plaintiff has alleged that Defendant acted outside the scope of his duties and indeed even of the law.

**6. Statute of limitations**

**LAW:**

"Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in N.J.S.2A:14-2 and N.J.S.2A:14-3, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors,

6

agents and servants, shall be commenced within six years next after the cause of any such action shall have accrued." **N.J.S.A. 2A:14-1(a)**

**FACTS:**

This action was filed well within the statute of linmitations.

**7. doctrine of laches**

**LAW:**

"[l]aches, an equitable doctrine, generally cannot bar damages, a legal remedy." Kars 4 Kids Inc. v. Am Can!, 2024 U.S. App. LEXIS 9243 at *28-29 (3d Cir. 2024) (citing Petrella v. Metro-Goldwyn-Mayer, 572 U.S. 663, 678, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014)). laches cannot bar the application of the relation-back doctrine. "[T]he Rule mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." Krupski v. Costa Cociere S.p.A., 560 U.S. 538, 539, 553, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010) ; SEPTA v. Orrstown Fin. Servs., 12 F.4th 337, 349 (3d Cir. 2021) ("[R]elation back stems from a federal rule, rather than equity.")

**FACTS:**

The Amended and Supplemental Complaints were filed and amended promptly, and the relation back doctrine applies to the claims therein. Additionally, Plaintiff asks for damages.

**8. Defendant immune pursuant to NJSA 30:4-16 et seq.**

**LAW:**

7

"No action at law shall lie against any officer or employee or member of the state board or members of the several boards of managers, for admitting, receiving, keeping, detaining or transferring or discharging as provided by this title or directed by any order made in accordance with this title, any person coming to an institution or noninstitutional agency on his own application, or on the application of his friends or relatives, or by order of a judge or court of this state, but such application or order, or certified copy thereof, shall be sufficient warrant and authority for the admission, keeping, detention, transfer, discharge or reasonable care, treatment, management and control of any patient or inmate received or committed according to the terms of this title." **N.J.S.A. 30:4-16**

**FACTS:**

There were no custody determinations implicated in any cause of action at bar.

**9. Plaintiff's action is subject to all affirmative defenses available pursuant to PLRA**

**LAW:**

"In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

**FACTS:**

Defendants have not complied with the notice requirements of Rule 8(b).

**10. Amended Complaint contains insufficient information to raise all defenses, reserves right to amend and supplement with additional affirmative defenses**

**LAW:**

"In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

**FACTS:**

Defendants have neither moved for a more definite statement within time, nor complied with the notice requirements of Rule 8(b).

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests the Court to dismiss Defendants' counterclaim for attorney's fees, and to strike the defenses as heretofore argued.

Respectfully Submitted,

Dated: 8/4/26

By: _____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861