NORRIS McLAUGHLIN | P.A.
ATTORNEYS AT LAW

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807

T: 908-722-0700
F: 908-722-0755
Direct: 908-252-4228
Email: mraymondflood@norris-law.com

August 24, 2026

**VIA ECF**
Hon. J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
Court Room: 7E
402 East State Street
Trenton, NJ 08608

**Re: Caleb L. McGillvary v. Rahmo Riez, et al.**
**Case No. 3:22-6430 (MAS-JBD)**

Dear Judge Day:

This office represents Defendant Rahmo Reiz, Rutgers, the State University of New Jersey, Joel Bernhard, and Samuel Lopez (collectively "Defendants") in connection with the above-referenced matter. Please accept this letter brief in opposition to Plaintiff's motion to dismiss Defendants counterclaim and to strike certain of Defendants' affirmative defenses. ECF No. 207.

Defendants find themselves, yet again, compelled to expend time and resources responding to another of Plaintiff's unwarranted motions—a filing that is at best procedurally premature and at worst another frivolous motion filing that has come to define this case. As an initial matter, Defendants have not asserted any counterclaims against Plaintiff. Rather, Defendants merely included in the prayer for relief set forth in their answer to the Supplemental Complaint a request for attorneys' fees. This is not a counterclaim. As this Court knows, a prayer for relief is simply the portion of a pleading that specifies what remedies the pleader seeks if successful on the claims or defenses already asserted. Defendants' inclusion of attorneys' fees in their prayer for relief is nothing more than a request for a particular form of remedy—it asserts no independent cause of action, states no new factual allegations, and requires no separate answer from Plaintiff. Plaintiff's characterization of Defendants' fee request as a "counterclaim" reflects either a fundamental misunderstanding of basic pleading principles or a calculated attempt to manufacture an issue where none exists. As such, Plaintiff's motion to dismiss Defendants' non-existent counterclaim should be denied as moot.

Plaintiff's motion fares no better with respect to his request to strike certain of Defendants' affirmative defenses. Setting aside that many of Plaintiff's arguments are either incoherent or legally incorrect,[1] the motion is premature on its face. Discovery remains ongoing and, critically, Plaintiff's appeal to the District Court of Your Honor's Order denying leave to file a Second

[1] For example, Plaintiff argues incorrectly that Defendants New Jersey Tort Claims Act Defense is procedural and inapplicable in Federal Court. ECF No. 207, ¶ 4. See generally, Michaels v. State

Amended Complaint remains pending. Until that appeal is resolved, the entire universe of claims that will ultimately proceed in this action remain in flux. It is therefore wholly premature—and indeed impossible—to conclude that any of Defendants' affirmative defenses are inapplicable.

Accordingly, Plaintiff's motion should be denied in its entirety. In the alternative, Defendants respectfully request that the motion be administratively terminated without prejudice until such time as discovery has concluded and all claims that will proceed in this action are before the Court. At that juncture, should Plaintiff elect to renew his motion, Defendants should be afforded a full and fair opportunity to oppose it on a complete record—something that is simply not possible at this premature stage of the litigation.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

/s/ *Margaret Raymond Flood*

Margaret Raymond-Flood

cc: Caleb McGillvary (via Regular Mail)

---

of N.J., 955 F.Supp. 315 (D.N.J. 1996) (analyzing the Plaintiff's compliance with the Tort Claims Act).