NORRIS McLAUGHLIN | P.A.
ATTORNEYS AT LAW

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807

T: 908-722-0700
F: 908-722-0755
Direct: 908-252-4228
Email: mraymondflood@norris-law.com

September 15, 2026

**VIA ECF**
Hon. J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
Court Room: 7E
402 East State Street
Trenton, NJ 08608

**Re: Caleb L. McGillvary v. Rahmo Riez, et al.**
**Case No. 3:22-6430 (MAS-JBD)**

Dear Judge Day:

This office represents Defendant Rahmo Reiz, Rutgers, the State University of New Jersey, Joel Bernhard, and Samuel Lopez (collectively "Defendants") in connection with the above-referenced matter. We write pursuant to the July 30, 2026 Order (ECF No. 205) setting forth the outstanding deficiencies in Plaintiff's discovery responses.

We do not wish to belabor the Court by explaining in detail every single request, and Plaintiff's responses thereto. Accordingly, we have listed a few examples below. We also provide Plaintiff's Responses to Defendants Requests for Admissions and Interrogatories, and Defendants July 31, 2026 correspondence outlining the deficiencies in Plaintiff's responses, collectively, as **Exhibit A**, for the Court's ease of reference.

To summarize, several of Plaintiff's responses to Defendants' Requests for Admissions (as outlined in the July 31, 2026 Deficiency Letter) are entirely evasive, and they fail to provide any—let alone adequate—responses. For example, Request No. 8 is a straightforward request that Plaintiff admit or deny that no Defendant or other person ever told him that a meeting occurred among Defendants on October 6, 2022, at which Plaintiff alleges in the Supplemental Complaint Defendants agreed and conspired to destroy his dental records. Thus, this request goes directly to the heart of Plaintiff's new negligent/fraudulent concealment claims. Plaintiff responded that he "denies circumstantial evidence isn't telling of the meeting". Not only is this response meaningless, but it is entirely unresponsive and a perfect example of the evasiveness which pervades Plaintiff's discovery responses. Plaintiff should either be required to admit or deny the request, setting forth whether anyone told him of such a meeting.

Plaintiff's Interrogatory responses are equally evasive. Defendants served Plaintiff with six (6) Interrogatories, all of which request specific factual information pertaining to the new claims set forth in his Supplemental Complaint. For example, Interrogatory No. 2 states: "Set forth, with

specificity and without reference to or recitation of the facts set forth in the pleadings, any and all facts which support Your allegations in the Supplemental Complaint that Defendants Lopez, Reiz, and Bernhard met and agreed to conceal, destroy, and/or falsify evidence." In response to this and the remaining Interrogatories, Plaintiff recycled the same response, set forth below:

> Plaintiff objects to this interrogatory has overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiver of these or the General Objections, Plaintiff sets forth the transcripts of each of the hearings in this matter, as well as the briefs and declarations filed upon the docket in this matter, and all the exhibits thereto, as well as all of the responses to each of the Interrogatories, Requests to Produce, Requests for Admissions, Subpoenas, Court Orders, and all exhibits thereto and documents produced therewith; and all of the testimony of the witnesses in this proceeding, including those which are to be called at trial. Plaintiff further sets forth the facts contained therein as showing the dental professionals contained therein, acting individually and in concert with each other, and pursuant to agreements made amongst themselves to aid and abet each other. Plaintiff further avers that the relevant parts of such documents speak for themselves.

In response to Defendants' Deficiency letter, Plaintiff defended this response by stating that he "pointed to a whole lot of facts" and that he "could not hold [counsel's] hand on a trip through the entire record." Plaintiff's Deficiency Response is attached hereto as **Exhibit B**. To the contrary, Plaintiff has neither set forth nor pointed to any facts. Rather, he generally referred Defendants to literally every document, brief, certification, transcript, and exhibit ever exchanged or filed in this action. Defendants should not be required to comb through the entire record to decipher which facts, if any, Plaintiff relies on in support of his claims. Plaintiff raised these claims, and should be required to set forth what facts, if any, support them.

Accordingly, we respectfully request that the Court require Plaintiff to provide full and complete responses to Defendants' discovery requests. We look forward to discussing these issues more fully with Your Honor during the October 15, 2026 Conference.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

/s/ *Margaret Raymond Flood*

Margaret Raymond-Flood

cc: Caleb McGillvary (via Regular Mail)

# EXHIBIT A

NORRIS McLAUGHLIN | P.A.
ATTORNEYS AT LAW

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

Margaret Raymond-Flood, Esq.
Direct Dial: 908-252-4228
Email: mraymondflood@norris-law.com

July 31, 2026

**VIA: Federal Express**
Caleb L. McGillvary, pro se
#1222665/SBI# 102317G
New Jersey State Prison
PO Box 861
Trenton, NJ 08625-0861

**Re: Caleb L. McGillvary v. Rahmo Riez, et al.**
**Civil Action: 3:22-cv-6430 (MAS-JBD)**

Dear Mr. McGillvary:

As you are aware, this office represents Defendants Rutgers, The State University of New Jersey, Samuel Lopez ("Lopez"), Joel Bernhard ("Bernhard"), and Rahmo Reiz ("Reiz") (collectively "Defendants") in the above captioned matter. We have reviewed your June 25, 2026 responses and objections to Defendants' Requests for Admissions and Defendants' Second Set of Interrogatories. We note the deficiencies set forth below. Please provide responses to the below deficiencies within fourteen (14) days from your receipt of this letter.

**Deficient Responses to Requests for Admissions**

6. Request to Admit No. 6 asks you to admit that "[y]ou were not personally present at the alleged meeting on October 6, 2022 described in paragraph 10 of the Supplemental Complaint." Your response—that "Plaintiff denies any implication that he was not at the North Compound Clinic on October 6, 2022"—is wholly non-responsive. The Request does not ask whether you were physically present at the North Compound Clinic on October 6, 2022. It asked you to admit that you were not present at the specific meeting you allege took place among Defendants on that date. Your response does not constitute a good faith response. Defendants ask that you confirm whether or not you were personally present at the alleged meeting on October 6, 2022 that you reference in paragraph 10 of the Supplemental Complaint.

8. Request to Admit No. 8 asked you to admit that "[n]o Defendant or other person ever told you that a meeting occurred on October 6, 2022 at which any agreement was made to destroy or conceal your x-rays or other medical records." Your response—that "Plaintiff denies that circumstantial evidence isn't telling of the meeting"—is wholly non-responsive and does not answer the question. The Request posed a straightforward question: whether anyone told you that such a meeting occurred. Please respond to that request without reference to unspecified circumstantial evidence.

9. Request to Admit No. 9 asked you to admit that "[y]ou have no document, recording, written communication, or other tangible evidence of the alleged agreement among Defendants described in paragraph 10 of the Supplemental Complaint." Your response—that "Plaintiff denies that circumstantial evidence doesn't show the agreement"— is wholly non-responsive. The Request posed a straightforward question: whether you have any tangible evidence that the meeting occurred. Your answer fails to address that question in any meaningful way. Please confirm whether or not you have a document, recording, written communication or other tangible evidence of the alleged agreement that you referenced. If not, admit the request.

10. Request to Admit No. 10 asked you to admit that "[y]ou have no document, recording, written communication, or other tangible evidence that Samual Lopez agreed to falsify any medical record as alleged in paragraph 11 of the Supplemental Complaint." Your response—that "Plaintiff denies that circumstantial evidence doesn't show the agreement"— is wholly non-responsive. The Request posed a straightforward question: whether you have any tangible evidence that Lopez agreed to falsify medical records. Your answer fails to address that question in any meaningful way. Please provide a clear, direct response to the Request as actually posed, not an evasive reference to unspecified "circumstantial evidence." If you have no such evidence, admit the request.

13. Request to Admit No. 13 asked you to admit that "[n]o person has ever told you that he or she witnessed any Defendant remove or destroy any x-ray or film packet from your medical reference file." Your response—that "Plaintiff admits that Defendants concealed their removal and destruction of the x-rays and film packets from their coworkers" is wholly non-responsive and evasive. This request does not ask you to admit what Defendants did or did not do. It asks you to admit that no one told you that Defendants removed or destroyed x-rays or film packets from your medical reference file. Please respond to the Request as actually posed.

17. Request to Admit No. 17 asked you to admit that "[t]he November 11, 2025 Declaration of Andrew Youngblood D.M.D. attached hereto as **Exhibit A** states that Dr. Youngblood reviewed the dental entries in Your Electronic Medical Records for the entirety of Your time at New Jersey State Prison (up to January 6, 2025) and did not see any references to or indication that You received any x-rays, other than the June 11, 2019 entry that erroneously states "panorex: yes" and the February 1, 2022 physical x-ray that cannot be located." Your response that "Plaintiff denies that the June 11, 2019 entry erroneously states anything, as Youngblood only speculated about a drop-down menu," and "Plaintiff further denies the veracity of the paragraph referred to" is wholly non-responsive. This Request does not ask your personal beliefs and opinions as to the substance or veracity of the referenced paragraph of Dr. Youngblood's November 11, 2025 Declaration. It asks you to admit to what it says. Plesase respond to the Request as actually posed.

**Deficient Responses to Interrogatories**

1-5. Interrogatories Nos. 1-5 each demand that Plaintiff set forth, without reference to or recitation of the pleadings, the specific facts upon which Plaintiff bases the allegations in the Supplemental Complaint. Plaintiff's response to each of these interrogatories—which Plaintiff has simply copied and pasted verbatim across all five—is wholly non-responsive and deliberately evasive. These Interrogatories required Plaintiff to identify and articulate actual facts, not to compile an indiscriminate laundry list of every document, court order, deposition transcript, and piece of correspondence exchanged, produced, or entered in this action over the course of nearly four years of litigation. The purpose of interrogatories is to elicit specific factual information—not to require the propounding party to sift through an undifferentiated mass of citations in search of facts that Plaintiff is obligated to disclose. Your generic references to the entire record is improper. Defendants demand that you provide complete, substantive responses to each of Interrogatories Nos. 1-5 as actually posed.

6. You have not responded to Interrogatory No. 6 at all. Please provide a full and complete response.

Thank you.

Very Truly Yours,

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants*

*s/Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>RAHMO REIZ ET AL.<br>DEFENDANT | ) CIVIL ACTION NO.<br>) 3:22-cv-06430-MAS-JBD<br>) Hon. Michael A. Shipp, U.S.D.J.<br>) Hon. J. Brendan Day, U.S.M.J.<br>)<br>)<br>) |

PLAINTIFF'S RESPONSE TO
DEFENDANT'S REQUESTS FOR ADMISSIONS TO PLAINTIFF

PROPOUNDING PARTY: RAHMO REIZ, JOEL BERNHARD, SAMUAL LOPEZ, RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY
RESPONDING PARTY: CALEB L. MCGILLVARY
SET NO. 1

RESPONSE TO REQUESTS FOR ADMISSIONS

Caleb L. McGillvary ("Plaintiff"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby responds to Defendants' Requests for Admissions as set forth below.

By providing responses to Defendants' requests, Plaintiff is not waiving his right to seek a determination by the Court that Defendants are not permitted to use the information set forth herein at trial and Plaintiff expressly reserves his right to make any such application in accordance with the Court Rules and/or applicable Court Order.

Plaintiff reserves the right to amend or supplement these responses in accordance with the Court Rules and/or applicable Court Order.

## GENERAL OBJECTIONS

All of the general objections made by Plaintiff are applicable to and are incorporated in each response to these requests.

Failure to specifically refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1. Plaintiff objects to these requests to the extent they seek to impose upon Plaintiff a greater or broader obligation than the one(s) imposed by the Federal Rules of Civil Procedure.

2. Plaintiff objects to these requests to the extent that they are overbroad, vague, unduly burdensome or otherwise lack sufficient precision or particularity to permit formulation of a meaningful response and/or otherwise purport to seek information beyond the scope of permissible discovery.

3. Plaintiff objects to each request which seeks a response whose disclosure would violate the attorney-client privilege, self-critical analysis privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended nor shall be construed as a waiver of any such confidential privilege or doctrine.

## REQUESTS FOR ADMISSIONS

1. You do not possess any document, photograph, or other tangible evidence establishing that an x-ray of your mouth was taken on June 11, 2019

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "establishing" nor "taken." Subject to and without waiving the foregoing or General Objections, Plaintiff denies this request.

2. You do not possess any document, photograph, or other tangible evidence establishing that an x-ray of your mouth was taken on January 7, 2020.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases

"establishing" nor "taken." Subject to and without waiving the foregoing or General Objections, Plaintiff denies this request.

3. You do not possess any document, photograph, or other tangible evidence establishing that an x-ray of your mouth was taken on the date referenced in paragraph 7 of the Supplemental Complaint, other than your personal belief that the x-ray was destroyed.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "establishing" nor "taken." Subject to and without waiving the foregoing or General Objections, Plaintiff denies this request

4. You never personally saw any film packet or x-ray image of your mouth taken on June 11, 2019, Jauary 7, 2020, or the date referenced in paragraph 7 of the Supplemetal Complaint.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrase "personally saw any film packet or x-ray image of your mouth taken." Subject to and without waiving the foregoing or General Objections, Plaintiff denies this request.

5. You do not possess any document, photograph, or other tangible evidence establishing that an x-ray of your mouth was taken on any date other than February 1, 2022.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "establishing" nor "taken." Subject to and without waiving the foregoing or General Objections, Plaintiff denies this request

6. You were not personally present at the alleged meeting on October 6, 2022 described in paragraph 10 of the Supplemental Complaint.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "present at" nor "meeting." Subject to and without waiving the foregoing or General Objections, Plaintiff denies any implication that he wasn't at the North Compound Clinic on October 6, 2022.

7. You did not personally hear any discussion among Defendants Reiz, Bernhard, and/or anyone else at the alleged October 6, 2022 meeting described in paragraph 10 of the Supplemental Complaint.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "any discussion among" nor "anyone else at." Subject to and without waiving the foregoing or General Objections, Plaintiff denies that he didn't personally hear any discussion among Defendants and anyone else.

8. No Defendant or other person ever told you that a meeting occurred on October 6, 2022 at which any agreement was made to destroy or conceal your x-rays at other medical records.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "ever" nor "told." Subject to and without waiving the foregoing or General Objections, Plaintiff denies that circumstantial evidence isn't telling of the meeting.

9. You have no document, recording, written communication, or other tangible evidence of the alleged agreement among Defendants described in paragraph 10 of the Supplemental Complaint.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "have" nor "evidence of." Subject to and without waiving the foregoing or General Objections, Plaintiff denies that circumstantial and existing evidence doesn't show the agreement.

10. You have no document, recording, written communication, or other tangbile evidence that Samual Lopez agreed to falsify any medical record as alleged in paragraph 11 of the Supplemental Complaint.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "have" nor "evidence of." Subject to and without waiving the foregoing or General Objections, Plaintiff denies that circumstantial and existing evidence doesn't show the agreement.

11. You did not personally witness any Defendant remove any x-ray or film packet from your medical reference file at any time.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "personally witness" nor "film packet." Subject to and without

waiving the foregoing or General Objections, Plaintiff admits that the Defendants removed the x-rays and film packets from the medical reference file outside of his presence.

12. You did not personally witness any Defendant destroy any x-ray or film packet of your mouth at any time.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "personally witness" nor "film packet." Subject to and without waiving the foregoing or General Objections, Plaintiff admits that the Defendants destroyed the x-rays and film packets outside of his presence.

13. No person has ever told you that he or she witnessed any Defendant remove or destroy any x-ray or film packet from your medical reference file.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "personally witness" nor "film packet." Subject to and without waiving the foregoing or General Objections, Plaintiff admits that Defendants concealed their removal and destruction of the x-rays and film packets from their coworkers.

14. You have no direct evidence that any Defendant removed or destroyed any x-ray or film packet from your medical reference file.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "have" nor "direct evidence." Subject to and without waiving the foregoing or General Objections, Plaintiff denies this request.

15. You have no document, electronic record, or other tangible evidence showing that "backups of the x-rays" as alleged in paragraphs 17 and 18 of the Supplemental Complaint exist or ever existed.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "have" nor "document." Subject to and without waiving the foregoing or General Objections, Plaintiff denies that he has no document or evidence showing backups of the x-rays are reasonably believed to have existed.

16. The sole basis for your allegation that Defendants destroyed your x-rays is that you requested your medical records and did not receive x-rays as part of those records.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrases "requested." Subject to and without waiving the foregoing or General Objections, Plaintiff denies that this is the sole basis for his allegation.

17. The November 11, 2025 Declaration of Andrew Youngblood, D.M.D. attached hereto as Exhibit A states that Dr. Youngblood reviewed the dental entries in Your Electronic Medical Records for the entirety of Your time at New Jersey State Prison (up to January 6, 2025) and did not see any references to or indication that You received any x-rays, other than the June 11 2019 entry that erroneously states "panorex: yes" and the "February 1, 2022 physical x-ray that cannot be located.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and not directed at Plaintiff. Subject to and without waiving the foregoing or General Objections, Plaintiff denies that the June 11, 2019 entry erroneously states anything, as Youngblood only speculated about a drop-down menu. Plaintiff further denies the veracity of the paragraph referred to.

18. New Jersey State Prison did not have a "panorex" x-ray machine at any time relevant to this litigation.

RESPONSE: Plaintiff objects to this request on the grounds that it is vague, ambiguous, and not directed at Plaintiff. Subject to and without waiving the foregoing or General Objections, Plaintiff, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request.

Dated: 6/25/26

By: Caleb L. McGillvary

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>RAHMO REIZ ET AL.<br>DEFENDANT | ) CIVIL ACTION NO.<br>) 3:22-cv-06430-MAS-JBD<br>) Hon. Michael A. Shipp, U.S.D.J.<br>) Hon. J. Brendan Day, U.S.M.J.<br>)<br>)<br>) |

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF INTERROGATORIES

PROPOUNDING PARTY: RAHMO REIZ, JOEL BERNHARD, SAMUAL LOPEZ, RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY
RESPONDING PARTY: CALEB L. MCGILLVARY
SET NO. 2

RESPONSE TO INTERROGATORIES

Caleb L. McGillvary, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby responds to Defendant's First Set of Interrogatories as set forth below.

CONDITIONS

These responses are made without waiver and with preservation of:

1.) All objections as to the competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2.) The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3.) The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4.) The right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein; and

5.) Plaintiff's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Plaintiff which fall within the attorney-client privilege and/or attorney work-product protection, Plaintiff shall not be deemed to have waived privilege as to any such document or the information contained therein, or the right to the attorney-cleint privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

GENERAL OBJECTIONS TO REQUESTS

A. Plaintiff objects to each request to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Defendant and without causing unnecessary expense and hardship to Plaintiff, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Plaintiff greater than those contained in the Rules of Civil Procedure.

B. Plaintiff objects to each request to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably

calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C. Plaintiff objects to each request to the extent that it requests the disclosure of information or documents incorporating containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D. Plaintiff objects to each request to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E. Plaintiff objects to each request to the extent that it requires Plaintiff to obtain information from or with respect to persons or entities over whom or which he has no control.

F. Plaintiff objects to each request to the extent that it seeks disclosure of information already known or available to Defendant or contatined in business records or other documentation that is in Defendant's possession or may be obtained more readily by and without subjecting Plaintiff to unreasonable burden and expense. To the extent the response to a request can be ascertained or derived from documents in Defendant's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Defendant than it is for Plaintiff, and Defendant accordingly should bear that burden.

G. Plaintiff objects to each request to the extent that it seeks a legal conclusion.

H. Plaintiff objects to each request to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarass or oppress.

I. Plaintiff objects to each request to the extent that it seeks an answer which involves an opinion or contention that relates to fact or tha application of law to fact, and therefore,

is a request which should await the conclusion of ongoing discovery.

J. Plaintiff objects to each request to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K. Plaintiff objects to each request to the extent that the discovery sought is unreasonably cumulatively or duplicative, that it is obtainable from a more convenient, less burdensome or expensive source, or that the undue burden or expense of compiling the requested information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Plaintiff asserts each of the General Objections set forth above with respect to each of the Interrogatories of Defendant. Plaintiff intends to abide by his obligation to provide requested information discoverable under the Rules and the specific ennumeration of the objections described below is intended to specifically clarify his position with respect to each numbered request by setting forth such specific ennumerations; however, Plaintiff does not intend to limit or restrict the General Objections contained in this response in any way.

INTERROGATORY NO. 1. Set forth, with specificity and without reference to or recitation of the facts set forth in the pleadings, any and all facts which support Your allegations that dental x-rays were taken and generated on any date other than February 1, 2022, including but not limited to the identity of the dental professionals) who took such x-ray.

ANSWER: Plaintiff objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiver of these or the General Objections, Plaintiff sets forth the transcripts of each of the hearings in this matter, as well as the briefs and declarations filed upon the docket in this matter, and all the exhibits thereto, as well as all of the responses to each of the Interrogatories, Requests to Produce, Requests for Admissions, Subpoenas, Court Orders, and all exhibits thereto and documents produced therewith; and all of

the testimony of the witnesses to this proceeding, including those which are to be called at trial. Plaintiff further sets forth the identity of the dental professionals contained therein, acting individually and in concert with each other, and pursuant to agreements made amongst themselves to aid and abet each other. Plaintiff further avers that the relevant parts of such documents speak for themselves.

INTERROGATORY NO. 2. Set forth, with specificity and without reference to or recitation of the facts set forth in the pleadings, any and all facts which support Your allegations in the Supplemental Complaint that Defendants Lopez, Reiz, and Bernhard met and agreed to conceal, destroy, and/or falsify evidence.

ANSWER: Plaintiff objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiver of these or the General Objections, Plaintiff sets forth the transcripts of each of the hearings in this matter, as well as the briefs and declarations filed upon the docket in this matter, and all the exhibits thereto, as well as all of the responses to each of the Interrogatories, Requests to Produce, Requests for Admissions, Subpoenas, Court Orders, and all exhibits thereto and documents produced therewith; and all of the testimony of the witnesses to this proceeding, including those which are to be called at trial. Plaintiff further sets forth the facts contained therein as showing the dental professionals contained therein, acting individually and in concert with each other, and pursuant to agreements made amongst themselves to aid and abet each other. Plaintiff further avers that the relevant parts of such documents speak for themselves.

INTERROGATORY NO. 3. Set forth with specificity and without reference to or recitation of the facts set forth in the pleadings, any and all facts which support Your alegations in the Supplemental Complaint that Defendant Reiz removed and/or destroyed x-rays from Your medical reference file.

ANSWER: Plaintiff objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiver of these or the General Objections, Plaintiff sets forth the transcripts of each of the hearings in this matter, as well as the briefs and declarations filed upon the docket in this matter, and all the exhibits thereto, as well as all of the responses to each of the Interrogatories, Requests to Produce, Requests for Admissions, Subpoenas, Court Orders, and all exhibits thereto and documents produced therewith; and all of

the testimony of the witnesses to this proceeding, including those which are to be called at trial. Plaintiff further sets forth the facts contained therein as showing the dental professionals contained therein, acting individually and in concert with each other, and pursuant to agreements made amongst themselves to aid and abet each other. Plaintiff further avers that the relevant parts of such documents speak for themselves.

**INTERROGATORY NO. 4.** Set forth, with specificity and without reference to or recitation of the facts set forth in the pleadings, any and all facts which support Your allegations in the Supplemental Complaint that Defendant Bernhard removed and/or destroyed x-rays from Your medical reference file.

**ANSWER:** Plaintiff objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiver of these or the General Objections, Plaintiff sets forth the transcripts of each of the hearings in this matter, as well as the briefs and declarations filed upon the docket in this matter, and all the exhibits thereto, as well as all of the responses to each of the Interrogatories, Requests to Produce, Requests for Admissions, Subpoenas, Court Orders, and all exhibits thereto and documents produced therewith; and all of the testimony of the witnesses to this proceeding, including those which are to be called at trial. Plaintiff further sets forth the facts contained therein as showing the dental professionals contained therein, acting individually and in concert with each other, and pursuant to agreements made amongst themselves to aid and abet each other. Plaintiff further avers that the relevant parts of such documents speak for themselves.

**INTERROGATORY NO. 5.** Set forth, with specificity and without reference to or recitation of the facts set forth in the pleadings, any and all facts which support Your allegations in the Supplemental Complaint that Defendant Lopez removed and/or destroyed x-rays from Your medical reference file.

**ANSWER:** Plaintiff objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiver of these or the General Objections, Plaintiff sets forth the transcripts of each of the hearings in this matter, as well as the briefs and declarations filed upon the docket in this matter, and all the exhibits thereto, as well as all of the responses to each of the Interrogatories, Requests to Produce, Requests for Admissions, Subpoenas, Court Orders, and all exhibits thereto and documents produced therewith; and all of the testimony of the witnesses to this proceeding, including

those which are to be called at trial. Plaintiff further sets forth the facts contained therein as showing the dental professionals contained therein, acting individually and in concert with each other, and pursuant to agreements made amongst themselves to aid and abet each other. Plaintiff further avers that the relevant parts of such documents speak for themselves.

**INTERROGATORY NO. 6.** Set forth, with specificity and without reference to or recitation of the facts set forth in the pleadings, any and all facts which support Your allegations in the Supplemental Complaint that Defendants Lopez, Reiz, and Bernhard were aware that You would be filing the initial Complaint in this matter.

## CERTIFICATION

I, Caleb L. McGillvary, certify as follows:

I have read the foregoing interrogatories and responses, which responses were prepared based on a review of documets produced in discovery, upon which I have relied. Accordingly, the responses set forth herein are based on information and belief and, subject to inadvertent and undiscovered error, are based upon and necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these responses. I reserve the right to make any changes in the responses if it appears at any time that errors or omissions have been made therein, or if more accurate information become available. Subject to the foregoing limitations, theses responses are true to the best of my knowledge and belief.

Dated: 6/25/26

By: [signature]

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

# EXHIBIT B

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

August 18, 2026

Margaret Raymond-Flood
c/o Norris McLaughlin
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

RE: Caleb L. McGIllvary v. Rahmo Reiz
Civil Action No. 3:22-cv-06430-MAS-JBD
Hon. Michael A. Shipp, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.

Dear Ms. Flood:

Here are my supplemental responses to what you say are "deficiencies" in my Responses to Defendants' Discovery Requests; but which are, in fact, not. I reincorporate all my general and specific objections from my initial responses herein, and note at the outset that Rule 36 doesn't require me to set forth detailed reasons.

Requests for Admissions:

No. 6:

Just as you've done in almost every single one of your responses, I've stated my objections in my denial. You can't tell me not to make objections within a denial when you've done the same ubiquitously in your own responses. I've made my denial.

No. 8:

Just as you've done in almost every single one of your responses, I've stated my objections in my denial. You can't tell me not to make objections within a denial when you've

done the same ubiquitously in your own responses. I've made my denial.

No. 9:

Just as you've done in almost every single one of your responses, I've stated my objections in my denial. You can't tell me not to make objections within a denial when you've done the same ubiquitously in your own responses. I've made my denial.

No. 10:

Just as you've done in almost every single one of your responses, I've stated my objections in my denial. You can't tell me not to make objections within a denial when you've done the same ubiquitously in your own responses. I've made my denial.

No. 13:

Just as you've done in almost every single one of your responses, I've stated my objections in my denial. You can't tell me not to make objections within a denial when you've done the same ubiquitously in your own responses. I've made my denial.

No. 17:

Just as you've done in almost every single one of your responses, I've stated my objections in my denial. You can't tell me not to make objections within a denial when you've done the same ubiquitously in your own responses. I've made my denial.

Responses to Interrogatories:

Nos. 1 to 5:

Just as you've done in every single response you've sent me, I've pointed to the facts of record. If you'd like me to spoon feed you my trial strategy, you should've asked that in your interrogatory, and I would've objected to it as work product privileged. As it stands, you asked for me to identify and articulate actual facts, and I pointed to a whole lot of facts, which are catelogued in detail and even have explanatory legal applications in the documents in which they appear, in many cases. I cannot hold your hand on a trip through the entire record, doing your job as counsel to make legal and factual theory charts in which each piece of evidence is placed, and your asking me to do so is prying into my own charts which, as I've said, are work product privileged. There is no evasion in pointing to the record and indicating that you're asking me to redundantly compile evidence which has already been entered onto the docket, package it in a way that does your job for you, and send it back to you in a new format. As with so much of your litigation strategy thus far, such a request serves no constructive purpose but to waste everyone's time. Asked and answered.

No. 6:

Oops, my bad. Scribner's error, I must've missed that one. Here you go:

ANSWER: Plaintiff objects to this interrogatory as overbroad,

vague, ambiguous, and unduly burdensome. Subject to and without waiver of these or the General Objections, Plaintiff sets forth the transcripts of each of the hearings in this matter, as well as the briefs and declarations filed upon the docket in this matter, and all the exhibits thereto, as well as all of the responses to each of the Interrogatories, Requests to Produce, Requests for Admissions, Subpoenas, Court Orders, and all exhibits thereto and documents produced therewith; and all of the testimony of the witnesses to this proceeding, including those which are to be called at trial. Plaintiff further sets forth the facts contained therein as showing the dental professionals contained therein, acting individually and in concert with each other, and pursuant to agreements made amongst themselves to aid and abet each other. Plaintiff further avers that the relevant parts of such documents speak for themselves. Subject to the foregoing, Plaintiff also states that Defendants were aware at the time of Plaintiff's filing because of both constructive knowledge imputed to them and their personal knowledge of other documents as previously enumerated, and the contents thereof.

You kind attention to this matter is appreciated. Very truly,

Date: 8/18/26

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE