**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO RIEZ, *et al.*,<br><br>Defendants. | Civil Action No. 22-6430 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Caleb L. McGillvary's ("Plaintiff") Written Objections to the Magistrate Judge's Orders (ECF Nos. 177, 177-1), which the Court considers together and construes as an appeal of United States Magistrate Judge J. Brendan Day's ("Judge Day") Orders. *See Bussiculo v. Babcock Power, Inc.*, No. 13-7192, 2014 WL 4611544, at *2 (D.N.J. Sep. 15, 2014) (noting that an objection to a magistrate judge's decision on a non-dispositive matter is construed as an appeal). Plaintiff appeals two Memorandum Orders that Judge Day issued on April 29, 2026. (First Apr. Mem. Order, ECF No. 173; Second Apr. Mem. Order, ECF No. 174.) The Court addresses each in turn.

First, Plaintiff appeals Judge Day's April 29, 2026, Memorandum Order, which partially denied Plaintiff's Motion for Leave to File a Second Amended or Supplemental Complaint. (*See generally* Pl.'s Written Obj., ECF No. 177.) Specifically, that Order denied Plaintiff's request to reinstate his claims for: (1) conspiracy; (2) intentional or negligent infliction of emotional distress; (3) intentional or malicious harm; (4) offensive physical contact; (5) computer tampering and concealment or destruction of evidence; (6) denial of the right to petition for redress; (7) denial of

Due Process under the Fifth and Fourteenth Amendments of the United States Constitution; (8) failure to aid in a patient's lawsuit; (9) civil RICO; (10) punitive damages; and (11) Eighth Amendment delay. (*See* First Apr. Mem. Order 10-20.) Additionally, Judge Day's Order denied Plaintiff's request to assert a medical malpractice claim and a claim for negligence and fraudulent concealment regarding the alleged destruction of the audio recording of his deposition. (*Id.* at 20-25, 31-37.) Plaintiff objects to Judge Day's determination that the offensive physical contact, conspiracy, and medical practice claims are futile, resulted from Plaintiff's undue delay and, if they were to proceed, would unduly prejudice the remaining defendant in the case. (Pl.'s Written Obj. 14, ECF No. 177; First Apr. Mem. Order 2.)

Second, Plaintiff appeals Judge Day's Memorandum Order, also issued on April 29, 2026, granting the New Jersey Department of Corrections's (the "NJDOC") request to quash Plaintiff's subpoenas for surveillance footage, prison body camera footage, and similar evidence. (*See generally* Pl.'s Written Obj., ECF No. 177-1.) Plaintiff particularly objects to Judge Day's determination that the requested evidence is irrelevant and immaterial. (*Id.* at 6.) He also objects to the fact that the Order does not discuss the NJDOC's prior representation that it no longer possesses two documents—the Wing Officer Travel Logs ("WOTL") and the Traffic Control Logs ("TCL")—which Plaintiff characterizes as "crucial." (*Id.* at 1-2.)

A magistrate judge's resolution of a matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (citation modified); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *Lo Bosco v. Kure Eng'g Ltd.*,

891 F. Supp. 1035, 1037 (D.N.J. 1995)). For a magistrate judge's decision to be contrary to law, the Court must find the magistrate judge misapplied or misinterpreted the applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. Further, the Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-93 (3d Cir. 1992).

Here, Plaintiff has failed to meet his burden. The Order addressing Plaintiff's Motion for Leave to Amend is thoughtful and well-reasoned. (*See generally* First Apr. Mem. Order.) Indeed, despite Plaintiff having improperly raised his arguments for reviving his previously dismissed conspiracy and offensive physical contact claims for the first time in his reply brief, Judge Day exercised his discretion to analyze the arguments' merits. (*Id.* at 12 n.5 (citing *Bayer AG v. Schein Pharm.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (disregarding arguments raised for the first time in the movant's reply brief)).) On the merits, the Court is satisfied that Judge Day's partial denial of Plaintiff's Motion for Leave to Amend reflects a correct application of law. Judge Day found that allowing the proposed claims to proceed would be futile because they were inadequately pleaded. (First Apr. Mem. Order 12-20, 31-33); *see id.* at 9 (noting that "where a proposed amendment is opposed on futility grounds, the Court applies 'the same standard of legal sufficiency [that] applies under Rule 12(b)(6)' motions to dismiss." (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997))). This ground alone suffices for denying

leave to amend,[1] and still, Judge Day thoroughly explained that at least one of the proposed claims resulted from Plaintiff's undue delay and that allowing the claims to proceed would unduly prejudice the defendant. (*Id.* at 31-37.)

As to Judge Day's Order granting NJDOC's request to quash Plaintiff's subpoenas, Plaintiff has failed to set forth an argument for how the Order is clearly erroneous or contrary to law. (*See generally* Pl.'s Written Obj., ECF No. 177-1.) In any event, this Court agrees with Judge Day's determination that Plaintiff's subpoenas are both irrelevant to Plaintiff's Eighth Amendment claim and his claims for negligence and fraudulent concealment and disproportionate to the needs of Plaintiff's case. (*See* Second Apr. Mem. Order 4-7.) The Court thus finds that Judge Day's Order limited the requested discovery in accordance with the law. *See* Fed. R. Civ. P. 26(b)(1) (allowing courts to limit discovery that is not "proportional to the needs of the case"); *see also Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2008 WL 4572537, at *5 (D.N.J. Oct. 14, 2008) (quashing subpoena on relevance grounds where plaintiffs "fail[ed] to show how the subpoenaed information w[ould] assist them in pursuing their claims . . . or defend against those raised against them by [the] [d]efendants in th[at] litigation"); *Doe v. Princeton Univ.*, 349 F.R.D. 92, 96 (D.N.J. 2025) ("If a subpoena requests information that does not fall within the permissible scope of discovery under Rule 26, the subpoena may be quashed or modified." (citation omitted)).

Neither of Judge Day's April 29, 2026, Orders were clearly erroneous or contrary to law. Plaintiff, therefore, has not met the burden necessary to overcome Judge Day's broad discretion to both regulate discovery and decide requests to amend pleadings. *See Marina Grp. LLC v. Shirley*

[1] *See Bussiculo*, 2014 WL 4611544, at *5 (noting that a court may deny leave to amend a pleading where it finds: "(1) undue delay; (2) [undue] prejudice to the non-moving party; (3) bad faith or dilatory motive [on part of the moving party]; *or* (4) futility of [the] amendment." (emphasis added)).

*May Int'l US Inc.*, No. 21-18733, 2024 WL 3594352, at *2-3 (D.N.J. July 31, 2024) (affirming a magistrate judge's order, finding that the appealing party failed to show that the order was clearly erroneous or contrary to law, and noting that "magistrate judges have broad discretion to . . . decide discovery issues"); *see also Winer Fam. Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007) ("The decision to grant [or deny] a motion for leave to amend is within the sound discretion of the District Court." (citation omitted)). Accordingly,

**IT IS**, on this 24th day of September 2026, **ORDERED** as follows:

1. Plaintiff's Written Objections to the Magistrate Judge's Orders (ECF Nos. 177, 177-1) are **DENIED**.
2. Judge Day's April 29, 2026, Memorandum Orders (ECF Nos. 173, 174) are **AFFIRMED**.
3. The Clerk shall mail a copy of this Memorandum Order to Plaintiff by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE