Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

Septebmer 29, 2026

Hon. J. Brendan Day, U.S.M.J.
US Dist. Ct. - DNJ
US Courthouse
402 E. State St.
Trenton, NJ 08608

RECEIVED
OCT 02 2026
AT 8:30 M
CLERK, U.S. DISTRICT COURT - DNJ

RE: Caleb L. McGIllvary v. Rahmo Reiz
Civil Action No. 3:22-cv-06430-MAS-JBD
Hon. Michael A. Shipp, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.

Dear Judge Day;

In accordance with Your Honor's stated preference, please accept this letter in lieu of a more formal discovery motion and response to the Defendants' collective September 15, 2026 letter to the Court.

Plaintiff must first address Defendants' attempted use of Requests for Admissions to subvert the limit on interrogatories. As soon as Plaintiff said "admit" or "deny," the requirements of Rule 36 have been met. Defendants have added hedging responses to nearly every Rule 36 request Plaintiff has made, rendering their responses literally meaningless: in many, Defendants both admit AND deny, in others they state they NEITHER admit nor deny. Instead of belaboring the Court with a laundry list of examples, Plaintiff has attached Defendants responses so the Court can see the hypocrisy of Defendants on full display.

It has been found by the Court numerous times that Defendants, not Plaintiff, hold all the cards when it comes to medical records. So for the Defendants to make repetitive

requests for Plaintiff to provide records "upon which Plaintiff bases the allegations in the Supplemental Complaint," is ridiculous, especially because Plaintiff filed a motion along with his Supplemental Complaint with all the facts set forth under legal standards. Defendants' request asks Plaintiff to reformat it into his work product privileged legal and factual theory charts, and essentially spoon feed it to them.

What's more, this attempt by the Defendants to get the jump on calling the other party recalcitrant is a smokescreen: As the Court can see from the attached responses of Defendants, Defendants are the pot calling the kettle black. They have copied and pasted the same nonresponsive obfuscation onto every single response, which raises the question of why they took an extra month and a half to answer if they were just going to copy and paste drivel anyways? And the difference between Plaintiff's copying and pasting (promptly, he might add) that the facts and records which Defendants ask for are already on the docket or in their possession, is that Defendants are the sole possessors of the facts and records which Plaintiff asks for. Unlike Defendants, Plaintiff isn't asking for a reformatting of years worth of filings into a theory chart: Plaintiff can't pull a memorandum off the docket and read the facts off it. Rather, Defendants' obstinance in providing things within their sole control and custody is preventing discovery from proceeding, and prolonging the proceedings.

Plaintiff has asked for Defendants to provide the protocols, procedures, and routine organizational practices

for creation of graphic depictions of the mouth. For the same regarding the creation of models of the mouth. For standard practices regarding intake of patients, and the records created attendant upon that. He asked Rutgers itself, and two dentists under its employ. And what he's asking for is not without precedent in this proceeding: Andrew Youngblood and Ryan Piccone have already provided similar descriptions for other procedures (x-rays, and their storage, namely), under Court order on motion to enforce subpoenas against Rutgers.

But not a single one of Defendants have provided anything useful in response to these perfectly reasonable requests for procedures, instead copying and pasting a hand-flappingly futile nonresponse. Plaintiff doesn't have access to these procedures and protocols, he can't find them on the docket, they aren't in the EMR which Defendants flap their hands vaguely in the direction of. Yet, in true gaslighting form, Defendants engage in abusive behavior and then turn around to blame the one they're harassing for exactly what they themselves are doing.

For example, in Plaintiff's motion to amend, he set forth facts the Court found plausible based on evidence **already adduced on the record during discovery.** Defendant didn't file a motion to reconsider, asking the Court to comb through the voluminous record It referred to in Its opinion and list "any and all facts which support" the finding: because to do so would've been abusive, harassing, and gaslighting towards Your Honor. But now, despite the banker's box full of transcripts, records, and filings already adduced on the record **being known**

**to Defendants;** Defendants ask exactly that of Plaintiff. And in advance of Plaintiff bringing to Your Honor's attention their maddening copy-pasting of nonresponsive pedantic drivel, they have complained of copy pasting first, to get the jump on the argument.

Plaintiff doesn't want to belabor the Court with endless examples of Defendants' obfuscating nonresponses, so he has followed Defendants' example and attached them as Exhibits hereto. Also attached are the letters Plaintiff sent, explaining the deficiencies to Defendants. Despite his attempts to resolve the dispute, Defendants persist in running out the time for a response, then copying and pasting nonresponses after extensions. Plaintiff asks the Court to compel Defendants to provide full and complete responses to his discovery requests, as asked for in the supplemental deficiency requests. And also to order the Defendants to pick either "admit" or "deny" in their own responses, and strike all their hedging objections if things are to be fair.

Respectfully Subitted,

DATE: 9/29/26

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE