EXHIBIT A

RECEIVED
OCT 0 2 2026
AT 8:30 ___M
CLERK, U.S. DISTRICT COURT - DNJ

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

July 23, 2026

Margaret Raymond-Flood
c/o Norris McLaughlin
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

RE: Caleb L. McGIllvary v. Rahmo Reiz
Civil Action No. 3:22-cv-06430-MAS-JBD
Hon. Michael A. Shipp, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.

Dear Ms. Flood:

I am in receipt of Rutgers' non-responsive refusal to my Second Request to Produce Documents in the above-captioned matter. I will remind you, as counsel for Rahmo Reiz, that your constructive knowledge of Reiz's answers to my Interrogatories and Requests for Admissions are imputed to Rutgers. It is therefore known to them that the individuals about whose time sheets I'm requesting for the dates requested are only those whom had access to the medical records room, which Reiz indicated through you were those who were working at NJ State Prison. Because Rutgers failed to narrow the list of individuals by timely responding to my **First** set of interrogatories, I was forced to ask for all the individuals working at NJ State Prison. Since Rutgers is in possession of the information regarding who specifically was working at NJSP on the requested dates, I would consider it responsive to send me the timesheets of only those who had access to the medical records room on each of those dates. But if you fail to provide these, I will be forced to file another motion to compel.

I therefore ask you to provide the timesheets of each of the Rutgers employees working at NJSP **whom had access to the medical records room on each of the requested dates.** If these are not provided by 30 days after USPS confirms your receipt of this request, I will move to compel your compliance with my request, pursuant to Fed. R. Civ. P. 37.

You kind attention to this matter is appreciated.

Very truly,

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendants*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08611

SIR:

Pursuant to Rule 34, Defendant, Rutgers, The State University of New Jersey ("Rutgers" or "Defendant"), hereby responds to Plaintiff's Second Request for Documents as set forth below.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants*

By: /s/ Margaret Raymond-Flood
Margaret Raymond-Flood

Dated: July 15, 2026

## CONDITIONS

These responses are made without waiver of and with preservation of:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3. The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4. The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5. Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS TO REQUESTS

A. Defendant objects to each request to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B. Defendant objects to each request to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C. Defendant objects to each request to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D. Defendant objects to each request to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E. Defendant objects to each request to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which she has no control.

F. Defendant objects to each request to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Defendant to unreasonable burden and expense. To the extent the response to any request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G. Defendant objects to each request to the extent that it seeks a legal conclusion.

H. Defendant objects to each request to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I. Defendant objects to each request to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J. Defendant objects to each request to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K. Defendant objects to each request to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less burdensome or expensive source, or that the undue burden or expense of compiling the requested

information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Requests of Plaintiff. Defendant intends to abide by their obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify their position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## DOCUMENT REQUESTS

6. A complete and legible copy of all employee timesheets for each Rutgers employee working at New Jersey State Prison during the dates upon which certain disputed records are at issue in this action, including their hours work on each date, which dates at issue are:

1.) April 15, 2021
2.) December 6, 2021
3.) January 14, 2022
4.) February 1, 2022
5.) March 9, 2022
6.) November 2 through 11 inclusive, 2022.

**RESPONSE: Rutgers objects to this request and will not produce documents responsive to it. This request is patently overbroad, unduly burdensome, and grossly disproportionate to the needs of the case. Plaintiff seeks the timesheets of every single Rutgers employee working at all of New Jersey State Prison across six separate dates—the vast majority of whom have no connection whatsoever to the facts alleged in this matter. Rutgers further objects as this request seeks to harass Rutgers and impose undue costs and burdens and to the extent that the documents sought are wholly unrelated to this litigation and would not lead to the discovery of admissible evidence. Accordingly, Rutgers declines to undertake the substantial burden and expense of compiling, reviewing, and producing such irrelevant records. To the extent Plaintiff seeks timesheet information for specific, identified individuals who are actually relevant to the claims at issue, Plaintiff should narrow the request accordingly and Rutgers will consider same.**