EXHIBIT B

RECEIVED
OCT 02 2026
AT 8:30 M
CLERK, U.S. DISTRICT COURT - DNJ

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

August 18, 2026

Margaret Raymond-Flood
c/o Norris McLaughlin
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

RE: Caleb L. McGIllvary v. Rahmo Reiz
Civil Action No. 3:22-cv-06430-MAS-JBD
Hon. Michael A. Shipp, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.

Dear Ms. Flood:

I note the following deficiencies in your responses to my discovery requests in the above-captioned matter, and hereby request you to cure these deficiencies forthwith. At the outset, I note that neither Samual Lopez nor Joel Bernhard have in any way answered nor responded to any of the Interrogatories, Requests to Produce, nor Requests for Admissions which were propounded to them. As such, they are in default and unless they are answered sufficiently within fourteen (14) days of this letter, I may have to move to compel responses thereto.

Plaintiff further avers that your clients' following responses are deficient, and asks that you supplement them within fourteen (14) days of this letter with more detailed and truthful responses as set forth below:

**Riez's Response to Plaintiff's First Set of Interrogatories:**

**Nos. 5, 6, 7, 8, and 9:**

Your answers do not provide any of the requested information. In light of the new claims for fraudulent concealment and negligent spoliation of evidence, you are

required to provide the information I've asked for.

**Rutgers' Response to Plaintiff's First Set of Requests for Admissions:**

**No. 6:**

Rule 36 requires you to either admit or deny. If you deny these are true copies, you must say so.

**No. 10:**

Rule 36 requires you to either admit or deny. If you deny these are true copies, you must say so.

**Nos. 11, 12, 13, 14:**

Rule 36 requires you to either admit or deny. If you deny these are true copies, are true copies, you must say so.

**Nos. 16, 17, 18, 19, 20, 21, 22, and 23:**

Rule 36 requires you to either admit or deny. If you deny these are true copies, you must say so.

**Rutgers' Response to Plaintiff's Second Request for Production of Documents:**

**No. 6:**

Your non response is insufficient. Provide me with the timesheets for each Rutgers employee working at New Jersey State Prison whom had access to the disputed records, to wit: whom had access to the medical records room, on the requested dates.

**Rutgers' Responses to Plaintiff's First Set of Interrogatories:**

**Nos. 1 and 2:**

You have already produced several declarations by dentists under the employ of Rutgers, and as a corporation you are required to select officers or employees which have

information responsive to the interrogatory. It is not grounds to refuse to answer simply because I helpfully specified that a dentist under your employ would have the information, as opposed to the janitor or the receptionist. What's more, your answer is wholly unresponsive, does not provide any of the information requested, and fails to set forth standard practices constructively known to Rutgers.

**No. 3:**

Your answer is wholly unresponsive, and doesn't provide any of the information I requested. List the litigations involving those three individuals.

**No. 4:**

Your answer is wholly unresponsive, and doesn't provide any of the information I requested. Indicate whether such graphic models are created, and whether Rutgers has a policy regarding such models.

**No. 5:**

Your answer is wholly unresponsive, and doesn't provide any of the information I requested. List the information requested regarding the three individuals named.

**Nos. 6, 8, and 9:**

You answer does not specify what information any such person as you've broadly indicated has regarding the claims at issue, nor when and how they obtained it. Rather, you just said a hundred or more people might have some information, without specifying what that information is nor when and how they obtained it. That's nonresponsive. Answer the question.

**No. 15:**

Your answer is wholly unresponsive, and doesn't provide any of the information I requested. Provide answers to parts "b" through "f" of the Interrogatory.

**Rahmo Reiz's Responses to Plaintiff's First Request for Admissions**

**Nos. 2, 6, 22, 23, 24, 25, 26, 43, 44, 45, 46, 50, 55, 56, 60, 61, and 62:**

Rule 36 requires you to either admit or deny. If you deny these requests, you must state so.

**Rahmo Reiz's Responses to Plaintiff's Second Request for Admissions:**

**Nos. 67, 68, 69, 71, 72, 76, 77, 78, 79, 80, 83:**

Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

...

If you fail to correct these deficiencies within fourteen (14) days after USPS confirms your receipt of this request, I may be forced to file another motion to compel your compliance with my request, pursuant to Fed. R. Civ. P. 37.

You kind attention to this matter is appreciated.

Very truly,

Caleb L. McGillvary

In Propria Persona

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT RAHMO REIZ'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08611

SIR:

Pursuant to Rule 33, Defendant, Rahmo Reiz ("Defendant"), hereby responds to Plaintiff's First Set of Interrogatories as set forth below.

**NORRIS, McLAUGHLIN, PA**

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood

Dated: January 11, 2024

## CONDITIONS

These responses are made without waiver of and with preservation of:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3. The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4. The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5. Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived his privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS TO REQUESTS

A. Defendant objects to each request to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B. Defendant objects to each request to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C. Defendant objects to each request to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D. Defendant objects to each request to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E. Defendant objects to each request to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which he has no control.

F. Defendant objects to each request to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Plaintiff to unreasonable burden and expense. To the extent the response to an request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G. Defendant objects to each request to the extent that it seeks a legal conclusion.

H. Defendant objects to each request to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I. Defendant objects to each request to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J. Defendant objects to each request to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K. Defendant objects to each request to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less burdensome or expensive source, or that the undue burden or expense of compiling the requested

information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Requests of Plaintiff. Defendant intends to abide by its obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify its position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## ANSWERS TO INTERROGATORIES

1. State the name and address of each person who may have information relative to the claims at issue in this action, specifying what information such person has and where, when, and how they obtained it.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiver of these or the General Objections, parties to this action; any and all persons named or otherwise identified in the Amended Complaint, Defendant's Answer, and all pleadings filed in this action; all persons identified in Plaintiff's medical records; all persons identified in discovery up to and including the time of trial, including but not limited to depositions, answers to interrogatories, and document productions of any party or documents obtained pursuant to subpoena or otherwise. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

2. State which of the persons whose names are contained in the answer to Interrogatory No. 1 above:
a. Made written statements to you or to your agents concerning this matter, and

b. The name, title, and address of the custodian of each written statement.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the term "written statement" as vague and undefined. Subject to and without waiving these or the general objections, Defendant is not aware of any written statements responsive to this request other than what may be included in Plaintiff's medical records, which are under the care, custody, and control of the New Jersey Department of Corrections. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

3. State the name and, if know, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this interrogatory as duplicative of previous interrogatories. Subject to and without waiving these or the general objections, see Defendants response to Interrogatory No. 1.**

4. State which of the persons whose names are contained in the answer to Interrogatory No. 1 above:
a. Made written statements to you or to your agents concerning this matter, and

b. The name, title, and address of the custodian of each written statement.

**ANSWER: See Defendant's response to Interrogatory No. 2, which is identical to this interrogatory.**

5. Do you, your attorneys, or any person employed by you or your attorneys have possession of, or know of the existence of, any: Books or other printed material; Records or reports made in the course of business; Photographs, moving or still or x-ray; Drawings, charts, maps, or diagrams; other documentary material; Models, specimens, or samples; Other tangible objects that contain information bearing on the issue of Plaintiff's dental diagnosis and treatment; Electronically stored information bearing on the issue of Plaintiff's dental diagnosis and treatment; or Other tangible objects that are relevant to Plaintiff's dental diagnosis and treatment, or that you intend to rely on to support the allegations of your Answer?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the terms "other printed material," "course of business," "models, specimens, or samples," "other tangible objects," and "Electronically stored information" as vague and undefined. Defendant further objects to this interrogatory to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege. Subject to and without waiving these or the General Objections, Defendant refers Plaintiff to Plaintiff's medical records, Bates Stamped MED000001 to MED000340, produced in response to Plaintiff's Request for production of documents. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

6. If so for each item, state its descriptions, which shall include

a. Its form, name, number or other means of general identification
b. Its size
c. The date on which it was made, prepared or taken
d. The name, or other means of identification, address, job title or capacity, and relationship to you of each person who made, prepared, or took it
e. The address or location of the place where it was made, prepared, or taken
f. The method by which it was made, prepared or taken
g. The purpose for which it was made prepared or taken
h. The name or other means of identification, address, job title or capacity, and relationship to you of each person who authorized, ordered or approved its making, preparation, or taking
i. The number copies or duplicates that were made
j. The cost of preparation or taking
k. The cost of reproducing a copy or duplicate, and the time such reproduction or duplication would take
l. Its present location, indicating the address and location within the address
m. The name, address and job title of each person who as custody of the original
n. The name, address and job title of each person who has possession of a copy of it
o. In what way is it relevant to the subject matter of this action.

p. The method and procedure of its storage and retrieval in records archives or information systems, with the make, model and serial number of each device so used in such methods and procedures.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case in light of Plaintiff's sole remaining claim following the Court's Order dismissing Plaintiff's claims. Defendant further objects to this interrogatory to the extent it requests information protected by the work product doctrine, attorney-client privilege, and/or any other privilege. Subject to and without waiving these or the General Objections, see response to Interrogatory No. 5. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

7. Have any of the items mentioned above been altered in any manner since this action arose or after the item was initially made, taken, or prepared?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, none of the items identified above have been altered in any way, at any time. To the best of Defendant's understanding and knowledge, medical records cannot be altered or changed once they are entered in the electronic medical record. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

8. If so, for each item, state its description, which shall include:

a. Each date on which it was altered
b. A description of each alteration
c. The reason for each alteration
d. The name, address, and job title of each person who made the alteration.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, see Defendant's response to Interrogatory No. 7 (misnumbered in Plaintiff's demands as "No. 5"), above.**

9. Have any of the items referred to above been lost, destroyed, consumed, or otherwise ceased to exist?

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, none of the items identified above have been lost, destroyed, consumed, nor otherwise ceased to exist. Defendant reserves the right to supplement and/or amend this response as discovery continues up to and including the time of trial.**

10. If so, for each item, state a description of the item, which shall include:

a. The date it was lost or ceased to exist
b. The circumstances of its loss or the reason it ceased to exist
c. The name, address, and job title of each person who has knowledge concerning the manner in which it was lost or ceased to exist
d. The name, address, and job title of each person who has knowledge concerning its nature or contents
e. Whether there has been any attempt to reproduce, duplicate, or find it, and, if so, a description of each attempt and its results.

**ANSWER: Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these or the General Objections, see Defendant's response to Interrogatory No. 9 (misnumbered in Plaintiff's demands as "No. 7"), above.**

**CERTIFICATION**

I, Rahmo Reiz, certify as follows:

I have read the foregoing interrogatories and responses, which responses were prepared with the assistance of others and the advice of counsel and based on a review of documents produced in discovery, upon which I have relied. Accordingly, the responses set forth herein are based on information and belief and, subject to inadvertent and undiscovered error, are based upon and necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these responses. I reserve the right to make any changes in the responses if it appears at any time that errors or omissions have been made therein, or if more accurate information becomes available. Subject to the foregoing limitations, these responses are true to the best of my knowledge, information and belief.

Rahmo Reiz

Dated: January 11, 2024

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendants*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO RUTGERS** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08608

SIR:

Pursuant to Fed. R. Civ. P. 36, Defendant Rutgers, The State University of New Jersey ("Rutgers") hereby responds to Plaintiff's First Set of Requests for Admissions directed to Rutgers as set forth below.

By providing responses to Plaintiff's requests, Rutgers is not waiving his right to seek a determination by the Court that Plaintiff is not permitted to use the information set forth herein at trial and Rutgers expressly reserves its right to make any such application in accordance with the Court Rules and/or applicable Court Order.

Rutgers reserves the right to amend or supplement these responses in accordance with the Court Rules and/or applicable Court Order.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants*

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Dated: June 29, 2026

## GENERAL OBJECTIONS

All of the general objections made by Rutgers are applicable to and are incorporated in each response to these requests.

Failure to specifically refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1. Rutgers objects to these requests to the extent they seek to impose upon Rutgers a greater or broader obligation than the one(s) imposed by the Federal Rules of Civil Procedure.

2. Rutgers objects to these requests to the extent that they are overbroad, vague, unduly burdensome or otherwise lack sufficient precision or particularity to permit formulation of a meaningful response and/or otherwise purport to seek information beyond the scope of permissible discovery.

3. Rutgers objects to each request which seeks a response whose disclosure would violate the attorney-client privilege, self-critical analysis privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended or shall be construed as waiver of any such privilege or doctrine.

4. Rutgers objects to each request to the extent is seeks information that is not within Rutgers's knowledge or control.

5. Rutgers objects to each request to the extent it seeks a legal conclusion.

**REQUESTS FOR ADMISSIONS**

REQUEST No.1: Defendants Rahmo Reiz, Samual Lopez, and Joel Bernhard are each employees of Rutgers at the present.

**RESPONSE: Subject to and without waiving the General Objections, Rutgers admits that Defendants Reiz and Lopez are currently Rutgers employees, but denies that Defendant Bernhard is currently a Rutgers employee**

REQUEST No. 2: Defendants Rahmo Reiz, Samual Lopez, and Joel Bernhard have each been employees of Rutgers during all relevant times at issue in this proceeding.

**RESPONSE: Defendants object to this Request, to the extent the "relevant times" is not defined. Subject to and without waiving the foregoing and General Objections, Rutgers admits this request, to the extent the "relevant times" are those set forth in Plaintiff's Amended and Supplemental Complaints.**

REQUEST No. 3. The documents attached to this request and marked Exhibits A through M, copies of medical records sent by the defendant to the plaintiff with respect to his request to produce made pursuant to this action, are true copies of those records as they exist in the current Electronic Medical Record of Plaintiff which Rutgers maintains.

**RESPONSE: Subject to and without waiving the General Objections, Rutgers admits that the referenced Exhibit A through M appear to be true copies of portions of Plaintiff's Electronic Medical Records. However, Rutgers denies that all of these exhibits were extracted from the complete Electronic Medical Records produced by Rutgers, as certain of the exhibits bear New Jersey Department of Corrections bates stamps, or no bates stamps at all.**

REQUEST No. 4. The documents attached to this request and marked Exhibit N, a copy of medical releases sent by the defendant to the plaintiff with respect to his request to produce made pursuant to this action, is a true copy of this record as it exists in the current Electronic Medical Record of Plaintiff which Rutgers maintains.

**RESPONSE: Subject to and without waiving the General Objections, Rutgers denies that the referenced exhibit exists in Plaintiff's Electronic Medical Record, as the referenced exhibit is a hard copy document which is maintained in Plaintiff's Medical Reference File. Notwithstanding that denial, Rutgers admits that the referenced exhibit appears to be a true copy of the document, which was included in Rutgers' document production.**

REQUEST No. 5. The documents attached to this request and marked Exhibits 0 through R, copies of administrative remedies filed the plaintiff with the New Jersey Department of Corrections with respect to this action, are true copies of those documents.

**<u>RESPONSE</u>: : Subject to and without waiving the General Objections, Rutgers admits that the referenced Exhibits appear to be copies of JPAY submissions submitted by Plaintiff to the New Jersey Department of Corrections.**

REQUEST No. 6. The documents attached to this request and marked Exhibits S through U, copies of the Notice of Claim forms filed the plaintiff with the New Jersey Department of Corrections and New Jersey Department of Treasury - Bureau of Risk Management with respect to this action, are true copies of those records.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers admits that Exhibits S through U appear to be Notices of Claims for Damages Against the State of New Jersey, but these documents are directed at the State of New Jersey, not Rutgers. Therefore, Rutgers cannot admit or deny whether they are true copies.**

REQUEST No. 7. The document attached to this request and marked Exhibit V, a copy of the February 18, 2025 Declaration of Andrew M. Youngblood with respect to this action, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers admits this request.**

REQUEST No. 8. The document attached to this request and marked Exhibit W, a copy of the November 11, 2025 Declaration of Andrew M. Youngblood and its attachments with respect to this action, is a true copy of that record and its attachments.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers admits this request.**

REQUEST No. 9. The document attached to this request and marked Exhibit X, a copy of the November 10, 2025 Declaration of Ryan Piccone with respect to this action, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers admits this request.**

REQUEST No. 10. The document attached to this request and marked Exhibit Y, a copy of the December 3, 2025 Declaration of Kimberly Flood filed by the New Jersey Department of Corrections with respect to this action, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, the referenced exhibit is not a document prepared by or received by Rutgers, other than as part of a filing in this litigation. As such, Rutgers cannot admit nor deny its authenticity. However, Rutgers admits that the referenced exhibit appears to be the December 3, 2025 Declaration of Kimberly Flood that was filed on the docket at ECF No. 145-2.**

REQUEST No. 11. The document attached to this request and marked Exhibit Z, a copy of the December 3, 2025 Declaration of Edward H. Haas, Esq., M.S.W. filed by the New Jersey Department of Corrections with respect to this action, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, the referenced exhibit is not a document prepared by or received by Rutgers, other than as part of a filing in this litigation. As such, Rutgers cannot admit nor deny its authenticity. However, Rutgers admits that the referenced exhibit appears to be the December 3, 2025 Declaration of Edward H. Haas, Esq., M.S.W. that was filed on the docket at ECF No. 145-1.**

REQUEST No. 12. The document attached to this request and marked Exhibit AA, a copy of the February 3, 2026 letter to the Court filed by counsel for the New Jersey Department of Corrections with respect to this action, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, the referenced exhibit is not a document prepared by or received by Rutgers, other than as part of a filing in this litigation. As such, Rutgers cannot admit nor deny its authenticity. However, Rutgers admits that the referenced exhibit appears to be the February 3, 2026 letter filed by counsel for the New Jersey Department of Corrections at ECF No. 159.**

REQUEST No. 13. The document attached to this request and marked Exhibit BB, a copy of the iTag information sent by the New Jersey Department of Corrections to the plaintiff with respect to this action, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, the referenced exhibit is not a document prepared by or received by Rutgers. As such, Rutgers cannot admit nor deny if it is a true copy.**

REQUEST No. 14. The document attached to this request and marked Exhibit CC, a copy of the Wing Officers Travel Log form G-86 in use by the New Jersey Department of Corrections during the period from April 1, 2021 to March 10, 2022, which was filed the plaintiff as an exhibit to his motion to enforce subpoenas against non-party NJDOC with respect to this action, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, the referenced exhibit is not a document prepared by or received by Rutgers. As such, Rutgers cannot admit nor deny if it is a true copy.**

REQUEST No. 15. The document attached to this request and marked Exhibit DD, a copy of the employee timesheet of Rahmo Reiz, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers admits this request.**

REQUEST No. 16. The document attached to this request and marked Exhibit EE, a copy of the Traffic Control Log form in use by the New Jersey Department of Corrections during the period from April 1, 2021 to March 10, 2022, which was filed the plaintiff as an exhibit to his motion to enforce subpoenas against non-party NJDOC with respect to this action, is a true copy of that record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, the referenced exhibit is not a document prepared by or received by Rutgers. As such, Rutgers cannot admit nor deny whether it is a true copy.**

REQUEST No. 17. The document attached to this request and marked Exhibit FF, a copy of medical records request sent by the defendant to the plaintiff with respect to his request to produce made pursuant to this action, is a true copy of this record as it exists in the current Electronic Medical Record of Plaintiff which Rutgers maintains.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers admits that the referenced exhibit appears to be true copy of a portion of Plaintiff's Medical Reference File. However, Rutgers cannot determine if this copy was extracted from the complete Medical Reference File produced by Rutgers, as it is not bates stamped.**

REQUEST No. 18. The document attached to this request and marked Exhibit GG, a copy of medical records request sent by the plaintiff to Samual Lopez with respect to this action, is a true copy of this record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers admits that the referenced exhibit appears to be a medical records request sent to Dr. Lopez.**

REQUEST No. 19. The document attached to this request and marked Exhibit HH, a copy of the postage remit attendant upon sending the medical records request by the plaintiff to Samual Lopez with respect to this action, is a true copy of this record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers cannot admit nor deny if this is a true copy.**

REQUEST No. 20. Samual Lopez received the medical records request identified in Request Number 18.

**<u>RESPONSE</u>: Rutgers objects to this request to the extent it is improperly directed at Rutgers. Subject to and without waiving the foregoing and General Objections, Rutgers can neither admit nor deny whether Dr. Lopez personally received the referenced document.**

REQUEST No. 21. The document attached to this request and marked Exhibit II, a copy of medical records request sent by the plaintiff to Joel Bernhard with respect to this action, is a true copy of this record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers admits that the referenced exhibit appears to be a medical records request sent to Dr. Bernard.**

REQUEST No. 22. The document attached to this request and marked Exhibit JJ, a copy of the postage remit attendant upon sending the medical records request by the plaintiff to Joel Bernhard with respect to this action, is a true copy of this record.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections, Rutgers cannot admit nor deny the authenticity of the referenced exhibit.**

REQUEST No. 23. Joel Bernhard received the medical records request identified in Request Number 18.

**<u>RESPONSE</u>: Rutgers objects to this request to the extent it is improperly directed at Rutgers. Subject to and without waiving the foregoing and General Objections, Rutgers can neither admit nor deny whether Dr. Bernhard personally received the referenced document.**

Dated: June 29, 2026

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants*

*<u>/s/ Margaret Raymond-Flood</u>*
Margaret Raymond-Flood, Esq.

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz, Samuel Lopez, Joel Bernhard, and Rutgers, The State University of New Jersey*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08611

SIR:

Pursuant to Rule 33, Defendant, Rutgers, The State University of New Jersey ("Rutgers" or "Defendant"), hereby responds to Plaintiff's First Set of Interrogatories as set forth below.

**NORRIS, McLAUGHLIN, PA**
*Attorneys for Defendants*

*<u>/s/ Margaret Raymond-Flood</u>*
Margaret Raymond-Flood, Esq.

Dated: July 23, 2026

## CONDITIONS

These responses are made without waiver of and with preservation of:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3. The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4. The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5. Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived his privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS TO INTERROGATORIES

A. Defendant objects to each interrogatory to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B. Defendant objects to each interrogatory to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C. Defendant objects to each interrogatory to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D. Defendant objects to each interrogatory to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E. Defendant objects to each interrogatory to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which he has no control.

F. Defendant objects to each interrogatory to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Plaintiff to unreasonable burden and expense. To the extent the response to an request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G. Defendant objects to each interrogatory to the extent that it seeks a legal conclusion.

H. Defendant objects to each interrogatory to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I. Defendant objects to each interrogatory to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J. Defendant objects to each interrogatory to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K. Defendant objects to each interrogatory to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less

burdensome or expensive source, or that the undue burden or expense of compiling the requested information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Interrogatories of Plaintiff. Defendant intends to abide by its obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify its position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1.** Through a licensed dentist under your employ who's qualified to perform dental surgery, and who has knowledge of the procedures and standards of care attendant on it, and who had or has supervisory capacity over Samual Lopez and Joel Bernhard describe the entire process of performing a dental filling, including:

a.) The diagnostic tests, assessments, criteria, and any other diagnostic methods or techniques involved;

b.) The records produced as part of the diagnostic process, including but not limited to paper or electronic charts, x-rays, graphic models of the mouth, and any other diagnostic records;

c.) A clear description of all actions taken by the dentist as part of the procedure;

d.) Any protocols, policies, checklists, customs, or any other standards of care which apply to the procedure, its diagnostic antecedents, or its post-surgery care and recordkeeping;

e.) A list of all records which are produced in connection with such procedure, in the usual course of dentistry, including but not limited to medication administration, graphic models of the mouth, x-rays, progress charts, and any other records produced in connection with the procedure

**ANSWER: Rutgers objects to this request as overbroad, vague, ambiguous, and unduly burdensome. As an initial matter, it is unclear what information Plaintiff actually seeks by this Interrogatory. The request purports to require Rutgers, as an institutional entity, to select a particular licensed dentist to provide a response on its behalf. This request is procedurally improper. To the extent Plaintiff seeks expert opinions or testimony regarding the standard of care for dental procedures, such testimony must be obtained through proper expert discovery mechanisms, not through interrogatories directed to an institutional defendant. Rutgers further objects to this Interrogatory as improper, as it asks Rutgers to "describe the entire process of performing a dental filling." The procedure for performing a dental filling cannot meaningfully be described in a vacuum, as each filling must be approached on a case-by-case basis depending on the clinical circumstances presented, the specific condition of the patient's tooth, the patient's medical history, and other individualized considerations. There is no single, universal "process" that can be articulated in response to this overly broad request.**

**INTERROGATORY NO. 2.** Through a licensed dentist under your employ who's qualified to perform dental surgery, and who has knowledge of the procedures and standards of care attendant on it, and who had or has supervisory capacity over Samual Lopez and Joel Bernhard describe the standard of care for dentists to create records of a patient's mouth, including:

a.) The standard practice for creating records of a patient's mouth upon intake, including diagnostic tests, radiography, graphic models, charting, and any other method of assessment, describing in detail the entire series of actions undertaken by Rutgers dental services providers in connection with this standard practice;

b.) A list of all the records which are produced as part of these standard practices, including but not limited to x-rays, radiography, graphic models, charts, progress notes, SOAP assessments, and any other type of records;

c.) The method and system of storage of each such record listed above, and whether each Defendant to this action was aware of these standards and methods

d.) A list of all individuals, whether employed by Rutgers or the NJDOC, whom had access to such records of Plaintiff's mouth at any point from their creation to the present.

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. As an initial matter, this Interrogatory suffers from the same fundamental defect as Interrogatory No. 1: it improperly demands that Rutgers, as an institutional entity, select a particular licensed dentist to provide a response on its behalf. Rutgers, as a corporate entity, cannot itself possess personal knowledge of clinical dental practices, and interrogatories directed to an institutional defendant are not the appropriate vehicle for compelling an entity to designate and produce a specific individual to offer what amounts to expert testimony. Rutgers further objects to this Interrogatory to the extent it requires Rutgers to reach legal conclusions regarding the "standard of care" applicable to dental fillings.**

**INTERROGATORY NO. 3.** List all past litigations in which Samual Lopez, Joel Bernhard, or Rahmo Reiz were defendants while employed by Rutgers, including:

a.) The claims at issue in such litigations;

b.) The facts alleged by the Plaintiff in such litigations;

c.) The identity of the parties in such litigations;

d.) The outcome of the litigations, including any settlements and the terms thereof;

e.) Whether spoliation of records was alleged at any point by the plaintiffs in those litigations.

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Rutgers further objects to this Interrogatory on the grounds that it seeks information which is wholly irrelevant to any of the claims or defenses raised in this case, is disproportionate to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. The request for information regarding past litigations, including the claims, facts alleged, parties, outcomes, settlement terms, and spoliation allegations, constitutes an impermissible fishing expedition into matters that are not relevant to Plaintiff's claims in this action. Rutgers also objects to this Interrogatory to the extent it seeks information protected by confidentiality provisions in prior settlement agreements, or information that may implicate the privacy rights of third parties who are not before this Court. Rutgers further objects that this Interrogatory is disproportionate to the needs of the case,as the burden and expense of researching, compiling, and responding to this request far outweighs any conceivable relevance to the issues in dispute.**

**INTERROGATORY NO. 4.** Is it standard practice for dentists to create graphical models of a patient's mouth upon intake for treatment, such that a graphic depiction of the teeth is produced which indicates which teeth have previously had dental surgery or whether fillings exist, whether such model is in paper form, as with a chart that has an illustration of the teeth, or through x-ray or radiography, and does Rutgers have a policy or protocol of some sort requiring its dentists to do this?

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Rutgers further objects to the extent this Interrogatory seeks information that requires a legal conclusion and/or seeks information from an expert. Rutgers further objects as this Interrogatory cannot be meaningfully answered in a vacuum, as it presupposes that every dental visit is the same and requires the same documentation practices when clinical documentation is determined on a patient-by-patient basis depending on the reason for the dental visit, the nature of the treatment, the patient's presenting condition, and the clinical judgment of the treating dentist. Subject to and without wavier of the objections, Rutgers states that the provider's notes regarding a particular dental visit are recorded in the electronic medical record, and hard copy documents, if any, are filed in a patient's medical reference file.**

**INTERROGATORY NO. 5.** List all past investigations, disciplinary proceedings, reprimands, allegations of misconduct, or any other processes or events of an investigative or probative nature initiated by or with Rutgers, other employees, licensing boards, the Office of Administrative law, or any other individual or governing body, including by former patients, involving Samual Lopez, Joel Bernhard, or Rahmo Reiz while they were employed by Rutgers, including:

a.) The claims at issue in such proceedings;

b.) The facts alleged by in such proceedings;

c.) The identity of the parties in such proceedings;

d.) The outcome of the proceedings, including any settlements and the terms thereof;

e.) Whether spoliation of records was alleged at any point in those proceedings.

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Rutgers further objects to this Interrogatory on the grounds that it seeks information which is wholly irrelevant to any of the claims or defenses raised in this case, is disproportionate to the needs of the case and constitutes an impermissible fishing expedition that is not reasonably calculated to lead to the discovery of admissible evidence. Rutgers also objects to this Interrogatory to the extent it seeks information protected by confidentiality provisions in prior proceedings or settlements, or information that may implicate the privacy rights of third parties who are not before this Court.**

**INTERROGATORY NO. 6.** State the name and address of each person who may have information relative to the claims at issue in this action, specifying what information such person has and where, when, and how they obtained it.

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Rutgers further objects to the extent this Interrogatory requires Rutgers to speculate as to what knowledge may or may not be possessed by others. Subject to and without waiving the foregoing or General Objections, Defendants Lopez, Bernhard, and Reiz may have knowledge of the facts giving rise to this litigation. Defendant further identifies any and all persons identified in Plaintiff's medical records which are relevant to the facts alleged in this litigation, as well as all other persons named or otherwise identified in discovery.**

**INTERROGATORY NO. 7.** State which of the persons whose names are contained in the answer to interrogatory No. 6 above:

a.) Made written statements to you or your agents concerning this matter, and

b.) The name, title, and address of the custodian of each written statement.

**ANSWER: Subject to and without waiving the General Objections, none.**

**INTERROGATORY NO. 8.** State the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses;

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Rutgers further objects to the extent this Interrogatory requires Rutgers to speculate as to what knowledge may or may not be possessed by others. Rutgers further objects to this Interrogatory as duplicative of prior requests. Subject to and without waiving the foregoing or General Objections, see Rutgers' response to Interrogatory No. 6.**

**INTERROGATORY NO. 9.** State which of the persons whose names are contained in the answer to interrogatory No. 6 above:

a.) Made written statements to you or your agents concerning this matter, and

b.) The name, title, and address of the custodian of each written statement.

**ANSWER: Rutgers objects to this Interrogatory as duplicative of prior requests. Subject to and without waiving the foregoing or General Objections, none.**

**INTERROGATORY NO. 10.** Do you, your attorneys, or any person employed by you or your attorneys, have possession of, or know of the existence of, any: Books or other printed material; Records or reports made in the course of business; Photographs, moving or still or x-ray; Drawings, charts, maps, or diagrams; Other documentary material; Models, specimens, or samples; Other tangible objects that contain information bearing on the issue of Plaintiff's dental diagnosis and treatment; Electronically Stored information bearing on the issue of Plaintiff's dental diagnosis and treatment; or Other tangible objects that are relevant to Plaintiff's dental diagnosis and treatment, or that you intend to rely on to support the allegations of your answer?

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing or General Objections, Rutgers none other than what has already been produced in discovery.**

**INTERROGATORY NO. 11.** If so, for each item, state:

a.) Its description, form, name, number, or other means of general identification

b.) Its size

c.) The date on which it was made, prepared, or taken

d.) The name, or other means of identification, address, job title or capacity, and relationship to you of each person who made, prepared or took it

e.) The address or location of the place where it was made, prepared or taken

f.) The method by which it was made, prepared or taken

g.) The purpose for which it was made, prepared or taken

h.) The name, or other means of identification, address, job title or capacity, and relationship to you of each person who authorized, ordered or approved its making, preparation or taking

i.) The number of copies or duplicates that were made

j.) The cost of preparation or taking

k.) The cost of reproducing a copy or duplicate, and the time such reproduction or duplication would take

l.) Its present location, indicating address and location within the address

m.) The name, address and job title of each person who has custody of the original

n.) The name, address and job title of each person who has possession of a copy of it

o.) In what way it is relevant to the subject matter of this action

p.) The method and procedure of its storage and retrieval in records archives or information systems

**ANSWER: See Rutgers' response to Interrogatory No. 10.**

**INTERROGATORY NO. 12.** Have any of the items mentioned above been altered in any manner since this action arose or after the item was initially made, taken, or prepared?

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing or General Objections, not to Rutgers' knowledge.**

**INTERROGATORY NO. 13.** If so, for each item, state:

a.) Its description

b.) Each date on which it was altered

c.) A description of each alteration

d.) The reason for each alteration

e.) The name, address, and job title of each person who made the alteration

**ANSWER: See Rutgers' response to Interrogatory No. 12.**

**INTERROGATORY NO. 14.** Have any of the items referred to above been lost, destroyed, consumed, or otherwise ceased to exist?

**ANSWER: Rutgers objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing or General Objections, Rutgers has become aware through this litigation that an x-ray taken on or about February 1, 2022 may have been misfiled and/or misplaced. Rutgers is not aware of any other documents which have been lost, and is not aware of any documents that have been destroyed, consumed, or that have otherwise ceased to exist.**

**INTERROGATORY NO. 15.** If so, for each item, state:

a.) A description of the item

b.) The date it was lost or ceased to exist

c.) The circumstances of its loss or the reason it ceased to exist

d.) The name, address, and job title of each person who has knowledge concerning the manner in which it was lost or ceased to exist

e.) The name, address, and job title of each person who has knowledge concerning its nature or contents

f.) Whether there has been any attempt to reproduce, duplicate, or find it, and, if so, a description of each attempt and its results

**ANSWER: See Rutgers' response to Interrogatory No. 14.**

## CERTIFICATION

I, Andrew Youngblood, D.M.D., hereby certify on behalf of Rutgers, The State University of New Jersey that the foregoing answers to Interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

By: Andrew Youngblood, D.M.D.

Title: Director of Dentistry

Dated: [illegible]

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT RAHMO REIZ'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, NJ 08611

SIR:

Pursuant to Fed. R. Civ. P. 36, Defendant Rahmo Reiz ("Defendant") hereby responds to Plaintiff's Requests for Admission as set forth below.

By providing responses to Plaintiff's requests, Defendant is not waiving his right to seek a determination by the Court that Plaintiff is not permitted to use the information set forth herein at trial and Defendant expressly reserves his right to make any such application in accordance with the Court Rules and/or applicable Court Order.

Defendant reserves the right to amend or supplement these responses in accordance with the Court Rules and/or applicable Court Order.

**NORRIS McLAUGHLIN, P.A.**

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Dated: January 4, 2023

## GENERAL OBJECTIONS

All of the general objections made by Defendant are applicable to and are incorporated in each response to these requests.

Failure to specifically refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1. Defendant objects to these requests to the extent they seek to impose upon Defendant a greater or broader obligation than the one(s) imposed by the Federal Rules of Civil Procedure.

2. Defendant objects to these requests to the extent that they are overbroad, vague, unduly burdensome or otherwise lack sufficient precision or particularity to permit formulation of a meaningful response and/or otherwise purport to seek information beyond the scope of permissible discovery.

3. Defendant objects to each request which seeks a response whose disclosure would violate the attorney-client privilege, self-critical analysis privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended or shall be construed it as waiver of any such confidential, privilege or doctrine.

## REQUESTS FOR ADMISSIONS

1. Defendant is an employee of University Correctional Healthcare.

**RESPONSE: Subject to and without waving the General Objections, Defendant denies this request. Defendant is an employee of Rutgers, the State University of New Jersey ("Rutgers"). University Correctional Healthcare is a constituent unit of Rutgers.**

2. Defendant acts under color of State law for the purpose of his employment.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrase "for the purpose of his employment." Defendant further objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request.**

3. Samual Lopez is a Dentist employed by University Correctional Healthcare who supervises Defendant.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the term "supervises." Subject to and without waiving the foregoing or General Objections, Defendant admits that Samuel Lopez is a dentist employed by Rutgers, and that Dr. Lopez is the north dental regional supervisor for the different prisons at which Defendant works.**

4. Joel Bernhard is a Dentist employed by University Correctional Healthcare who supervises Defendant.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the term "supervises." Subject to and without waiving the foregoing or General Objections, Defendant admits that Joel Bernhard is employed by Rutgers, but denies that Dr. Bernhard supervises Defendant.**

5. Plaintiff is a patient of University Corrections Healthcare and its employees.

**RESPONSE: Subject to and without waving the General Objections, Defendant admits that Plaintiff is an inmate of New Jersey State Prison, and University Correctional Healthcare, a constituent unit of Rutgers, provides certain medical services to Plaintiff.**

6. Plaintiff is owed a duty of medical and dental care by University Correctional Healthcare and its employees.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request.**

7. Procedures at NJ State Prison do not allow Plaintiff to seek medical or dental services alternative to University Correctional Healthcare on his own initiative.

**RESPONSE: Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant admits that inmates within the New Jersey State prison system, including New Jersey State Prison ("NJSP"), receive medical and dental healthcare from the medical providers of University Correction Healthcare, a constituent unit of Rutgers, and cannot independently seek their own individual healthcare providers.**

8. On June 7, 2019, Defendant created an electronically stored record concerning Plaintiff.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "created," "electronically stored record," or "concerning." Subject to and without waiving the foregoing or general objections, Defendant admits that Plaintiff's electronic medical record notes an entry signed by Defendant on June 7, 2019.**

9. In the record described in "8", Defendant wrote "routed to DA for intake.

**RESPONSE: Defendant objects to this request on the grounds that it is not relevant to any party's claims or defenses. Subject to and without waiving the foregoing or General Objections, Defendant admits that the medical record, which speaks for itself, reflects that Defendant noted "routed to DA for intake."**

10. On June 11, 2019, Plaintiff went from his housing unit to the North Compound Clinic at NJ State Prison for a dental visit.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for information not with Defendant's knowledge and/or recollection. Subject to and without waiving the foregoing or General Objections, Defendant admits only that the electronic medical record, which speaks for itself, notes a dental intake at NJSP on June 11, 2019.**

11. On June 11, 2019, an electronically stored record was created concerning the dental visit described in Request #10.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "electronically stored record." Subject to and without waving the**

**foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry dated June 11, 2019.**

12. In the record described in Request #11, Samual Lopez wrote "Panorex done: Yes" and "Radiographs Panorex: Yes".

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and is not directed at Defendant. Subject to and without waving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Samual Lopez wrote "Panorex done: Yes" and "Radiographs Panorex: Yes."**

13. During the dental visit described in Request #10, a panorex x-ray image of Plaintiff's mouth was created.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and is not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

14. As a result of the dental visit described in Request #10, a dental chart of Plaintiff's mouth was created.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the term "dental chart." Subject to and without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that a dental examination was completed on June 11, 2019.**

15. The dental visit described in Request #10 occurred as a result of Defendant's routing to DA for dental intake described in Request #9.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous and not relevant to any party's claims or defenses. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

16. On June 26, 2019, Plaintiff went from his housing unit to the North Compound Clinic at NJ State Prison for a dental visit.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for information not with Defendant's knowledge and/or recollection. Subject to and without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Plaintiff was seen by Defendant for a dental visit on June 26, 2019.**

17. On June 26, 2019, an electronically stored record was created concerning the dental visit described in Request #16.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "electronically stored record." Subject to and without waving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry dated June 26, 2019.**

18. In the record described in Request #17, Defendant wrote, "routed to DA for continuation of tx."

**RESPONSE: Defendant objects to this request on the grounds that it is not relevant to any party's claims or defenses. Subject to and without waiving the foregoing or General Objections, Defendant admits that the medical record, which speaks for itself, reflects that Defendant noted "routed to DA for continuation of tx."**

19. During the dental visit described in Request #16, Defendant performed a prophylaxis procedure on Plaintiff.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "prophylaxis treatment." Subject to and without waving the General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Defendant performed a prophylaxis treatment on Plaintiff.**

20. On January 7, 2020, Plaintiff went from his housing unit to the North Compound Clinic at NJ State Prison for a dental visit.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for information not with Defendant's knowledge and/or recollection. Subject to and without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Plaintiff was seen for a dental visit on January 7, 2020.**

21. On January 7, 2020, an electronically stored record was created concerning the dental visit described in Request #20.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "electronically stored record." Subject to and without waving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry dated January 7, 2020.**

22. During the dental visit described in Request #20, Samual Lopez performed a filling procedure on Plaintiff's tooth #3.

**RESPONSE: Defendant objects to this demand on the grounds that it is vague, ambiguous, and is not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant cannot admit or deny this request as it is not directed at him, but**

**admits that the medical record, which speaks for itself, states that Dr. Lopez performed a filling procedure on Plaintiff's tooth #3.**

23. During the dental visit described in Request #20, Samual Lopez administered an injection of lidocaine to Plaintiff, using a 1.8 ml carp of lidocaine to do so.

**RESPONSE: Defendant objects to this demand on the grounds that it is vague, ambiguous, and is not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant cannot admit or deny this request as it is not directed at him, but admits that the electronic medical record, which speaks for itself, states that Dr. Lopez provided Plaintiff a 1.8 ml carp of lidocaine.**

24. During the dental visit described in Request #20, Samual Lopez did not perform any radiography nor create any x-rays on Plaintiff.

**RESPONSE: Defendant objects to this demand on the grounds that it is vague, ambiguous, and is not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant, after a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant cannot speak to what someone other than himself did not do.**

25. Samual Lopez relied upon the x-rays of Plaintiff's mouth described in Request #13 for the procedure described in Request #22.

**RESPONSE: Defendant objects to this demand on the grounds that it is vague, ambiguous, and is not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant, after a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant cannot speak to what someone other than himself did or did not rely upon.**

26. It is customary at University Correctional Healthcare that dental surgery such as the filling procedure described in Request #22 will not be performed on a patient without reference to radiography.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the terms "customary" and "reference to radiography." Subject to and without waiving the foregoing or General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant does not perform dental surgery, and because this request is fact-sensitive and cannot be admitted nor denied without specific facts.**

27. On April 15, 2021, Plaintiff went from his housing unit to the North Compound Clinic at NJ State Prison for a dental visit.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for information not with Defendant's knowledge and/or recollection. Subject to and**

**without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Plaintiff was seen for a dental visit on** April 15, 2021.

28. On April 15, 2021 an electronically stored record was created concerning the dental visit described in Request #27.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "electronically stored record." Subject to and without waving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry dated April 15, 2021.**

29. In the record described in Request #28, Defendant wrote, "routed to DA for biennial exam/x-ray."

**RESPONSE: Defendant objects to this request on the grounds that it is not relevant to any party's claims or defenses. Subject to and without waiving the foregoing or General Objections, Defendant admits that the medical record, which speaks for itself, reflects that Defendant noted "routed to DA for biennial exam/x-ray."**

30. During the dental visit described in Request #29, Defendant performed a prophylaxis procedure on Plaintiff.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "prophylaxis treatment." Subject to and without waving the General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Defendant performed a prophylaxis treatment on Plaintiff.**

31. On a date subsequent to April 15, 2021 but prior to December 24, 2021, Plaintiff went from his housing unit to the North Compound Clinic at NJ State Prison for a dental visit.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to identify the information sought with sufficient particularity. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

32. On the same date described in Request #31, an electronically stored record was created concerning the dental visit described in Request #31.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, fails to identify the information sought with sufficient particularity, and fails to define "electronically stored record." Subject to and without waving the foregoing or General Objections, Defendant denies this request. The only entry in Plaintiff's electronic medical record, which speaks for itself, between the dates identified in Request No. 31, is an entry dated April 23, 2021, appending the entry dated April 15, 2021.**

33. During the dental visit described in Request #31, Defendant performed a filling procedure on Plaintiff's tooth #14.

**RESPONSE: Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

34. During the dental visit described in Request #31, Defendant administered an injection of lidocaine to Plaintiff, using a 1.8 ml carp of lidocaine to do so.

**RESPONSE: Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

35. During the dental visit described in Request #31, Samual Lopez created an x-ray image of Plaintiff's tooth #14.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and seeks information not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

36. Samual Lopez delegated the performance of the procedure described in Request #33 to Defendant.

**RESPONSE: Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

37. Samual Lopez relied upon the x-rays of Plaintiff's mouth described in Request #35 to ascertain the necessity of the procedure described n Request #33.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous and seeks information not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

38. On January 13, 2022 Mei Qin Sun created an electronically stored record.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "an electronically stored record." Subject to and without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry by Mei Qin Sun, DA on January 13, 2022.**

39. In the record described in Request #38, on January 13, 2022 Mei Qin Sun wrote "scheduled for the next dental clinic session."

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits that Plaintiff's electronic medical record, speaks for itself, notes that the entry by Mei Qin Sun dated January 13, 2022, states "scheduled for the next dental clinic session."**

40. On January 14, 2022, Defendant and Joel Bernhard both went from North Compound Clinic to Plaintiff's housing unit at NJ State Prison West Compound 6 Right Wing 101 Cell for a dental sick call.

**RESPONSE: Defendant objects to this request as vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant admits only that Plaintiff's electronic medical record, which speaks for itself, notes that Joel Bernhard, DMD treated Plaintiff on January 14, 2022. However, Defendant, after a reasonable inquiry of the information available to him, can neither admit nor deny this request insofar as it relates to Defendant's involvement, participation, or presence on the housing unit on January 14, 2022. While Defendant recalls being present on the housing units for triage purposes at or about the referenced time, he did not evaluate or treat inmates, and has no recollection as to whether he was present for the specific visit referenced in this request.**

41. On January 14, 2022, an electronically stored record was created regarding the dental sick call described in Request #40.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "electronically stored record." Subject to and without waving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry dated January 14, 2022.**

42. In the record described in Request #41, Joel Bernhard wrote "pt cc #14-15 area chipped filling" and "pt to be scheduled when covid restrictions lifted."

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry by Joel Bernhard, dates January 14, 2022, states "pt cc #14-15 area chipped filling" and "pt to be scheduled when covid restrictions lifted."**

43. On December 24, 2021, NJ State Prison was locked down due to Covid-19 restrictions; which means that inmates were not allowed to travel from their housing units to the North Compound clinic.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrase "locked down." Subject to and without waiving the foregoing or General Objections, Defendant admits that New Jersey State Prison was on lockdown on for a certain period of time, but cannot admit or deny the specific date that the lockdown began.**

44. On January 25, 2021, NJ State Prison ceased to be locked down due to Covid-19 restrictions.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the phrase "locked down." Subject to and without waiving the foregoing or general objections, Defendant admits, that the Covid-19 lockdown was ultimately lifted, but cannot admit or deny the actual date that the lockdown was lifted.**

45. During the period from January 25, 2022 until February 1, 2022, Plaintiff was not provided with any treatment for his fractured tooth #14; which means he was not given antibiotics, pain medication, nor corrective surgery.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request.**

46. On February 1, 2022, Plaintiff went from his housing unit to the North Compound Clinic at NJ State Prison for a dental visit.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for information not with Defendant's knowledge and/or recollection. Subject to and without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Plaintiff was seen for a dental visit on February 1, 2022.**

47. On the same date described in Request #46, an electronically stored record was created concerning the dental visit described in Request #46.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "electronically stored record." Subject to and without waving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry dated February 1, 2022.**

48. In the record described in Request #47, Samual Lopez write, "tooth # 14; clinically the (ol) fillin broke off" and "Xray (+): decay on tooth."

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry by Samual Lopez dated February 1, 2022, which states "tooth # 14; clinically the (ol) fillin broke off" and "Xray (+): decay on tooth.".**

49. During the dental visit described in Request #46, Defendant created an x-ray image of Plaintiff's tooth #14.

**RESPONSE: Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

50. During the period from February 1, 2022 until March 9, 2022, Plaintiff was not provided with any treatment for his fractured tooth #14; which means he was not given antibiotics, pain medication, nor corrective surgery.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request.**

51. On March 9, 2022, Plaintiff went from his housing unit to the North Compound Clinic at NJ State Prison for a dental visit.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for information not with Defendant's knowledge and/or recollection. Subject to and without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Plaintiff was seen for a dental visit on March 9, 2022.**

52. On March 9, 2022, an electronically stored record was created concerning the dental visit described in Request # 51.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "electronically stored record." Subject to and without waving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry dated March 9, 2022.**

53. During the dental visit described in Request #51, Joel Bernhard performed a filling procedure on Plaintiff's tooth #14.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for information not within Defendant's knowledge and/or recollection and is not directed at this Defendant. Subject to and without waiving the foregoing or General Objections, Defendant admits this request insofar as the electronic medical record, which speaks for itself, notes that Bernhard performed a filling procedure on tooth 14 on March 9, 2022.**

54. During the dental visit described in Request #51, Joel Bernhard administered an injection of lidocaine to Plaintiff, using two 1.8 ml carps of lidocaine to do so.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and not directed at Defendant. Subject to and without waiving the foregoing or General**

**Objections, Defendant admits that Plaintiffs electronic medical record, which speaks for itself, notes that Dr. Bernhard provided Plaintiff a 1.8 ml carp of lidocaine.**

55. During the dental visit described in Request #51, Joel Bernhard did not perform any radiography nor create any x-rays on Plaintiff.

**RESPONSE: Defendant objects to this demand on the grounds that it is vague, ambiguous, and is not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant cannot speak to what someone other than himself did or did not do.**

56. Joel Bernhard relied upon the x-rays of Plaintiff's mouth described in Request #49 for the procedure described in request #53.

**RESPONSE: Defendant objects to this demand on the grounds that it is vague, ambiguous, and is not directed at Defendant. Subject to and without waiving the foregoing or General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant cannot speak to what someone other than himself did or did not rely upon.**

57. The Inmate Remedy Procedure at NJ State Prison requires inmates to file a grievance, then to appeal the grievance in order to exhaust their remedies.

**RESPONSE: Defendant objects to this demand on the grounds that it is vague, ambiguous, and is not directed at Defendant. Defendant further objects to this request on the grounds that it calls for a legal conclusion with respect to exhaustion of remedies, which Defendant is not qualified to provide. Subject to and without waiving the foregoing and General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant is not qualified to speak to exhaustion of remedies and does not have involvement with, or access to, inmate grievances.**

58. On August 23, 2022, Plaintiff went from his housing unit to the North Compound Clinic at NJ State Prison for a dental visit.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for information not with Defendant's knowledge and/or recollection. Subject to and without waiving the foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes that Plaintiff was seen for a dental visit on August 23, 2022.**

59. On August 23, 2022, an electronically stored record was created concerning the dental visit described in Request #58.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "electronically stored record." Subject to and without waving the**

**foregoing or General Objections, Defendant admits that Plaintiff's electronic medical record, which speaks for itself, notes an entry dated August 23, 2022.**

60. On August 25, 2022, Plaintiff filed a grievance using the Inmate Remedy System at NJ State Prison, NJSP 22033510.

**RESPONSE: Subject to and without waiving the General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant does not have involvement with, or access to, inmate grievances.**

61. On September 24, 2022, Plaintiff appealed the September 24, 2022 response to his grievance described in Request # 60, using the Inmate Remedy System at NJ State Prison, NJSP 22033510.

**RESPONSE: Subject to and without waiving the General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant does not have involvement with, or access to, inmate grievances or appeals.**

62. On August 31, 2022 Plaintiff filed a Notice of Claim for damages against the State of New Jersey by sending the proper form to the Tort and Contract Unit of the NJ Department of the Treasury, Bureau of Risk Management, via U.S.P.S. Certified mail, tracking number 7016 2070 0001 0581 0651.

**RESPONSE: Defendant objects to this request on the grounds that it calls for legal conclusions Defendant is not qualified to provide. Defendant further objects to this request on the grounds that it seeks information not directed at Defendant. Subject to and without waiving the foregoing and General Objections, Defendant, despite a reasonable inquiry of the information available to him, can neither admit nor deny this request, as Defendant does not have involvement with, or access to, inmate grievances and/or notices of claims.**

63. Rahmo Reiz is an officer of University Correctional Healthcare.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the term "officer." Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

64. Samual Lopez is an officer of University Correctional Healthcare.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the term "officer." Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

65. Joel Bernhard is an officer of University Correctional Healthcare.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define the term "officer." Subject to and without waiving the foregoing or General Objections, Defendant denies this request.**

**NORRIS McLAUGHLIN, P.A.**

By: *<u>/s/ Margaret Raymond-Flood</u>*
Margaret Raymond-Flood, Esq.

Dated: January 4, 2023

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT RAHMO REIZ'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08608

SIR:

Pursuant to Fed. R. Civ. P. 36, Defendant Rahmo Reiz ("Defendant") hereby responds to Plaintiff's Second Set of Requests for Admission as set forth below.

By providing responses to Plaintiff's requests, Defendant is not waiving his right to seek a determination by the Court that Plaintiff is not permitted to use the information set forth herein at trial and Defendant expressly reserves his right to make any such application in accordance with the Court Rules and/or applicable Court Order.

Defendant reserves the right to amend or supplement these responses in accordance with the Court Rules and/or applicable Court Order.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendant Rahmo Reiz*

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Dated: May 21, 2025

## GENERAL OBJECTIONS

All of the general objections made by Defendant are applicable to and are incorporated in each response to these requests.

Failure to specifically refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1. Defendant objects to these requests to the extent they seek to impose upon Defendant a greater or broader obligation than the one(s) imposed by the Federal Rules of Civil Procedure.

2. Defendant objects to these requests to the extent that they are overbroad, vague, unduly burdensome or otherwise lack sufficient precision or particularity to permit formulation of a meaningful response and/or otherwise purport to seek information beyond the scope of permissible discovery.

3. Defendant objects to each request which seeks a response whose disclosure would violate the attorney-client privilege, self-critical analysis privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended or shall be construed it as waiver of any such confidential, privilege or doctrine.

4. Defendant objects to each request to the extent is seeks information that is not within Defendant's knowledge or control.

5. Defendant objects to each request to the extent it seeks a legal conclusion.

## REQUESTS FOR ADMISSIONS

REQUEST No. 66: Defendant was a licensed Dental Hygienist in New Jersey for the period from May of 2019 through April of 2022.

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits this request.**

REQUEST No. 67: The scope of practice for Dental Hygienists is set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation.**

REQUEST No. 68: The scope of practice for Dental Hygienists set forth in N.J.A.C. 13:30-1A et seq. constitutes a standard of care.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation.**

REQUEST No. 69: As part of his licensing examination to be a Dental Hygienist, Defendant must show that he is familiar with the scope of practice set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of practice." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except to admit that Defendant is generally familiar with his professional responsibilities as a dental hygienist.**

REQUEST No. 70: Performing dental surgery is not within the scope of a dental hygienist as set forth in N.J.A.C. 13:30-1A et seq.

RESPONSE: **Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of a dental hygienist." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except to deny this request insofar as it is intended to imply that Defendant performed dental**

**surgery on Plaintiff as he did not, and to admit that dental hygienists are not permitted to perform dental surgery.**

REQUEST No. 71: Performing dental fillings is dental surgery within the scope of practice for licensed dentists in New Jersey.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to request on the grounds that it is vague, ambiguous, and fails to define "scope of practice" and "dental fillings." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request except to state that dental fillings are performed by licensed dentists. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 72: Performing dental fillings without a license to practice dentistry is prohibited in New Jersey under N.J.S.A. 45:6-73(b).

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it calls for a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation, except Defendant admits that to his knowledge dentists must be licensed to practice dentistry. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 73: At all times relevant to this action, Defendant knew that performing dental surgery without a license to practice dentistry is illegal in the State of New Jersey.

**RESPONSE: Subject to and without waiving the General Objections, Defendant can neither admit nor deny this request insofar as it calls for a legal conclusion. Defendant admits that to his knowledge dentists must be licensed to perform dental surgery. Defendant denies this request to the extent it is intended to imply that Defendant performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 74: Defendant has had access to Plaintiff's Medical Reference File during the period from November 2, 2022 to November 11, 2022.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "access." Subject to and without waiving the General Objections, Defendant admits that he has access to the room in which inmate's Medical Reference Files are stored, but denies that he is permitted to personally and directly retrieve documents from the Medical References files. To obtain information from an inmate's Medical Reference File, if needed, Defendant requests such documents from the medical records department. To the extent it is implied that Defendant retrieved documents from Plaintiff's Medical Reference File, Defendant denies this request.**

REQUEST No. 75: Defendant reviews and understands all parts of the electronic medical records he signs prior to signing them.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "all parts of the electronic medical record." Subject to and without waiving the foregoing or General Objections, Defendant reviews and understands the parts of the electronic medical record which are relevant to the dental services Defendant provides a particular inmate prior to signing that record but denies that he reviews all parts of the medical records for an inmate that is unrelated to the dental services that he is performing.**

REQUEST No. 76: Defendant's profession as a dental hygienist is that of a healthcare provider.

**RESPONSE: Defendant objects to this request to the extent it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant understands that dental hygienists are dental providers.**

REQUEST No. 77: N.J.A.C. 13:30-8.7 requires dentists to create and maintain medical records listed in that regulation.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have.**

REQUEST No. 78: N.J.A.C. 13:30-8.7(d) requires dentists to maintain copies of x-rays for 7 years after the date of the last entry.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have.**

REQUEST No. 79: It is illegal to destroy medical records in New Jersey, under the provisions of N.J.S.A. 2C:21-4.1.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have. Defendant understands that it is illegal to destroy medical records, except under certain circumstances permitted under applicable law, but denies this request to the extent it is intended to imply that Defendant destroyed Plaintiff's medical or dental records.**

REQUEST No. 80: At all relevant times to this action, Defendant knew that it was illegal in New Jersey to destroy medical records.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to provide a legal conclusion that he is not qualified to provide. Defendant understands that it is illegal to destroy medical records, except under certain circumstances permitted under applicable law. Defendant denies this request to the extent it is intended to imply that Defendant destroyed Plaintiff's medical records.**

REQUEST No. 81: At all relevant times to this action, Defendant knew that Rutgers, the State University of New Jersey ¬University Correctional Healthcare has the policy of generation and retention of x-rays of patients which was described in the declaration of Dr. Andrew Youngblood, D.D.S. in the document filed as ECF 88.1 in this matter.

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits that it is his understanding that Rutgers maintains policies for the generation and retention of dental x-rays, but does not have personal knowledge as to the specifics of such policies.**

REQUEST No. 82: At all relevant times to this action, Defendant knew that it would be misconduct to remove x-rays from Plaintiff's medical reference file and fail to return them.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant objects to the term "misconduct" as vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to provide a legal conclusion which he is not qualified to provide, except Defendant admits that it is he understands he is not permitted to remove records from an inmate's medical reference file and fail to return them. Defendant denies this request to the extent it is intended to imply that Defendant removed any records from Plaintiff's medical reference file.**

REQUEST No. 83: None of the claims in this action involve causes of action for damages resulting from custody determinations such as admissions, receiving, keeping, detaining, transferring, or discharging of Plaintiff.

**RESPONSE: Defendant objects to this request to the extent is calls for a legal conclusion. Defendant objects to the extent this request seeks information protected by attorney client privilege or work product doctrine. Subject to the foregoing and the General Objections, Defendant can neither admit nor deny this request as it is unintelligible, except to state that Plaintiff's claims, which are set forth in the Amended Complaint, speak for themselves.**

Dated: May 21, 2025

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendant Rahmo Reiz*

By: */s/ Margaret Raynond-Flood*
Margaret Raymond-Flood, Esq.