EXHIBIT C

RECEIVED
OCT 02 2026
AT 8:30 ____________ M
CLERK, U.S. DISTRICT COURT - DNJ

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

August 20, 2026

Margaret Raymond-Flood
c/o Norris McLaughlin
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

RE: Caleb L. McGIllvary v. Rahmo Reiz
Civil Action No. 3:22-cv-06430-MAS-JBD
Hon. Michael A. Shipp, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.

Dear Ms. Flood:

I note the following deficiencies in your responses to my discovery requests in the above-captioned matter, and hereby request you to cure these deficiencies forthwith. At the outset, I note that neither Samual Lopez nor Joel Bernhard have in any way answered nor responded to any of the Interrogatories, Requests to Produce, nor Requests for Admissions which were propounded to them. As such, they are in default and unless they are answered sufficiently within fourteen (14) days of this letter, I may have to move to compel responses thereto.

Plaintiff further avers that your clients' following responses are deficient, and asks that you supplement them within fourteen (14) days of this letter with more detailed and truthful responses as set forth below:

**Lopez's Responses to Plaintiff's First Set of Interrogatories:**

**Nos. 1 and 2:**

As someone with personal knowledge of these procedures and their processes, you are required to produce information

responsive to the interrogatory. Your answer is wholly unresponsive, does not provide any of the information requested, and fails to set forth standard practices known to you as part of your profession. Each of the subparts of each of these interrogatories must be answered in full, you have not answered a single one.

**No. 3:**

Your answer is wholly unresponsive, and doesn't provide any of the information I requested. List the litigations involving you whilst.

**No. 4:**

Your answer is wholly unresponsive, and doesn't provide any of the information I requested. Indicate whether such graphic models are created, and whether Rutgers has a policy regarding such models.

**No. 5:**

Your answer is wholly unresponsive, and doesn't provide any of the information I requested. List the information requested regarding the three individuals named.

**Nos. 6, 8, and 9:**

You answer does not specify what information any such person as you've broadly indicated has regarding the claims at issue, nor when and how they obtained it. Rather, you just said a hundred or more people might have some information, without

specifying what that information is nor when and how they obtained it. That's nonresponsive. Answer the question.

**No. 15:**

Your answer is wholly unresponsive, and doesn't provide any of the information I requested. Provide answers to parts "b" through "f" of the Interrogatory.

**Lopez's Response to Plaintiff's First Set of Requests for Admissions:**

**No. 1**

Rule 36 requires you to either admit or deny. If you deny these are true copies, you must say so.

**No. 2**

Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 3**

Rule 36 requires you to either admit or deny. If you deny this request, you must state so. If you admit this request, you must say so. It's one or the other.

**No. 4**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 5**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 6**

The scope of a dental hygienist was set forth in Request No. 4, and you have a passably competent lawyer to show and explain to you the regulation referred to. Everything other than "Admits" is nonresponsive.

**No. 7**

The scope of a dental hygienist was set forth in Request No. 4, and you have a passably competent lawyer to show and explain to you the regulation referred to. Everything other than "Admit that dental hygienists are not permitted to perform dental surgery" is nonresponsive.

**No. 8**

Everything other than "Admits" is nonresponsive.

**No. 9**

Everything other than "Admits" is nonresponsive.

**No. 10**

Everything other than "Admits" is nonresponsive.

**No. 11**

Everything other than "Admits" is nonresponsive.

**No. 12**

Everything other than "Admits" is nonresponsive.

**No. 13**

Everything other than "Admits" is nonresponsive.

**No. 14**

Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

**No. 15:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 16:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 17:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 18:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

**No. 19:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

**No. 20:**

Everything other than "Admits" is nonresponsive.

**No. 21:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

**No. 22:**

You have a passably competent lawyer to ask whether this is true or not, if she didn't know what this meant she wouldn't have pleaded an affirmative defense of which these are elements on your behalf. Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so.

**<u>Lopez's Response to Plaintiff's First Set of Requests for Admissions:</u>**

**No. 1**

Rule 36 requires you to either admit or deny. If you deny these are true copies, you must say so.

**No. 2**

Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 3**

Rule 36 requires you to either admit or deny. If you deny this request, you must state so. If you admit this request, you must say so. It's one or the other.

**No. 4**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 5**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 6**

The scope of a dental hygienist was set forth in Request No. 4, and you have a passably competent lawyer to show and explain to you the regulation referred to. Everything other than "Admits" is nonresponsive.

**No. 7**

The scope of a dental hygienist was set forth in Request No. 4, and you have a passably competent lawyer to show and explain to you the regulation referred to. Everything other than "Admit

that dental hygienists are not permitted to perform dental surgery" is nonresponsive.

**No. 8**

Everything other than "Admits" is nonresponsive.

**No. 9**

Everything other than "Admits" is nonresponsive.

**No. 10**

Everything other than "Admits" is nonresponsive.

**No. 11**

Everything other than "Admits" is nonresponsive.

**No. 12**

Everything other than "Admits" is nonresponsive.

**No. 13**

Everything other than "Admits" is nonresponsive.

**No. 14**

Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

**No. 15:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 16:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 17:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny this request, you must state so.

**No. 18:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

**No. 19:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

**No. 20:**

Everything other than "Admits" is nonresponsive.

**No. 21:**

You have a passably competent lawyer to ask whether this is true or not, Rule 36 requires you to either admit or deny. If you

deny these requests, you must state so. If you admit, any say so: saying you "understand" is not an acceptable response under Rule 36.

**No. 22:**

You have a passably competent lawyer to ask whether this is true or not, if she didn't know what this meant she wouldn't have pleaded an affirmative defense of which these are elements on your behalf. Rule 36 requires you to either admit or deny. If you deny these requests, you must state so. If you admit, any say so.

...

If you fail to correct these deficiencies within fourteen (14) days after USPS confirms your receipt of this request, I may be forced to file another motion to compel your compliance with my request, pursuant to Fed. R. Civ. P. 37.

You kind attention to this matter is appreciated.

DATE: 8/20/26

Very truly,

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mraymondflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz, Samuel Lopez,*
*Joel Bernhard, and Rutgers, The State University of New Jersey*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | : | CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT SAMUEL LOPEZ'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08611

SIR:

Pursuant to Rule 33, Defendant, Samuel Lopez ("Defendant"), hereby responds to Plaintiff's First Set of Interrogatories as set forth below.

**NORRIS, McLAUGHLIN, PA**
*Attorneys for Defendants*

/s/ *Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Dated: August 13, 2026

**CONDITIONS**

These responses are made without waiver of and with preservation of:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3. The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4. The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5. Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived his privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

**GENERAL OBJECTIONS TO INTERROGATORIES**

A. Defendant objects to each interrogatory to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B. Defendant objects to each interrogatory to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C. Defendant objects to each interrogatory to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D. Defendant objects to each interrogatory to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E. Defendant objects to each interrogatory to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which he has no control.

F. Defendant objects to each interrogatory to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Plaintiff to unreasonable burden and expense. To the extent the response to an request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G. Defendant objects to each interrogatory to the extent that it seeks a legal conclusion.

H. Defendant objects to each interrogatory to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I. Defendant objects to each interrogatory to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J. Defendant objects to each interrogatory to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K. Defendant objects to each interrogatory to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less

burdensome or expensive source, or that the undue burden or expense of compiling the requested information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Interrogatories of Plaintiff. Defendant intends to abide by its obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify its position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1.** Describe the entire process of performing a dental filling, including:

a.) The diagnostic tests, assessments, criteria, and any other diagnostic methods or techniques involved;

b.) The records produced as part of the diagnostic process, including but not limited to paper or electronic charts, x-rays, graphic models of the mouth, and any other diagnostic records;

c.) A clear description of all actions taken by the dentist as part of the procedure;

d.) Any protocols, policies, checklists, customs, or any other standards of care which apply to the procedure, its diagnostic antecedents, or its post-surgery care and recordkeeping;

e.) A list of all records which are produced in connection with such procedure, in the usual course of dentistry, including but not limited to medication administration, graphic models of the mouth, x-rays, progress charts, and any other records produced in connection with the procedure

ANSWER: **Defendant objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this Interrogatory as improper, as it asks Defendant to "describe the entire process of performing a dental filling." The procedure for performing a dental filling cannot meaningfully be described in a vacuum, as each filling must be approached on a case-by-case basis depending on the clinical circumstances presented, the specific condition of the patient's tooth, the patient's medical history, and other individualized considerations. There is no single, universal "process" that can be articulated in response to this overly broad request. To the extent Plaintiff seeks information about the actions taken related to dental treatment of Plaintiff, such information is included in the medical records, previously produced, to the extent it exists.**

**INTERROGATORY NO. 2.** Describe the standard of care for dentists to create records of a patient's mouth, including:

a.) The standard practice for creating records of a patient's mouth upon intake, including diagnostic tests, radiography, graphic models, charting, and any other method of assessment, describing in detail the entire series of actions undertaken by Rutgers dental services providers in connection with this standard practice;

b.) A list of all the records which are produced as part of these standard practices, including but not limited to x-rays, radiography, graphic models, charts, progress notes, SOAP assessments, and any other type of records;

c.) The method and system of storage of each such record listed above

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this Interrogatory to the extent it requires Defendant to reach legal conclusions regarding "standard of care" applicable to dental fillings.**

**INTERROGATORY NO. 3.** List all past litigations in which you were a defendant while employed by Rutgers, including:

a.) The claims at issue in such litigations;

b.) The facts alleged by the Plaintiff in such litigations;

c.) The identity of the parties in such litigations;

d.) The outcome of the litigations, including any settlements and the terms thereof;

e.) Whether spoliation of records was alleged at any point by the plaintiffs in those litigations.

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this Interrogatory on the grounds that it seeks information which is wholly irrelevant to any of the claims or defenses raised in this case, and is disproportionate to the needs of the case. The request for information regarding past litigations, including the claims, facts alleged, parties, outcomes, settlement terms, and spoliation allegations, constitutes an impermissible fishing expedition into matters that have no connection to Plaintiff's claims in this action. Moreover, such information is not relevant to the claims at issue in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory to the extent it seeks information protected by confidentiality provisions in prior settlement agreements, or information that may implicate the privacy rights of third parties who are not before this Court.**

**INTERROGATORY NO. 4.** Is it standard practice for dentists to create graphical models of a patient's mouth upon intake for treatment, such that a graphic depiction of the teeth is produced which indicates which teeth have previously had dental surgery or whether fillings exist, whether such model is in paper form, as with a chart that has an illustration of the teeth, or through x-ray or radiography, and does Rutgers have a policy or protocol of some sort requiring its dentists to do this?

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. The Interrogatory cannot be meaningfully answered in a vacuum, as it presupposes that every dental visit is the same and requires the same documentation practices. Clinical documentation is determined on a patient-by-patient basis depending on the reason for the dental visit, the patient's dental history, the nature of the treatment, the**

**patient's presenting condition, and the clinical judgment of the treating dentist. What is appropriate for one patient encounter may be inapplicable to another, making the question unanswerable as framed, other than to state that the provider's notes regarding a particular dental visit are recorded in the electronic medical record, and hard copy documents, if any, are filed in a patient's medical reference file.**

**INTERROGATORY NO. 5.** List all past investigations, disciplinary proceedings, reprimands, allegations of misconduct, or any other processes or events of an investigative or probative nature initiated by or with former patients, other employees, licensing board, the Office of Administrative law, or any other individual or governing body against you at any point when you've held a license to practice dentistry in New Jersey, including:

a.) The claims at issue in such proceedings;

b.) The facts alleged in such proceedings;

c.) The identity of the parties in such proceedings;

d.) The outcome of the proceedings, including any settlements and the terms thereof;

e.) Whether spoliation of records was alleged at any point in those proceedings.

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to this Interrogatory on the grounds that it seeks information which is wholly irrelevant to any of the claims or defenses raised in this case, is disproportionate to the needs of the case and constitutes an impermissible fishing expedition that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory to the extent it seeks information protected by confidentiality provisions in prior proceedings or settlements, or information that may implicate the privacy rights of third parties who are not before this Court.**

**INTERROGATORY NO. 6.** Indicate whether you keep and maintain the records described in N.J.A.C. 13:30-8.7, which administrative regulation is appended to this interrogatory as Exhibit A for your perusal; and if so, where and how such records are kept by you as you are required by that regulation to maintain them. Produce these records for my inspection and copying.

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing or General Objections, Defendant does not personally maintain patient records.**

**INTERROGATORY NO. 7.** State the name and address of each person who may have information relative to the claims at issue in this action, specifying what information such person has and where, when, and how they obtained it.

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the extent this Interrogatory requires Defendant to speculate as to what knowledge may or may not be possessed by others. Subject to and without waiving the foregoing or General Objections, Defendants Bernhard and Reiz may have knowledge of the facts giving rise to this litigation. Defendant further identifies any and all persons identified in Plaintiff's medical records which are relevant to the facts alleged in this litigation, as well as all other persons named or otherwise identified in discovery.**

**INTERROGATORY NO. 8.** State which of the persons whose names are contained in the answer to interrogatory No. 7 above:

a.) Made written statements to you or your agents concerning this matter, and

b.) The name, title, and address of the custodian of each written statement.

**ANSWER: Subject to and without waiving the General Objections, none.**

**INTERROGATORY NO. 9.** State the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses;

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Defendant further objects to the extent this Interrogatory requires Defendant to speculate as to what knowledge may or may not be possessed by others. Defendant further objects to this Interrogatory as duplicative of prior requests. Subject to and without waiving the foregoing or General Objections, see Defendant's response to Interrogatory No. 7.**

**INTERROGATORY NO. 10.** State which of the persons whose names are contained in the answer to interrogatory No. 7 above:

a.) Made written statements to you or your agents concerning this matter, and

b.) The name, title, and address of the custodian of each written statement.

**ANSWER: Defendant objects to this Interrogatory as duplicative of prior requests. Subject to and without waiving the foregoing or General Objections, none.**

**INTERROGATORY NO. 11.** Do you, your attorneys, or any person employed by you or your attorneys, have possession of, or know of the existence of, any: Books or other printed material; Records or reports made in the course of business; Photographs, moving or still or x-ray; Drawings, charts, maps, or diagrams; Other documentary material; Models, specimens, or samples; Other tangible objects that contain information bearing on the issue of Plaintiff's dental diagnosis and treatment; Electronically Stored information bearing on the issue of Plaintiff's dental diagnosis and treatment; or Other tangible objects that are relevant to Plaintiff's dental diagnosis and treatment, or that you intend to rely on to support the allegations of your answer?

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing or General Objections, Defendant is not in possession of any of the requested materials, and is not aware of the existence of any such material other than what has already been produced in discovery.**

**INTERROGATORY NO. 12.** If so, for each item, state:

a.) Its description, form, name, number, or other means of general identification

b.) Its size

c.) The date on which it was made, prepared, or taken

d.) The name, or other means of identification, address, job title or capacity; and relationship to you of each person who made, prepared or took it

e.) The address or location of the place where it was made, prepared or taken

f.) The method by which it was made, prepared or taken gather purpose for which it was made, prepared or taken

h.) The name, or other means of identification, address, job title or capacity, and relationship to you of each person who authorized, ordered or approved its making, preparation or taking

i.) The number of copies or duplicates that were made

j.) The cost of preparation or taking

k.) The cost of reproducing a copy or duplicate, and the time such reproduction or duplication would take

l.) Its present location, indicating address and location within the address

m.) The name, address and job title of each person who has custody of the original

n.) The name, address and job title of each person who has possession of a copy of it

o.) In what way it is relevant to the subject matter of this action

p.) The method and procedure of its storage and retrieval in records archives or information systems

**ANSWER: See Defendant's response to Interrogatory No. 11.**

**INTERROGATORY NO. 13.** Have any of the items mentioned above been altered in any manner since this action arose or after the item was initially made, taken, or prepared?

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing or General Objections, not to Defendant's knowledge.**

**INTERROGATORY NO. 14.** If so, for each item, state:

a.) Its description

b.) Each date on which it was altered

c.) A description of each alteration

d.) The reason for each alteration

e.) The name, address, and job title of each person who made the alteration

**ANSWER: See Defendant's response to Interrogatory No. 13.**

**INTERROGATORY NO. 15.** Have any of the items referred to above been lost, destroyed, consumed, or otherwise ceased to exist?

**ANSWER: Defendant objects to this Interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing or General Objections, Defendant has become aware through this litigation that an x-ray taken on or about February 1, 2022 may have been misfiled and/or misplaced. Defendant is not aware of any other documents which have been lost, and is not aware of any documents that have been destroyed, consumed, or that have otherwise ceased to exist.**

**INTERROGATORY NO. 16.** If so, for each item, state:

a.) A description of the item

b.) The date it was lost or ceased to exist

c.) The circumstances of its loss or the reason it ceased to exist

d.) The name, address, and job title of each person who has knowledge concerning the manner in which it was lost or ceased to exist

e.) The name, address, and job title of each person who has knowledge concerning its nature or contents

f.) Whether there has been any attempt to reproduce, duplicate, or find it, and, if so, a description of each attempt and its results

**ANSWER: See Defendant's response to Interrogatory No. 15.**

**CERTIFICATION**

I, Samuel Lopez, certify that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

Dated: 8/7/26

Samuel Lopez

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendants Rutgers, The State University of New Jersey, Samuel Lopez, Joel Bernhard, and Rahmo Reiz*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT SAMUEL LOPEZ'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** |

TO: Caleb L. McGillvary, SBI #000102317G
New Jersey State Prison
600 Cass St.
Trenton, New Jersey 08608

SIR:

Pursuant to Fed. R. Civ. P. 36, Defendant Samuel Lopez ("Defendant") hereby responds to Plaintiff's First Set of Requests for Admission as set forth below.

By providing responses to Plaintiff's requests, Defendant is not waiving his right to seek a determination by the Court that Plaintiff is not permitted to use the information set forth herein at trial and Defendant expressly reserves his right to make any such application in accordance with the Court Rules and/or applicable Court Order.

Defendant reserves the right to amend or supplement these responses in accordance with the Court Rules and/or applicable Court Order.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants Rutgers, The State University of New Jersey, Samuel Lopez, Joel Bernhard, and Rahmo Reiz*

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Dated: August 17, 2026

## GENERAL OBJECTIONS

All of the general objections made by Defendant are applicable to and are incorporated in each response to these requests.

Failure to specifically refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1. Defendant objects to these requests to the extent they seek to impose upon Defendant a greater or broader obligation than the one(s) imposed by the Federal Rules of Civil Procedure.

2. Defendant objects to these requests to the extent that they are overbroad, vague, unduly burdensome or otherwise lack sufficient precision or particularity to permit formulation of a meaningful response and/or otherwise purport to seek information beyond the scope of permissible discovery.

3. Defendant objects to each request which seeks a response whose disclosure would violate the attorney-client privilege, self-critical analysis privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended or shall be construed as a waiver of any such confidential, privilege or doctrine.

4. Defendant objects to each request to the extent it seeks information that is not within Defendant's knowledge or control.

5. Defendant objects to each request to the extent it seeks a legal conclusion.

## REQUESTS FOR ADMISSIONS

REQUEST No. 1: The document attached to this request and marked Exhibit A, a copy of the medical records request sent by the Plaintiff to Samual Lopez with respect to this action, is a true and accurate copy of this record.

**RESPONSE: Subject to and without waiving the General Objections, Defendant can neither admit nor deny this Request. Defendant recalls receiving a sealed envelope from Plaintiff at his home after being dismissed from this action. However, due to safety and security concerns, Defendant does not open mail sent by inmates. Accordingly, Defendant turned the sealed envelope over to the Department of Corrections Special Investigations Division. Defendant did not retain a copy, and has no knowledge or recollection of its contents.**

REQUEST No. 2: Samual Lopez received the medical records request identified in Request Number 1 above.

**RESPONSE: Subject to and without waiving the General Objections, see Defendant's response to Request No. 1.**

REQUEST No. 3: Samual Lopez did not respond to Plaintiff regarding the medical records request identified in Request Number 1 above within 21 days of receiving it.

**RESPONSE: Defendant objects to this Request to the extent it assumes Defendant had a legal obligation to respond to the medical records request within 21 days of receiving it. Subject to and without waiving the foregoing or General Objections, for the reasons set forth in response to Request No. 1, Defendant admits this request except to deny it to the extent it implies any liability on the part of Defendant.**

REQUEST No. 4: The scope of practice for Dental Hygienists is set forth in N.J.A.C. 13:30-1A et seq.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge regarding a specific statute, code, or regulation.**

REQUEST No. 5: The scope of practice for Dental Hygienists constitutes a standard of care.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge in order to respond.**

REQUEST No. 6: The scope of practice for Dental Hygienists is familiar to Samual Lopez.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "scope of a dental hygienist." Subject to and without waiving the foregoing or General Objections, Defendant admits that he has a general understanding of the role of a dental hygienist.**

REQUEST No. 7: Performing dental surgery is not within the scope of a dental hygienist.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to this request on the grounds that it is vague, ambiguous, and fails to define "scope of a dental hygienist." Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it seeks a legal conclusion and requires Defendant to have legal knowledge, except to deny this request insofar as it is intended to imply that Defendant Reiz or any other dental hygienist performed dental surgery on Plaintiff, and to admit that dental hygienists are not permitted to perform dental surgery.**

REQUEST No. 8: Performing dental fillings is dental surgery within the scope of practice for licensed dentists in New Jersey.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant further objects to this request on the grounds that it is vague, ambiguous, and fails to define "scope of practice" and "dental fillings." Subject to and without waiving the foregoing or General Objections, Defendant admits dental fillings are performed by licensed dentists. Defendant denies this request to the extent it is intended to imply that Defendant Reiz or any other dental hygienist performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 9: Performing dental fillings without a license to practice dentistry is prohibited in New Jersey.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it calls for a legal conclusion, except Defendant admits that to his knowledge dentists must be licensed to practice dentistry. Defendant denies this request to the extent it is intended to imply that Defendant Reiz or any other dental hygienist performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 10: At all times relevant to this action, Samual Lopez knew that performing dental surgery without a license to practice dentistry is illegal in the State of New Jersey.

**RESPONSE: Subject to and without waiving the General Objections, Defendant can neither admit nor deny this request insofar as it calls for a legal conclusion. Defendant admits that to his knowledge dentists must be licensed to perform dental surgery. Defendant denies this request to the extent it is intended to imply that Defendant Reiz or any other dental hygienist performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 11: At all times relevant to this action, Samual Lopez knew that aiding and abetting someone in the act of performing dental surgery without a license to practice dentistry is illegal in the State of New Jersey.

**RESPONSE: Subject to and without waiving the General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding what constitutes "aiding and abetting." Subject to and without waiving the foregoing or General Objections, Defendant admits that a dentist cannot assist someone without a license in performing dental surgery. Defendant denies this request to the extent it is intended to imply that Defendant Reiz or any other dental hygienist performed a dental filling and/or any other dental surgery on Plaintiff.**

REQUEST No. 12: Samual Lopez has had access to Plaintiff's Medical Reference File during the period from November 2, 2022 to November 11, 2022.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "access." Subject to and without waiving the General Objections, Defendant admits that he has access to the room in which inmate's Medical Reference Files are stored, but denies that he is permitted to personally and directly retrieve documents from the Medical References files. To obtain information from an inmate's Medical Reference File, if needed, Defendant requests such documents from the medical records department. To the extent it is implied that Defendant retrieved documents from Plaintiff's Medical Reference File, Defendant denies this request.**

REQUEST No. 13: Samual Lopez reviews and understands all parts of the electronic medical records he signs prior to signing them.

**RESPONSE: Defendant objects to this request on the grounds that it is vague, ambiguous, and fails to define "all parts of the electronic medical record." Subject to and without waiving the foregoing or General Objections, Defendant reviews and understands the parts of the electronic medical record which are relevant to the dental services Defendant provides a particular inmate prior to signing that record but denies that he reviews all parts of the medical records for an inmate that is unrelated to the dental services that he is performing.**

REQUEST No. 14: Samual Lopez's profession as a dentist is that of a healthcare provider.

**RESPONSE: Defendant objects to this request to the extent it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant understands that dentists are dental providers.**

REQUEST No. 15: N.J.A.C. 13:30-8.7, a copy of which is attached as Exhibit B, requires dentists to create and maintain the medical records listed in that regulation.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have, except to state that contents of N.J.A.C. 13:30-8.7 speak for themselves.**

REQUEST No. 16: N.J.A.C. 13:30-8.7, a copy of which is attached as Exhibit B, requires dentists to maintain copies of x-rays for a period of time after their creation.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have, except to state that contents of N.J.A.C. 13:30-8.7 speak for themselves.**

REQUEST No. 17: N.J.A.C. 13:30-8.7, a copy of which is attached as Exhibit B, requires dentists to provide copies of the medical records listed in that regulation to a patient upon that patient's request.

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have, except to state that contents of N.J.A.C. 13:30-8.7 speak for themselves.**

REQUEST No. 18: It is illegal to destroy medical records in New Jersey, under the provisions of N.J.S.A. 2C:21-4.1

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have. Defendant understands that it is illegal to destroy medical records, except under certain circumstances permitted under applicable law, but denies this request to the extent it is intended to imply that Defendant destroyed Plaintiff's medical or dental records.**

REQUEST No. 19: At all relevant times to this action, Samual Lopez knew that it was illegal in New Jersey to destroy medical records

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to have legal knowledge regarding a specific statute, code, or regulation that he does not have. Defendant understands that it is illegal to destroy medical records, except under certain circumstances permitted under applicable law, but denies this request to the extent it is intended to imply that Defendant destroyed Plaintiff's medical or dental records.**

REQUEST No. 20: At all relevant times to this action, Samual Lopez knew that Rutgers, the State University of New Jersey - University Correctional Healthcare has the policy of generation and retention of x-rays of patients which was described in the declaration of Dr. Andrew Youngblood, D.D.S. in the document filed as ECF 88.1 in this matter

**RESPONSE: Subject to and without waiving the General Objections, Defendant admits that it is his understanding that Rutgers maintains policies for the generation and retention of dental x-rays, but does not have personal knowledge as to the specifics of such policies.**

REQUEST No. 21: At all relevant times to this action, Samual Lopez knew that it would be misconduct to remove x-rays from Plaintiff's medical reference file and fail to return them

**RESPONSE: Defendant objects to this request on the grounds that it calls for a legal conclusion which Defendant is not qualified to provide. Defendant objects to the term "misconduct" as vague and ambiguous. Subject to and without waiving the foregoing or General Objections, Defendant can neither admit nor deny this request insofar as it requires Defendant to provide a legal conclusion which he is not qualified to provide, except Defendant admits that he understands he is not permitted to remove records from an inmate's medical reference file and fail to return them. Defendant denies this request to the extent it is intended to imply that Defendant removed any records from Plaintiff's medical reference file.**

REQUEST No. 22: None of the claims in this action involve causes of action for damages resulting from custody determinations such as admissions, receiving, keeping, detaining, transferring, or discharging of Plaintiff

**RESPONSE: Defendant objects to this request to the extent it calls for a legal conclusion. Defendant objects to the extent this request seeks information protected by attorney-client privilege or work product doctrine. Subject to the foregoing and the General Objections, Defendant can neither admit nor deny this request as it is unintelligible and calls for a legal conclusion, except to state that Plaintiff's claims, which are set forth in the Amended Complaint, speak for themselves.**

Dated: August 17, 2026

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants*

*/s/ Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.