EXHIBIT E

RECEIVED
OCT 02 2026
AT 8:30 ______M
CLERK, U.S. DISTRICT COURT - DNJ

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

September 11, 2026

Margaret Raymond-Flood
c/o Norris McLaughlin
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933

RE: Caleb L. McGillvary v. Rahmo Reiz
Civil Action No. 3:22-cv-06430-MAS-JBD
Hon. Michael A. Shipp, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.

Dear Ms. Flood:

I note the following deficiencies in your responses to my discovery requests in the above-captioned matter, and hereby request you to cure these deficiencies forthwith. Unless they are answered sufficiently within fourteen (14) days of this letter, I may have to move to compel responses thereto.

Plaintiff avers that your clients' following responses are deficient, and asks that you supplement them within fourteen (14) days of this letter with more detailed and truthful responses as set forth below:

**Rutgers' Response to Plaintiff's First Request for Production of Documents:**

**No. 1:**

Your non response is insufficient, and you must provide me with the requested records. If Rutgers hasn't created, disseminated, propagated, or otherwise caused its employees to be aware of policies, protocols, regulations, or other procedures

which guide, instruct, or establish standards for the production of dental records of a patient under the care of your dental providers, you must indicate so in your response. Your objection that the request is "without any reasonable limitation as to time, subject matter, or scope" is unfounded, as the time, subject matter, and scope are specifically identified as "pertaining to the dental treatment of Caleb L. McGillvary at New Jersey State Prison." You are aware that Plaintiff has been at NJSP from 5/31/19 to the present, and so this objection cannot be in good faith. Likewise, your objection that "production of dental records is undefined" is belied by the context: It clearly means a dental provider producing such records as X-rays, graphical models, models of the mouth, etc at the time such records are created. In this context, "production" is synonymous with "creation," and refers to your policies etc regarding the creation of the listed records, which were in place during the dental treatment of Caleb L. McGillvary at New Jersey State Prison. If you claim that these policies etc are no longer in your possession, custody, or control, you strain credulity. And I've not conflated multiple categories of documents, I've requested documents of these categories in the interest of completeness, so that you know I am requesting any documents you have of any of these categories pertaining to the creation of the

listed types of documents during the dental treatment of Caleb L. McGillvary at New Jersey State Prison.

**No. 3**

You cannot claim privilege without providing a description of the documents so claimed, and I object to your doing so. Likewise with the expert reports, which you clearly did not mention to Judge Day upon his questioning last teleconference. If you have experts which have reports, they are in your constructive possession and you must produce them.

**No. 4**

You cannot claim privilege without providing a description of the documents so claimed, and I object to your doing so. You also refer to documents obtained by third parties, and "any party in this action," and state that you "reserve the right to rely" on them. However, you waive the right to rely on any document which you fail to produce, and I object to your contention otherwise.

**Joel Bernhard's Response to Plaintiff's First Request for Production of Documents:**

**No. 3**

You cannot claim privilege without providing a description of the documents so claimed, and I object to your doing so. Likewise with the expert reports, which you clearly did not mention to Judge Day upon his questioning last teleconference. If

you have experts which have reports, they are in your constructive possession and you must produce them.

**No. 4**

You cannot claim privilege without providing a description of the documents so claimed, and I object to your doing so. You also refer to documents obtained by third parties, and "any party in this action," and state that you "reserve the right to rely" on them. However, you waive the right to rely on any document which you fail to produce, and I object to your contention otherwise.

**Samual Lopez's Response to Plaintiff's First Request for Production of Documents:**

**No. 3**

You cannot claim privilege without providing a description of the documents so claimed, and I object to your doing so. Likewise with the expert reports, which you clearly did not mention to Judge Day upon his questioning last teleconference. If you have experts which have reports, they are in your constructive possession and you must produce them.

**No. 4**

You cannot claim privilege without providing a description of the documents so claimed, and I object to your doing so. You also refer to documents obtained by third parties, and "any party in this action," and state that you "reserve the right to rely"

on them. However, you waive the right to rely on any document which you fail to produce, and I object to your contention otherwise.

. . .

If you fail to correct these deficiencies within fourteen (14) days after USPS confirms your receipt of this request, I may be forced to file another motion to compel your compliance with my request, pursuant to Fed. R. Civ. P. 37.

Your kind attention to this matter is appreciated.

Very truly,

DATE: 9/11/26

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz, Samuel Lopez, Joel Bernhard, and Rutgers, The State University of New Jersey*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08611

SIR:

Pursuant to Rule 34, Defendant, Rutgers, The State University of New Jersey's ("Rutgers" or "Defendant"), hereby responds to Plaintiff's First Request for Production of Documents subject to the general and specific Objections set forth herein.

**NORRIS, McLAUGHLIN, PA**
*Attorneys for Defendants*

*/s/ Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Dated: September 1, 2026

**CONDITIONS**

These responses are made without waiver of and with preservation of:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3. The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4. The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5. Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived his privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS TO REQUESTS

A. Defendant objects to each interrogatory to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B. Defendant objects to each interrogatory to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C. Defendant objects to each interrogatory to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D. Defendant objects to each interrogatory to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E. Defendant objects to each interrogatory to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which he has no control.

F. Defendant objects to each interrogatory to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Plaintiff to unreasonable burden and expense. To the extent the response to an request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G. Defendant objects to each interrogatory to the extent that it seeks a legal conclusion.

H. Defendant objects to each interrogatory to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I. Defendant objects to each interrogatory to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J. Defendant objects to each interrogatory to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K. Defendant objects to each interrogatory to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less

burdensome or expensive source, or that the undue burden or expense of compiling the requested information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Interrogatories of Plaintiff. Defendant intends to abide by its obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify its position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION REQUESTED

**REQUEST NO. 1.** A complete and legible copy of all policies, protocols, regulations, and either other procedures which you have created, dissmeinated, propagated, or otherwise caused your employees to be aware of, which guide instruct or establish standards or procedures for the production of dental records of a patient under the care of your dental providers: including, but not limited to, admitting records, admitting history and physical, case records, discharge summary, medical record summaries, consultations, radiology reports, X-rays, graphical models, models of the mouth, paper charts, reports concerning any diagnostic, pathological tests, laboratory tests, lab slips, requests for consultations, intake and output records, physicians orders and progress notes, nurses notes, therapy records, patient evaluation forms, and all other hospital notes, charts, documents, and memoranda pertaining to the dental treatment of Caleb L. McGillvary at New Jersey State Prison, and at any other inpatient medical care facility at which Caleb L. McGillvary received treatment for the alleged injuries that are the subject matter of this action.

**<u>RESPONSE:</u> Rutgers objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case, as it seeks "all policies, protocols, regulations, and either other procedures" without any reasonable limitation as to time, subject matter, or scope. Rutgers further objects to this request as vague and ambiguous because the phrase "production of dental records" is undefined, rendering it unclear whether the Request seeks documents governing the creation, maintenance, disclosure, or some other handling of such records. Rutgers further objects to this request to the extent it seeks documents not in the possession, custody, or control of Rutgers. Rutgers further objects as this request improperly conflates multiple categories of documents—policies, protocols, regulations, and procedures—without specifying the type of document sought. Rutgers is unable to respond to this Request as currently drafted and requests that Plaintiff clarify and narrow the scope of this Request.**

**REQUEST NO. 2.** Any and all medical reports, medical and office records, X-rays, paper documents, consultations and transcripts, or hospital case histories of any doctor (including, but not limited to any dentist, physician, medical doctor, dental hygienist, or nurse) evaluating or treating Caleb L. McGillivary for the alleged injuries that are the subject matter of this action.

**<u>RESPONSE:</u> Rutgers objects to this Request as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiver of those objections, none other than what is included in Plaintiff's complete Electronic Medical Record ("EMR") and Medical Reference File ("MRF"), which have already been produced to Plaintiff in their entirety.**

**REQUEST NO. 3.** Any written reports, notations, or documents received by, or in the possession, custody, or control of; you or your counsel from any physician or other health care professional who has evaluated the condition of Caleb L. McGillvary or who has rendered an opinion regarding Caleb L. McGillvary's condition or the treatment Caleb L. McGillvary received from any of the

defendants to this action, and who may be expected to render an opinion regarding any issue raised by the complaint by way of testimony at the time of trial.

**<u>RESPONSE:</u> Rutgers objects to this Request as overbroad, vague, ambiguous, and unduly burdensome. Rutgers further objects to the extent this request calls for documents protected by the work product doctrine, attorney-client privilege, and/or any other privilege. To the extent that Plaintiff is seeking expert reports, it is premature as fact discovery is continuing and Rutgers reserves its right to provide expert reports in due course. Subject to the foregoing and General Objections, none other than what is included in Plaintiff's complete EMR and MRF, which has already been produced in its entirety.**

**REQUEST NO. 4.** A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment

**<u>RESPONSE:</u> Rutgers objects to this request as overbroad and unduly burdensome. Rutgers further objects to the extent this request calls for disclosure of trial strategy. Rutgers will produce an appropriate exhibit list at the appropriate time in accordance with the Federal Rules of Civil Procedure and/or any applicable Case Management or Pre-Trial Order(s). Subject to and without waiving the foregoing or General Objections, none in Rutgers' possession, custody or control other than what has already been produced in discovery. Defendant reserves the right to rely on any and all documents produced by any party in this action and all documents obtained from third parties.**

**REQUEST NO. 5.** A copy - or a description by category and location - of all documents, paper records, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control which relate to the dental care, diagnosis, or treatment of Plaintiff for the period from May 31, 2019 until the present.

**<u>RESPONSE:</u> Rutgers objects to this request as overbroad and unduly burdensome. Subject to and without waiving the foregoing or General Objections, none in Rutgers' possession, custody or control other than what has already been produced in discovery.**

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz, Samuel Lopez, Joel Bernhard, and Rutgers, The State University of New Jersey*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT JOEL BERNHARD'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08611

SIR:

Pursuant to Rule 34, Defendant, Joel Bernhard ("Defendant"), hereby responds to Plaintiff's First Request for Production of Documents subject to the general and specific objections set forth herein.

**NORRIS, McLAUGHLIN, P.A.**
*Attorneys for Defendants*

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood

Dated: September 1, 2026

**CONDITIONS**

These responses are made without waiver of and with preservation of:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action;

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and any other action;

3. The right to object on any ground at any time to a demand or request for further answer (including more specific answer) to your Requests or other discovery proceedings involving or relating to the subject matter of this controversy, or to the form of such requests;

4. The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein; and

5. Defendant's substantive and procedural rights as otherwise provided by law.

In the event any documents are inadvertently provided by Defendant which fall within the attorney-client privilege and/or attorney work-product protection, Defendant shall not be deemed to have waived privilege as to any such document or the information contained therein, or the right to the attorney-client privilege or work-product protection as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS TO REQUESTS

A. Defendant objects to each request to the extent that it is drafted in such a manner that it is overly broad in that it purports to seek the disclosure of information or data which is unduly burdensome to obtain and/or can be obtained from other documentation more readily available to Plaintiff and without causing unnecessary expense and hardship to Defendant, or seeks information not relevant to this proceeding as defined in subpart "B" below, or purports to impose any obligations on Defendant greater than those contained in the Rules of Civil Procedure.

B. Defendant objects to each request to the extent that it seeks the disclosure of information that is beyond the permissible scope of discovery under the Rules of Civil Procedure in that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of Irrelevancy are specifically interposed as to all Requests which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the Complaint, nor reasonably calculated to lead to the discovery of relevant admissible evidence with respect to such allegations.

C. Defendant objects to each request to the extent that it requests the disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product protection or other privileges, or is material prepared in anticipation of litigation within the meaning of the Rules of Civil Procedure and the Rules of Evidence, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have not been satisfied.

D. Defendant objects to each request to the extent that it is vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a response.

E. Defendant objects to each request to the extent that it requires Defendant to obtain information from or with respect to persons or entities over whom or which she has no control.

F. Defendant objects to each request to the extent that it seeks disclosure of information already known or available to Plaintiff or contained in business records or other documentation that is in Plaintiff's possession or may be obtained more readily by and without subjecting Defendant to unreasonable burden and expense. To the extent the response to any request can be ascertained or derived from documents in Plaintiff's possession, custody, or control, or from documents produced by any party, the development of that response is significantly more convenient and less burdensome for Plaintiff than it is for Defendant, and Plaintiff accordingly should bear that burden.

G. Defendant objects to each request to the extent that it seeks a legal conclusion.

H. Defendant objects to each request to the extent that it seeks the disclosure of personal or otherwise confidential information and/or further seeks to harass, annoy, embarrass or oppress.

I. Defendant objects to each request to the extent that it seeks an answer which involves an opinion or contention that relates to fact or the application of law to fact, and therefore, is a request which should await the conclusion of other ongoing discovery.

J. Defendant objects to each request to the extent that it seeks disclosure of confidential and proprietary business information. The inadvertent disclosure of any communication covered by such protection shall not be deemed a waiver of the protection.

K. Defendant objects to each request to the extent that the discovery sought is unreasonably cumulative or duplicative, that it is obtainable from a more convenient, less burdensome or expensive source, or that the undue burden or expense of compiling the requested

information far outweighs the probative value of the information sought thereby taking into account the needs of the case, the availability to the propounding party of the evidence and documentation from which the same information can be compiled and ascertained by it, the amount in controversy, the parties' relative resources, and issues at stake in the litigation.

Defendant asserts each of the General Objections set forth above with respect to each of the Requests of Plaintiff. Defendant intends to abide by their obligation to provide requested information discoverable under the Rules and the specific enumeration of the objections described below is intended to specifically clarify their position with respect to each numbered request by setting forth such specific enumerations; however, Defendant does not intend to limit or restrict the General Objections contained in this response in any way.

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION REQUESTED

REQUEST NO. 1. A complete and legible copy of the Plaintiff's dental records required by N.J.A.C. 13:30-8.7 of you to maintain (a copy of which regulation is appended hereto as Exhibit A): including, but not limited to, admitting records, admitting history and physical, case records, discharge summary, medical record summaries, consultations, radiology reports, X-rays, graphical models, models of the mouth, paper charts, reports concerning any diagnostic, pathological tests, laboratory tests, lab slips, requests for consultations, intake and output records, physicians orders and progress notes, nurses notes, therapy records, patient evaluation forms, and all other hospital notes, charts, documents, and memoranda pertaining to the dental treatment of Caleb L. McGillvary at New Jersey State Prison, and at any other inpatient medical care facility at which Caleb L. McGillvary received treatment for the alleged injuries that are the subject matter of this action.

**RESPONSE: Defendant objects to this request as overbroad and unduly burdensome. Defendant Further objects to the extent this request calls for Defendant to reach legal conclusions in order to respond. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession, custody or control. Defendant does not personally maintain inmates' medical or dental records, which are maintained by the New Jersey Department of Corrections in either the Electronic Medical Record ("EMR") or Medical Reference File ("MRF"), which has already been produced in its entirety.**

REQUEST NO. 2. Any and all medical reports, medical and office records, X-rays, paper documents, consultations and transcripts, or hospital case histories of any doctor (including, but not limited to any dentist, physician, medical doctor, dental hygienist, or nurse) evaluating or treating Caleb L. McGillvary for the alleged injuries that are the subject matter of this action.

**RESPONSE: Defendant objects to this request as overbroad and unduly burdensome. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession, custody or control. Defendant does not personally maintain inmates' medical or dental records, which are maintained by the New Jersey Department of Corrections in either the EMR or MRF, which has already been produced in its entirety.**

REQUEST NO. 3. Any written reports, notations, or documents received by, or in the possession, custody, or control of; you or your counsel from any physician or other health care professional who has evaluated the condition of Caleb L. McGillvary or who has rendered an opinion regarding Caleb L. McGillvary's condition or the treatment Caleb L. McGillvary received from any of the defendants to this action, and who may be expected to render an opinion regarding any issue raised by the complaint by way of testimony at the time of trial.

**RESPONSE: Defendant objects to this request as overbroad and unduly burdensome. Defendant further objects to the extent Plaintiff seeks information protected by the attorney client or work product privilege or to the extent he seeks expert reports or opinions. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession,**

**custody or control. Defendant does not personally maintain inmates' medical or dental records, which are maintained by the New Jersey Department of Corrections in either the EMR or MRF, which has already been produced in its entirety.**

REQUEST NO. 4. A copy - or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE: Defendant objects to this request as overbroad and unduly burdensome. Defendant further objects to the extent this request calls for disclosure of trial strategy or documents or information protected by the attorney client or work product privilege. Defendant will produce an appropriate exhibit list at the appropriate time in accordance with the Federal Rules of Civil Procedure and/or any applicable Case Management or Pre-Trial Order(s). Subject to and without waiving the foregoing or General Objections, none in Defendant's possession, custody or control. Defendant reserves the right to rely on any and all documents produced by any party in this action and all documents obtained from third parties.**

REQUEST NO. 5. A copy - or a description by category and location of all documents, paper records, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control which relate to the dental care, diagnosis, or treatment of Plaintiff for the period from May 31, 2019 until the present.

**RESPONSE: Defendant objects to this request as overbroad and unduly burdensome. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession, custody or control. Defendant does not personally maintain inmates' medical or dental records, which are maintained by the New Jersey Department of Corrections in either the EMR or MRF, which has already been produced in its entirety.**

**NORRIS McLAUGHLIN, P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
*Attorneys for Defendant Rahmo Reiz, Samuel Lopez,*
*Joel Bernhard, and Rutgers, The State University of New Jersey*

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>Plaintiff,<br><br>v.<br><br>RAHMO REIZ, et al.,<br><br>Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CASE NO. 3:22-06430-MAS-JBD<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DEFENDANT SAMUEL LOPEZ'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO: Caleb L. McGillvary
SBI #000102317G
New Jersey State Prison
600 Cass Street
Trenton, New Jersey 08611

SIR:

Pursuant to Rule 34, Defendant, Samuel Lopez ("Defendant"), hereby responds to Plaintiff's First Request for Production of Documents subject to the general and specific objections set forth herein.

**NORRIS, McLAUGHLIN, P.A.**
*Attorneys for Defendants*

By: */s/ Margaret Raymond-Flood*
Margaret Raymond-Flood

Dated: September 1, 2026

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION REQUESTED

REQUEST NO. 1. A complete and legible copy of the Plaintiffs dental records required by N.J.A.C. 13:30-8.7 of you to maintain (a copy of which regulation is appended hereto as Exhibit A): including, but not limited to, admitting records, admitting history and physical, case records, discharge summary, medical record summaries, consultations, radiology reports, X-rays, graphical models, models of the mouth, paper charts, reports concerning any diagnostic, pathological tests, laboratory tests, lab slips, requests for consultations, intake and output records, physician's orders and progress notes, nurses notes, therapy records, patient evaluation forms, and all other hospital notes, charts, documents, and memoranda pertaining to the dental treatment of Caleb L. McGillvary at New Jersey State Prison, and at any other inpatient medical care facility at which Caleb L. McGillvary received treatment for the alleged injuries that are the subject matter of this action.

**RESPONSE: Defendant objects to this request as overbroad and unduly burdensome. Defendant Further objects to the extent this request calls for Defendant to reach legal conclusions in order to respond. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession, custody or control. Defendant does not personally maintain inmates' medical or dental records, which are maintained by the New Jersey Department of Corrections in either the Electronic Medical Record ("EMR") or Medical Reference File ("MRF"), which has already been produced in its entirety.**

REQUEST NO. 2. Any and all medical reports, medical and office records, X-rays, paper documents, consultations and transcripts, or hospital case histories of any doctor (including, but not limited to any dentist, physician, medical doctor, dental hygienist, or nurse) evaluating or treating Caleb L. McGillvary for the alleged injuries that are the subject matter of this action.

**RESPONSE: Defendant objects to this request as overbroad and unduly burdensome. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession, custody or control. Defendant does not personally maintain inmates' medical or dental records, which are maintained by the New Jersey Department of Corrections in either the EMR or MRF, which has already been produced in its entirety.**

REQUEST NO. 3. Any written reports, notations, or documents received by, or in the possession, custody, or control of; you or your counsel from any physician or other health care professional who has evaluated the condition of Caleb L. McGillvary or who has rendered an opinion regarding Caleb L. McGillvary's condition or the treatment Caleb L. McGillvary received from any of the defendants to this action, and who may be expected to render an opinion regarding any issue raised by the complaint by way of testimony at the time of trial.

**RESPONSE: Defendant objects to this request as overbroad and unduly burdensome. Defendant further objects to the extent Plaintiff seeks information protected by the attorney client or work product privilege or to the extent he seeks expert reports or opinions. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession,**

**custody or control. Defendant does not personally maintain inmates' medical or dental records, which are maintained by the New Jersey Department of Corrections in either the EMR or MRF, which has already been produced in its entirety.**

REQUEST NO. 4. A copy - or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**<u>RESPONSE:</u> Defendant objects to this request as overbroad and unduly burdensome. Defendant further objects to the extent this request calls for disclosure of trial strategy or documents or information protected by the attorney client or work product privilege. Defendant will produce an appropriate exhibit list at the appropriate time in accordance with the Federal Rules of Civil Procedure and/or any applicable Case Management or Pre-Trial Order(s). Subject to and without waiving the foregoing or General Objections, none in Defendant's possession, custody or control. Defendant reserves the right to rely on any and all documents produced by any party in this action and all documents obtained from third parties.**

REQUEST NO. 5. A copy - or a description by category and location of all documents, paper records, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control which relate to the dental care, diagnosis, or treatment of Plaintiff for the period from May 31, 2019 until the present.

**<u>RESPONSE:</u> Defendant objects to this request as overbroad and unduly burdensome. Subject to and without waiving the foregoing or General Objections, none in Defendant's possession, custody or control. Defendant does not personally maintain inmates' medical or dental records, which are maintained by the New Jersey Department of Corrections in either the EMR or MRF, which has already been produced in its entirety.**