NORRIS McLAUGHLIN P.A.
ATTORNEYS AT LAW

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807

T: 908-722-0700
F: 908-722-0755
Direct: 908-252-4228
Email: mraymondflood@norris-law.com

November 2, 2026

**VIA ECF**
Hon. Michael A. Shipp, U.S.D.J.
Clarkson S. Fisher Building
& U.S. Courthouse
Court Room: 5W
402 East State Street
Trenton, NJ 08608

**Re: Caleb L. McGillvary v. Rahmo Riez, et al.**
**Case No. 3:22-6430 (MAS-JBD)**

**Returnable: November 16, 2026**

Dear Judge Day:

This office represents defendants Rahmo Reiz, Rutgers, The State University of New Jersey, Joel Bernhard, and Samuel Lopez (collectively, "Defendants") in connection with the above-referenced matter. Please accept this letter brief in lieu of a more formal opposition to plaintiff Caleb McGillvary's ("Plaintiff") letter motion for reconsideration (ECF No. 213) of the Court's September 24, 2026 Memorandum Order (ECF No. 210), which denied Plaintiff's appeal of, and affirmed Judge Day's April 29, 2026 Memorandum Order (ECF No. 173).

## PRELIMINARY STATEMENT

By Defendants' count, this is now the third time Plaintiff has asked this Court to let him add a medical malpractice claim to this case: first in his motion for leave to amend (ECF No. 101), again in his appeal of Judge Day's Order (ECF No. 177), and now once more by way of the instant motion for reconsideration (ECF No. 213). The Court's ruling has been the same every time, and correctly so. Nothing in these papers change the analysis nor any of the Court's prior rulings.

Plaintiff now contends that the Court "overlooked" his malpractice claim against Lopez and Bernhard "premised on the same facts as the 8th Amendment claim against Riez." ECF No. 213 at 1. It did no such thing. Judge Day addressed that precise theory and denied it based on Plaintiff's undue delay and the undue prejudice that would result, ECF No. 173 at 34–37, and this Court unambiguously affirmed that ruling. ECF No. 210 at 3–4. Plaintiff also insists, yet again, that the Court "already held" his malpractice claim was meritorious. ECF No. 213 at 2. It did not, as Judge Day already made clear. ECF No. 173 at 35 n.16.

Plaintiff identifies no intervening change in law, no new evidence, and no clear error. What he offers instead is a request that the Court for the third time decide the same issue but reach a different conclusion. This case was filed in November 2022 and is approaching its fourth anniversary. As Judge Day observed, nothing has been adduced in discovery that would justify adding a medical malpractice claim at this stage. Thus, this motion must be denied.

## LEGAL ARGUMENT

### I. STANDARD ON MOTION FOR RECONSIDERATION.

Motions for reconsideration in federal court are typically construed as motions "under Rule 59(e)". Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986) ("For purposes of Rule 4(a) of the Federal Rules of Appellate Procedure, we view a motion characterized only as a motion for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment.") (internal quotation marks omitted); Green v. Drug Enforcement Admin., 606 F.3d 1296, 1299 (11th Cir.2010) (noting the prevalence of courts construing motions for reconsideration as Rule 59(e) motions); Auto Servs. Co. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008) ("A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed as either a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from

judgment.”)). “‘The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.’” Max’s Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). In order to be successful on a motion for reconsideration, the party seeking such relief “must demonstrate that (1) an intervening change in law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice has arisen.” Ivan v. County of Middlesex, 612 F. Supp. 2d 546, 555 (D.N.J. 2009) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)).

Local Rule 7.1(i) allows a party to seek reconsideration of matters “which [it] believes the Court has overlooked” when it ruled on the initial motion. L. Civ. R. 7.1(i). Valid grounds for a motion to reconsider include “the need to correct a clear error of law or prevent manifest injustice.” Munich Reinsurance v. American National Insurance Company, 936 F.Supp.2d 475, 480 (D.N.J. 2013) (internal quotations and alterations omitted). In such cases, “a court has the power to revisit prior decisions of its own to correct an initial decision . . . “Ford Motor Co. v. Edgewood Properties, Inc., 2010 WL 5151605 at *2 (D.N.J. Dec. 10, 2010) (internal quotation marks omitted); see also, Ivan, 612 F. Supp.2d at 555 (denying reconsideration because “[n]o new evidence has emerged” and the defendants “[did] not [raise] an error of law or fact.”); Kagalwalla v. Downing, 811 Fed.Appx. 152, 155 (3d Cir. Apr. 21, 2020) (finding no reliance on newly discovery evidence nor identification of manifest error.).

Plaintiff does not argue an intervening change in law or identify any new evidence. His motion rests entirely on the incorrect claim that the Court “overlooked” his malpractice theory and that denying it would work a “manifest injustice.” ECF No. 213 at 2. Neither contention survives even a cursory review of the record.

## II. THE COURT OVERLOOKED NOTHING.

### A. The Court Correctly Denied the "Delay Theory" Medical Malpractice Claim.[1]

Plaintiff claims the Court "overlooked" his malpractice claim against Lopez and Bernhard "premised on the same facts as the 8th Amendment claim against Riez" (the "Delay Theory"). ECF No. 213 at 1. It did not. Judge Day addressed that precise theory and denied it based on undue delay and the resulting undue prejudice. ECF No. 173 at 34–37. This Court—although it did not explicitly mention the medical malpractice claim by name, affirmed Judge Day's denial of the claim, citing the very pages in which Judge Day did so. ECF No. 210 at 3–4 (citing ECF No. 173 at 31–37). Plaintiff simply fails to recognize or accept that the Court considered and denied his request add a malpractice claim.

In any event, both this Court's and Judge Day's rulings were plainly correct. The facts underlying the Delay Theory have been known to Plaintiff from the outset of this now almost four-year-old case. ECF No. 173 at 34. Yet Plaintiff waited until April 2025 to attempt to assert the claim, and he has never adequately explained why. Judge Day considered and rejected Plaintiff's only excuse—that he could not obtain an affidavit of merit without his records—because the statute did not require one as a precondition to filing and Plaintiff could have invoked the statutory exception as early as November 2022. Id. at 35–36 n.17. His renewed insistence that the delay was "solely attributable to Defendant," ECF No. 213 at 1-2, merely rehashes the "stonewalling"

[1] Plaintiff's motion does not appear to address Judge Day's separate ruling on his malpractice theory premised on the alleged destruction or alteration of his x-rays and medical records. To the extent it does, that theory was properly denied as futile (which Plaintiff entirely misunderstood in his appeal to this Court), because the loss of records, standing alone, does not state a malpractice claim, ECF No. 173 at 32–33, and as superfluous, because Plaintiff is already pursuing the same alleged misconduct through his negligence and fraudulent concealment claims raised in the Supplemental Complaint. Id. at 33–34, 37–38.

argument that Judge Day and this Court have already rejected, and disagreement with a ruling is not a basis for reconsideration under Local Civil Rule 7.1(i).

**The Court Never Held That Plaintiff's Malpractice Claim Was Meritorious.**

Plaintiff also repeats his assertion that the Court "already held" his malpractice claim was "meritorious." ECF No. 213 at 2. Judge Day addressed this exact contention: "This is not accurate." ECF No. 173 at 35 n.16. As Judge Day observed, the Court's November 2023 Opinion noted Plaintiff's now-dismissed offensive physical contact claim "would be 'viable only as either a malpractice or, similar claim, such as a deliberate indifference claim'" but "did not authorize a malpractice claim or make any finding regarding the viability of such a claim, because McGillvary did not assert one.". *Id.* at 34–35 (citing ECF No. 36 at 9-10). Repeating an assertion that is contrary to the Court's ruling does not make it any more accurate.

**CONCLUSION**

Plaintiff has now asked three times for leave to assert a medical malpractice claim, and the Court has properly rejected it each time. Defendants respectfully request that the Court deny Plaintiff's motion for reconsideration in its entirety.

Respectfully submitted,

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants*

/s/ *Margaret Raymond Flood*
Margaret Raymond-Flood

cc: Caleb McGillvary (via FedEx)